Christopher K. Kiplok
Dustin P. Smith
Erin E. Diers
Elizabeth A. Beitler
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000

*Counsel to the Joint Managers of*
*Euro Exchange Securities UK Limited*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Euro Exchange Securities UK Limited<br><br>　　　　Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-42754 |

### DECLARATION OF IAN STUART JOHNSON IN SUPPORT OF (I) VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF AND (II) EMERGENCY MOTION FOR ENTRY OF ORDERS GRANTING (A) EX PARTE RELIEF AND (B) PROVISIONAL RELIEF PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

I, Ian Stuart Johnson, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my information and belief:

### INTRODUCTION

1.　　I was admitted as a solicitor by the Law Society of England and Wales in 2004. I am currently a partner in the English law firm of Slaughter and May, located at One Bunhill Row, London, EC1Y 8YY.

2.　　Slaughter and May is English legal counsel to Duncan Perring and James Bennett, each of Teneo Financial Advisory Limited, The Carter Building, 11 Pilgrim Street, London, EC4V 6RN ("Teneo"), in their capacity as the joint interim managers (the "Joint Managers") of Euro Exchange Securities UK Limited (the "Company").

3. On 4 June 2026, the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (ChD) (the "UK Court") heard an application brought by the Financial Conduct Authority (the "FCA") without notice to the Company (the "Hearing") requesting that the UK Court make a special administration order appointing Duncan Perring and James Bennett as joint special administrators of the Company pursuant to the Payment and Electronic Money Institution Insolvency Regulations 2021 (the "PESAR Regulations") (the "Application").

4. At the Hearing, the UK Court considered it appropriate to grant an interim order under the PESAR Regulations appointing Duncan Perring and James Bennett as joint interim managers of the Company, pending final determination of the Application at a hearing to be held on 11 June 2026 (such date being the "Return Date" and such hearing being the "Return Hearing").

5. Accordingly, by virtue of an order made by the UK Court on 4 June 2026, Duncan Perring and James Bennett were appointed to the Company as joint interim managers (the "Order") (such proceedings, together with any ancillary, related or subsequent proceedings in England and Wales, including the Return Hearing for the Application, the "UK Proceedings"). The UK Court noted in the Order that, on the evidence before it, it was satisfied that there is at least a good *prima facie* case for saying that one or more of the grounds for the making of a special administration order under the PESAR Regulations is satisfied and that a special administration order will be made on the Application. A true and correct copy of the Order appointing the Joint Managers and commencing the UK Proceedings issued by the English Court is attached to this Declaration as **Exhibit A**.

6. I submit this Declaration in support of (i) the *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* filed contemporaneously herewith (together with the Official Form B401 Petition ECF No. 1 filed contemporaneously herewith, the

"Chapter 15 Petition") seeking, among other things, recognition by this Court of the UK Proceeding as a "foreign main proceeding" under section 1517 of title 11 of the United States Code, §§ 101 *et seq.* (respectively, "Chapter 15," and the "Bankruptcy Code") and certain related relief and (ii) the *Emergency Motion for Entry of Orders Granting (A)* Ex Parte *Relief and (B) Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (the "Provisional Relief Motion"), filed contemporaneously herewith, seeking, among other things, injunctive relief giving effect to the automatic stay provisions pursuant to section 362 of the Bankruptcy Code prior to recognition.

7.      This Declaration is comprised of both statements of legal opinion and statements of fact. Where the matters stated in this Declaration are statements of legal opinion, such statements represent my view of English law as a practising solicitor. Where the matters stated in this Declaration are statements of fact within my personal knowledge, they are true. Where the matters stated in this Declaration are statements of fact not within my personal knowledge, they are derived from documents and/or information supplied to me by or on behalf of the Joint Managers or other members of their team and are true to the best of my knowledge, information and belief.

## **PROFESSIONAL BACKGROUND AND QUALIFICATIONS**

8.     I have been a partner in Slaughter and May since 2011. I obtained my Bachelor of Arts degree from the University of Oxford in 1999 and subsequently attended BPP Law School and the Oxford Institute of Legal Practice where I completed the Postgraduate Diploma in Law in 2001 and the Legal Practice Course in 2002 respectively. I joined Slaughter and May as a trainee solicitor in 2002; was admitted as a solicitor in England and Wales in 2004 and became a partner in Slaughter and May in 2011. I am currently the Head of Restructuring and Insolvency and the Co-Head of Financing at Slaughter and May.

9.     My practice involves all aspects of English corporate restructuring and insolvency law. I have advised a variety of companies, directors, creditors, insolvency practitioners and other stakeholders in relation to the processes of administration, liquidation, other insolvency proceedings, restructurings and re-organisations, many of which have had cross-border components.

10.     I have been the partner in charge of advising the Joint Managers (including immediately prior to their appointment) on the English law aspects of the UK Proceedings since late-May 2026. Hughes Hubbard & Reed LLP has been advising the Joint Managers since late-May 2026 regarding recognition of the UK Proceedings in the United States.

## **THE COMPANY**

11.     The Company was incorporated in England and Wales under the Companies Act 1985 on 25 October 2007, and its registered office is located at 107 Great Portland Street, London, W1W 6QG. The Company is registered with the FCA as an authorised electronic money institution ("EMI"), authorised by the FCA to issue electronic money and to provide payment services.

## STATEMENTS OF ENGLISH LAW AND PRACTICE

### A.    Legislative framework

12.    An English payment institution or electronic money institution special administration under the PESAR Regulations (each, a "special administration") is a form of modified collective insolvency procedure introduced for payment institutions ("PIs") and EMIs (each, an "institution") by His Majesty's Treasury (the "Treasury") as an alternative to other insolvency procedures such as an administration or liquidation available under the Insolvency Act 1986 (the "Insolvency Act").

13.    The special administration regime was designed to provide a robust, swift and customer-centric insolvency framework for institutions. It aims to balance (i) the swift return of safeguarded customer funds held on behalf of customers by institutions with (ii) powers granted to the special administrators to enable them to continue to operate an institution through financial distress to ensure continuity of service to everyday users of the institution's payment and / or e-money services.[1]

14.    The special administration regime was enacted by the Treasury through the PESAR Regulations on 8 July 2021 pursuant to powers contained in the Banking Act 2009 and the European Union (Withdrawal) Act 2018. A special administration is primarily governed by the PESAR Regulations, the Payment and Electronic Money Institution Insolvency (England and Wales) Rules 2021 (2021 / 1178) (the "PESAR Rules") and certain provisions of the Insolvency Act as applied and modified by Regulation 37 of the PESAR Regulations (the "Relevant IA Provisions"). True and correct copies of the PESAR Regulations and the Relevant IA Provisions (as published on Westlaw UK, a reputable source used by many legal

---

1.    Section 1, *Final report of the Independent Review of the Payment and Electronic Money Institution Insolvency Regulations 2021,* Adam Plainer, December 2025

professionals in England and Wales) are attached to this Declaration at **Exhibit B** and **Exhibit C** respectively.

B.      Commencement, purpose and termination of a special administration

15.     A company incorporated under the law of England and Wales is eligible to enter into special administration if it is a PI or an EMI.[2] An institution is "in special administration" while the appointment of a special administrator of the institution has effect and an institution "enters special administration" when the appointment of a special administrator takes effect.[3] Accordingly, pending determination by the UK Court of the Application at the Return Hearing, the Company is not yet in special administration. As explained in paragraph 17 below, the UK Court is nevertheless also permitted to grant interim relief in such circumstances.

16.     A special administrator may only be appointed to an institution whose registered office is in England, such as the Company, by the UK Court following an application by one of (among others) the following: the institution, the directors of the institution, a creditor of the institution, the Secretary of State or the FCA.[4] In the case of the UK Proceedings, the applicant is the FCA. Where an application is made by the FCA, the UK Court may make a special administration order only if it is satisfied that (i) the institution is, or is likely to become, unable to pay its debts or (ii) it is fair to put the institution into special administration.[5]

17.     On an application for a special administration order, the UK Court may also, under the PESAR Regulations, make an interim order or any other order which the UK Court

---

2.   Regulation 4, PESAR Regulations.

3.   Regulation 7(4), PESAR Regulations

4.   Regulation 8(1), PESAR Regulations

5.   Regulations 9(1), (3) and 10(2)(a), PESAR Regulations.

thinks appropriate.[6] The Order was granted pursuant to this power of the UK Court to make an interim order.

18.    For the duration of the Order (i.e., until the Return Date), the UK Court has appointed the Joint Managers to the Company with the powers set out in the Order to protect and preserve (but not to distribute) the business, property and records of the Company and any relevant funds (as defined at paragraph 20 below) in which clients of the Company are or may be interested pending determination of the Application, thereby preserving the possibility of the special administration objectives under the PESAR Regulations outlined in the following paragraph being achieved if a special administration order is made at the Return Hearing. As described in paragraphs 37 to 39 below, the powers conferred on the Joint Managers are substantially similar to those that apply in respect of special administrators, save for the ability to make distributions and certain restrictions on the ability to dispose of assets without further approval of the UK Court.

19.    If the Joint Managers are subsequently appointed as special administrators to the Company by the UK Court at the Return Hearing, they must thereafter perform their functions with the objectives of:

(A)    returning relevant funds to persons that use the institution's payment services or hold electronic money (each, a "customer") as soon as reasonably practicable (or promptly, to the extent such relevant funds are received while the institution is in special administration) (being, "Objective 1");

(B)    ensuring timely engagement with payment system operators, the Payment Systems Regulator, the Bank of England, the Treasury and the FCA to (among other things) (i) minimise the disruption to businesses and the markets or (ii) secure an appropriate degree of protection for customers, as a consequence of a special administration order being made in respect of the institution (being, "Objective 2"); and

---

6.    Regulation 10(1)(d) and (f), PESAR Regulations

(C)    rescuing the institution as a going concern or winding it up in the best interests of the institution's creditors as a whole (being, "Objective 3"),

together, the "Objectives".[7]

20.    For the purpose of the PESAR Regulations, the "relevant funds" of an EMI refers to (i) money the institution receives from or for a customer to execute a payment transaction for or on behalf of the customer or (ii) money the institution receives in exchange for issuing electronic money.[8] To protect customers, EMIs such as the Company are under a duty to safeguard relevant funds by (i) segregating them from the institution's general operational funds in a separate account (or investing them in relevant assets, which are secure, liquid, low-risk assets held in a separate account with an authorised custodian) or (ii) covering the loss of such funds by an insurance policy or guarantee from an authorised insurer or credit institution.[9] For the purposes of the PESAR Regulations, an "asset pool" in the case of an EMI consists of such relevant funds, relevant assets or proceeds of an applicable insurance policy or guarantee as safeguarded in accordance with the foregoing duty.[10]

21.    There is no fixed hierarchy between the Objectives; the special administrator may prioritise the order of work on each Objective as they see fit, in order to achieve the best result overall for customers and creditors of the institution, unless directed by the FCA to prioritise one or more of the Objectives.[11]

---

7.   Regulation 12, PESAR Regulations;

8.   Regulation 6, PESAR Regulations; Regulation 23(1) and (2) of the Payment Services Regulations 2017 (2017 / 752) (the "**PSR**"); and Regulation 20(1) Electronic Money Regulations 2011 (2011 / 99) (the "**EMR**")

9.   Regulations 20 to 22, EMR

10.  Regulation 6, PESAR Regulations; Regulation 23(18) PSR; and Regulation 24(4) EMR.

11.  Regulations 12 and 38, PESAR Regulations.

22.      An institution ceases to be in special administration when the appointment of the special administrator ceases to have effect in accordance with the PESAR Regulations.[12] If the special administrator has, in the pursuit of Objective 3, pursued the rescue of the institution as a going concern and thinks that this has been sufficiently achieved, the special administrator must make an application to the UK Court to provide for their appointment to cease.[13] If the special administrator believes that Objectives 1 and 2 have been sufficiently achieved and, in pursuit of Objective 3, pursues the winding up of the institution in the best interests of creditors, the special administrator may either (i) provided the institution no longer holds relevant funds and the special administrator considers the institution shall have no property to distribute to creditors, provide a notice to dissolve the institution after three months or (ii) make a proposal for a company voluntary arrangement under the Insolvency Act, which is an English law out-of-court restructuring tool which enables a company to reach an arrangement with its creditors to repay its debts.[14]

### C.      Effect of the Order; automatic moratorium

23.      Following an application for a special administration order (provided that such application has not yet been granted or dismissed, as is the case for the Application pending the Return Hearing), an interim statutory moratorium under the Insolvency Act automatically comes into effect. Accordingly, an interim moratorium is currently effective with respect to the Company. The moratorium shall continue on substantially identical terms should the UK Court make a special administration order in respect of the Company following the Return Hearing.[15]

---

12. Regulation 7(4)(c), PESAR Regulations.

13. Regulation 43, PESAR Regulations; paragraph 79, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

14. Regulation 44, PESAR Regulations; paragraph 84, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations;

15. Paragraphs 42, 43 and 44(1),(5) and (7), Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

24.     The moratorium prohibits the commencement of winding up proceedings in respect of an institution, save only for on the petition of certain regulators, namely the FCA and the Prudential Regulation Authority.[16] The moratorium further stays (i) the taking of steps to enforce security over the institution's property; (ii) the taking of steps to repossess goods in the institution's possession under a hire-purchase agreement; (iii) the exercise of rights of forfeiture by peaceable re-entry in relation to premises leased to the institution; and (iv) the institution or continuation of legal process against the company or property of the company, in each case either without the consent of the special administrator or the permission of the UK Court.[17]

25.     The effect of the moratorium is to provide the special administrator with sufficient breathing space to pursue the Objectives. In the case of the Company, the interim moratorium provides the Joint Managers with the breathing space to pursue the objectives of the Order, as set out at paragraph 18 above. The moratorium does not, however, have extra-territorial effect so as to be binding on the courts of a foreign country, which is one of the reasons for this application for recognition under Chapter 15.[18] I understand that the scope and purpose of the moratorium is comparable to the automatic stay under section 362 of the Bankruptcy Code.

**D.      The Joint Managers and special administrators as foreign representatives**

26.     Pursuant to the Order, the Joint Managers are authorised for the duration of the Order to manage the assets and affairs of the Company and to commence such domestic or foreign actions or proceedings for the recognition of their appointment or any other interlocutory relief, including without limitation to apply for Chapter 15 relief.

---

16. Paragraph 42, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

17. Paragraph 43, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

18. Harms Offshore AHT "Taurus" GmbH & Co. KG v Bloom and others [2009] EWCA Civ 632, at [21]

27.     For the duration of the Order, the Joint Managers may do anything necessary or expedient for the management of the affairs, business and property of the Company to allow the Objectives to be carried out if a special administration order is subsequently made. The Company's members, directors, officers, managers and employees are, in nearly all respects, restricted from exercising any of their powers of management without the consent of the Joint Managers. On their appointment, the Joint Managers are required under the Order to take control and custody of all property to which they think the Company is entitled. Should the Joint Managers be appointed as special administrators of the Company at the Return Hearing, essentially equivalent duties and powers shall apply to them, save that the special administrators also have certain additional powers (as explained at paragraphs 37 to 39 below).[19]

28.     Further details of the duties and powers of the Joint Managers under the Order and (if the Joint Managers are subsequently appointed as special administrators) special administrators under the PESAR Regulations are set out in the paragraphs below. In my view, the powers and responsibilities granted to the Joint Managers and (if the Joint Managers are subsequently appointed as special administrators) to special administrators are sufficiently wide-ranging and comprehensive to allow them to act as a foreign representative (as defined in the Bankruptcy Code) of the Company.

### E.     Qualifications, duties and powers of the Joint Managers and special administrators

#### (i)     Qualifications of the Joint Managers and special administrators

29.     The Joint Managers are officers of the English Court and as such are subject to the control and supervision of the English Court. In exercising their functions, the Joint

---

19. Paragraphs 59, 64 and 67 Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

Managers act as agents of the Company pursuant to the terms of the Order. Equivalent provisions apply to special administrators.[20]

30.    Both Duncan Perring and James Bennett are also licensed insolvency practitioners; a person may only be appointed as a special administrator if that person is qualified to act as an insolvency practitioner in relation to the institution.[21]

*(ii)    Key duties of the Joint Managers and special administrators*

31.    Under the Order, the overarching function and duty of the Joint Managers is to protect and preserve (but not to distribute) the business and assets of the Company and any relevant funds or relevant assets in which customers of the Company are or may be interested pending determination of the Application to allow the Objectives to be carried out if a special administration order is made at the Return Hearing. These functions are particularised in the Schedule to the Order and include (i) entering the Company's present or former premises to locate, protect, secure and collect all property and assets of the Company and its customers; (ii) securing the books, papers and records of the Company; (iii) investigating the affairs of the Company to obtain such information as necessary to locate, protect, secure and collect assets of the Company and its customers ; (iv) to commence such domestic or foreign action for the recognition, protection and / or recovery of documents or assets as may be required; and (v) to seek such interlocutory relief as the Joint Managers think fit in furtherance of the above purposes and functions, including to apply for recognition of their appointment and other relief under Chapter 15. Should the Joint Managers be subsequently appointed as special administrators at the Return Hearing, they will become subject to certain other duties as set out in the paragraphs below.

---

20. Paragraphs 59 and 69, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

21. Regulation 7(2), PESAR Regulations

32.     Immediately following their appointment, a special administrator must carry out an initial reconciliation using, where available, the institution's last adopted safeguarding methodology, to identify any shortfall or excess in the institution's "asset pool(s)" (as defined at paragraph 20 above) by reference to the institution's own records, unless the institution has never itself carried out such a reconciliation. Where there is a shortfall or excess in an asset pool, the special administrator must settle the difference by transferring an amount equal to (or as close as possible to) the difference (i) to an appropriate relevant funds account from the institution's own bank accounts (in the case of a shortfall) or (ii) to the institution's own bank accounts from the asset pool (in the case of an excess).[22]

33.     The special administrator must thereafter continue to monitor any relevant funds held within an asset pool and must, as soon as reasonably practicable after their appointment, determine the identity of every customer on behalf of whom the institution was required to safeguard relevant funds and for each such person, the amount of relevant funds which it was required to safeguard at the time at which the institution entered special administration, with a view to returning such relevant funds as soon as reasonably practicable in accordance with Objective 1.[23] A special administrator may, if they think it necessary in order to expedite the return of relevant funds from an asset pool to customers, set an interim bar date (or final bar date, with the approval of the English Court) for the submission of relevant funds claims by giving notice to customers and certain other prescribed persons.[24]

34.     A special administrator must take certain other actions as soon as is reasonably practicable following their appointment, including publishing a notice of their appointment in certain prescribed publications, obtaining a list of the institution's creditors and customers and

---

22.  Regulations 13 and 14, PESAR Regulations

23.  Regulations 15 and 17, PESAR Regulations

24.  Regulations 20 and 21, PESAR Regulations

sending a notice of their appointment to each creditor and customer of whose claim and address they are aware. A special administrator commits an offence if they, absent reasonable excuse, fail to comply with their duties regarding the publication and communication of their appointment as prescribed under the PESAR Regulations.[25]

36.    The special administrator must also prepare a statement setting out their proposals for achieving the purpose of the special administration and the priority given by the special administrator to the Objectives.[26] Where the FCA has directed the special administrator to prioritise one or more of the Objectives, the statement must be agreed with the FCA and set out the proposals for achieving the Objectives in accordance with the FCA's direction.[27] The special administrator must send a copy of the statement of proposals to certain prescribed persons, including every creditor and customer of the institution of whose claim and address they are aware. The statement must be sent as soon as reasonably practicable after the institution enters special administration and in any event within eight weeks of the institution entering into special administration.[28]

36.    The special administrator's statement of proposals must be approved by a decision of the creditors and customers of the institution summoned by the special administrator. The creditors and customers must vote as separate classes on whether to approve the proposals and the proposals must not be approved unless both classes of voter have voted to approve them.[29] The initial decision date for that decision must be within the period of ten

---

25.  Paragraph 46, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

26.  Paragraph 49, Schedule B1, Insolvency Act; as applied and modified by Regulation 37, PESAR Regulations; Rule 26, PESAR Rules

27.  Regulations 38 and 39, PESAR Regulations

28.  Paragraph 49, Schedule B1, Insolvency Act; as applied and modified by Regulation 37, PESAR Regulations

29.  Paragraph 50, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations; Rule 30, PESAR Rules.

weeks beginning with the day on which the institution enters special administration.[30] The institution's creditors and customers may approve the special administrators' proposals without modification or with modification to which the special administrator consents. The special administrator must report any decision taken by the institution's creditors to the UK Court and certain other prescribed persons, including the FCA.[31] A special administrator commits an offence if they fail without reasonable excuse to comply with these obligations.[32] If the institution's creditors and customers have failed to approve the proposals, the UK Court may, having regard to the Objectives, make any order it thinks appropriate, including to provide that the appointment of the special administrators (and thereby the special administration) shall cease to have effect at a specified time.[33] These provisions do not apply where the FCA has given a direction to the special administrator which has not been withdrawn.[34]

### (iii)    Key powers of the Joint Managers and special administrators

37.    For the purposes of achieving and implementing the functions and purpose of the Order, the Joint Managers are granted broad statutory powers to manage the affairs, business and property of the Company, including as set out in Schedule 1 to the Insolvency Act (subject to certain limitations explained below) and Schedule 1 to the Order. These powers include (among other powers): (i) taking possession of, collecting and getting in the property of the institution and taking such proceedings as may seem expedient for that purpose; (ii) appointing professional advisors to assist the Joint Managers in the performance of their

---

30. Paragraphs 51 and 53, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations; Rule 30, PESAR Rules

31. Paragraph 53, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

32. Paragraphs 51(5) and 53(3), Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

33. Paragraph 55, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

34. Regulation 38(6), PESAR Regulations

functions; (iii) bringing or defending legal proceedings in the name of the institution; (iv) doing all acts and executing in the name and on behalf of the institution any documents; (v) establishing subsidiaries and transferring property to them; (vi) making any payments necessary or incidental to the performance of their functions; (vii) granting or accepting a surrender of a lease or tenancy of any property of the institution; (viii) making an arrangement or compromise on behalf of the institution; (ix) carrying on the business of the institution; (x) retaining, paying or dismissing employees at the discretion of the Joint Managers; and (xi) doing all things incidental to the exercise of such powers.

38.    While the Order is in effect through the Return Date, the Joint Managers may not sell or otherwise dispose of any property of the Company (or relevant funds) without further direction of the UK Court, return relevant funds to customers of the Company, or make distributions of the Company's assets to its creditors. If the Joint Managers are subsequently appointed as special administrators of the Company at the Return Hearing, they will be granted all the statutory powers in Schedule 1 to the Insolvency Act, including such disposal powers.[35] In addition, the PESAR Regulations and PESAR Rules provide (i) for the return of relevant funds by the special administrators to the Company's customers (as summarised at paragraph 33 above) and (ii) a statutory order of priority by which the special administrator must (if applicable) distribute the assets of the Company to its creditors as a whole and pay off the special administrators' remuneration and expenses out of, as prescribed therein, relevant funds or the Company's assets.

39.    Pursuant to the Order, the Joint Managers also have the power to investigate transactions entered into by the Company and / or any dispositions made by the Company which may have resulted in and / or involved the dissipation and / or reduction in value of all

---

35. Paragraph 60, Schedule B1, Insolvency Act and Schedule 1 to the Insolvency Act, each as applied and modified by Regulation 37, PESAR Regulations

or any of the Company's assets or customer assets. Such transactions might include preferences, transactions at an undervalue, transactions defrauding creditors or improper dispositions of the institution's assets. If the Joint Managers are subsequently appointed as special administrators, a special administrator has the power to apply to the English Court for orders setting aside or avoiding such transactions.[36]

### F.    Challenges to conduct of special administrators

40.    A creditor, member or customer of an institution in special administration, as well as the FCA, may apply to the UK Court claiming that the special administrator is acting or has acted (or proposes to so act) so as unfairly to harm the interests of the applicant (whether alone or in common with some or all other members, creditors or customers). A creditor, member or customer of an institution in special administration may also apply to the UK Court, claiming that the special administrator is not performing their functions as quickly or efficiently as is reasonably practicable. In this regard, the UK Court has wide discretion to make such order as it thinks appropriate including regulating the special administrator's exercise of their functions, requiring the special administrator to do or not do a specified thing, requiring a decision of the institution's creditors to be sought on a matter or providing for the appointment of the special administrator to cease to have effect.[37]

41.    The UK Court may also examine the conduct of a special administrator on the application of certain prescribed persons, including any creditor or customer of the institution as well as the FCA. Such an application must allege that the special administrator has: (i) misapplied or retained money or other property of the institution; (ii) become accountable for money or other property of the institution; (iii) breached a fiduciary or other duty in relation to

---

36. Sections 238, 239, 244, 245 and 423, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

37. Paragraph 74, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

the institution; or (iv) been guilty of misfeasance. The UK Court may order the special administrator to: (i) repay, restore or account for money or property; (ii) pay interest; or (iii) contribute a sum to the institution's property by way of compensation for breach of duty or misfeasance.[38]

Executed this  4  th day of June, 2026

Signed by:

Ian Johnson

E450C995184348C...

Ian Johnson,
Partner, Slaughter and May

---

38.  Paragraph 75, Schedule B1, Insolvency Act, as applied and modified by Regulation 37, PESAR Regulations

**Exhibit A**

**CR-2026-004370**

04 Jun 2026

CR-2026-004370

**HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**INSOLVENCY AND COMPANIES LIST (ChD)**

**Before:**     **Mr Justice Cawson**

**Dated:**     **4 June 2026**

**IN THE MATTER OF EURO EXCHANGE SECURITIES UK LIMITED (COMPANY NUMBER 06409565)**

**AND IN THE MATTER OF THE PAYMENT AND ELECTRONIC MONEY INSTITUTION INSOLVENCY REGULATIONS 2021**

---

### ORDER APPOINTING INTERIM MANAGERS

---

**UPON THE APPLICATION OF** the Financial Conduct Authority (the "**FCA**"), of 12 Endeavour Square, London E20 1JN, dated 2 June 2026, made pursuant to the Payment and Electronic Money Institution Insolvency Regulations 2021 (the "**Regulations**") for the appointment of special administrators to Euro Exchange Securities UK Limited whose registered office is 107 Great Portland Street, London, United Kingdom, W1W 6QG and registered number 06409565 (the "**Company**") (the "**Application**")

**AND UPON** the FCA's application for an interim order to be made pursuant to regulation 10(1)(d) of the Regulations

**AND UPON READING** the first witness statement of William Walsh and the consents to act of Duncan Perring and James Bennett

**AND UPON HEARING** Richard Fisher KC and Charlotte Cooke, Counsel for the FCA

1

**AND UPON THE COURT BEING SATISFIED** on the evidence before it that there is at least a good prima facie case for saying that one or more of the grounds for the making of a special administration order under regulation 9 of the Regulations is satisfied and that a special administration order will be made on the Application and that it is appropriate to make this interim order pending determination of the Application

**AND UPON THE COURT BEING SATISFIED** that the Company is an English company, with its registered office in England and that these proceedings would be main proceedings by reason of the presumption in article 3 of the EU Regulation on Insolvency Proceedings if applicable

**IT IS ORDERED THAT:**

1. The hearing on 4 June 2026 shall take place in private pursuant to rule 39.2(3) of the Civil Procedure Rules 1998.

2. The requirement to give notice to the Company is dispensed with.

3. Pursuant to rule 189 of the Payment and Electronic Money Institution Insolvency (England and Wales) Rules 2021 (the "**PESAR Rules**") documents on the court file may not be obtained from the court files without the Court's prior permission.  Any application for permission is to be made on 48 hours' prior written notice to the FCA and the Joint Managers.

4. With effect from the time and date specified in paragraph 5 below, and until further order of the Court, Duncan Perring and James Bennett of Teneo Financial Advisory Limited, The Carter Building, 11 Pilgrim Street, London, EC4V 6RN are appointed as joint interim managers of the Company pursuant to regulation 10(1)(d) of the Regulations (the **"Joint Managers"**).

5. The appointment of the Joint Managers takes effect at 16.45 on 4 June 2026.

6. For the purpose of preserving and protecting the business, property, records and relevant funds of the Company, maintaining continuity so far as appropriate, and enabling the special administration objectives under the Regulations to be achieved if

2

a special administration order is made (including, without limitation, the return of relevant funds as soon as is reasonably practicable) until the Return Date specified in paragraph 7 below, or further Order:

(1) the affairs, business and property of the Company shall be managed by the Joint Managers;

(2) any act required or authorised under any enactment or this Order to be done by any or all of the Joint Managers may be done by any one or more of the persons for the time being holding that office;

(3) the Joint Managers are officers of the Court;

(4) subject to paragraph 6(12) below, the Joint Managers are to have and may exercise all the management powers of any member, director, officer, manager and/or employee of the Company and in doing so will act as agents of the Company;

(5) subject to paragraph 6(6) below, the Joint Managers may do anything necessary or expedient for the management of the affairs, business and property of the Company;

(6) the function of the Joint Managers is to protect and preserve (but not to distribute) the business and assets of the Company and any relevant funds in which clients of the Company are or may be interested pending determination of the Application, and the Company under the management and control of the Joint Managers is to cease all regulated activity save with the consent of the FCA (which consent may be either specific or general);

(7) the Joint Managers further have the powers set out in Schedule 1 to the Insolvency Act 1986, which they would have if they were appointed as special administrators of the Company, save that they are not to sell or otherwise dispose of any property of the Company (or of any relevant funds) without further direction of the Court;

(8) without prejudice to the generality of the foregoing, the Joint Managers are to have the further and/or specific powers and functions set out in the Schedule to this Order;

3

(9) no person shall withdraw, transfer, encumber or otherwise deal with any bank account, safeguarding account, relevant funds account, or other account holding monies of the Company or relevant funds, save with the written consent of the Joint Managers;

(10) the members, directors, officers, managers and employees of the Company are to cooperate fully with the Joint Managers and are to provide such information, books, records, passwords, access credentials, devices and assistance as the Joint Managers may request;

(11) while this Order is in force, and subject to paragraph 6(12) below, no member director, officer, manager or employee of the Company is to exercise any management power without the prior consent of the Joint Managers (and for this purpose: (a) a "management power" is any power which could be exercised so as to interfere with the exercise of the Joint Managers' powers (including, without limitation, any powers in respect of the operation of, management, access to, and withdrawals from, any bank account, safeguarding account, relevant funds account or other account of the Company or holding relevant funds), and (b) consent may be general or specific);

(12) nothing in paragraph 6(11) above shall affect the continuing ability of a member or director of the Company to exercise a management power on behalf of the Company solely insofar as is necessary in order to take legal advice or give instructions to solicitors or counsel in connection with the Application and/or any application to vary, set aside or appeal this Order or in connection with any other proceedings commenced by the FCA to which the Company is party in connection with any application to vary, set aside or appeal this Order or in connection with any challenge to the requirements imposed by the FCA on the Company;

(13) there be liberty to apply for the payment of costs for the purpose of taking legal advice or giving legal instructions or funding legal proceedings as contemplated in paragraph 6(12) above, unless agreed by the Joint Managers.

4

7. The Application is adjourned to 10.30am on 11 June 2026 for determination or further direction ("**the Return Date**") before Mr Justice Cawson in the Interim Applications List (if possible).

8. The FCA shall give the Company notice of this Order forthwith upon it coming into effect and shall serve on it at the Company's registered address the application notice, the  FCA's skeleton argument, the evidence filed in support, together with exhibits, a note of the hearing of 4 June 2026 and this Order as soon as reasonably practicable.

9. The Company may on not less than 48 hours' prior written notice to the FCA and the Joint Managers apply to set aside or vary this Order.

10. The Joint Managers and the FCA are to be at liberty to advertise the making of this Order in such manner as they consider fit.

11. Any bank, payment services provider, safeguarding institution, custodian, outsourced service provider, cloud or information technology provider, domain registrar, telecommunications provider, or other person holding books, records, systems access, monies or assets of or for the Company shall, upon being shown a sealed copy of this Order, provide the Joint Managers forthwith with such access, information, records and assistance as the Joint Managers may reasonably require for the purposes of this Order.

12. The FCA's costs of and associated with its application are reserved to the hearing of the Application.

Dated: 4 June 2026

## SCHEDULE

## Powers and Functions of the Joint Managers

1.  To enter upon the Company's present or former premises and for the avoidance of doubt any other premises held out and/or utilised by the Company as a registered office and/or as a trading address (whether under its present name or any former or trading name) and to locate, protect, secure, take possession of, collect, get in and protect all the property and assets (of whatever nature) of the Company including any relevant funds, any third party or trust monies, or any other monies or assets in the possession of or under the control of the Company in this country or abroad, such monies or assets not to be distributed or parted with until further Order except pursuant to the functions and powers hereby conferred.

2.  To locate, protect, secure, take possession of, collect, get in and secure the books, papers and records of the Company (whether in paper or digital form) including the accounting and statutory records, passwords, credentials and back-up media.

3.  To do all such things as may be necessary or expedient for the protection of the Company's property or assets and/or the value thereof, or of any relevant funds or other monies or assets in respect of which the Company has possession, mandate or control.

4.  To compromise claims with any creditors or debtors of the Company without further order.

5.  To investigate the affairs of the Company and obtain such information as may be necessary to locate, protect, secure, take possession of, collect and get in the assets of the Company including any relevant funds, any third party or trust monies, or any other assets in the possession or under the control of the Company.

6.  To investigate insofar as it is considered necessary (with a view to tracing and protecting the assets of the Company) any transactions entered into by the Company and/or any dispositions made by the Company which may have resulted in and/or involved the dissipation and/or reduction in value of all or any of the Company's assets or of any relevant funds which in the event that a special administration order,

7

administration order or winding up order is made may be avoidable and/or recoverable pursuant to the provisions of the Insolvency Act 1986 or at law.

7.  Without prejudice to the generality of the foregoing, to commence such action in this country or abroad for the recognition, protection and/or for the recovery of documents or assets as may be required and to seek such interlocutory relief therein as they shall think fit for the purposes set out in paragraphs 1 to 6 above, including, without limitation, to apply to any foreign court (wherever situated) for recognition of their appointment or in connection with any other proceedings in order to take advantage of any insolvency, bankruptcy or other protections that such foreign law, procedures or proceedings may provide in connection with such purposes (including, without limitation, to apply for Chapter 15 US Bankruptcy Code relief).

8.  To cooperate with (and where relevant to seek cooperation of) the FCA, the Police, HM Revenue & Customs, the Companies Investigation Branch of the Department for Business & Trade, the Information Commissioner's Office, and any other  regulatory, investigating or prosecuting authority (whether in this country or abroad) which may reasonably require the provision of information and/or the safeguarding of evidence regarding the affairs of the Company.

9.  The Joint Managers are entitled to be paid their proper costs, expenses and disbursements, to be determined as set out below, or otherwise by the Court:

(1)  If a special administration order is made on the Application, the remuneration, costs, expenses and disbursements of the Joint Managers are to rank as pre-administration costs and are to be determined pursuant to Rule 100 of the PESAR Rules;

(2) If a special administration order is not made on the Application:

(a) the remuneration, costs, expenses and disbursements of the Joint Managers are to be determined by the Court in accordance with the procedure in Part Six of the Insolvency Proceedings Practice Direction;

(b) Insofar as any part of the property or assets of the Company are found or held to be relevant funds or trust property then the Joint Managers shall be entitled to be paid and to retain such sum or sums from those assets as the Court should think fit by way of remuneration, disbursements and expenses including their expenses in connection with the investigation and administration of such relevant funds and/or the trusts affecting the property;

(c) otherwise, the Joint Manager's approved remuneration, costs, expenses and disbursements are to be paid from the assets of the Company;

(d) upon their discharge, the Joint Managers may retain or pay into Court sufficient sum from the assets of the Company (and/or from relevant funds) to pay their estimated and outstanding remuneration, costs, expenses and disbursement pending determination and/or allocation as provided above

10. The Joint Managers are to have the following further powers:

(1) To be at liberty to retain and pay or dismiss employees (including any person employed under a contract for services) at their discretion.

(2) To be at liberty to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company or involving transactions relating to assets of the Company including any relevant funds insofar as it is necessary for the protection of assets of the Company or the protection of relevant funds.

(3) To be at liberty to enter into agreements with third parties for the provision of services to the Company.

(4) To engage and retain and/or employ such solicitors, counsel, lawyers, accountants, and other qualified agents and specialists as may be necessary or desirable to assist them in the carrying out of their duties and the exercise of their powers under this Order and to enter into agreements for the payment of their fees.

9

(5)  To give such indemnity or cross-undertaking in damages as may be necessary or required in connection with any action or other legal proceedings, whether in the names of the Joint Managers (or either of them) or in the name of the Company.

(6)  To intervene in any legal proceedings relating to the affairs and/or business of the Company.

(7)  To present a petition for, and/or rank and claim in the bankruptcy, liquidation or other insolvency proceedings of any person indebted to the Company.

(8)  To retain and continue to operate the existing bank accounts, safeguarding accounts and relevant funds accounts of the Company and to open and operate such further accounts (as appropriate) with liberty to pay therefrom any necessary expenses incurred on behalf of the Company in carrying out their powers and duties under this Order, any balance exceeding immediate requirements to earn interest with such banks on deposit accounts.

(9)  To terminate or continue on behalf of the Company any lease, tenancy, agreement for a tenancy or licence to occupy property which the Company has entered into.

(10)  To redirect the electronic mail accounts and postal addresses used by the Company as may be necessary.

(11)  To establish, to continue to operate, or to close, redirect, change or otherwise control, any internet web site or other digital media, network or systems in the name of the Company or used by the Company under another name.

(12)  To take possession of and secure any computer, laptop computer, tablet, mobile phone or similar device (including, without limitation, any multi-factor authentication device) ("a Device") reasonably appearing to the Joint Managers to be property of the Company or for which rental payments have been paid by the Company or to be reasonably likely to have stored in its memory data relevant to the Company or its affairs (including emails, text or other digital or instant messages, records of telephone calls, documents stored in digital form, passwords, access credentials, tokens and encryption keys).

(13)    The Joint Managers may copy from any Device taken into their possession pursuant to paragraph (l2) above any data appearing to them to be reasonably likely to be relevant to the Company or its affairs ("Relevant Data"). They are to safeguard and subject to paragraph (14) below, keep confidential, any personal information which they may identify on a Device save insofar as such information is relevant to the Company or its affairs. If following review by the Joint Managers a Device does not appear to be property of the Company or to have been paid for by the Company, and does not appear to have any Relevant Data stored upon it, that Device is to be returned to the person from whom it has been retained.

(14)    If upon review, the Joint Managers form the view that Relevant Data which has been copied in fact contains information in respect of which a third-party is or appears likely to be entitled to rely on legal privilege, they are either to delete that material or to arrange for independent review of the material and to delete any materials which are found to be subject to the legal privilege of a third-party, without reading, copying or making any other use of the material.

(15)    Paragraph (13) above does not impede the Joint Managers from disclosing Relevant Data or personal information obtained from any Device to the FCA or the Police or other regulatory agency, or insofar as they may be required to disclose any information or document by any rule of law or order of a court of competent jurisdiction.

(16)    The Joint Managers have liberty to apply to Court, with or without notice to any other person, for directions in connection with their functions and powers under this Order, including (for the avoidance of doubt) in circumstances where the Joint Managers are unable to discharge their functions and/or if they do not (or foreseeably will not) have sufficient funding to do so;

(17)    The Joint Managers shall have the power to do all other things incidental to the foregoing powers.

**Exhibit B**

# Payment and Electronic Money Institution Insolvency Regulations 2021/716
# Preamble

**Version 1 of 1**

17 June 2021 - Present

**Subjects**
Banking and finance; Insolvency

Made: 17 June 2021

Coming into force: 08 July 2021

The Treasury make these Regulations in exercise of the powers conferred by—

(a)  sections 233 and 234 of the Banking Act 2009 as applied and modified by regulation 24A of, and paragraphs 2 and 3 of Schedule 2ZA to, the Electronic Money Regulations 2011 [1] ("EMR 2011") and regulation 23A of, and paragraphs 2 and 3 of Schedule 3A to, the Payment Services Regulations 2017 [2] ("PSR 2017"), and section 259(1) of that Act, and

(b)  in respect of regulation 49 (and regulations 1 to 4 so far as they relate to regulation 49), section 8(1) of, and paragraph 21 of Schedule 7 to, the European Union (Withdrawal) Act 2018.

 The Treasury have consulted in accordance with section 235(3) of the Banking Act 2009 as applied and modified by regulation 24A of, and paragraph 4 of Schedule 2ZA to, the EMR 2011 and regulation 23A of, and paragraph 4 of Schedule 3A to, the PSR 2017.

 A draft of these Regulations has been laid before and approved by a resolution of each House of Parliament in accordance with section 235(2) of the Banking Act 2009 as applied and modified by regulation 24A of, and paragraph 4 of Schedule 2ZA to, the EMR 2011 and regulation 23A of, and paragraph 4 of Schedule 3A to, the PSR 2017, and paragraph 1(3) of Schedule 7 to the European Union (Withdrawal) Act 2018.

## Notes

1        Regulation 24A and Schedule 2ZA were inserted by S.I. 2020/1275.
2        Regulation 23A and Schedule 3A were inserted by S.I. 2020/1275.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 1 Citation

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

### 1. Citation

These Regulations may be cited as the Payment and Electronic Money Institution Insolvency Regulations 2021.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 2 Commencement

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

### 2. Commencement

These Regulations come into force on the twenty-first day after the day on which they are made.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 3 Extent

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**3.— Extent**

(1)   These Regulations extend to England and Wales [, Scotland and Northern Ireland] [1] , subject as follows.

[...] [2]

(3)  A modification made by Schedule 3 has the same extent as the provision modified.

(4)  An amendment made by Schedule 4 has the same extent as the provision amended.

---

## Notes

1        Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.3(a) (January 4, 2024)
2        Revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.3(b) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 4 Overview

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**4.— Overview**

(1)  Regulations 7 to 48 and Schedules 1 to 4 make provision about the insolvency of payment institutions and electronic money institutions ("institutions").

(2)  Regulations 7 to 47 and Schedules 1 to 4 set out a special alternative procedure for the insolvency of institutions.

(3)  The procedure is to be known as—

   (a)  payment institution special administration, where the institution is a payment institution, or

   (b)  electronic money institution special administration, where the institution is an electronic money institution.

(4)  Regulation 48 applies with modifications various provisions of Part 24 of the Financial Services and Markets Act 2000 ("FSMA 2000") to institutions except in respect of special administration.

(5)  Regulation 49 corrects a defect in an instrument relating to the United Kingdom's withdrawal from the European Union and bank recovery and resolution.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 5 Application: Scottish partnerships

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

### 5. Application: Scottish [...][1] partnerships

Regulations 7 to 47 do not apply to the insolvency of [...][2] partnerships formed under the law of Scotland.

---

## Notes

1        Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.4(a) (January 4, 2024)
2        Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.4(b) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

---

# reg. 6 Definitions

 **Law In Force**

**Version 3 of 3**

27 February 2025 - Present

**Subjects**
Banking and finance; Insolvency

### 6. Definitions

In these Regulations, the words and expressions in the first column of the Table have the meaning indicated in the second column—

| Word or expression | Meaning |
|---|---|
| BA 2009 | Banking Act 2009 |
| CA 2006 | Companies Act 2006 |
| CDDA 1986 | Company Directors Disqualification Act 1986 |
| [CDD(NI)O 2002 | Company Directors Disqualification (Northern Ireland) Order 2002 [2] ] [1] |
| FSMA 2000 | has the meaning given in regulation 4(4) |
| IA 1986 | Insolvency Act 1986 |
| [I(NI)O 1989 | Insolvency (Northern Ireland) Order 1989 [4] ] [3] |
| SBEEA 2015 | Small Business, Enterprise and Employment Act 2015 |
| EMR 2011 | Electronic Money Regulations 2011 [5] |
| IBSAR 2011 | Investment Bank Special Administration Regulations 2011 [6] |
| PSR 2017 | Payment Services Regulations 2017 [7] |
| administrator (except in the expression Schedule B1 administrator) | person appointed under regulation 7 |
| agency or distribution services (in the case of electronic money institutions) | services provided by an agent or distributor within the meaning of regulation 2(1) of the EMR 2011 |
| agency services (in the case of a payment institutions) | services provided by an agent within the meaning of regulation 2(1) of the PSR 2017 |
| asset pool (in the case of electronic money institutions) | (a) in the case of funds received for the execution of payment transactions which are not related to the issuance of electronic money, see regulation 23(18) of the PSR 2017, or <br> (b) in any other case, see regulation 24(4) of the EMR 2011 |
| asset pool (in the case of payment institutions) | see regulation 23(18) of the PSR 2017 |
| authorised payment institution | see regulation 2(1) of the PSR 2017 |
| Authorities | the Bank of England, the Treasury and the FCA |
| contributory | [(a) in England and Wales and Scotland, has the same meaning as in the IA 1986 (see section 79 of that Act) as applied and modified by these Regulations, and |

| | |
|---|---|
| | (b) in Northern Ireland, has the same meaning as in the I(NI)O 1989 (see Article 13 of that Order) as applied and modified by these Regulations<br>]8 |
| court | (a) in England and Wales [ and in Northern Ireland]8 , the High Court, and<br>(b) in Scotland, the Court of Session |
| electronic money | see regulation 2(1) of the EMR 2011 |
| electronic money institution | see regulation 2(1) of the EMR 2011 |
| enactment | includes—<br>(a) an enactment contained in, or in an instrument made under, an Act of the Scottish Parliament,<br><br>(b) an enactment contained in, or in an instrument made under, a Measure or Act of Senedd Cymru, [...]8<br> [<br>(ba) an enactment contained in, or in an instrument made under, Northern Ireland legislation, and<br> ]8<br>(c) any [assimilated direct]9 legislation |
| fair | has the same meaning as in Part 2 of the BA 2009 (see section 93(8) of that Act) |
| FCA | Financial Conduct Authority |
| foreign property | has the same meaning as in the BA 2009 (see section 39(2) of that Act) |
| holder | electronic money holder |
| special administration insolvency rules | [(a) in relation to special administrations in England and Wales, or Scotland, means rules made under section 411 of the IA 1986,<br>(b) in relation to special administrations in Northern Ireland, means rules made under Article 359 of the I(NI)O 1989,<br><br>in each case as applied and modified by these Regulations to give effect to these Regulations<br> ]10 |
| institution | has the meaning given in regulation 4(1) |
| institution's own bank accounts | includes any account, other than a relevant funds account, opened by the administrator for the purposes of the special administration |
| Objective 1 | has the meaning given in regulation in 12(2) |
| Objective 2 | has the meaning given in regulation in 12(3) |
| Objective 3 | has the meaning given in regulation in 12(4) |
| payment institution | authorised payment institution or small payment institution |
| payment services | see regulation 2(1) of the PSR 2017 |
| payment system | has the same meaning as in the BA 2009 (see section 182 of that Act11 ) |
| payment system operator | has the same meaning as in the BA 2009 (see section 183 of that Act12 ) |
| payment transaction | see regulation 2(1) of the PSR 2017 |
| PPTA | has the meaning given in regulation 24(3) |
| PS or EMI contract | contract for payment services or electronic money issuance |

| relevant funds (in the case of electronic money institutions) | (a) in the case of funds received for the execution of payment transactions which are not related to the issuance of electronic money, see regulation 23(1) and (2) of the PSR 2017<br>(b) in any other case, see regulation 20(1) of the EMR 2011 |
|---|---|
| relevant funds (in the case of payment institutions) | see regulation 23(1) and (2) of the PSR 2017 |
| relevant funds account | account which an institution maintains in order to safeguard relevant funds |
| relevant funds claim | claim, of a user or holder, for the return of relevant funds |
| reverse transfer | has the meaning given in regulation 30(1)(a) |
| safeguard (in the case of electronic money institutions) | (a) in the case of relevant funds received for the execution of payment transactions which are not related to the issuance of electronic money, has the same meaning as in the PSR 2017 (see regulation 23 of those Regulations), or<br>(b) in any other case, has the same meaning as in the EMR 2011 (see regulations 20 to 22 of those Regulations) |
| safeguard (in the case of payment institutions) | has the same meaning as in the PSR 2017 (see regulation 23 of those Regulations) |
| Schedule B1 | [(a) in relation to special administrations in England and Wales, or Scotland, means Schedule B1 to the IA 1986;<br>(b) in relation to special administrations in Northern Ireland, means Schedule B1 to the I(NI)O 1989 ][10] |
| Schedule B1 administration | the administration procedure set out in Schedule B1 |
| Schedule B1 administration order | administration order made under Schedule B1 (see paragraph 10 of [Schedule B1 to the IA 1986 and paragraph 11 of Schedule B1 to the I(NI)O 1989][10] ) |
| Schedule B1 administrator | administrator appointed under Schedule B1 |
| small electronic money institution | see regulation 2(1) of the EMR 2017 |
| small payment institution | see regulation 2(1) of the PSR 2017 |
| special administration (except in the expression investment bank special administration) | payment institution special administration or electronic money institution special administration (see regulation 4(3)) |
| special administration objectives | Objective 1, Objective 2 and Objective 3 |
| special administration order | has the meaning given in regulation 7 |
| statement of proposals | statement of proposals drawn up by the administrator in accordance with—<br>(a) paragraph 49 of Schedule B1[ to the IA 1986 or paragraph 50 of Schedule B1 to the I(NI)O 1989][8] as applied and modified by these Regulations, or<br><br>(b) where the FCA has given a direction, regulation 39 |
| TA | has the meaning given in regulation 24(2) |
| transferee | has the meaning given in regulation 24(2) |
| user | payment service user (see regulation 2(1) of the PSR 2017) |
| voluntarily safeguard (in the case of small electronic money institutions) | voluntarily safeguard pursuant to regulation 20(6) of the EMR 2011 and regulation 23(16) of the PSR 2017 |
| voluntarily safeguard (in the case of small payment institutions) | voluntarily safeguard pursuant to regulation 23(16) of the PSR 2017 |

# **Notes**

1      Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.5(2)(a) (January 4, 2024)
2      S.I. 2002/3150 (N.I. 4).
3      Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.5(2)(b) (January 4, 2024)
4      S.I. 1989/2405 (N.I. 19).
5      Amended by S.I. 2013/3115, 2015/575, 2017/252, 2017/1173, 2018/1021. There are other amending instruments but none is relevant.
6      Amended by S.I. 2013/472, 2017/443. There are other amending instruments but none is relevant.
7      Amended by S.I. 2017/1173, 2018/1021. There are other amending instruments but none is relevant.
8      Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.5(3) (January 4, 2024)
9      Words substituted by Retained EU Law (Revocation and Reform) Act 2023 (Consequential Amendments) Regulations 2025/82 Sch.9(1) para.35 (February 27, 2025)
10     Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.5(3) (January 4, 2024)
11     Section 182 was amended by the Digital Economy Act 2017 (c. 30).
12     Section 183(a) was amended by the Digital Economy Act 2017 (c. 30).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 7 Special administration order

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**7.— Special administration order**

(1)  A special administration order is an order appointing a person as the administrator of an institution.

(2)  A person is eligible for appointment as administrator under a special administration order if they are qualified to act as an insolvency practitioner in relation to the institution.

(3)  An appointment may be made only if the person has consented to act.

(4)  For the purposes of these Regulations—

(a)  an institution is "in special administration" while the appointment of the administrator has effect,

(b)  an institution "enters special administration" when the appointment of the administrator takes effect,

(c)  an institution ceases to be in special administration when the appointment of the administrator ceases to have effect in accordance with these Regulations, and

(d)  an institution does not cease to be in special administration merely because an administrator vacates office (by reason of resignation, death or otherwise) or is removed from office.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 8 Application for order

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**8.— Application for order**

(1)  An application to the court for a special administration order may be made to the court by—

(a)  the institution,

(b)  the directors of the institution,

(c)  one or more creditors of the institution,

(d)  [in England and Wales, ]¹ the designated officer for a magistrates' court in the exercise of the power conferred by section 87A of the Magistrates' Courts Act 1980,

[

(da)  in Northern Ireland, the chief clerk in the exercise of the power conferred by section 35(4A) of the Criminal Justice Act (Northern Ireland) 1945 ³ ,

(db)  in Northern Ireland, a clerk of petty sessions in exercise of the power conferred by Article 92A of the Magistrates' Courts (Northern Ireland) Order 1981 ⁴ ,

]²

(e)  a contributory of the institution, subject to paragraph (7),

(f)  a combination of persons listed in sub-paragraphs (a) to (e),

(g)  the Secretary of State, or

(h)  the FCA.

(2)  Where an application is made by a person other than the FCA, the FCA is entitled to be heard at—

(a)  the hearing of the application for a special administration order, and

(b)  any other hearing of the court in relation to the institution under these Regulations.

(3)  An application must nominate a person to be appointed as the administrator.

(4)  As soon as is reasonably practicable after making the application, the applicant must notify—

(a)  a person who gave notice to the FCA in accordance with Condition 1 of regulation 11, and

(b)  such other persons as may be described in special administration insolvency rules.

(5)  An application may not be withdrawn without the permission of the court.

(6)  In paragraph (1)(c), *"creditor"* includes a contingent creditor and a prospective creditor.

(7)  A contributory ("C") is not entitled to make an application for a special administration order unless either—

(a)  the number of members is reduced below 2, or

(b)  the shares in respect of which C is a contributory, or some of them, either were originally allotted to C, or have been held by C and registered in C's name, for at least 6 months during the 18 months before the commencement of the special administration, or have devolved on C through the death of a former holder.

## Notes

1    Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.6(a) (January 4, 2024)
2    Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.6(b) (January 4, 2024)
3    1945 c. 15. Subsection (4A) was inserted by S.I. 1994/2795 (N.I. 15), and amended by S.I. 2005/1455 (N.I. 10).
4    S.I. 1981/1675 (N.I. 26). Article 92A was inserted by S.I. 1994/2795 (N.I. 15), and amended by S.I. 2005/1455 (N.I. 10), and paragraph 3(4) of Schedule 2 to the Justice Act (Northern Ireland) (c. 21).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 9 Grounds for applying

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**9.— Grounds for applying**

(1)  In this regulation—

(a)  Ground A is that the institution is, or is likely to become, unable to pay its debts,

(b)  Ground B is that it is fair to put the institution into special administration, and

(c)  Ground C is that it is expedient in the public interest to put the institution into special administration.

(2)  For the meaning of *"unable to pay its debts"* , in paragraph (1)(a), see section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017 [1] ).

(3)  The FCA or a person listed in regulation 8(1)(a) to (f) may apply for a special administration order only if they consider that Ground A or Ground B is met.

(4)  The Secretary of State may apply for a special administration order only if it appears to the Secretary of State that Grounds B and C are met.

(5)  The sources of information on the basis of which the Secretary of State may reach a decision on Ground C include those listed in section 124A(1) of the IA 1986 (petition for winding up on grounds of public interest) [ or, as the case may be, Article 104A of the I(NI)O 1989 [3] ] [2]  .

---

## Notes

1        Regulation 24A of and paragraph 1 of Schedule 2ZA to the EMR 2011 apply and modify section 93(4) of the BA 2009 in respect of electronic money institutions. Regulation 23A of and paragraph 1 of Schedule 3A to the PSR 2017 apply and modify section 93(4) of the BA 2009 in respect of payment institutions.
2        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.7(1) (January 4, 2024)
3        Article 104A was inserted by S.I. 1990/1504 (N.I. 10), and amended by S.I. 2001/3649 and S.I. 2009/1941.

---

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 10 Powers of the court

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**10.— Powers of the court**

(1)  On an application for a special administration order the court may—

(a)  grant the application in accordance with paragraph (2);

(b)  dismiss the application;

(c)  adjourn the hearing (generally or to a specified date);

(d)  make an interim order;

(e)  on the application of the FCA, treat the application as an application by the FCA for Schedule B1 administration in accordance with section 359(1) of the FSMA 2000 [1] ;

(f)  make any other order which the court thinks appropriate.

(2)  The court may make a special administration order if it is satisfied [...] [2] —

(a)  on the application of persons listed in regulation 8(1)(a) to (e) or the FCA, that Ground A or Ground B in regulation 9 is satisfied, or

(b)  on the application of the Secretary of State, [...] [3]  that Grounds B and C in regulation 9 are satisfied.

(3)  Where the application for a special administration order is made by members of the institution as contributories on the basis that Ground B in regulation 9 is satisfied, the court must make a special administration order if it is of the opinion that—

(a)  the applicants are entitled to relief either by a special administration order being made in respect of the institution or by some other means, and

(b)  in the absence of any other remedy it would be fair that the special administration order be made in respect of the institution.

(4)  But paragraph (3) does not apply if the court is also of the opinion that an alternative remedy is available to the applicants and that they are acting unreasonably in applying for a special administration order instead of pursuing that other remedy.

(5)  A special administration order takes effect in accordance with its terms.

**Notes**

1        Section 359(1) was amended by the Financial Services Act 2012 (c. 21).
2        Words revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.8(a) (January 4, 2024)
3        Words revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.8(b) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# reg. 11 Notice to FCA: other proceedings

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**11.— Notice to FCA: other proceedings**

(1)  An application for a Schedule B1 administration order in respect of an institution may not be determined unless all of Conditions 1 to 4 are satisfied.

(2)  An application for an order under regulation 5 of the IBSAR 2011 in respect of an institution may not be determined unless all of Conditions 1 to 4 are satisfied.

(3)  A petition for a winding-up order in respect of an institution may not be determined unless all of Conditions 1 to 4 are satisfied.

(4)  A resolution for voluntary winding up of an institution may not be made unless all of Conditions 1 to 4 are satisfied.

(5)  A Schedule B1 administrator of an institution may not be appointed unless all of Conditions 1 to 4 are satisfied.

(6)  Condition 1 is that the FCA has been notified—

    (a)  by the applicant for a Schedule B1 administration order, that the application has been made,

    (b)  by the applicant for an order under regulation 5 of the IBSAR 2011, that the application has been made,

    (c)  by the petitioner for a winding-up order, that the petition has been presented,

    (d)  by the institution, that a resolution for voluntary winding up may be made, or

    (e)  by the person proposing to appoint a Schedule B1 administrator, of the proposed appointment.

(7)  Condition 2 is that a copy of the notice complying with Condition 1 has been filed (in Scotland, lodged) with the court and made available for public inspection by the court.

(8)  Condition 3 is that—

    (a)  the period of 2 weeks, beginning with the day on which the notice is received by the FCA, has ended, or

    (b)  the FCA has informed the person who gave the notice that it consents to the proceedings to which the notice relates going ahead.

(9)  Condition 4 is that no application for a special administration order is pending.

(10)  Where the FCA receives notice under Condition 1, it must inform the person who gave the notice, within the period in Condition 3—

    (a)  whether or not it consents to the proceedings to which the notice relates going ahead,

(b)  whether or not it intends to apply for those (or alternative) proceedings itself, or

(c)  whether it intends to apply for a special administration order.

(11)  Arranging for the giving of the notice in order to satisfy Condition 1 may be treated as a step with a view to minimising the potential loss to the institution's creditors for the purpose of section 214 of the IA 1986[ or, as the case may be, Article 178 of the I(NI)O 1989] [1] as applied and modified by these Regulations.

---

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.9 (January 4, 2024)

---

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 12 Special administration objectives

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**12.— Special administration objectives**

(1)  The administrator has the following special administration objectives.

(2)  Objective 1 is to ensure the return of relevant funds—

   (a)  as soon as is reasonably practicable in accordance with regulations 13 to 15 and 17 to 34, or

   (b)  promptly, in the case of post-administration receipts, in accordance with regulation 16,

 subject to paragraph (10).

(3)  Objective 2 is to ensure timely engagement with payment system operators, the Payment Systems Regulator and the Authorities in accordance with regulation 35.

(4)  Objective 3 is to either—

   (a)  rescue the institution as a going concern, or

   (b)  wind it up in the best interests of the creditors.

(5)  The order in which Objectives 1 to 3 are listed in this regulation is not significant.

(6)  The administrator is entitled to deal with and return relevant funds in whatever order the administrator thinks best achieves Objective 1.

(7)  The administrator must commence work on each objective immediately after appointment, prioritising the order of work on each objective as the administrator thinks fit, in order to achieve the best result overall for users or holders and creditors.

(8)  The administrator must set out, in the statement of proposals, the order in which the administrator intends to further pursue the objectives once the statement has been approved.

(9)  The administrator must work to achieve each objective, in accordance with the priority afforded to the objective, as quickly and efficiently as is reasonably practicable.

(10)  Paragraphs (2) and (6) and regulations 13 to 23 do not apply to relevant funds received by—

   (a)  a small payment institution, or

   (b)  in the case of funds received for the execution of payment transactions that are not related to the issuance of electronic money, a small electronic money institution,

 where the institution had not chosen to voluntarily safeguard the funds when it entered special administration.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 13 Objective 1: initial reconciliation

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

### 13. Objective 1: initial reconciliation

(1)  The administrator must carry out a reconciliation immediately after appointment, subject as follows.

(2)  The purpose of the reconciliation is—

   (a)  to identify any shortfall or excess in an asset pool, according to the institution's own records, which it would have settled, had it not entered special administration, and

   (b)  to settle this with the institution's own bank accounts.

(3)  The administrator must carry out the reconciliation using the method adopted by the institution when it last carried out a reconciliation to identify any shortfall or excess in the asset pool and to settle that shortfall or excess ("last reconciliation").

(4)  Paragraph (1) does not apply where the administrator cannot identify any occasion on which the institution carried out a reconciliation of that kind.

(5)  The reconciliation must be based on the records and accounts of the institution as they stood immediately after the last reconciliation.

(6)  The administrator must take no further account—

   (a)  of money received by the institution, or

   (b)  of payments, transfers or transactions made by the institution,

 of which account was taken in the last reconciliation.

(7)  The administrator must take account of—

   (a)  money received by the institution, and

   (b)  payments, transfers and transactions made by the institution,

after the institution's last reconciliation and before the appointment of the administrator.


(8)  The administrator must, where amount A exceeds amount B, transfer an amount equal to, or as close as possible to, the difference from the institution's own bank accounts to an appropriate relevant funds account.

(9)  The administrator must, where amount B exceeds amount A, transfer an amount equal to the difference from the asset pool to the institution's own bank accounts.

(10)  *"Amount A"*  means the total amount of relevant funds which the institution is required to safeguard, according to its own records and accounts.

(11)  *"Amount B"*  means the total amount of relevant funds which are being safeguarded.

(12)  In paragraph (11), the reference to *"amount"*  is—

(a)  in the case of liquid assets, a reference to the amount of the cash proceeds of realising those assets without delay, and

(b)  in the case of insurance policies or guarantees, to be determined in accordance with the method adopted at the last reconciliation.

(13)  This regulation does not apply to an institution which is also an investment bank within the meaning of the BA 2009 (see section 232 of that Act [1] ).

(14)  Nothing in this regulation authorises an administrator to transfer funds from one of the institution's own bank accounts to a relevant funds account where to do so would interrupt a payment to a payment system operator to settle a payment transaction.

(15)  This regulation does not apply to post-administration receipts (see regulation 16).

---

# Notes

1        Section 232 was amended by the Financial Services Act 2012 (c. 21) and S.I. 2011/239 and 2017/443.

---

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 14 Objective 1: constitution of asset pool

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**14.— Objective 1: constitution of asset pool**

(1)  The administrator must take the following steps relating to the constitution of an asset pool—

   (a)  as soon as reasonably practicable after the reconciliation under regulation 13, or

   (b)  where regulation 13(4) or 13(13) applies, as soon as reasonably practicable after appointment.

(2)  The administrator must—

   (a)  take reasonable steps to identify any relevant funds held as funds in the institution's own accounts, and

   (b)  transfer those funds into an appropriate relevant funds account.

(3)  The administrator must, where relevant funds are held in the asset pool in the form of liquid assets—

   (a)  liquidate those assets, and

   (b)  deposit the cash proceeds in an appropriate relevant funds account.

(4)  But paragraph (3) does not apply where the administrator thinks that Objective 1 would be better achieved by continuing, during any period, to hold the relevant funds in the form of liquid assets.

(5)  The administrator must, where relevant funds are covered by insurance policies or guarantees, take any steps which are necessary to ensure that, subsequently, at the appropriate time—

   (a)  claims may be made for the cash proceeds of those policies or guarantees without delay, and

   (b)  those cash proceeds are deposited in an appropriate relevant funds account without delay.

(6)  Nothing in this regulation prevents an administrator from subsequently repeating any of the steps in this regulation, in pursuit of Objective 1.

(7)  This regulation does not apply to post-administration receipts (see regulation 16).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 15 Objective 1: monitoring and maintaining asset pool

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

### 15.— Objective 1: monitoring and maintaining asset pool

(1)  The administrator must monitor any funds, liquid assets or insurance policies or guarantees held within an asset pool.

(2)  That duty includes a duty to compare, from time to time, the institution's internal accounts and records with those of any third party with custody or control over funds or liquid assets held within an asset pool.

(3)  The administrator may decide when and how often to perform that comparison depending on—

  (a)  the circumstances of the institution,

  (b)  the scale, frequency and nature of activity after its entry into special administration.

(4)  The administrator must also maintain any funds, liquid assets or insurance policies or guarantees held within an asset pool.

(5)  The administrator must, in carrying out their duty under paragraph (4), have regard to—

  (a)  whether the asset pool includes funds, liquid assets or insurance policies or guarantees,

  (b)  the currencies in which funds are held and those in which users or holders have a right to be paid,

  (c)  whether Objective 1 may be best achieved by changing, at any given time, the currency in which any funds are held,

  (d)  whether Objective 1 may be best achieved by liquidating, at any given time, liquid assets,

  (e)  the risk of any third party connected with the asset pool failing,

  (f)  the general risks of fraud, misuse, negligence or poor administration, and

  (g)  any other matter which the administrator thinks is relevant.

(6)  This regulation does not apply to post-administration receipts (see regulation 16).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 16 Objective 1: post-administration receipts

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**16.— Objective 1: post-administration receipts**

(1)  This regulation applies to relevant funds received by an institution while it is in special administration.

(2)  The administrator may only hold the funds in a relevant funds account which does not (or will not) contain relevant funds held when the institution entered special administration.

(3)  The account mentioned in paragraph (2) includes an account which existed when the institution entered special administration.

(4)  The administrator must promptly return the relevant funds to the user or holder, less any costs incurred by the administrator in returning them.

(5)  Regulations 17 to 34 do not apply to relevant funds to which this regulation applies.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 17 Objective 1: determining claim entitlements

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**17.— Objective 1: determining claim entitlements**

(1)  The administrator must, in respect of an asset pool, as soon as reasonably practicable after appointment, determine—

(a)  the identity of every user or holder on behalf of whom the institution was required to safeguard relevant funds, and

(b)  for each such person, the amount of relevant funds which it was required to safeguard.

(2)  The determination under paragraph (1) must relate to the precise time at which the institution entered special administration.

(3)  The administrator may, where making that determination, have regard to the particulars of—

(a)  any transactions involving the institution,

(b)  the institution's internal records or systems,

(c)  any payment systems which the institution participates in (whether directly or indirectly),

(d)  any internal or external records involving the institution,

(e)  any agency, distribution or outsourcing arrangements the institution has entered into, or

(f)  any information obtained through the bar date or hard bar date process set out in regulations 20 and 21 respectively.

(4)  Nothing in this regulation prevents an administrator from subsequently revising any determination under paragraph (1), in pursuit of Objective 1.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 18 Objective 1: principles of distribution

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**18.— Objective 1: principles of distribution**

(1)  A user's or holder's entitlement to a distribution of relevant funds from an asset pool must be determined by reference to the amount of relevant funds which that person is entitled to claim against the institution (see regulation 17).

(2)  Regulation 19 makes provision about entitlements to a distribution of relevant funds where there is a shortfall in an asset pool.

(3)  Relevant funds claims are to be paid from an asset pool in priority to all other claims.

(4)  Paragraph (3) is subject to paragraphs (5) and (6) and regulation 21(4) (which relates to late claims).

(5)  Relevant funds claims do not take priority over the costs of distribution.

(6)  Relevant funds claims do not take priority over any third party's fees and expenses for operating a relevant funds account in so far as the party has a right of set off or a security right against the funds for the fees or expenses.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 19 Objective 1: shortfalls in asset pool

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**19.— Objective 1: shortfalls in asset pool**

(1)  This regulation applies if the administrator becomes aware —

(a)  that the amount of relevant funds available for distribution in an asset pool is less than the total amount liable to be paid under relevant funds claims for that asset pool, and

(b)  that shortfall cannot be made good—

(i)  by taking any of the steps mentioned in regulation 14 (which relates to the constitution of the asset pool), or

(ii)  by the resolution of ongoing disputes.

(2)  The administrator must, in making the distribution, ensure that the shortfall referred to in paragraph (1) be borne pro rata by all users or holders for whom the institution holds relevant funds within the asset pool.

(3)  Paragraph (2) is subject to regulations 20 and 21.

(4)  Nothing in this regulation affects any right of a user or holder to claim the shortfall borne under paragraph (2) in other ways (for example as an unsecured creditor).

(5)  An administrator may not, where an electronic money institution has two asset pools (see regulation 20(6) of the EMR 2011), offset any shortfall in one asset pool against any relevant funds or assets held in the other.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 20 Objective 1: bar date

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**20.— Objective 1: bar date**

(1)  The administrator may, if they think it necessary in order to expedite the return of relevant funds from an asset pool, set a bar date for the submission of relevant funds claims.

(2)  The bar date must be set out in a notice.

(3)  A reasonable time must be given after the notice has been published for persons to be able to calculate and submit relevant funds claims before the bar date.

(4)  The administrator must, as soon as reasonably practicable after the bar date, make a distribution of relevant funds from the asset pool to persons who are entitled to them under their claims.

(5)  The administrator must, so far as is reasonably practicable, include within that distribution any person who submits a late, pre-distribution claim.

(6)  The administrator must, when determining the amount to be distributed, make allowance for any entitlement to the return of relevant funds (by way of a subsequent distribution) which will not be distributed under paragraph (4).

(7)  No payment or part of any payment made to any person in the distribution under paragraph (4) may be recovered for the purpose of meeting a relevant funds claim which is not taken into account in that distribution.

(8)  The restriction in paragraph (7) does not apply where—

   (a)  relevant funds were returned to a person by the administrator in bad faith in which that person was complicit, or

   (b)  a person to whom relevant funds were returned is later found to have made a false relevant funds claim.

(9)  The administrator must include a person who makes a late, pre-distribution claim or a late, post-distribution claim in a subsequent distribution from the asset pool if that person would have been included in the distribution under paragraph (4) had their relevant funds claim been submitted earlier.

(10)  In this regulation—

*"late, pre-distribution claim"*  means a relevant funds claim made after a bar date but before the corresponding distribution under paragraph (4);

*"late, post-distribution claim"*  means a relevant funds claim made after a bar date and after the corresponding distribution under paragraph (4).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 21 Objective 1: hard bar date

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**21.— Objective 1: hard bar date**

(1)  The administrator may, if they think it necessary in order to further expedite the return of relevant funds from an asset pool after setting a bar date under regulation 20, set a hard bar date for the submission of final relevant funds claims.

(2)  The hard bar date must be set out in a notice.

(3)  The administrator may not set a hard bar date without the approval of the court given on application by the administrator.

(4)  The priority afforded to relevant funds claims under the following provisions does not apply to late claims—

  (a)  regulation 18(3), and

  (b)  any provision of the safeguarding provisions;

 and no late claim may be founded on a beneficial interest in property.

(5)  Immediately after the hard bar date, any relevant funds held in the asset pool which have not been claimed may also be distributed, in accordance with Objective 1, to users or holders who are entitled to them under their claims made before the hard bar date.

(6)  The administrator must, as soon as reasonably practicable after the hard bar date, make a final distribution of relevant funds from the asset pool to users or holders who are entitled to them under their claims made before the hard bar date.

(7)  Immediately after that final distribution, the ownership of any relevant funds which remain in the asset pool is vested in the institution and the administrator must, as soon as possible, transfer those funds to the institution's own bank accounts.

(8)  A notice under this regulation must—

  (a)  specify the hard bar date, and

  (b)  refer to paragraphs (4) to (6) and explain that (in accordance with paragraph (7)) following the distribution of relevant funds from the asset pool any remaining funds will be transferred to the institution's own bank accounts.

(9)  In this regulation—

*"late claim"*  means a relevant funds claim, in response to the setting of a hard bar date, received after the hard bar date;

*"safeguarding provisions"*  means—

  (a)  regulation 23 of the PSR 2017, in the case of the following relevant funds—

    (i)  those received by a payment institution, or

(ii)  those received by an electronic money institution for the execution of payment transactions which are not related to the issuance of electronic money, or

(b)  regulations 20 to 24 of the EMR 2011, in the case of relevant funds received by an electronic money institution apart from those in paragraph (a)(ii).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 22 Objective 1: hard bar date: powers of the court

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**22.— Objective 1: hard bar date: powers of the court**

(1)  On an application under regulation 21(3) for the approval of the court to set a hard bar date the court may—

    (a)  make an order approving the setting of a hard bar date,

    (b)  adjourn the hearing of the application conditionally or unconditionally, or

    (c)  make any other order that the court thinks appropriate.

(2)  The court may make an order under paragraph (1)(a) only if—

(a)  it is satisfied that the administrator has taken all reasonable measures to identify and contact persons who may be entitled to the return of relevant funds, and

(b)  it considers that, if a hard bar date is set, there is no reasonable prospect that the administrator will receive claims for the return of relevant funds after that date.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 23 Objective 1: interest on relevant funds claims

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**23.— Objective 1: interest on relevant funds claims**

(1)  This regulation applies where—

(a)  a debt arises from a liability of the institution to return relevant funds,

(b)  the user or holder has not submitted a relevant funds claim or has submitted a relevant funds claim after a hard bar date, and

(c)  the user or holder makes a claim for payment of the debt.

(2)  The user or holder is not entitled to interest on the debt for the period commencing on the date on which the institution entered special administration, except interest on such part of the debt which remains after deduction of the total amount which the user or holder would have received on a relevant funds claim.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 24 Objectives 1 and 3: transfer arrangements: overview

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**24.— Objectives 1 and 3: transfer arrangements: overview**

(1)  This regulation and regulations 25 to 34 make provision for where there is a transfer arrangement.

(2)   A transfer arrangement ("TA") is a binding arrangement in pursuit of Objective 1 (whether or not also in pursuit of Objective 3) with another institution which transfers to that institution ("the transferee")—

(a)  all or some of the property, rights and liabilities of the institution in special administration, and

(b)  all or some of the relevant funds held by the institution in special administration such that the transferee becomes the payment institution or electronic money institution in respect of those funds.

(3)  A partial property transfer arrangement ("PPTA") is any TA which does not transfer all of the property, rights and liabilities of, and relevant funds held by, the institution.

(4)  Regulations 25 to 28 make provision about TAs.

(5)  Regulations 29 to 34 make further provision about PPTAs.

(6)  In this regulation and regulations 25 to 34, a reference to the rights and liabilities of an institution or to rights and liabilities under a PS or EMI contract in relation to property held by the institution on trust (however arising) includes—

(a)  the legal and beneficial interest of the institution in the property, and

(b)  the powers and obligations of the institution acting as a trustee of the property.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 25 Objectives 1 and 3: TAs: Conditions 1 to 3

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**25.— Objectives 1 and 3: TAs: Conditions 1 to 3**

(1)  The administrator may not enter into the TA unless all of Conditions 1 to 3 are met.

(2)  Condition 1 is that the arrangement includes such provision as the administrator thinks necessary to ensure that users or holders whose relevant funds are to be transferred will be able to exercise their rights in relation to those funds as soon as reasonably practicable after the transfer.

(3)  Condition 2 is that the institution has obtained a contractual undertaking from the transferee that the transferee will—

   (a)  safeguard the relevant funds to be transferred, and

   (b)  after the transfer, safeguard any further relevant funds of users or holds whose relevant funds, rights or liabilities under PS or EMI contracts were transferred.

(4)  Paragraph (3) applies even if the transferee is a small payment institution or a small electronic money institution.

(5)  Condition 3 is that the institution has obtained a contractual undertaking from the transferee that the transferee will, within a period of 14 days beginning with the day on which the arrangement is entered into, notify the persons in paragraph (6) of the matters in paragraph (7).

(6)  The persons who must be notified are—

   (a)  the users or holders whose relevant funds are to be transferred,

   (b)  any agents of the institution, and

   (c)  in the case of electronic money institutions, any distributors of the institution.

(7)  The notice must—

   (a)  explain the undertaking given in accordance with paragraph (3), and

   (b)  in the case of a PPTA, explain the right to a reverse transfer in accordance with regulation 30.

(8)  Regulation 29(1) to (3) contains a further condition (Condition 4) for PPTAs.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 26 Objectives 1 and 3: TAs: effect

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**26.— Objectives 1 and 3: TAs: effect**

(1)  The transfer of any of the following under the TA has effect, despite the existence of any matter mentioned in paragraph (2)—

　(a)  relevant funds;

　(b)  any rights or liabilities under the corresponding PS or EMI contracts;

　(c)  any rights and liabilities under other PS or EMI contracts for which no relevant funds are held at the time of transfer.

(2)  The matters are—

　(a)  a restriction affecting what can or cannot be assigned or transferred by the institution (whether generally or by a particular person or particular description of persons),

　(b)  a requirement (however referred to) to give notice to, or obtain the consent of, any person who is party to the PS or EMI contract,

　(c)  in the case of a payment institution, a requirement (however referred to) to give notice to, or obtain the consent of any person who is party to a contract under which a person provides agency services to the institution,

　(d)  in the case of an electronic money institution, a requirement (however referred to) to give notice to, or obtain the consent of any person who is party to a contract under which a person provides agency or distribution services to the institution, or

　(e)  any entitlement of any person to the return of the relevant funds otherwise than by transfer under the arrangement.

(3)  Paragraphs (1) and (2) are subject to subject to regulation 29(4) and (5).

(4)  In paragraph (2), it does not matter whether a restriction, requirement or entitlement has effect by virtue of a provision contained in a contract or an enactment, or in any other way, subject to paragraph (5).

(5)  In paragraph (2)(a) the reference to a restriction does not include one imposed by—

　(a)  regulations 20 to 22 of the EMR 2011, or

　(b)  regulation 23 of the PSR 2017.

(6)  If the TA purports to be one which is not a PPTA despite a possibility that anything purportedly transferred is foreign property (and might not have been effectively transferred), the administrator may assume it is a TA which is not a PPTA and that regulations 29 to 34 do not apply.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 27 Objectives 1 and 3: TAs: novation of contracts

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**27.— Objectives 1 and 3: TAs: novation of contracts**

(1)  The TA has effect so that contracts falling within Types 1 to 4 are to be read, immediately after the transfer, as if they had been made by the transferee rather than the institution.

| *Type* | *Description* |
|---|---|
| Type 1 | PS or EMI contracts which relate to the relevant funds which are transferred. |
| Type 2 | Other PS or EMI contracts which confer or impose rights or liabilities which are transferred but for which no relevant funds are held at the time of transfer. |
| Type 3 | Contracts—<br>(a) where the institution is a payment institution which is a party to the contract,<br><br>(b) under which another person provides agency services to that institution, and<br><br>(c) under which that other person provides those services in respect of those users whose relevant funds or rights or liabilities under contracts for payment services are being transferred. |
| Type 4 | Contracts—<br>(a) where the institution is an electronic money institution which is party to the contract,<br><br>(b) under which another person provides agency or distribution services to that institution, and<br><br>(c) under which that other person provides those services in respect of those users or holders whose relevant funds or rights or liabilities under PS or EMI contracts are being transferred. |

(2)  The TA also has effect so that the transferee may, immediately after the transfer, vary the terms of a PS or EMI contract without obtaining the agreement of any person who is party to the contract to the following extent—

(a)  to give effect to the TA, and

(b)  to ensure that the powers, rights and obligations of the transferee acting as a trustee are exercisable.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 28 Objectives 1 and 3: TAs: disclosure of information

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**28.— Objectives 1 and 3: TAs: disclosure of information**

(1)  The administrator may, where necessary for the purposes of a TA, disclose to the transferee all information which is, in the administrator's view, relevant to the transfer of—

    (a)  relevant funds,

    (b)  any rights or liabilities under the corresponding PS or EMI contracts,

    (c)  any rights and liabilities under other PS or EMI contracts for which no relevant funds are held at the time of transfer.

(2)  Paragraph (1) overrides any contractual or other requirement to keep information in confidence.

(3)  Nothing in this regulation requires or authorises a disclosure of information that would contravene the data protection legislation (but in determining whether a disclosure would do so, take into account the duties and powers imposed or conferred by these Regulations).

(4)  *"Data protection legislation"*  has the same meaning as in the Data Protection Act 2018 (see section 3(9) of that Act).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 29 Objectives 1 and 3: PPTAs: Condition 4 and restrictions

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**29.— Objectives 1 and 3: PPTAs: Condition 4 and restrictions**

(1)  The administrator may enter a PPTA only if Condition 4 is met (in addition to all of Conditions 1 to 3 in regulation 25).

(2)  Condition 4 is that the administrator is satisfied that no user or holder (or person acting on their behalf) will, pursuant to Objective 1 or 3, subsequently have returned or transferred to them an amount of retained relevant funds less than if the administrator had not entered the PPTA.

(3)  *"Retained relevant funds"*  means any relevant funds held by the institution which are not transferred under the PPTA.

(4)  Regulation 26(1) does not apply to the requirement described in paragraph (2)(b) of that regulation in the case of a PPTA unless—

   (a)  the PPTA transfers—

      (i)  all of the relevant funds held by the institution, and

      (ii)  all of the rights and liabilities under the corresponding PS or EMI contracts, and

   (b)  the administrator is satisfied that either—

      (i)  the total amount of relevant funds to be transferred is at least equal to the total amount that the institution is, at the time of transfer, required to safeguard, or

      (ii)  the transferee has undertaken to make good any shortfall in that amount.

(5)  Regulation 26(1) does not apply to the requirements described in paragraph (2)(c) and (d) of that regulation in the case of a PPTA unless the PPTA transfers—

   (a)  all of the relevant funds held by the institution,

   (b)  all of the rights or liabilities under the corresponding PS or EMI contracts, and

   (c)  all of the rights and liabilities under other PS or EMI contracts for which no relevant funds are held at the time of transfer.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 30 Objectives 1 and 3: PPTAs: reverse transfers

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**30.— Objectives 1 and 3: PPTAs: reverse transfers**

(1)  A PPTA must include such provision as the administrator thinks appropriate—

(a)  to ensure that a user or holder whose relevant funds are to be transferred by the arrangement will be entitled to demand a transfer back to the institution of any relevant funds which are transferred ("reverse transfer"),

(b)  for the identification of relevant funds for the purposes of a reverse transfer, and

(c)  to ensure that the transferee is obliged to give effect to the reverse transfer as soon as reasonably practicable after the demand is made.

(2)  A reverse transfer has effect to transfer back to the institution all rights and liabilities under the corresponding PS or EMI contract so far as they have effect in relation to the reverse-transferred relevant funds.

(3)  The administrator must take all steps necessary to give effect to the reverse transfer.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 31 Objectives 1 and 3: PPTAs: set-off and netting

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**31.— Objectives 1 and 3: PPTAs: set-off and netting**

(1)  A PPTA may not provide for the transfer of some (but not all) of the protected rights and liabilities ("PRL") between the institution and—

  (a)  a user or holder ("U"), or

  (b)  another person ("P").

(2)  PRL are—

  (a)  rights and liabilities which U or P or the institution is entitled to set off or net under a particular set-off arrangement, netting arrangement or title transfer financial collateral arrangement which U or P has entered into with the institution, and

  (b)  not excluded rights ("ER") or excluded liabilities ("EL").

(3)  ER, in relation to rights between U or P and the institution, means "excluded rights" within the meaning of the Banking Act 2009 (Restriction of Partial Property Transfers) Order 2009 [1]  (see article 1(3)), subject as follows—

| Provision | Modification |
| --- | --- |
| Paragraph (a) | To be read as if for "relate to a retail deposit" there were substituted "conferred by a PI or EMI contract". |
| Paragraph (b) | To be read as if for "relate to a retail liability owed to a banking institution" there were substituted "are conferred, in relation to relevant funds, by an enactment". |
| Paragraphs (c) and (d) | Omitted. |
| Paragraph (e) | To be read as if after "subordinated debt" there were inserted "issued by U or P or the institution". |
| Paragraph (f) | To be read as if after "article 3(1)" there were inserted "issued by U or P or the institution". |

(4)  *"EL"*  is to be read in light of paragraph (3).

(5)  It is immaterial whether or not—

  (a)  the arrangement which permits U or P or the institution to set off or net rights and liabilities also permits U or P or the institution to set off or net rights and liabilities with another person, or

  (b)  the right of U or P or the institution to set off or net is exercisable only on the occurrence of a particular event.

(6)  A PPTA made in contravention of this regulation does not affect the exercise of the right to set off or net.

(7)  If a PPTA purports to transfer all of the PRL between U or P and the institution despite a possibility that any of the PRL are foreign property (and might not have been effectively transferred), the administrator may assume it is a PPTA which is not subject to the restriction in paragraph (1).

(8)  In this regulation—

*"netting arrangement"*  has the same meaning as in the IBSAR 2011 (see regulation 10D(6));

*"set-off arrangement"*  means an arrangement under which two or more debts, claims or obligations can be set off against each other;

*"title transfer financial collateral arrangement"*  has the same meaning as in the Financial Collateral Arrangements (No 2) Regulations 2003 [2]  (see regulation 3(1)).

---

# Notes

1        Amended by S.I. 2009/1826, 2018/1394. There are other amending instruments by none is relevant.
2        To which there are amendments not relevant to these Regulations.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 32 Objectives 1 and 3: PPTAs: security interests

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**32.— Objectives 1 and 3: PPTAs: security interests**

(1)  This regulation applies where under any binding arrangement one party owes to the other a liability which is secured against any property or rights.

(2)  But this regulation does not apply if the institution entered into the binding arrangement in contravention of—

(a)  regulation 21(4) or 22(2) of the EMR 2011,

(b)  any authorisation of the institution as a electronic money institution (or variation of that authorisation) under the EMR 2011 (see regulations 5 to 11 of those regulations),

(c)  regulation 23(8) of the PSR 2017,

(d)  any authorisation of the institution as a payment institution (or variation of that authorisation) under the PSR 2017 (see regulations 5 to 12 of those regulations).

(e)  a rule prohibiting such arrangements made by the FCA under the FSMA 2000, or

(f)  otherwise than in accordance with the institution's Part 4A permission within the meaning given by section 55A(5) of the FSMA 2000.

(3)  In paragraph (1), it is immaterial whether or not—

(a)  the liability is secured against all or substantially all of the property or rights of a person,

(b)  the liability is secured against specified property or rights, or

(c)  the property or rights against which the liability is secured are owned by the person who owes the liability.

(4)  A PPTA may not transfer the property or rights against which the liability is secured unless that liability and the benefit of the security are also transferred.

(5)  A PPTA may not transfer the benefit of the security unless the liability which is secured is also transferred.

(6)  A PPTA may not transfer the liability unless the benefit of the security is also transferred.

(7)  If a PPTA purports to be in compliance with paragraphs (4) to (6) despite a possibility that any property, right or liability is foreign property (and might not have been effectively transferred), the administrator may assume the property, rights and liabilities may be transferred in accordance with paragraphs (4) to (6).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 33 Objectives 1 and 3: PPTAs capital markets arrangements

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**33.— Objectives 1 and 3: PPTAs capital markets arrangements**

(1)  A PPTA may not provide for the transfer of some (but not all) of the property, rights and liabilities which are or form part of a capital market arrangement to which the institution is a party ("CMPRL").

(2)  But paragraph (1) does not apply where the only property, rights and liabilities which are or are not transferred relate to deposits.

(3)  If a PPTA purports to transfer all of the CMPRL despite a possibility that any of them are foreign property (and might not have been effectively transferred), the administrator may assume it is a PPTA which is not subject to the restriction in paragraph (1).

(4)  In this regulation—

*"capital market arrangement"*  has the meaning given by paragraph 1 of Schedule 2A to the IA 1986 [1] [ or, as the case may be, paragraph 1 of Schedule 1A to the I(NI)O 1989] [2] ;

*"deposit"*  has the same meaning as in article 5 of the Financial Services and Markets Act 2000 (Regulated Activities) Order 2001 [3] , disregarding the exclusions in other articles of that Order.

## Notes

1        Paragraph 1 was amended by S.I. 2003/2093.
2        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.10 (January 4, 2024)
3        Amended by S.I. 2002/682. There are other amending instruments but none is relevant.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 34 Objectives 1 and 3: PPTAs: financial markets

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

### 34.— Objectives 1 and 3: PPTAs: financial markets

(1)  A PPTA may not transfer property, rights and liabilities to the extent that doing so would have the effect of modifying, modifying the operation of, or rendering unenforceable—

    (a)  a market contract;

    (b)  the default rules of the Payment Systems Regulator; or

    (c)  any rules of the Payment Systems Regulator not dealt with under its default rules.

(2)  A PPTA is void in so far as it is made in contravention of this regulation.

(3)  In this regulation—

*"default rules"*  has the same meaning as in the Companies Act 1989 (see section 188 of that Act);

*"market contract"*  has the same meaning as in the FSMA 2000 (see section 286(4) of that Act).

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 35 Objective 2: engagement: payment systems, market disruption and consumer protection

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**35.— Objective 2: engagement: payment systems, market disruption and consumer protection**

(1)  The administrator must work with payment system operators—

   (a)  to facilitate the operation of their rules or arrangements,

   (b)  to resolve issues arising from the operation of those rules or arrangements, and

   (c)  to facilitate the transfer, settlement or prompt cancellation of non-settled payments,

 in respect of the institution.

(2)  The administrator must also work with the Payment Systems Regulator and the Authorities to facilitate any actions they propose to take—

   (a)  to minimise the disruption of businesses and the markets, or

   (b)  to secure an appropriate degree of protection for users or holders,

 as a consequence of a special administration order being made in respect of the institution.

(3)  In this regulation *"work with"*  means—

   (a)  to comply, as soon as reasonably practicable, with a written request from a payment systems operator, the Payment Systems Regulator or any of the Authorities for the provision of information or the production of documents (in whatever format) relating to the institution, and

   (b)  to allow any of those persons, on reasonable request, access to the facilities, staff and premises of the institution.

(4)  But nothing in this regulation requires the administrator to take action to the extent that, in their opinion, it would lead to a material reduction in the value of the property of the institution.

(5)  If the administrator receives a request under paragraph (1) from a payment system operator based overseas, no action needs to be taken to the extent that it conflicts with a request from any of the Authorities or the Payment Systems Regulator.

(6)  Where a payment system operator has made a request under paragraph (1) and the administrator, in pursuit of Objective 2, reasonably requires information in connection with this, the operator must provide the administrator with the information.

(7)  Nothing in this regulation requires the administrator, a payment systems operator, the Payment Systems Regulator or any of the Authorities to provide any information—

(a)  which they would be entitled to refuse to provide on grounds of legal professional privilege in proceedings in the High Court or on grounds of confidentiality of communications in the Court of Session, or

(b)  if such provision by the person holding it would be prohibited by or under any enactment.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 36 Continuity of supply

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**36.— Continuity of supply**

(1)  This regulation applies where, before the special administration order is made, the institution had entered into arrangements with a supplier for the provision of a supply to the institution.

(2)  After the special administration order is made, the supplier—

(a)  may not terminate a supply unless—

(i)  any charges in respect of the supply, being charges for a supply given after the special administration order is made, remain unpaid for more than 28 days,

(ii)  the administrator consents to the termination, or

(iii)  the supplier has the permission of the court, which may be given if the supplier can show that the continued provision of the supply would cause the supplier to suffer hardship, and

(b)  may not make it a condition of a supply, or do anything which has the effect of making it a condition of the giving of a supply, that any outstanding charges in respect of the supply, being charges for a supply given before the special administration order is made, are paid.

(3)  Where, before the special administration order is made, a contractual right to terminate a supply has arisen but has not been exercised, then, for the purposes of this regulation, the making of the special administration order causes that right to lapse and the supply may only be terminated if a ground in paragraph (2)(a) applies.

(4)  Any provision in a contract between the institution and the supplier that purports to terminate the agreement if any action is taken to put the institution into special administration is void.

(5)  Any expenses incurred by the institution on the provision of a supply after the special administration order is made are to be treated as necessary disbursements in the course of the special administration.

(6)  In this regulation—

*"accredited network provider"*  means a person accredited with a relevant system who operates a secure data network through which the institution communicates with the relevant system;

*"relevant system"*  has the meaning set out in regulation 2(1) of the Uncertificated Securities Regulations 2001 [1] ,

*"sponsoring system participant"*  has the meaning set out in regulation 3 of the Uncertificated Securities Regulations 2001 (in the definition of "system participant"),

*"supplier"* means the person controlling the provision of a supply to the institution under a licence, sub-licence or other arrangement, and includes a company that is a group undertaking (within the meaning of section 1161(5) of the CA 2006) in respect of the institution, but does not include payment system operators;

*"supply"* means a supply of—

    (a)  services relating to the safeguarding of relevant funds;

    (b)  computer hardware or software or other hardware used by the institution,

    (c)  financial data,

    (d)  infrastructure permitting electronic communication services,

    (e)  data processing,

    (f)  secure data networks provided by an accredited network provider, or

    (g)  access to a relevant system by a sponsoring system participant,

but does not include any services provided for in the contract between the institution and the supplier beyond the provision of the supply.

## Notes

1       To which there are amendments not relevant to these Regulations.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 37 Application of the IA 1986 in England, Wales and Scotland

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**37.—** **Application of the IA 1986[ in England, Wales and Scotland]** [1]

(1)  The provisions of the IA 1986 mentioned in the first column of the Table apply to special administration as they apply to any other insolvency proceedings, with any modifications shown in the third column.

[

(1A)  This regulation applies to the special administration of, or in relation to, an institution which is incorporated in, or formed under the law of England and Wales or Scotland.

(1B)  For the purposes of paragraph (1A), an institution whose registered office, or in the case of an institution with no registered office, whose principal place of business, is situated in one part of the United Kingdom is to be treated as incorporated in, or formed under, the law of that part.

] [2]

(2)  This regulation is subject to—

(a)  Schedule 1 (which makes provision about how special administration applies to limited liability partnerships), and

(b)  Schedule 2 (which makes provision about how special administration applies to partnerships).

| Provision | Subject | Modifications |
|---|---|---|
| **Sections** | | |
| Generally (for the provisions of this part of the table mentioned below) | | To be read as if— (a) references to a provision of the IA 1986 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations, <br><br>(b) references to the liquidator were to the administrator, <br><br>(c) references to winding up were to special administration, <br><br>(d) references to winding up by the court were to the imposition of special administration by order of the court, <br><br>(e) references to being wound up under Part 4 or 5 of the IA 1986 were to being in special administration, |

| | | |
|---|---|---|
| | | (f) references to the commencement of winding up were to the commencement of special administration, |
| | | (g) references to going into liquidation were to entering special administration, |
| | | (h) references to liquidation or to insolvent liquidation were to special administration, |
| | | (i) references to a winding-up order were to a special administration order, and |
| | | (j) references to a company were to an institution. |
| | | Those general modifications are subject to any specific modifications below. |
| Sections 74 and 76–83 | Contributories | |
| Section 167 (and Schedule 4) | Powers of the liquidator | To be read as if—<br>(a) in subsection (2) the references to a liquidation committee were to a creditors' committee;<br><br>(b) a user or holder may also apply to the court under subsection (3);<br><br>(c) in Schedule 4, paragraphs 4 to 10 and 12 were omitted and in paragraph 13, the reference to winding up the company's affairs and distributing its assets were to pursuing the special administration objectives. |
| Section 168(4) | Discretion in managing and distributing assets | |
| Section 176 | Preferential charges on goods distrained | |
| Section 176ZB | Application of proceeds of office-holder claims | |
| Section 176A | Unsecured creditors | |
| Section 178 | Disclaimer of onerous property | |
| Section 179 | Disclaimer of leaseholds | |
| Section 180 | Land subject to rent charge | |
| Section 181 | Disclaimer: powers of court | |
| Section 182 | Powers of court (leaseholds) | |
| Section 183 | Effect of execution or attachment (England and Wales) | To be read as if subsection (2)(a) were omitted. |
| Section 184 | Duties of officers | To be read as if, in subsection (1), there were no reference to a resolution having been passed for voluntary winding up. |
| Section 185 | Effect of diligence (Scotland) | To be read as if, in the application of subsections (3) to (10) of section 23A of the Bankruptcy (Scotland) Act 2016 (asp 21), the reference to an order of the court awarding winding up were to the making of the special administration order. |
| Section 186 | Rescission of contracts by the court | |

| Section 187 | Power to make over assets to employees | |
|---|---|---|
| Section 193 | Unclaimed dividends (Scotland) | |
| Section 194 | Resolutions passed at adjourned meetings | To be read as it applied immediately before its repeal by paragraph 46 of Schedule 9 to the SBEEA 2015. |
| Section 196 | Judicial notice of court documents | |
| Section 197 | Commission for receiving evidence | |
| Section 198 | Court order for examination of persons in Scotland | |
| Section 199 | Costs of application for leave to proceed (Scottish companies) | |
| Section 206 | Fraud in anticipation of winding up | To be read as if, in subsection (1), there were no reference to passing a resolution for voluntary winding up. |
| Section 207 | Transactions in fraud of creditors | To be read as if, in subsection (1), there were no reference to passing a resolution for voluntary winding up. |
| Section 208 | Misconduct in course of winding up | To be read as if—<br>(a) in subsection (1), "whether by the court or voluntarily" were omitted;<br><br>(b) there were no amendment made by paragraph 52 of Schedule 9 to the SBEEA 2015. |
| Section 209 | Falsification of company's books | |
| Section 210 | Material omissions from statement | To be read as if—<br>(a) in subsection (1), "whether by the court or voluntarily" were omitted;<br><br>(b) in subsection (2), "or has passed a resolution for voluntary winding up" were omitted. |
| Section 211 | False representation to creditors | To be read as if in subsection (1)—<br>(a) "whether by the court or voluntarily" were omitted;<br><br>(b) the reference to the company's creditors included users or holders. |
| Section 212 | Summary remedy | |
| Section 213 | Fraudulent trading | |
| Section 214 | Wrongful trading | To be read as if subsection (6) were omitted. |
| Section 215 | Proceedings under section 213 or 214 | |
| Section 216 | Restriction on re-use of company names | To be read as if—<br>(a) the reference to a liquidating company were to a company in special administration;<br><br>(b) subsections (7) and (8) were omitted. |
| Section 217 | Personal liability for debts following contravention of section 216 | To be read as if subsection (6) were omitted. |
| Section 218 | Prosecution of delinquent officers and members of company | To be read as if — |

|  |  | (a) in subsection (3), the first reference to the official receiver were omitted and the second reference were to the Secretary of State; |
|  |  | (b) in subsection (5) the reference to subsection (4) were to subsection (3); |
|  |  | (c) subsections (4) and (6) were omitted. |
| Section 219 | Obligations arising under section 218 | To be read as if, in subsection (1), the reference to section 218(4) were to section 218(3). |
| Section 233 | Utilities |  |
| Section 233A | Further protection of utilities |  |
| Section 234 | Getting in the company's property | To be read as if — <br> (a) for subsection (1) there were substituted— <br><br> "(1) This section applies where a company enters special administration."; <br><br> (b) the references to the office-holder were references to the administrator. |
| Section 235 | Co-operation with the administrator | To be read as if — <br> (a) subsections (1) and (4)(b) to (d) were omitted; <br><br> (b) the references to the office-holder were references to the administrator. |
| Section 236 | Inquiry into company's dealings | To be read as if — <br> (a) for subsection (1) there were substituted— <br><br> "(1) This section applies where a company enters special administration."; <br><br> (b) the references to the office-holder were references to the administrator. |
| Section 237 | Enforcement by the court |  |
| Section 238 | Transactions at an undervalue (England and Wales) |  |
| Section 239 | Preferences (England and Wales) |  |
| Section 240 | Sections 238 and 239: relevant time | To be read as if — <br> (a) in subsection (2)(a), the reference to being unable to pay debts were to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017); |

| | | (b) sub-paragraphs (1)(d) and (3)(a) to (d) were omitted. |
|---|---|---|
| Section 241 | Orders under sections 238 and 239 | To be read as if subsections (3A) and (3B) were omitted. |
| Section 242 | Gratuitous alienations (Scotland) | |
| Section 243 | Unfair preferences (Scotland) | |
| Section 244 | Extortionate credit transactions | |
| Section 245 | Avoidance of floating charges | To be read as if — <br><br>(a) in subsection (3)(c), the references to administration application and administration order were references to an application for special administration and special administration order respectively; <br><br>(b) in subsection (4)(a) and (b), the reference to being unable to pay debts were to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017); <br><br>(c) subsections (3)(d) and (5)(a) to (c) were omitted. |
| Section 246 | Unenforceability of liens | To be read as if — <br>(a) for subsection (1) there were substituted— <br><br>"(1) This section applies where a company enters special administration."; <br><br>(b) the references to the office-holder were references to the administrator. |
| Section 246ZD | Power to assign certain causes of action | To be read as if— <br>(a) for subsection (1) there were substituted— <br><br>"(1) This section applies where a company enters special administration."; <br><br>(b) the references to the office holder were references to the administrator. |
| Section 246A | Remote attendance at meetings | To be read as if — <br>(a) there were no amendments made by paragraph 54 of Schedule 9 to the SBEEA 2015; <br><br>(b) references to creditors included users or holders. |
| Section 246B | Use of websites | |
| Section 386 (and Schedule 6 as read with Schedule 4 | Preferential debts | |

| | | |
|---|---|---|
| to the Pensions Schemes Act 1993) | | |
| Section 387, subsections (1) and (3A) | "The relevant date" | To be read as if the reference to "administration" were to special administration. |
| Section 389 | Offence of acting without being qualified | To be read as if—<br>(a) the reference to acting as an insolvency practitioner were to acting as the administrator;<br><br>(b) subsection (2) were omitted. |
| Sections 390 to 391T | Authorisation and regulation of insolvency practitioners | To be read as if—<br>(a) in section 390, references to acting as an insolvency practitioner were to acting as the administrator;<br><br>(b) in subsection (2) of that section, after "authorised" there were inserted "to act as an insolvency practitioner";<br><br>(c) an order under section 391 had effect in relation to any provision applied for the purposes of special administration;<br><br>(d) in sections 390A, 390B(1) and (3), 391O(1)(b) and 391R(3)(b), references to authorisation or permission to act as an insolvency practitioner in relation to (or only in relation to) companies, the reference to companies had effect as a reference to companies without modification by this Table.<br><br>(e) in sections 391Q(2)(b) and 391S(3)(e) the references to a company had effect a references to a company without modification by this Table. |
| Section 411 | Insolvency rules | To be read as if, in subsections (1A), (2C) and (3), the reference to Part 2 of the BA 2009 were to a reference to these Regulations. |
| Section 414 | Fees orders | To be read as if —<br>(a) in subsection (1), the reference to Parts I to VII of this Act were to these Regulations;<br><br>(b) there were no reference to the official receiver. |
| Section 423 | Transactions defrauding creditors | To be read as if subsection (4) were omitted. |
| Sections 424 and 425 | Transactions defrauding creditors | |
| Section 426 | Co-operation between courts | To be read as if references to insolvency law included provisions made by or under these Regulations. |
| Sections 430 and 431 (and Schedule 10) | Offences | |
| Section 432 | Offences by bodies corporate | To be read as if, in subsection (4), there were no provisions of the IA 1986 listed there except for sections 206 to 211. |
| Section 433 | Statements: admissibility | |
| Sections 434B–434D | Supplementary provisions | To be read as if there were no amendments of section 434B made by paragraph 57 of Schedule 9 to the SBEEA 2015. |
| Schedule B1 | | |
| Generally (for the provisions of this part of the table mentioned below) | | To be read as if— |

| | | (a) references to a provision of the IA 1986 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations, |
| | | (b) references to the administrator were to the administrator appointed under regulation 7, |
| | | (c) references to administration were to special administration, |
| | | (d) references to an administration order were to a special administration order, |
| | | (e) references to a company were to an institution, and |
| | | (f) references to the purpose of administration were to the special administration objectives. |
| | | Those general modifications are subject to any specific modifications below. |
| Paragraph 40(1)(a) | Dismissal of pending winding up petition | |
| Paragraph 42 | Moratorium on insolvency proceedings | To be read as if sub-paragraphs (4)(a) and (4)(aa) were omitted. |
| Paragraph 43 | Moratorium on other legal processes | |
| Paragraph 44(1), (5) and (7) | Interim moratorium | To be read as if—<br>(a) sub-paragraph (7) also included a reference to paragraph 44 not preventing or requiring the permission of the court for an application by the FCA for a special administration order;<br><br>(b) sub-paragraph (7)(b) to (d) were omitted. |
| Paragraph 45 | Publicity | |
| Paragraph 46 | Announcement of administrator's appointment | To be read as if —<br>(a) in sub-paragraph (3)(a), in addition to obtaining the list of creditors, the administrator were also required to obtain as complete a list as possible of the users or holders of the institution;<br><br>(b) in sub-paragraph (3)(b), the administrator were also required to send a notice of their appointment to each user or holder of whose claim and address the administrator is aware;<br><br>(c) where the special administration application has not been made by the FCA, notice of the administrator's appointment were also required to be sent under sub-paragraph (5) to the FCA;<br><br>(d) sub-paragraphs (6)(b) and (c) were omitted. |
| Paragraph 47 | Statement of company's affairs | To be read as if, in sub-paragraph (2), there were also a reference to including particulars of the relevant funds held by the institution. |
| Paragraph 48 | Statement of company's affairs | |

| Paragraph 49 | Administrator's proposals | To be read as if — <br>(a) sub-paragraph (2)(b) were omitted; <br><br>(b) there were no amendment made by paragraph 10(2) of Schedule 9 to the SBEEA 2015; <br><br>(c) in sub-paragraph (4), the administrator were also required to send a copy of the statement of proposals to every user or holder of whose claim the administrator is aware and who the administrator has a means of contacting, and to the FCA; <br><br>(d) the administrator were also required to give notice that the statement of proposals is to be provided free of charge to a payment system operator who applies in writing to a specified address. <br><br>The application of paragraph 49(1) to (3) is subject to regulation 38(6). |
|---|---|---|
| Paragraph 50 | Creditors' meeting | To be read as if — <br>(a) there were no repeal by paragraph 10(3) of Schedule 9 to the SBEEA 2015; <br><br>(b) in sub-paragraph (1), the administrator were also required to summon the users or holders referred to in paragraph 49(4) to the meeting of creditors and to give such users or holders notice under sub-paragraph (1)(b); <br><br>(c) the FCA were empowered to appoint a person to attend a meeting of creditors and make representations as to any matter for decision. |
| Paragraph 51 | Requirement for initial creditors' meeting | To be read as if — <br>(a) there were no amendments made by paragraph 10(4) and (5) of Schedule 9 to the SBEEA 2015; <br><br>(b) there were a requirement that each copy of an administrator's proposals sent to a user or holder or the FCA under paragraph 49 be accompanied by an invitation to the initial creditors' meeting. <br><br>The application of paragraph 51 is subject to regulation 38(6). |
| Paragraph 53 | Business and result of initial creditors' meeting | To be read as if — <br>(a) there were no amendments made by paragraph 10(8) to (10) of Schedule 9 to the SBEEA 2015; <br><br>(b) there were a requirement that special administration insolvency rules prescribe how users or holders are to vote at meetings of creditors; |
| | | (c) in sub-paragraph (2), if the FCA has not appointed a person to attend the meeting, the administrator were also required to report any decision taken to the FCA. <br>The application of paragraph 53 is subject to regulation 38(6). |
| Paragraph 54 | Revision of administrator's proposals | To be read as if — |

| | | |
|---|---|---|
| | | (a) there were no amendments made by paragraph 10(11) to (16) of Schedule 9 to the SBEEA 2015; |
| | | (b) if the revision proposed by the administrator affects both creditors and users or holders, every reference to creditors included users or holders; |
| | | (c) if the administrator thinks that the revision proposed only affects either creditors or users or holders, it only applied to the affected party and required the party not affected to be informed of the revision; |
| | | (d) the FCA were required to be invited to the creditors' meeting mentioned in sub-paragraph (2)(a); |
| | | (e) the statement of the proposed revision mentioned in sub-paragraph (2)(b) were also required to be sent to the FCA. <br><br> The application of paragraph 54 is subject to regulation 38(6). |
| Paragraph 55 | Failure to obtain approval of administrator's proposals | To be read as if — <br> (a) there were no amendment made by paragraph 10(17) of Schedule 9 to the SBEEA 2015; <br><br> (b) in making an order under sub-paragraph (2) the court were required to have regard to the special administration objectives; <br><br> (c) sub-paragraph (2)(d) were omitted. <br><br> The application of paragraph 55 is subject to regulation 38(6). |
| Paragraph 56 | Further creditors' meetings | To be read as if — <br> (a) there were no amendments made by paragraph 10(18) to (20) of Schedule 9 to the SBEEA 2015; <br><br> (b) the administrator were required to invite the FCA to any meeting summoned. |
| Paragraph 57 | Creditors' committee | To be read as if — <br> (a) there were no amendment made by paragraph 10(21) of Schedule 9 to the SBEEA 2015; <br><br> (b) a creditors' committee were only able to be established by a creditors' meeting to which creditors and users or holders have both been given notice; <br><br> (c) the FCA were empowered to appoint a person to attend a meeting of the creditors' committee and make representations as to any matter for decision; <br><br> (d) there were a requirement that special administration insolvency rules prescribe that, where a meeting of creditors resolves to establish a creditors' committee, the makeup of the creditors' committee is a reflection of all |

| | | parties with an interest in the achievement of the special administration objectives. |
|---|---|---|
| Paragraph 58 | Correspondence instead of creditors' meeting | To be read as it applied immediately before its repeal by paragraph 10(22) of Schedule 9 to the SBEEA 2015. |
| Paragraph 59 | Functions of an administrator | To be read as if— <br><br>(a) in sub-paragraph (1) the administrator's power were to do anything necessary or expedient in pursuit of Objectives 1 to 3;<br><br>(b) in sub-paragraph (2) the reference to a provision of the Schedule expressly permitting the administrator to do a specified thing included a provision of these Regulations expressly permitting the administrator to do a specified thing;<br><br>(c) at the end there were inserted—<br><br>"(4) The administrator is an officer of the court." |
| Paragraph 60 (and Schedule 1 to the IA 1986) | General powers | |
| Paragraph 61 | Directors | |
| Paragraph 62 | Power to call meetings | To be read as if — <br>(a) there were no amendment made by paragraph 10(23) of Schedule 9 to the SBEEA 2015;<br><br>(b) the administrator were also empowered to call a meeting of users or holders or contributories. |
| Paragraph 63 | Application to court for directions | |
| Paragraph 64 | Management powers | |
| Paragraph 65 | Distribution to creditors | [To be read as if—<br><br>(a)  in sub-paragraph (1)—<br><br>(i)  the words from the beginning to "in full" were omitted;<br><br>(ii)  for "any other creditor" there were substituted "any creditor";<br><br>(b)  sub-paragraph (3) were omitted in respect of England and Wales.<br>][3] |
| Paragraph 66 | Payments | [To be read as if the words from the beginning to "have been met," were omitted.][4] |
| Paragraph 67 | Property | |
| Paragraph 68 | Management | To be read as if references to proposals approved under paragraphs 53 or 54 included, without need for approval—<br>(a) proposals agreed with the FCA under 39 or 40; or |

| | | |
|---|---|---|
| | | (b) proposals in respect of which the court has made an order dispensing with the need for agreement in accordance with those regulations. |
| Paragraph 69 | Agency | |
| Paragraph 70 | Floating charge | |
| Paragraph 71 | Non-floating charge | |
| Paragraph 72 | Hire purchase property | |
| Paragraph 73 | Protection for secured or preferential creditors | To be read as if sub-paragraph (2)(d) were omitted. |
| Paragraph 74 | Challenge to administrator's conduct | To be read as if — <br> (a) there were no amendment made by paragraph 10(24) of Schedule 9 to the SBEEA 2015; <br><br> (b) the FCA were also empowered to make an application to the court, on the grounds that— <br><br> (i) the administrator is acting or has acted so as unfairly to harm the interests of some or all of the members, creditors or users or holders; <br><br> (ii) the administrator is proposing to act in a way which would unfairly harm the interests of some or all of the members, creditors or users or holders; <br><br> (iii) the administrator has failed to carry out a reconciliation in accordance with regulation 13; <br><br> (c) a user or holder were also empowered to make an application to the court under sub-paragraph (1) or (2); <br><br> (d) any of the following persons were also empowered to make an application on the grounds that the administrator is not taking any action in response to a request from that person under regulation 35(3) and that the person is of the opinion that the action requested would not lead to a material reduction in the value of the property of the institution— <br><br> (i) the Bank of England; <br><br> (ii) the Treasury; <br><br> (iii) the FCA; <br><br> (iv) the Payment Systems Regulator; <br><br> (e) the following persons were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a PPTA in contravention of 32 or 34 — <br><br> (i) the Bank of England; <br><br> (ii) the FCA; |

| | | (f) any person, other than the institution, who is party to an arrangement of a kind referred to in regulation 31(1) were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a relevant transfer in contravention of that regulation; |
|---|---|---|
| | | (g) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 34— |
| | | (i) sub-paragraphs (3)(a), (d) and (e) and (4) were omitted; |
| | | (ii) the court were also empowered to make an order declaring that the transfer was made in contravention of the regulation concerned; |
| | | (h) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 32 or 33, the court were also empowered to make such order as it thinks fit for restoring the position to what it would have been if the transfer had not been made in contravention of the regulation concerned; |
| | | (i) where the FCA has given a direction under regulation 38 which has not been withdrawn, the court did not have power to make an order if it would impede or prevent compliance with the direction. |
| Paragraph 75 | Misfeasance | To be read as if a user or holder and the FCA were included in the list of persons who may make an application under sub-paragraph (2). |
| Paragraph 79 | Court ending administration on application of administrator | To be read as if sub-paragraph (2) were omitted. |
| Paragraph 81 | Court ending administration on application of a creditor | To be read as if it did not apply where the administrator was appointed by the court on the application of the FCA or the Secretary of State. |
| Paragraph 84 | Termination: no more relevant funds for distribution | To be read as if—<br>(a) the administrator were only empowered to send a notice under sub-paragraph (1) if the institution no longer holds relevant funds;<br><br>(b) there were no amendment made by paragraph 10(33) of Schedule 9 to the SBEEA 2015; |
| | | (c) in sub-paragraph (5)(b), a copy of the notice were also required to be sent be sent to every user or holder of the institution of whom the administrator is aware and the FCA. |
| Paragraph 85 | Discharge of administration order | |
| Paragraph 86 | Notice to Companies Registrar at the end of administration | |
| Paragraph 87 | Resignation | To be read as if —<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice of the resignation given in accordance with |

| | | sub-paragraph (2)(a) were also required to be given to the applicant;<br><br>(b) sub-paragraphs (2)(b) to (d) were omitted. |
|---|---|---|
| Paragraph 88 | Removal | |
| Paragraph 89 | Disqualification | To be read as if —<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice given in accordance with sub-paragraph (2)(a) were also required to be given to the applicant;<br><br>(b) sub-paragraphs (2)(b) to (d) were omitted. |
| Paragraph 90 | Replacement | To be read as if reference to paragraphs 91 to 95 were to paragraph 91 only. |
| Paragraph 91 | Replacement | To be read as if the FCA were included in the list of persons who may make an application to appoint an administrator in sub-paragraph (1) but to whom the restrictions in sub-paragraph (2) apply. |
| Paragraph 98 | Discharge | To be read as if —<br>(a) there were no amendment made by paragraph 10(38) of Schedule 9 to the SBEEA 2015;<br><br>(b) sub-paragraphs (2)(b) and (ba) and (3) were omitted. |
| Paragraph 99 | Vacation of office: charges and liabilities | To be read as if —<br>(a) in sub-paragraph (3), the former administrator's remuneration and expenses incurred in respect of the pursuit of Objective 1 are to be charged on and payable out of relevant funds; |
| | | (b) in sub-paragraph (4)(b), the reference to any charge arising under sub-paragraph (3) did not include a charge on relevant funds. |
| Paragraph 100 | Joint and concurrent administrators | |
| Paragraph 101 | Joint and concurrent administrators | To be read as if in sub-paragraph (3), the reference to paragraphs 87 to 99 were to paragraphs 87 to 91 and 98 to 99. |
| Paragraph 102 | Joint and concurrent administrators | |
| Paragraph 103 | Joint and concurrent administrators | To be read as if —<br>(a) in sub-paragraph (2), the reference to paragraph 12(1)(a) to (e) were to regulation 8(1);<br><br>(b) sub-paragraphs (3) to (5) were omitted. |
| Paragraph 104 | Presumption of validity | |
| Paragraph 105 | Majority decision of directors | |
| Paragraph 106 (and section 430 of and Schedule 10 to the IA 1986) | Fines | To be read as if —<br>(a) there were no amendments made by paragraph 11 of Schedule 9 to the SBEEA 2015;<br><br>(b) sub-paragraph (2)(a), (b) and (l) to (n) was omitted. |
| Paragraph 107 | Extension of time limit | To be read as if, in considering an application under paragraph 107, the court were required to have regard to the special administration objectives. |
| Paragraph 108 | Extension of time limit | To be read as if — |

| | | |
|---|---|---|
| | | (a) there were no amendments made by paragraph 10(39), (40), (42) and (43) of Schedule 9 to the SBEEA 2015; |
| | | (b) the administrator were also required to obtain consent of those users or holders whose claims amount to more than 50% of the total amount of claims for relevant funds, disregarding the claims of those users or holders who were sent a copy of the statement of proposals but who did not respond to an invitation to give or withhold consent; |
| | | (c) sub-paragraph (3) were omitted. |
| Paragraph 109 | Extension of time limit | |
| Paragraph 111 | Interpretation | To be read as if — <br> (a) there were no amendment made by paragraph 10(44) of Schedule 9 to the SBEEA 2015; <br><br> (b) the definition of "administrator" and [sub-paragraph (1A)] [5] and sub-paragraph (1B) were omitted. |
| Paras 112–116 | Scotland | |

## Notes

1       Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.11(1) (January 4, 2024)
2       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.11(2)(a) (January 4, 2024)
3       Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.11(2)(b)(i) (January 4, 2024)
4       Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.11(2)(b)(ii) (January 4, 2024)
5       Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.11(2)(b)(iii) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 37A Application of the I(NI)O 1989 and related insolvency legislation in Northern Ireland

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**37A.— Application of the I(NI)O 1989 and related insolvency legislation in Northern Ireland**

(1)   The provisions of the IA 1986 and the I(NI)O 1989 mentioned in the first column of the Table apply to special administration as they apply to any other insolvency proceedings, with any modifications shown in the third column.

(2)  References in the first column of the Table are to provisions in the I(NI)O 1989 unless otherwise stated.

(3)  Articles 88 to 94 of the Judgments Enforcement (Northern Ireland) Order 1981 [2] apply to special administration as they apply to any other insolvency proceedings as if in Article 88(2)(b)—

   (a)  in paragraph (i), the words "or of the calling" to "to be proposed" were omitted;

   (b)  in paragraph (ii), for the words "or of the calling of such a meeting" to the end, there were substituted "but a winding-up order is not at any time made as a result of that petition".

(4)  This regulation applies to the special administration of, or in relation to, an institution which is incorporated in, or formed under the law of Northern Ireland.

(5)  For the purposes of paragraph (4), an institution whose registered office, or in the case of an institution with no registered office, whose principal place of business, is situated in Northern Ireland is to be treated as incorporated in, or formed under, the law of Northern Ireland.

(6)  This regulation is subject to—

   (a)  Schedule 1A (which makes provision about how special administration applies to limited liability partnerships), and

   (b)  Schedule 2A (which makes provision about how special administration applies to partnerships).

| Provision | Subject | Modifications | |
|---|---|---|---|
| *Article.* General (for the provisi of this part of the table | | To be read as if— (a) references to a provision of the I(NI)O 1989 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations, (b) references to the liquidator were to the administrator, | |

| | | | |
|---|---|---|---|
| mentio below) | | (c) references to winding up were to special administration, | |
| | | (d) references to winding up by the court were to the imposition of special administration by order of the court, | |
| | | (e) references to being wound up under Part 5 or 6 of the I(NI)O 1989 were to being in special administration, | |
| | | (f) references to the commencement of winding up were to the commencement of special administration, | |
| | | (g) references to going into liquidation were to entering special administration, | |
| | | (h) references to liquidation or to insolvent liquidation were to special administration, | |
| | | (i) references to a winding-up order were to a special administration order, and | |
| | | (j) references to a company were to an institution. | |
| | | Those general modifications are subject to any specific modifications below. | |
| Article 13 | Definition of contributory | | |
| Article 61 and 63 to 69 | Contributories | | |
| Article 142 and Schedu 2 | Powers of the liquidator | To be read as if— (a) in paragraphs (1) and (2) the references to a liquidation committee were to a creditors' committee; (b) a user or holder may also apply to the court under paragraph (3); (c) in Schedule 2, paragraphs 4 to 7, 8 to 11 and 13 were omitted and in paragraph 14 the reference to winding up the company's affairs | |

| | | | |
|---|---|---|---|
| | | and distributing its assets were to pursuing the special administration objectives. | |
| Article 143(4) | Discretion in managing and distributing assets | | |
| Article 150 | Preferential charges on goods distrained | | |
| Article 150A [3] | Unsecured creditors | | |
| Article 152 | Disclaimer of onerous property | | |
| Article 153 | Disclaimer of leaseholds | | |
| Article 154 | Land subject to rent charge | | |
| Article 155 | Disclaimer: powers of High Court (General) | | |
| Article 156 | Powers of High Court (leaseholds) | | |
| Article 157 | Rescission of contracts by the court | | |
| Article 158 | Power to make over assets to employees | | |
| Article 163 | Resolutions passed at adjourned meetings | | |
| Article 170 | Fraud in anticipation of winding up | To be read as if in paragraph (1), there were no reference to passing a resolution for voluntary winding up. | |
| Article 171 | Transactions in fraud of creditors | To be read as if in paragraph (1), there were no reference to passing a resolution for voluntary winding up. | |
| Article 172 | Misconduct in the course of winding up | To be read as if in paragraph (1), "whether by the High Court or voluntarily", were omitted. | |
| Article 173 | Falsification of company's books | | |
| Article 174 | Material omissions from statement | To be read is if—<br>(a) in paragraph (1)"whether by the High Court or voluntarily", were omitted;<br><br>(b) in paragraph (2), "or has passed a resolution for voluntary winding up", were omitted. | |
| Article 175 | False representation to creditors | To be read is if in paragraph (1)—<br>(a) "whether by the High Court or voluntarily", were omitted;<br><br>(b) the reference to the company's creditors included users or holders. | |
| Article 176 | Summary remedy | | |

| Article 177 | Fraudulent trading | | |
|---|---|---|---|
| Article 178 | Wrongful trading | To be read as if paragraph (6) were omitted. | |
| Article 179 | Proceedings under Articles 177 or 178 | | |
| Article 180 | Restriction on reuse of company names | To be read as if—<br>(a) references to the liquidating company were to a company in special administration;<br><br>(b) paragraphs (7) and (8)[4] were omitted. | |
| Article 181 | Personal liability for debts following contravention of Article 180 | To be read as if paragraph (6)[5] were omitted. | |
| Article 182[6] | Prosecution of delinquent officers and members of company | To be read is if—<br>(a) in paragraph (2), the first reference to the official receiver were omitted and the second reference were to the Secretary of State;<br><br>(b) in paragraph (4), the reference to paragraph (3) were to paragraph (2);<br><br>(c) paragraphs (3), (5) and (6) were omitted. | |
| Article 183 | Obligations arising under Article 182 | To be read as if in paragraph (1), the reference to Article 182(3) were to Article 182(2)[7] | |
| Article 197 | Utilities | | |
| Article 197A[8] | Further protection of essential supplies | | |
| Article 198 | Getting in the company's property | To be read is if—<br>(a) for paragraph (1) there were substituted—<br><br>"(1) This Article applies where a company enters special administration."; | |

|  |  |  |  |
|---|---|---|---|
|  |  | (b) the references to the office-holder were references to the administrator. |  |
| Article 199 | Co-operation with the administrator | To be read as if—<br>(a) paragraphs (1) and (4)(b) to (d) were omitted;<br><br>(b) the references to the office-holder were references to the administrator. |  |
| Article 200 | Inquiry into company's dealings | To be read is if—<br>(a) for paragraph (1) there were substituted—<br><br>"(1) This Article applies where a company enters special administration.";<br><br>(b) the references to the office-holder were references to the administrator. |  |
| Article 201 | Enforcement by the High Court | To be read as if the references to the office-holder were references to the administrator. |  |
| Article 202 | Transactions at an undervalue | To be read is if—<br>(a) for paragraph (1) there were substituted—<br><br>"(1) This Article applies where a company enters special administration.";<br><br>(b) the references to the office-holder were references to the administrator. |  |
| Article 203 | Preferences | To be read as if the references to the office-holder were references to the administrator. |  |

| | | | |
|---|---|---|---|
| Article 204 [9] | Articles 202 and 203: relevant time | To be read is if— (a) in sub-paragraph (2)(a), the reference to being unable to pay debts were to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017);<br><br>(b) sub-paragraphs (1)(d) and (3) (a) to (d) were omitted. | |
| Article 205 [10] | Orders under Articles 202 and 203 | To be read as if paragraphs (3A) and (3B) were omitted. | |
| Article 206 | Extortionate credit transactions | | |
| Article 207 [11] | Avoidance of floating charges | To be read as if— (a) in paragraph (3)(c), the references to an administration application and administration order were references to an application for special administration and special administration order respectively;<br><br>(b) in sub-paragraphs (4)(a) and (b), the reference to being unable to pay its debts were to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017);<br><br>(c) subparagraphs (3)(d) and (5)(a) to (c) were omitted. | |
| Article 208 | Unenforceability of liens | To be read as if— (a) for paragraph (1) there were substituted—<br><br>"(1) This Article applies where a company enters special administration.";<br><br>(b) the reference to the office-holder were references to the administrator. | |

| | | | |
|---|---|---|---|
| Article 208ZA | Remote attendance at meetings | To be read as if references to creditors included users or holders. | |
| Article 208ZB | Use of websites | | |
| Article 346 and Schedule 4 to the I(NI)O 1989 (and Schedule 3 to the Pension Scheme (Northern Ireland Act 1993) | Preferential debbts | | |
| Article 347, paragraph (1) and (3A) [13] | "The relevant date" | To be read as if the reference to administration were to special administration. | |
| Article 348 | Offence of acting without being qualified | To be read as if— (a) the reference to acting as an insolvency practitioner were to acting as the administrator  (b) paragraph (2) were omitted. | |
| Article 349 to 350T [14] | Authorisation and regulation of insolvency practitioners. | To be read as if— (a) in Article 349, references to acting as an insolvency practitioner were to acting as the administrator;  (b) in paragraph (2)(b) of that Article, after "authorised" there were inserted "to act as an insolvency practitioner";  (c) in Articles 349A, 349B(1) and (2), 350O(1)(b) and 350R(3) (b) references to authorisation or permission to act as an insolvency practitioner in relation to (or only in relation to) companies, the reference to companies had effect as a reference to companies without modification by this Table; | |

| | | | |
|---|---|---|---|
| | | (d) an order under Article 350 had effect in relation to any provision applied for the purposes of special administration;<br><br>(e) in Articles 350Q(2)(b) and 350S(3)(e) the references to a company had effect as references to a company without modification by this Table. | |
| Article 359 [15] | Insolvency rules | To be read as if, in paragraphs (1C), (2C) and (3), the references to Part 2 of the BA 2009 were a reference to these Regulations. | |
| Article 361 | Fees orders | To be read as if—<br>(a) the references to *"this Order"* includes these Regulations;<br><br>(b) paragraph (1)(za) and paragraph (2)(b) were omitted;<br><br>(c) there were no reference to the official receiver;<br><br>(d) proceedings which would be under the I(NI)O 1989 were under the Payment and Electronic Money Institution Insolvency Regulations 2021. | |
| Article 367 | Transactions defrauding creditors | | |
| Article 368 and 369 | Transactions defrauding creditors | | |
| Article 373 and Schedu 7 | Offences by bodies corporate | To be read as if, in Article 373(4), there were no provisions of the I(NI)O 1989 listed there except for Articles 170(1), (2) and (5), 171(1), 172(1), 173, 174(1) and 175(1). | |
| Article 374 | Summary proceedings | | |
| Article 375 | Statements: admissibility | | |
| Article 376 | Judicial notice of court documents | | |
| Article 384 to 386 | Supplementary provisions | | |
| Schedule B1 to the I(NI)O 1989 [16] | | | |
| Genera (for the | | To be read as if—<br>(a) references to a provision of the I(NI)O 1989 which is applied | |

| | | and modified by these Regulations were to the provision as applied and modified by these Regulations, <br><br>(b) references to the administrator were to the administrator appointed under regulation 7, <br><br>(c) references to administration were to special administration, <br><br>(d) references to an administration order were to a special administration order, <br><br>(e) references to a company were to an institution, and <br><br>(f) references to the purpose of administration were to the special administration objectives. <br><br>Those general modifications are subject to any specific modifications below. | |
|---|---|---|---|
| provisi of this part of the table mentio below) | | | |
| Paragra 1 | Interpretation | To be read as if the definition of "administrator" and sub-paragraph (1A) and sub-paragraph (1B) were omitted. | |
| Paragra 41(1) (a) | Dismissal of pending winding up petition | | |
| Paragra 43 | Moratorium on insolvency proceedings | To be read as if sub-paragraphs (4) (a) and (4)(b) were omitted. | |
| Paragra 44 | Moratorium on other legal processes | | |
| Paragra 45(1), (5) and (7) | Interim moratorium | To be read as if— <br>(a) subparagraph (7) also included a reference to paragraph 45 not preventing or requiring the permission of the court for an application by the FCA for a special administration order; <br><br>(b) sub-paragraph (7)(b) to (d) were omitted. | |
| Paragra 46 | Publicity | | |
| Paragra 47 | Announcement of administrator's appointment | To be read as if— <br>(a) in sub-paragraph (3)(a), in addition to obtaining the list of creditors, the administrator were also required to obtain as complete a list as possible of the users or holders of the institution; | |

| | | | |
|---|---|---|---|
| | | (b) in sub-paragraph (3)(b), the administrator were also required to send a notice of their appointment to each user or holder of whose claim and address the administrator is aware; <br><br>(c) where the special administration application has not been made by the FCA, notice of the administrator's appointment were also required to be sent under sub-paragraph (5) to the FCA; <br><br>(d) sub-paragraphs (6)(b) and (c) were omitted. | |
| Paragraph 48 | Statement of company's affairs | To be read as if, in sub-paragraph (2), there were also a reference to including particulars of the relevant funds held by the institution. | |
| Paragraph 49 | Statement of company's affairs | | |
| Paragraph 50 | Administrator's proposals | To be read as if— <br>(a) sub-paragraph (2)(b) were omitted; <br><br>(b) in sub-paragraph (4), the administrator were also required to send a copy of the statement of proposals to every user or holder of whose claim the administrator is aware and who the administrator has a means of contacting, and to the FCA; <br><br>(c) the administrator were also required to give notice that the statement of proposals is to be provided free of charge to a payment system operator who applies in writing to a specified address. <br><br>The application of paragraph 50(1) to (3) is subject to regulation 38(6). | |
| Paragraph 51 | Creditors' meeting | To be read as if— <br>(a) in sub-paragraph (1), the administrator were also required to summon the users or holders referred to in paragraph 50(4) to the meeting of creditors and to give such users or holders notice under sub-paragraph (1)(b); | |

| | | | |
|---|---|---|---|
| | | (b) the FCA were empowered to appoint a person to attend a meeting of creditors and make representations as to any matter for decision. | |
| Paragraph 52 | Requirement for initial creditors' meeting | To be read as if—<br>(a) there were a requirement that each copy of an administrator's proposals sent to a user or holder or the FCA under paragraph 50 be accompanied by an invitation to the initial creditor's meeting;<br><br>(b) the application of paragraph 52 is subject to regulation 38(6). | |
| Paragraph 54 | Business and result of initial creditors' meeting | To be read as if—<br>(a) there were a requirement that special administration insolvency rules prescribe how users or holders are to vote at meetings of creditors; | |
| | | (b) in sub-paragraph (2), if the FCA has not appointed a person to attend the meeting, the administrator were also required to report any decision taken to the FCA.<br>The application of paragraph 54 is subject to regulation 38(6). | |
| Paragraph 55 | Revision of administrator's proposals | To be read as if—<br>(a) if the revision proposed by the administrator affects both creditors and users or holders, every reference to creditors included users or holders;<br><br>(b) if the administrator thinks that the revision proposed only affects either creditors or users or holders, it only applied to the affected party and required the party not affected to be informed of the revision;<br><br>(c) the FCA were required to be invited to the creditors' meeting mentioned in sub-paragraph (2)(a);<br><br>(d) the statement of the proposed revision mentioned in sub-paragraph (2)(b) were also required to be sent to the FCA.<br><br>The application of paragraph 55 is subject to regulation 38(6). | |
| Paragraph 56 | Failure to obtain approval of administrator's proposals | To be read as if— | |

© 2026 Thomson Reuters.

| | | | |
|---|---|---|---|
| | | (a) in making an order under sub-paragraph (2) the court were required to have regard to the special administration objectives;<br><br>(b) sub-paragraph (2)(d) were omitted.<br><br>The application of paragraph 56 is subject to regulation 38(6). | |
| Paragraph 57 | Further creditors' meetings | To be read as if the administrator were required to invite the FCA to any meeting summoned. | |
| Paragraph 58 | Creditors' committee | To be read as if—<br>(a) a creditors' committee were only able to be established by a creditors' meeting to which creditors and users or holders have both been given notice;<br><br>(b) the FCA were empowered to appoint a person to attend a meeting of the creditors' committee and make representations as to any matter for decision;<br><br>(c) there were a requirement that special administration insolvency rules prescribe that, where a meeting of creditors resolves to establish a creditors' committee, the makeup of the creditors' committee is a reflection of all parties with an interest in the achievement of the special administration objectives. | |
| Paragraph 59 | Correspondence instead of creditor's meeting | | |
| Paragraph 60 | Functions of an administrator | To be read as if—<br>(a) in sub-paragraph (1), the administrator's power were to do anything necessary or expedient in pursuit of Objectives 1 to 3;<br><br>(b) in sub-paragraph (2), the reference to a provision of the Schedule expressly permitting the administrator to do a specified thing included a provision of these Regulations expressly permitting the administrator to do a specified thing;<br><br>(c) at the end there were inserted— | |

| | | | |
|---|---|---|---|
| | | "(4) The administrator is an officer of the court.". | |
| Paragraph 61 (and Schedule 1) | General powers | | |
| Paragraph 62 | Directors | | |
| Paragraph 63 | Power to call meetings | To be read as if the administrator were also empowered to call a meeting of users or holders or contributories. | |
| Paragraph 64 | Application to court for directions | | |
| Paragraph 65 | Management powers | | |
| Paragraph 66 | Distribution to creditors | To be read as if—<br>(a) in paragraph (1)—<br><br>(i) the words from the beginning to "in full," were omitted;<br><br>(ii) for "any other creditor" there were substituted "any creditor";<br><br>(b) sub-paragraph (3) were omitted. | |
| Paragraph 67 | Payments | To be read as if the words from the beginning to "have been met," were omitted. | |
| Paragraph 68 | Property | | |
| Paragraph 69 | Management | To be read as if references to proposals approved under paragraphs 54 or 55 included, without need for approval—<br>(a) proposals agreed with the FCA under regulations 39 or 40; or<br><br>(b) proposals in respect of which the court has made an order dispensing with the need for agreement in accordance with those regulations. | |
| Paragraph 70 | Agency | | |

| Paragraph 71 | Floating charge | | |
|---|---|---|---|
| Paragraph 72 | Non-floating charge | | |
| Paragraph 73 | Hire purchase property | | |
| Paragraph 74 | Protection for secured or preferential creditors | To be read as if sub-paragraph (2)(d) were omitted. | |
| Paragraph 75 | Challenge to administrator's conduct | To be read as if— (a) the FCA were also empowered to make an application to the court, on the grounds that— (i) the administrator is acting or has acted so as unfairly to harm the interests of some or all of the members, creditors or users or holders; (ii) the administrator is proposing to act in a way which would unfairly harm the interests of some or all of the members, creditors or users or holders; (iii) the administrator has failed to carry out a reconciliation in accordance with regulation 13; (b) a user or holder were also empowered to make an application to the court under sub-paragraph (1) or (2); (c) any of the following persons were also empowered to make an application on the grounds that the administrator is not taking any action in response to a request from that person under regulation 35(3) and that the person is of the opinion that the action requested would not lead to a material reduction in the value of the property of the institution— (i) the Bank of England; (ii) the Treasury; (iii) the FCA; (iv) the Payment Systems Regulator; | |

(d) the following persons were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a PPTA in contravention of regulation 32 or 34—

(i) the Bank of England;

(ii) the FCA;

(e) any person, other than the institution, who is party to an arrangement of a kind referred to in regulation 31(1) were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a relevant transfer in contravention of that regulation;

(f) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 34—

(i) sub-paragraphs (3)(a), (d) and (e) and (4) were omitted;

(ii) the court were also empowered to make an order declaring that the transfer was made in contravention of the regulation concerned;

(g) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 32 or 33, the court were also empowered to make such order as it thinks fit for restoring the position to what it would have been if the transfer had not been made in contravention of the regulation concerned;

(h) where the FCA has given a direction under regulation 38 which has not been withdrawn, the court did not have power to make an order if it would impede or prevent compliance with the direction.

| Paragraph 76 | Misfeasance | To be read as if a user or holder and the FCA were included in the list of persons who may make an application under sub-paragraph (2). | |
|---|---|---|---|
| Paragraph 80 | Court ending administration on application of administrator | To be read as if sub-paragraph (2) were omitted. | |
| Paragraph 82 | Court ending administration on application of a creditor | To be read as if it did not apply where the administrator was appointed by the court on the application of the FCA or the Secretary of State. | |
| Paragraph 85 | Termination: no more relevant funds for distribution | To be read as if—<br>(a) the administrator were only empowered to send a notice under sub-paragraph (1) if the institution no longer holds relevant funds;<br><br>(b) in sub-paragraph (5)(b), a copy of the notice were also required to be sent be sent to every user or holder of the institution of whom the administrator is aware and the FCA. | |
| Paragraph 86 | Discharge of administration order | | |
| Paragraph 87 | Notice to Companies Registrar at the end of administration | | |
| Paragraph 88 | Resignation | To be read as if—<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice of the resignation given in accordance with sub-paragraph (2)(a) were also required to be given to the applicant;<br><br>(b) sub-paragraph (2)(b) to (d) were omitted. | |
| Paragraph 89 | Removal | | |
| Paragraph 90 | Disqualification | To be read as if—<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice given in accordance with sub-paragraph (2)(a) were also required to be given to the applicant;<br><br>(b) sub-paragraphs (2)(b) to (d) were omitted. | |
| Paragraph 91 | Replacement | To be read as if the reference to paragraphs 92 to 96 were to paragraph 92 only. | |

| Paragraph 92 | Replacement | To be read as if the FCA were included in the list of persons who may make an application to appoint an administrator in reliance on sub-paragraph (1) but to whom the restrictions in sub-paragraph (2) apply. | |
| Paragraph 99 | Discharge | To be read as if sub-paragraphs (2)(b) and (3) were omitted. | |
| Paragraph 100 | Vacation of office: charges and liabilities | To be read as if— (a) in sub-paragraph (3), the former administrator's remuneration and expenses incurred in respect of the pursuit of Objective 1 are to be charged on and payable out of relevant funds; | |
| | | (b) in sub-paragraph (4)(b), the reference to any charge arising under sub-paragraph (3) did not include a charge on relevant funds. | |
| Paragraph 101 | Joint and concurrent administrators | | |
| Paragraph 102 | Joint and concurrent administrators | To be read as if in sub-paragraph (3), the reference to paragraphs 88 to 100 were to paragraphs 88 to 92 and 99 to 100. | |
| Paragraph 103 | Joint and concurrent administrators | | |
| Paragraph 104 | Joint and concurrent administrators | To be read as if— (a) in sub-paragraph (2), the reference to paragraph 13(1)(a) to (f) were to regulation 8(1); (b) sub-paragraphs (3) to (5) were omitted. | |
| Paragraph 105 | Presumption of validity | | |
| Paragraph 106 | Majority decision of directors | | |
| Paragraph 107 (and Article 373 and Schedule 7) | Fines | To be read as if sub-paragraph (2)(a), (b) and (l) to (n) was omitted. | |
| Paragraph 108 | Extension of time limit | To be read as if, in considering an application under paragraph 108, the court were required to have regard to the special administration objectives. | |
| Paragraph 109 | Extension of time limit | To be read as if— (a) the administrator were also required to obtain consent of those | |

| | | | |
|---|---|---|---|
| | | users or holders whose claims amount to more than 50% of the total amount of claims for relevant funds, disregarding the claims of those users or holders who were sent a copy of the statement of proposals but who did not respond to an invitation to give or withhold consent;<br><br>(b) sub-paragraph (3) were omitted. | |
| Paragraph 110 | Extension of time limit | | |
| *Sections of the IA 1986* | | | |
| Section 197 of the IA 1986 | Commission for receiving evidence | | |
| Section 426 of the IA 1986 | Co-operation between courts | To be read as if references to insolvency law included provisions made by or under these Regulations. | |

]<sup>1</sup>

---

# Notes

1 Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.12 (January 4, 2024)
2 S.I. 1981/226 (N.I. 6).
3 Article 150A was inserted by S.I. 2005/1455 (N.I. 10) and amended by S.I. 2008/948
4 Paragraph (8) was substituted by S.I. 2009/1941.
5 Paragraph (6) was substituted by S.I. 2009/1941.
6 Article 182 was amended by S.I. 2009/1941, and S.I. 2002/3152 (N.I. 6).
7 Paragraph (1) was amended by S.I. 2002/3152 (N.I. 6).
8 Article 197A was inserted by the Corporate Insolvency and Governance Act 2020 (c. 12).
9 Article 204 was amended by S.I. 2005/1455 (N.I. 10).
10 Paragraphs (3A) and (3B) were substituted by S.I. 2005/1455 (N.I. 10).
11 Paragraphs (3) and (5) were amended by S.I. 2005/1455 (N.I. 10).
12 Articles 208ZA and 208ZB are inserted by section 1(1) of the Insolvency (Amendment) Act (Northern Ireland) 2016 (c. 2).
13 Paragraph (3A) was inserted by S.R. 2006/22.
14 Article 349 was amended and Articles 349A to 349B and 350 to 350T were inserted by sections 14 to 16(1), 17(1), and 18 to 20 of the Insolvency (Amendment) Act (Northern Ireland) 2016 (c. 2).
15 Paragraphs (1C) and (2C) were inserted by section 125 of the Banking Act 2009 (c. 1).
16 Schedule B1 was inserted by Schedule 1 to the Insolvency (Northern Ireland) Order 2005 (S.I. 2005/1455 (N.I. 10).

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# reg. 38 FCA direction

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**38.— FCA direction**

(1)  The FCA may direct the administrator to prioritise one or more special administration objectives, subject as follows.

(2)  A direction may only be given if the FCA is satisfied that the giving of the direction is necessary, having regard to the public interest in—

(a)  the stability of the financial systems of the United Kingdom,

(b)  the maintenance of public confidence in the stability of the financial markets, payment systems and payment services and electronic money sectors of the United Kingdom, or

(c)  securing an appropriate degree of protection for users or holders.

(3)  A direction must be given in writing and should set out reasons for giving the direction.

(4)  Before giving a direction the FCA must consult the Treasury and the Bank of England.

(5)  If the FCA thinks that the circumstances that gave rise to the need for it to give a direction have passed, it must withdraw its direction.

[

(6)  Where the FCA has given a direction under this regulation and the direction has not been withdrawn, the following provisions do not apply—

(a)  in England and Wales and Scotland, paragraphs 49(1) to (3), 51, 53, 54 and 55 of Schedule B1 to the IA 1986;

(b)  in Northern Ireland, paragraphs 50(1) to (3), 52, 54, 55 and 56 of Schedule B1 to the I(NI)O 1989.

] [1]

## Notes

1        Substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.13 (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 39 Administrator's proposals in the event of FCA direction

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**39.— Administrator's proposals in the event of FCA direction**

(1)  Where the FCA has given a direction under regulation 38, the administrator must make a statement setting out proposals for achieving the special administration objectives in accordance with the direction.

(2)  The statement must deal with any matters set out in special administration insolvency rules and may include—

(a)  a proposal for a voluntary arrangement under Part 1 of the IA 1986[ or, as the case may be, Part 2 of the I(NI)O 1989] [1] , or

(b)  a proposal for a compromise or arrangement to be sanctioned under Part 26 or Part 26A of the CA 2006 (arrangements and reconstructions).

(3)  The statement must be agreed with the FCA.

(4)  If the administrator is unable to agree the statement with the FCA, the administrator may apply to the court for directions under [paragraph 63 of Schedule B1 to the IA 1986 or, as the case may be, paragraph 64 of Schedule B1 to the I(NI)O 1989] [2] .

(5)  Following an application under sub-paragraph (4), the court may—

(a)  make an order dispensing with the need for agreement,

(b)  adjourn the hearing conditionally or unconditionally, or

(c)  make any other order that the court thinks appropriate.

(6)  But the court may make an order under sub-paragraph (5)(a) only if it considers that the proposals set out in the statement are reasonably likely to ensure that the administrator acts in accordance with the direction.

(7)  Where the court makes an order, the administrator must as soon as possible send a copy of the order to the registrar of companies.

(8)  After—

(a)  the statement has been agreed with the FCA; or

(b)  the court has made an order dispensing with the need for agreement,

 [paragraph 49(4) to (8) of Schedule B1 to the IA 1986 or, as the case may be, paragraph 50(4) to (8) of Schedule B1 to the I(NI)O 1989] [3] applies to the statement (though the administrator need not send the FCA a copy of the statement of proposals).

[

(9) Paragraph (10) applies where, before the FCA gives its direction under regulation 38, a meeting of creditors has approved the statement of proposals in accordance with paragraph 53 of Schedule B1 to the IA 1986 or paragraph 54 of Schedule B1 to the I(NI)O 1989.

(10) The statement of proposals must be ignored for the purposes of regulation 38, this regulation and paragraph 68 of Schedule B1 to the IA 1986 or (as the case may be) paragraph 69 of Schedule B1 to the I(NI)O 1989.

]⁴ [

(11) References in this regulation to a numbered paragraph of Schedule B1 to the IA 1986 or to the I(NI)O 1989 are to that paragraph as applied and modified by these Regulations.

]⁵

---

## Notes

1     Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.14(a) (January 4, 2024)
2     Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.14(b) (January 4, 2024)
3     Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.14(c) (January 4, 2024)
4     Reg.39(9) and (10) substituted for reg.39(9) by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.14(d) (January 4, 2024)
5     Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.14(e) (January 4, 2024)

---

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 40 Revision of proposals in the event of FCA direction

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**40.— Revision of proposals in the event of FCA direction**

(1)  This regulation applies where—

(a)  the administrator's statement of proposals under regulation 39 has been agreed with FCA (or the court has made an order dispensing with the need for agreement),

(b)  the administrator proposes a revision to the proposals,

(c)  the administrator thinks the revision is substantial, and

(d)  the FCA has not withdrawn its direction given under regulation 38.

(2)  The administrator must agree the revised statement with the FCA.

(3)  Regulation 39(4) to (7) applies where the administrator is unable to agree the revised statement with the FCA.

(4)  After the revised statement has been agreed with the FCA (or the court has made an order dispensing with the need for agreement) the administrator must send the revised statement to—

(a)  every creditor of the institution of whose claim and address the administrator is aware,

(b)  every user or holder of whose claim the administrator is aware and who the administrator has a means of contacting, and

(c)  every member of the institution of whose address the administrator is aware.

(5)  The administrator is to be taken to have complied with paragraph (4)(c) if the administrator publishes a notice undertaking to provide a copy of the revised statement free of charge to any member of the institution who applies in writing to a specified address.

(6)  A notice under paragraph (5) must be published.

(7)  The administrator must send a copy of the revised statement to—

(a)  the court, and

(b)  the registrar of companies.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 41 FCA direction withdrawn

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**41.— FCA direction withdrawn**

(1)  This regulation applies if, after the administrator's statement of proposals has been agreed with FCA or the court has made an order dispensing with the need for agreement under regulation 39, the direction is then withdrawn.

(2)  If the administrator proposes a revision to the statement of proposals and the administrator thinks that the proposed revision is substantial, then paragraphs 54 and 55 of Schedule B1[to the IA 1986 or, as the case may be, paragraphs 55 and 56 of Schedule B1 to the I(NI)O 1989, ] [1] apply (as modified by these Regulations).

# Notes

1       Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.15 (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 42 Safeguarding failures: costs of the administration

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

### 42.— Safeguarding failures: costs of the administration

(1)  Where the administrator considers that failure-related costs have been incurred in consequence of a failure by the institution to safeguard relevant funds ("a default"), the administrator—

(a)  must seek the agreement of the creditors' committee established under paragraph 57 of Schedule B1[to the IA 1986 or, as the case may be, paragraph 58 of Schedule B1 to the I(NI)O 1989, ] [1] as applied and modified by these Regulations to the amount incurred in consequence of the default, or

(b)  if there is no creditors' committee or the administrator is unable to agree that amount with the creditors' committee, must apply to the court for an order fixing the amount.

(2)  In paragraph (1) *"failure"* includes where—

(a)  a small payment institution, or

(b)  in the case of funds received for the execution of payment transactions that are not related to the issuance of electronic money, a small electronic money institution,

held itself out to be one which voluntarily safeguarded relevant funds but failed to do so.

(3)  On an application under paragraph (1)(b), the court may fix the amount incurred in consequence of the default or dismiss the application on the ground that there was no default or that no failure-related costs have been incurred in consequence of the default.

(4)  Paragraph (5) applies where the creditors' committee agree an amount incurred in consequence of the default or the court fixes an amount by order.

(5)  Responsibility for the failure-related costs amount is assigned to the institution and the amount is to be paid out of the institution's assets.

(6)  Where the institution's assets are insufficient to enable the failure-related costs amount to be met out of those assets, paragraph (5) has effect only in relation to that part of the amount which can be met out of those assets.

(7)  In this regulation—

*"failure-related costs"*  means costs incurred by the administrator in applying the procedure set out in Schedule B1 as applied and modified by these Regulations for ascertaining particulars of the relevant funds held by the institution, and in taking custody and control of and distributing those funds;

*"failure-related costs amount"*  means the amount of failure-related costs incurred in consequence of the default as agreed by the creditors' committee or fixed by the court.

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.16 (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 43 Successful rescue

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**43.— Successful rescue**

(1)  This regulation applies if the administrator has—

 (a)  in pursuit of Objective 3, pursued the rescue of the institution as a going concern, and

 (b)  thinks that this has been sufficiently achieved.

(2)  The administrator must make an application in accordance with paragraph 79 of Schedule B1[to the IA 1986 or, as the case may be, paragraph 80 of Schedule B1 to the I(NI)O 1989, ] [1] as applied and modified by these Regulations.

(3)  An administrator who makes an application referred to in paragraph (2) must send a copy to the FCA.

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.17 (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 44 Dissolution or voluntary arrangement

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**44.— Dissolution or voluntary arrangement**

(1)  This [regulation] [1] applies if the administrator—

(a)  believes that Objectives 1 and 2 have been sufficiently achieved, and

(b)  in pursuit of Objective 3, pursues the winding up of the institution in the best interests of the creditors.

(2)  The administrator may—

(a)  give a notice in accordance with paragraph 84 of Schedule B1[to the IA 1986 or, as the case may be, paragraph 85 of Schedule B1 to the I(NI)O 1989] [2] as applied and modified by these Regulations; or

(b)  make a proposal in accordance with Part 1 of the IA 1986 (company voluntary arrangement) [ or, as the case may be, Part 2 of the I(NI)O 1989] [3] .

[

(3)  The following provisions apply to a proposal made by an administrator—

(a)  Part 1 of the IA 1986, with the modifications set out in paragraphs (4) to (6), (7) and (8), or

(b)  Part 2 of the I(NI)O 1989, with the modifications set out in paragraphs (6A) to (8).

] [4]

(4)  Section 3 (consideration of proposals) is to be read as if subsection (2) [(and not subsection (1))] [5] applies.

(5)  Section 5(3) (effect of approval) is to be read as if the action that may be taken by a court includes suspension of the special administration order.

(6)  Sections 2 to 6 and 7 have effect without the amendments of those provisions made by paragraphs 2 to 8 of Schedule 9 to the SBEEA 2015 (company voluntary arrangements).

[

(6A)  Article 16 (summoning of meetings) is to be read as if paragraph (2) (and not paragraph (1)) applies.

(6B)  Article 18(3) (effect of approval) is to be read as if the action which may be taken by the court includes suspension of the special administration order.

] [6]

(7)  On the termination of a company voluntary arrangement the administrator may apply to the court to lift the suspension of the special administration order.

(8)  For the purposes of this regulation, references in Part 1 of the IA 1986[and Part 2 of the I(NI)O 1989] [7] to administration include special administration.

---

## Notes

1        Word substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(2) (January 4, 2024)
2        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(3)(a) (January 4, 2024)
3        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(3)(b) (January 4, 2024)
4        Substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(4) (January 4, 2024)
5        Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(5) (January 4, 2024)
6        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(6) (January 4, 2024)
7        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.18(7) (January 4, 2024)

---

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 45 Special administration order as an alternative order

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**45.— Special administration order as an alternative order**

(1)  On the following the court may instead make a special administration order—

    (a)  a petition for a winding-up order,

    (b)  an application for a Schedule B1 administration order, or

    (c)  an application for an order under regulation 5 of IBSAR 2011.

(2)  But a special administration order may be made under paragraph (1) only on the application of the FCA.

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 46 Disqualification of directors: Great Britain

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**46.— Disqualification of directors[: Great Britain]** [1]

[

(1)  Where a special administration order is made under these Regulations in relation to an institution that is incorporated in, or formed under the law of, England and Wales or Scotland, the CDDA 1986 applies with the following modifications.

(1A)  For the purposes of paragraph (1), an institution whose registered office, or in the case of an institution with no registered office, whose principal place of business, is situated in England and Wales or Scotland is to be treated as incorporated in, or formed under, the law of England and Wales or Scotland, as the case may be.

] [2]

(2)  The CDDA 1986 is to be read as if—

(a)  references to a provision of the IA 1986 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations,

(b)  references to liquidation include special administration;

(c)  references to the winding up of a company include an institution being subject to a special administration order,

(d)  references to becoming insolvent include becoming subject to a special administration order, and

(e)  references to a liquidator include an administrator.

(3)  Section 6 is to be read as if [subsection (2)] [3] were omitted.

(4)  Section 7A is to be read as if—

(a)  the reference to the office-holder were to the administrator,

(b)  the reference to insolvency date were to the date on which the special administration order is made, and

(c)  subsections (9) to (11) were omitted.

(5)  This regulation is subject to paragraph 7 of Schedule 2.

## **Notes**

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.19(1)(a) (January 4, 2024)
2        Reg.46(1) and (1A) substituted for reg.46(1) by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.19(1)(b) (January 4, 2024)
3        Word substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.19(1)(c) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# reg. 46A Disqualification of directors: Northern Ireland

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**46A.— Disqualification of directors: Northern Ireland**

(1)  Where a special administration order is made under these Regulations in relation to an institution that is incorporated in, or formed under the law of, Northern Ireland, the CDD(NI)O 2002 applies with the following modifications.

(2)  For the purposes of paragraph (1), an institution whose registered office, or in the case of an institution with no registered office, whose principal place of business, is situated in Northern Ireland is to be treated as incorporated in, or formed under, the law of Northern Ireland.

(3)  The CDD(NI)O 2002 is to be read as if—

(a)  references to a provision of the I(NI)O 1989 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations;

(b)  references to liquidation include special administration;

(c)  references to the winding up of a company include an institution being subject to a special administration order;

(d)  references to becoming insolvent include becoming subject to a special administration order;

(e)  references to a liquidator include an administrator.

(3)  Article 9 is to be read as if paragraph (2) were omitted.

(4)  Article 10A is to be read is if—

(a)  the reference to the office-holder were to the administrator;

(b)  the reference to the insolvency date were to the date on which the special administration order is made;

(c)  paragraphs (9) to (11) were omitted.

(5)  This regulation is subject to paragraphs 3 and 7 of Schedule 2A.

][1]

## Notes

1       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.19(2) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 47 Further provision on special administration: schedules

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**47.— Further provision on special administration: schedules**

(1)  Schedule 1 makes further provision about how special administration applies to limited liability partnerships formed under the law of England and Wales [ or the law of Scotland] [1] .

[

(1A)  Schedule 1A makes further provision about how special administration applies to limited liability partnerships formed under the law of Northern Ireland.

] [2]

(2)  Schedule 2 makes further provision about how special administration applies to partnerships formed under the law of England and Wales.

[

(2A)  Schedule 2A makes further provision about how special administration applies to partnerships formed under the law of Northern Ireland.

] [3]

(3)  Schedule 3 makes further provision about how certain other legislation applies to companies in special administration.

(4)  Schedule 4 contains consequential amendments.

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(1)(a) (January 4, 2024)
2        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(1)(b) (January 4, 2024)
3        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(1)(c) (January 4, 2024)

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 48 FSMA 2000, Pt 24: application to payment and electronic money institution insolvency except special administration

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**48.— FSMA 2000, Pt 24: application to payment and electronic money institution insolvency except special administration**

(1) In the PSR 2017, in Schedule 6, for paragraph 9 substitute—

"**9.**

The sections of the 2000 Act mentioned in the first column of the Table apply with any modifications shown in the third column.

| *Section* | *Subject* | *Modifications* |
| --- | --- | --- |
| Generally (for the sections mentioned below) | | To be read as if—<br>(a) references to an authorised person or recognised investment exchange were to an authorised payment institution or a small payment institution;<br><br>(b) references to the appropriate regulator, or to the regulator or a regulator, were to the FCA;<br><br>(c) references to creditors included users. |
| Section 356 | Powers of FCA to participate in proceedings: company voluntary arrangements | To be read as if subsections (4) and (5) were omitted. |
| Section 357 | Powers of FCA to participate in proceedings: individual voluntary arrangements | To be read as if subsections (7) and (8) were omitted. |
| Section 358 | Powers of FCA to participate in proceedings: trust deeds for creditors in Scotland | To be read as if subsection (6A) were omitted. |
| Section 359 | Administration order | To be read as if—<br>(a) subsection (1)(b) were omitted; |

| | | |
|---|---|---|
| | | (b) subsection (1)(c) were substituted with— "(c) is providing or has provided payment services in contravention of regulation 138(1) of the Payment Services Regulations 2017."; (c) subsection (1A) were omitted; (d) in subsection (3)(a), the reference to an agreement were to a contract for payment services; (e) subsection (3)(b) and (c) were omitted; (f) in subsection (4), the definitions of "agreement, "authorised deposit taker", "authorised reclaim fund" and "relevant deposit" were omitted; (g) subsection (5) were omitted. |
| Section 361 | Administrators' duty to report to FCA | To be read as if— (a) in subsection (2)(a) the reference to the general prohibition were to regulation 138(1) of the Payment Services Regulations 2017; (b) subsection (2)(b) were omitted; (c) subsection (2A) were omitted; (d) in subsection (3)(b) the reference to the general prohibition were to regulation 138(1) of the Payment Services Regulations 2017. |
| Section 362 | Powers of FCA to participate in proceedings | To be read as if— (a) subsection (1)(b) were omitted; (b) subsection (1)(c) were substituted with— "(c) is providing or has provided payment services in contravention of regulation 138(1) of the Payment Services Regulations 2017."; (c) subsections (7) and (8) were omitted. |

| Section 362A | Administrator appointed by company or directors | To be read as if subsection (2B) were omitted. |
|---|---|---|
| Section 363 | Receivership: powers of FCA to participate in proceedings | To be read as if—<br>(a) subsection (1)(b) were omitted;<br><br>(b) subsection (1)(c) were substituted with—<br><br>                  "(c) is providing or has provided payment services in contravention of regulation 138(1) of the Payment Services Regulations 2017.";<br><br>(c) subsection (6) were omitted. |
| Section 364 | Receiver's duty to report to FCA | To be read as if—<br>(a) in subsection (b), for the words from "carrying" to the end there were substituted "providing or has provided payment services in contravention of (regulation 138(1) of the Payment Services Regulations 2017),";<br><br>(b) in the words after subsection (b), the words from "and," to the end were omitted. |
| Section 365 | Voluntary winding up: powers of FCA to participate in proceedings | To be read as if subsection (8) were omitted. |
| Section 367 | Winding-up petitions | To be read as if—<br>(a) subsection (1)(b) were omitted;<br><br>(b) subsection (1)(c) were substituted with—<br><br>                  "(c) is providing or has provided payment services in contravention of regulation 138(1) of the Payment Services Regulations 2017.";<br><br>(c) subsection (1A) were omitted;<br><br>(d) in subsection (4) for "an agreement" there were substituted "a contract for payment services";<br><br>(e) subsection (5) were omitted. |

© 2026 Thomson Reuters.

| Section 370 | Liquidator's duty to report to FCA | To be read as if — <br>(a) in subsection (1)(b)(ii), for the words from "carrying" to the end there were substituted "providing or has provided payment services in contravention of (regulation 138(1) of the Payment Services Regulations 2017),"; <br><br>(b) in the words after subsection (1)(b), the words from "and," to the end were omitted; <br><br>(c) in subsection (2)(b), the reference to the general prohibition were to regulation 138(1) of the Payment Services Regulations 2017. |
|---|---|---|
| Section 371 | Winding up: powers of FCA to participate in proceedings | To be read as if — <br>(a) subsection (1)(b) were omitted; <br><br>(b) subsection (1)(c) were substituted with— <br><br>"(c) is providing or has provided payment services in contravention of regulation 138(1) of the Payment Services Regulations 2017."; <br><br>(c) subsections (6) and (7) were omitted. |
| Section 372 | Bankruptcy: Petitions | To be read as if — <br>(a) subsection (1A) were omitted; <br><br>(b) in subsections (3) and (4), the reference to an agreement, in both places it occurs, were to a contract for payment services; <br><br>(c) in subsections (2) and (6) the reference to subsection (1A), in each place it occurs, were omitted; <br><br>(d) in subsection (7)(b), for the words from "carrying" to the end there were substituted "providing or has provided payment services in contravention of (regulation 138(1) of the Payment Services Regulations 2017)."; <br><br>(e) subsection (8) were omitted. |
| Section 373 | Bankruptcy: insolvency practitioner's duty to report to FCA | To be read as if — <br>(a) in subsection (1)(b), for the words from "carrying" to the end there were substituted "providing or has provided payment services in contravention of (regulation 138(1) of the Payment Services Regulations 2017),"; |

| Section | Subject | Modifications |
|---|---|---|
| | | (b) in the words after subsection (1)(b)(ii), the words from "and," to the end were omitted; |
| | | (c) in subsection (1A)(b), the reference to the general prohibition were to regulation 138(1) of the Payment Services Regulations 2017. |
| Section 374 | Bankruptcy: powers of FCA to participate in proceedings | To be read as if — (a) in subsection (5)(b), for the words from "carrying" to the end there were substituted "providing or has provided payment services in contravention of (regulation 138(1) of the Payment Services Regulations 2017)."; (b) in subsection (6)(b), for the words from "carrying" to the end there were substituted "providing or has provided payment services in contravention of (regulation 138(1) of the Payment Services Regulations 2017)."; (c) subsections (7) and (8) were omitted. |
| Section 375 | Provisions against debt avoidance: right of FCA to apply for an order | To be read as if— (a) in subsection (1)(a), for the words from "carrying" to the end there were substituted "providing payment services (whether or not in contravention of (regulation 138 (1) of the Payment Services Regulations 2017));"; (b) in subsection (1)(b) the reference to a regulated activity carried on were to payment services being provided; (c) subsection (1A) were omitted; (d) in subsection (2)"or (subsection (1A)(b)) (as the case may be)" were omitted.". |

(2) In the Electronic Money Regulations 2011, in Schedule 3, for paragraph 7 substitute—

**"7.**

The sections of the 2000 Act mentioned in the first column of the Table apply with any modifications shown in the third column.

| Section | Subject | Modifications |
|---|---|---|
| Generally (for the sections mentioned below) | | To be read as if— (a) references to an authorised person or recognised investment exchange were to an electronic money institution; |

| | | (b) references to the appropriate regulator, or to the regulator or a regulator, were to the FCA; |
|---|---|---|
| | | (c) references to creditors included users or holders. |
| Section 356 | Powers of FCA to participate in proceedings: company voluntary arrangements | To be read as if subsections (4) and (5) were omitted. |
| Section 357 | Powers of FCA to participate in proceedings: individual voluntary arrangements | To be read as if subsections (7) and (8) were omitted. |
| Section 358 | Powers of FCA to participate in proceedings: trust deeds for creditors in Scotland | To be read as if subsection (6A) were omitted. |
| Section 359 | Administration order | To be read as if—<br>(a) subsection (1)(b) were omitted;<br><br>(b) subsection (1)(c) were substituted with—<br><br>"(c) is issuing or has issued electronic money in contravention of regulation 63(1) of the Electronic Money Regulations 2011.";<br><br>(c) subsection (1A) were omitted;<br><br>(d) in subsection (3)(a), the reference to an agreement were to a contract for electronic money issuance or payment services; |

| | | (e) subsection (3)(b) and (c) were omitted;<br><br>(f) in subsection (4) the definitions of "agreement, "authorised deposit taker", "authorised reclaim fund" and "relevant deposit" were omitted;<br><br>(g) subsection (5) were omitted. |
|---|---|---|
| Section 361 | Administrators duty to report to FCA | To be read as if—<br>(a) in subsection (2)<br>(a) the reference to the general prohibition were to regulation 63(1) of the Electronic Money Regulations 2011;<br><br>(b) subsection (2)(b) were omitted;<br><br>(c) subsection (2A) were omitted;<br><br>(d) in subsection (3)<br>(b) the reference to the general prohibition were to regulation 63(1) of the Electronic Money Regulations 2011. |
| Section 362 | Powers of FCA to participate in proceedings | To be read as if—<br>(a) subsection (1)(b) were omitted;<br><br>(b) subsection (1)(c) were substituted with—<br><br>"(c) is issuing or has issued electronic money in contravention of regulation 63(1) of the |

| | | |
|---|---|---|
| | | Electronic Money Regulations 2011."; (c) subsections (7) and (8) were omitted. |
| Section 362A | Administrator appointed by company or directors | To be read as if subsection (2B) were omitted. |
| Section 363 | Receivership: powers of FCA to participate in proceedings | To be read as if— (a) subsection (1)(b) were omitted; (b) subsection (1)(c) were substituted with— "(c) is issuing or has issued electronic money in contravention of regulation 63(1) of the Electronic Money Regulations 2011."; (c) subsection (6) were omitted. |
| Section 364 | Receiver's duty to report to FCA | To be read as if— (a) in subsection (b), for the words from "carrying" to the end there were substituted "issuing or has issued electronic money in contravention of (regulation 63(1) of the Electronic Money Regulations 2011),"; (b) in the words after subsection (b), the words |

|  |  | from "and," to the end were omitted. |
|---|---|---|
| Section 365 | Voluntary winding up: powers of FCA to participate in proceedings | To be read as if subsection (8) were omitted. |
| Section 367 | Winding-up petitions | To be read as if—<br>(a) subsection (1)(b) were omitted;<br><br>(b) subsection (1)(c) were substituted with—<br><br>"(c) is issuing or has issued electronic money in contravention of regulation 63(1) of the Electronic Money Regulations 2011.";<br><br>(c) subsection (1A) were omitted;<br><br>(d) in subsection (4) for "an agreement" there were substituted "a contract for electronic money issuance or payment services";<br><br>(e) subsection (5) were omitted. |
| Section 370 | Liquidator's duty to report to FCA | To be read as if —<br>(a) in subsection (1)(b), for the words from "carrying" to the end there were substituted "issuing or has issued electronic money in contravention of (regulation 63(1) of the Electronic Money Regulations 2011),"; |

| | | |
|---|---|---|
| | | (b) in the words after subsection (1)(b), the words from "and," to the end were omitted; |
| | | (c) in subsection (2)(b), the reference to the general prohibition were to regulation 63(1) of the Electronic Money Regulations 2011. |
| Section 371 | Winding up: powers of FCA to participate in proceedings | To be read as if — (a) subsection (1)(b) were omitted; |
| | | (b) subsection (1)(c) were substituted with— |
| | | "(c) is issuing or has issued electronic money in contravention of regulation 63(1) of the Electronic Money Regulations 2011."; |
| | | (c) subsections (6) and (7) were omitted. |
| Section 372 | Bankruptcy: Petitions | To be read as if — (a) subsection (1A) were omitted; |
| | | (b) in subsections (3) and (4), the reference to agreement, in both places it occurs, were to a contract for electronic money issuance or payment services; |

| | | |
|---|---|---|
| | | (c) in subsections (2) and (6) the reference to subsection (1A), in each place it occurs, were omitted; |
| | | (d) in subsection (7)(b), for the words from "carrying" to the end there were substituted "issuing or has issued electronic money in contravention of (regulation 63(1) of the Electronic Money Regulations 2011)."; |
| | | (e) subsection (8) were omitted. |
| Section 373 | Bankruptcy: insolvency practitioner's duty to report to FCA | To be read as if — (a) in subsection (1)(b), for the words from "carrying" to the end there were substituted "issuing or has issued electronic money in contravention of (regulation 63(1) of the Electronic Money Regulations 2011),"; (b) in the words after subsection (1)(b), the words from "and," to the end were omitted; (c) in subsection (1A)(b), the reference to the general prohibition were to regulation 63(1) of the Electronic Money Regulations 2011. |
| Section 374 | Bankruptcy: powers of FCA to participate in proceedings | To be read as if — (a) in subsection (5)(b), for the words from "carrying" to the end there were substituted "issuing or has issued electronic money in contravention of (regulation 63(1) of the Electronic Money Regulations 2011)."; (b) in subsection (6)(b), for the words from "carrying" to the end there were substituted "issuing or has issued electronic money in contravention of (regulation 63(1) of the Electronic Money Regulations 2011)."; |

| | | |
|---|---|---|
| | | (c) subsections (7) and (8) were omitted. |
| Section 375 | Provisions against debt avoidance: right of FCA to apply for an order | To be read as if—<br>(a) in subsection (1)(a), for the words from "carrying" to the end there were substituted "issuing electronic money (whether or not in contravention of (regulation 63(1) of the Electronic Money Regulations 2011));";<br><br>(b) in subsection (1)(b), the reference to a regulated activity carried on were to electronic money issuance services being provided;<br><br>(c) subsection (1A) were omitted;<br><br>(d) in subsection (2), "or (subsection (1A)(b)) (as the case may be)" were omitted.". |

Contains public sector information licensed under the Open Government Licence v3.0.

# reg. 49 Correction of defect in instrument relating to the UK's withdrawal from the EU and bank recovery and resolution

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**49.—** **Correction of defect in instrument relating to the UK's withdrawal from the EU and bank recovery and resolution**

(1)  In the Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018 [1] , in Schedule 1, in paragraph 42, omit sub-paragraph (4).

(2)  In consequence of the amendment made by paragraph (1), in the Bank Recovery and Resolution (Amendment) (EU Exit) Regulations 2020, in regulation 76, omit paragraph (4).

## Notes

1        Amended by S.I. 2019/710 and S.I. 2020/1350.

Contains public sector information licensed under the Open Government Licence v3.0.

# Signatures

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

*Alan MakMaggie Throup*

Two of the Lords Commissioners of Her Majesty's Treasury

17th June 2021

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 How special administration applies to English/Welsh/Scottish LLPs
# para. 1

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**1.**

This Schedule makes provision about how special administration applies to institutions which are formed as limited liability partnerships under the law of England and Wales [ or Scotland] [1] .

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(2)(b) (January 4, 2024)

*Schedule 1 How special administration applies to English/Welsh/Scottish LLPs > para. 1*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 How special administration applies to English/Welsh/Scottish LLPs
# para. 2

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**2.—**

In this Schedule—

    (a)  the *"LLPR 2001"* means the Limited Liability Partnerships Regulations 2001 [2] ;

    (b)  the *"LLP(S)R 2001"* means the Limited Liability Partnerships (Scotland) Regulations 2001 [3] .

] [1]

---

## Notes

1      Substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(2)(c) (January 4, 2024)

2      S.I. 2001/1090, amended by S.I. 2009/1941. There are other amending instruments, but none is relevant.

3      S.I. 2001/128, amended by S.S.I. 2009/310. There are other amending instruments, but none is relevant.

---

*Schedule 1 How special administration applies to English/Welsh/Scottish LLPs > para. 2*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 How special administration applies to English/Welsh/Scottish LLPs
# para. 3

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**3.**

The provisions of the IA 1986 mentioned in the first column of the Table apply to institutions which are formed as limited liability partnerships with the further modifications (in addition to any set out in the table in regulation 37) set out in the third column.

| *Provision* | *Subject* | *Modifications* |
| --- | --- | --- |
| Those mentioned in regulation 5(2) of the LLPR 2001[ in relation to limited liability partnerships established under the law of England and Wales] [1] | | Those set out in regulation 5(2) of the LLPR 2001 (except regulation 5(2)(f) of those Regulations). |
| [Those mentioned in regulation 4(2) of the LLP(S)R 2001, in relation to limited liability partnerships established under the law of Scotland | | Those set out in regulation 4(2) of the LLP (Scotland) Regulations (except regulation 4(2)(e) of those Regulations).] [2] |
| Section 74 | Liability as contributories of present and past members | To be read as if it were substituted with— |
| | | **"74.** —<br>(1) When a limited liability partnership goes into special administration, every present and past member of the limited liability partnership is liable to contribute to its assets as follows.<br><br>(2) Where a member has agreed with the other members or with the limited liability partnership, that that member be liable to contribute to the assets of the limited liability partnership in the event that that body goes into liquidation or special administration, that member is liable, to the extent that they have so agreed, to contribute— |

| | | |
|---|---|---|
| | | (a) to its assets to any amount sufficient for payment of its debts and liabilities; |
| | | (b) to the expenses of the special administration; |
| | | (c) for the adjustment of the rights of the contributories among themselves. |
| | | (3) A past member shall only be liable under this section if the obligation arising from such agreement in subsection (2) survived them ceasing to be a member of the limited liability partnership." |
| Sections 76–78 | Contributories | Omitted. |
| Section 79 | Meaning of "contributory" | To be read as if— (a) in subsection (1) for "every person" there were substituted— "every past and present member of the limited liability partnership"; (b) at the end of subsection (2), there were inserted— "or section 214A (adjustment of withdrawals)". (c) subsection (3) were omitted. |
| Section 83 | Companies registered under the Companies Act Part XXII, Chapter II | Omitted. |
| Section 183 | Effect of execution or attachment | |
| Section 187 | Power to make over assets to employees | Omitted. |

| Section 194 | Resolutions passed at meetings | To be read as if after "contributories" there were inserted "or of the members of a limited liability partnership". |
| --- | --- | --- |
| Section 214 | Wrongful trading | To be read as if after subsection (2), "but the court shall not" to the end of the subsection were omitted. |
| After section 214 | Adjustment of withdrawals | The IA 1986 is to be read as if after section 214 there were inserted— |
| | | **"214A.** —<br>(1) This section has effect in relation to a person ("P") who is or has been a member of a limited liability partnership where, in the course of the special administration of that limited liability partnership, it appears that subsection (2) of this section applies in relation to P.<br><br>(2) This subsection applies in relation to P if—<br><br>(a) within the period of two years ending with the commencement of the special administration, P was a member of the limited liability partnership who withdrew property of the limited liability partnership, whether in the form of a share of profits, salary, repayment of or payment of interest on a loan to the limited liability partnership or any other withdrawal of property, and<br><br>(b) it is proved by the administrator to the satisfaction of the court that at the time of the withdrawal P knew or had reasonable ground for believing that the limited liability partnership—<br><br>(i) was at the time of the withdrawal unable to pay its debts, or<br><br>(ii) would become so unable to pay its debts after the assets of the limited liability partnership had been depleted by that withdrawal taken together with all other withdrawals (if |

any) made by any members contemporaneously with that withdrawal or in contemplation when that withdrawal was made.

(3) Where this section has effect in relation to P, the court, on the application of the administrator, may declare that P is to be liable to make such contribution (if any) to the limited liability partnership's assets as the court thinks proper.

(4) The court may not make a declaration in relation to P the amount of which exceeds the aggregate of the amounts or values of all the withdrawals referred to in subsection (2) made by P within the period of two years referred to in that subsection.

(5) The court may not make a declaration under this section with respect to P unless P knew or ought to have concluded that after each withdrawal referred to in subsection (2) there was no reasonable prospect that the limited liability partnership would avoid going into an insolvency procedure under the IA 1986 or special administration.

(6) For the purposes of subsection (5) the facts which P ought to know or ascertain and the conclusions which P ought to reach are those which would be known, ascertained, or reached by a reasonably diligent person having both—

(a) the general knowledge, skill and experience that may reasonably be expected of a person carrying out the same functions as are carried out by P in relation to the limited liability partnership, and

(b) the general knowledge, skill and experience that P has.

| | | |
|---|---|---|
| | | (7) In this section *"member"* includes a shadow member.<br><br>(8) In this section a reference to being unable to pay debts is to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017).<br><br>(9) This section does not limit the effect of section 214." |
| Section 215 | Proceedings under section 213 or 214. | To be read as if—<br>(a) in subsection (1) for "section 213 or 214" there were substituted "section 213, 214 or 214A";<br><br>(b) in subsection (2) for "either section" there were substituted "any of those sections";<br><br>(c) in subsection (4) for "either section" there were substituted "any of those sections";<br><br>(d) in subsection (5) for "sections 213 and 214" there were substituted "sections 213, 214 or 214A". |
| Section 218 | Prosecution of delinquent officers and members of company | To be read as if—<br>(a) in subsection (1), for "officer, or any member, of the company" there were substituted "member of the limited liability partnership";<br><br>(b) in subsection (3) for "officer of the company, or any member of it," there were substituted "member of the limited liability partnership". |
| Section 386 of and Schedule 6 (and Schedule 4 to the Pension Schemes Act 1993) | Preferential debts | To be read as if—<br>(a) in subsection (1)"or an individual" were omitted;<br><br>(b) in subsection (2)"or the individual" were omitted. |
| Section 387 | "The relevant date" | To be read as if subsections (5) and (6) were omitted. |
| Section 432 | Offences by bodies corporate | To be read as if in subsection (2)", secretary" were omitted. |
| Schedule B1, paragraph 42 | Moratorium on insolvency proceedings | To be read as if for sub-paragraph (2) there were substituted— |

| | | |
|---|---|---|
| | | "(2) No determination to wind up the limited liability partnership voluntarily may be made." |
| Schedule B1, paragraph 61 | Directors | To be read as if for paragraph 61 there were substituted—<br><br>"61. The administrator may prevent any person from taking part in the management of the business of the limited liability partnership and may appoint any person to be a manager of that business.". |
| Schedule B1, paragraph 62 | Power to call meetings | To be read as if—<br>(a) the existing provision were renumbered as sub-paragraph (1);<br><br>(b) after that sub-paragraph there were inserted— |

"(2) The meeting shall be held in a manner provided by the Payment and Electronic Money Institution Insolvency Regulations 2021, special administration insolvency rules or the limited liability partnership agreement.

(3) The quorum required for a meeting of the members of the limited liability partnership shall be any quorum required by the limited liability partnership agreement for meetings of the members of the limited liability partnership

| | | and if no requirement for a quorum has been agreed upon, the quorum shall be 2 members." |
|---|---|---|
| Schedule B1, paragraph 91 | Replacement | To be read as if sub-paragraph (1) (c) were omitted. |
| Schedule B1, paragraph 105 | Majority decision of directors | Omitted. |

## Notes

1    Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(2)(d)(i) (January 4, 2024)
2    Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(2)(d)(ii) (January 4, 2024)

*Schedule 1 How special administration applies to English/Welsh/Scottish LLPs > para. 3*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 How special administration applies to English/Welsh/Scottish LLPs
# para. 4

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**4.**

The CDDA 1986 as applied and modified by these Regulations applies to institutions which are formed as limited liability partnerships with the further modifications set out in regulation 4(2) of and Part 2 of Schedule 2 to the LLPR 2001.

*Schedule 1 How special administration applies to English/Welsh/Scottish LLPs > para. 4*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 How special administration applies to English/Welsh/Scottish LLPs
# para. 5

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**5.**

The following legislation applies to institutions which are formed as limited liability partnerships with such modifications as the context requires—

  (a)  to give effect to the IA 1986 as applied and modified by these Regulations—

    (i)  the Insolvency Practitioners Regulations 2005;

    (ii)  the Insolvency Practitioners (Recognised Professional Bodies) Order 1986;

    (iii)  the Insolvency Proceedings Fees Order 2004;

    (iv)  the Insolvency Practitioners Tribunal (Conduct of Investigations) Rules 1986, and

  (b)  to give effect to the CDDA 1986 as applied and modified by these Regulations and the CA 2006—

    (i)  the Insolvent Companies (Disqualification of Unfit Directors) Proceedings Rules 1987;

    (ii)  the Uncertificated Securities Regulations 2001;

    (iii)  the Insolvent Companies (Reports on Conduct of Directors) Rules 1996;

    (iv)  the Insolvent Companies (Reports on Conduct of Directors) (Scotland) Rules 1996.

*Schedule 1 How special administration applies to English/Welsh/Scottish LLPs > para. 5*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1A How special administration applies to Northern Ireland LLPs
# para. 1

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**1.**

This Schedule makes provision about how special administration applies to institutions which are formed as limited liability partnerships under the law of Northern Ireland.
 ]¹

---

## Notes

1       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.1 para.1 (January 4, 2024)

---

*Schedule 1A How special administration applies to Northern Ireland LLPs > para. 1*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 1A How special administration applies to Northern Ireland LLPs
# para. 2

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**2.**

In this Schedule *"LLPR (NI) 2004"* means the Limited Liability Partnerships Regulations (Northern Ireland) 2004.
]$^{1}$

---

**Notes**

1        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.1 para.1 (January 4, 2024)

---

*Schedule 1A How special administration applies to Northern Ireland LLPs > para. 2*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1A How special administration applies to Northern Ireland LLPs
# para. 3

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**3.**

The provisions of the I(NI)O 1989 mentioned in the first column of the Table apply to institutions which are formed as limited liability partnerships with the further modifications (in addition to any set out in the table in regulation 37A) set out in the third column.

| *Provision* | *Subject* | *Modifications* |
|---|---|---|
| Those mentioned in regulation 5(2) of the LLPR (NI) 2004 | | Those set out in regulation 5(2) of the LLPR (NI) 2004 (except regulation 5(2)(f) of those Regulations). |
| Article 13 | Meaning of "contributory" | To be read as if— (a) in paragraph (1) for "every person" there were substituted— "every past and present member of the limited liability partnership"; (b) at the end of paragraph (2), there were inserted "or Article 178A (adjustment of withdrawals)". (c) paragraph (3) were omitted. |
| Article 61 | Liability as contributories of present and past members | To be read as if it were substituted with— |

61.—

(1) When a limited liability partnership goes into special administration, every present and past member of the limited liability partnership is liable to contribute to its assets as follows.

(2) Where a member has agreed with the other members or with the limited liability partnership, that that member be liable to contribute to the assets of the limited liability partnership in the event that that body goes into

© 2026 Thomson Reuters.

liquidation or special administration, that member is liable, to the extent that they have so agreed, to contribute—

(a) to its assets to any amount sufficient for payment of its debts and liabilities;

(b) to the expenses of the special administration;

(c) for the adjustment of the rights of the contributories among themselves.

(3) A past member shall only be liable under this Article if the obligation arising from

|  |  | such agreement in paragraph (2) survived them ceasing to be a member of the limited liability partnership.". |
| --- | --- | --- |
| Articles 63-65 | Contributories | Omitted. |
| Article 69 | Companies registered under the Companies Act 2006 | Omitted. |
| Article 158 | Power to make over assets to employees | Omitted. |
| Article 163 | Resolutions passed at meetings | To be read as if after "contributories" there were inserted "or of the members of a limited liability partnership". |
| Article 178 | Wrongful trading | To be read as if after paragraph (2), "but the High Court shall not" to the end of the paragraph were omitted. |
| After Article 178 | Adjustment of withdrawals | The I(NI) O 1989 is to be read as if after Article 178 there were inserted—<br><br>"178A.—<br><br>(1) This Article has effect in relation to a person ("P") who is or has been a member of a limited liability partnership where, in the course |

of the special administration of that limited liability partnership, it appears that paragraph (2) of this Article applies in relation to P.

(2) This paragraph applies in relation to P if—

(a) within the period of two years ending with the commencement of the special administration, P was a member of the limited liability partnership who withdrew property of the limited liability partnership, whether in the form of a share of profits,

salary, repayment of or payment of interest on a loan to the limited liability partnership or any other withdrawal of property, and

(b) it is proved by the administrator to the satisfaction of the court that at the time of the withdrawal P knew or had reasonable grounds for believing that the limited liability partnership —

(i) was at the time of the withdrawal unable to pay its debts, or

(ii) would become so unable to pay

its debts after the assets of the limited liability partnership had been depleted by that withdrawal taken together with all other withdrawals (if any) made by any members contemporaneously with that withdrawal or in contemplation when that withdrawal was made.

(3) Where this Article has effect in relation to P, the court, on the application of the administrator, may declare that P is to be liable to make such contribution (if any) to the limited liability partnership's

assets as the court thinks proper.

(4) The court may not make a declaration in relation to P the amount of which exceeds the aggregate of the amounts or values of all the withdrawals referred to in paragraph (2) made by P within the period of two years referred to in that paragraph.

(5) The court may not make a declaration under this Article with respect to P unless P knew or ought to have concluded that after each withdrawal referred

to in paragraph (2) there was no reasonable prospect that the limited liability partnership would avoid going into an insolvency procedure under the Insolvency (Northern Ireland) Order 1989 or special administration.

(6) For the purposes of paragraph (5) the facts which P ought to know or ascertain and the conclusions which P ought to reach are those which would be known, ascertained, or reached by a reasonably diligent person having both—

© 2026 Thomson Reuters.

(a) the general knowledge, skill and experience that may reasonably be expected of a person carrying out the same functions as are carried out by P in relation to the limited liability partnership, and

(b) the general knowledge, skill and experience that P has.

(7) In this Article *"member"* includes a shadow member.

(8) In this section a reference to being unable to pay debts is to be read in accordance with section 93(4) of

| | | the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017).<br><br>(9) This Article does not limit the effect of Article 178.". |
|---|---|---|
| Article 179 | Proceedings under Article 177 or 178 | To be read as if—<br>(a) in paragraph (1), for "Article 177 or 178" there were substituted "Article 177, 178 or 178A";<br><br>(b) in paragraph (2), for "either Article" there were substituted "any of those Articles";<br><br>(c) in paragraph (4), for "either Article" there were substituted "any of those Articles";<br><br>(d) in paragraph (5), for "Articles 177 and 178" there were substituted "Articles 177, 178 and 178A". |
| Article 182 | Prosecution of delinquent officers and members of company | To be read as if—<br>(a) in paragraph (1), for "officer, or any member, of the company" there were substituted "member of the limited liability partnership";<br><br>(b) in paragraph (2), (3) and (5) for "officer of the company, or any member of it," there were substituted "member of the limited liability partnership". |
| Article 346 and Schedule 4 to the I(NI)O 1989 (and Schedule 3 to the Pension Schemes (Northern Ireland) Act 1993) | Preferential debts | To be read as if, in Article 346—<br>(a) in paragraph (1), "or an individual" were omitted;<br><br>(b) in paragraph (2), "or the individual" were omitted. |

| Article 347 | "The relevant date" | To be read as if paragraphs (5) and (6) were omitted. |
|---|---|---|
| Article 373 | Offences by bodies corporate | To be read as if the reference to "secretary" in section 20(2) of the IA(NI) 1954, as referred to in Article 374(4), were omitted. |
| Schedule B1, paragraph 43 | Moratorium on insolvency proceedings | To be read as if for sub-paragraph (2) there were substituted— <br><br> "(2) No determination to wind up the limited liability partnership voluntarily may be made.". |
| Schedule B1, paragraph 62 | Directors | To be read as if for paragraph 62 there were substituted— <br><br> "62. <br><br> The administrator may prevent any person from taking part in the management of the business of the limited liability partnership and may appoint any person to be a manager |

| | | |
|---|---|---|
| | | of that business." |
| Schedule B1, paragraph 63 | Power to call meetings | To be read as if—<br>(a) the existing provision were renumbered as sub-paragraph (1);<br><br>(b) after that sub-paragraph there were inserted—<br><br>"(2) The meeting must be held in a manner provided by the Payment and Electronic Money Institution Insolvency Regulations 2021, special administration insolvency rules or the limited liability partnership agreement.<br><br>(3) The quorum required for a meeting of the members of the limited liability partnership is any quorum required by the limited liability |

| | | partnership agreement for meetings of the members of the limited liability partnership and if no requirement for a quorum has been agreed upon, the quorum is 2 members.". |
|---|---|---|
| Schedule B1, paragraph 92 | Replacement | To be read as if sub-paragraph (1) (c) were omitted. |
| Schedule B1, paragraph 106 | Majority decision of directors | Omitted. |

]<sup>1</sup>

---

## Notes

1        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.1 para.1 (January 4, 2024)

---

*Schedule 1A How special administration applies to Northern Ireland LLPs > para. 3*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1A How special administration applies to Northern Ireland LLPs
## para. 4

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**4.**

The CDD(NI)O 2002 as applied and modified by these Regulations applies to institutions which are formed as limited liability partnerships with the further modifications set out in regulation 4(2) of and Part 2 of Schedule 2 to the LLPR (NI) 2004.
 ]¹

## Notes

1       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.1 para.1 (January 4, 2024)

*Schedule 1A How special administration applies to Northern Ireland LLPs > para. 4*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1A How special administration applies to Northern Ireland LLPs
# para. 5

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**5.**

The following legislation applies to institutions which are formed as limited liability partnerships with such modifications as the context requires—

  (a)  to give effect to the I(NI)O 1989 as applied and modified by these Regulations—

    (i)  the Insolvency Practitioners Regulations (Northern Ireland) 2006 [2];

    (ii)  the Insolvency Practitioners (Recognised Professional Bodies) Order (Northern Ireland) 1991 [3];

    (iii)  the Insolvency (Fees) Order (Northern Ireland) 2006 [4];

    (iv)  the Insolvency (Deposits) Order (Northern Ireland) 2006 [5]; and

  (b)  to give effect to the CDD(NI)O 2002 as applied and modified by these Regulations and the CA 2006—

    (i)  the Insolvent Companies (Disqualification of Unfit Directors) Proceedings Rules (Northern Ireland) 2003 [6];

    (ii)  the Uncertificated Securities Regulations 2001;

    (iii)  the Insolvent Companies (Reports on Conduct of Directors) Rules (Northern Ireland) 2003 [7].

] [1]

---

## Notes

1      Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.1 para.1 (January 4, 2024)
2      S.R. 2006 No. 33.
3      S.R. 1991 No. 301.
4      S.R. 2006 No. 54.

---

**Notes**

5       S.R. 2006 No. 55.
6       S.R. 2003 No. 358.
7       S.R. 2003 No. 357.

*Schedule 1A How special administration applies to Northern Ireland LLPs > para. 5*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 1

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**1.**

This Schedule makes provision about how special administration applies to institutions which are formed as partnerships under the law of England and Wales.

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 1*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 2

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**2.**

In this Schedule, the *"IPO 1994"* means the Insolvent Partnerships Order 1994 [1] .

---

**Notes**

1       Amended by S.I. 2005/1516, 2013/472, 2014/3486, 2017/540, 2017/1119, 2018/1244. There are other amending instruments but none is relevant.

---

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 2*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 3

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**3.**

Where an institution is formed as a partnership, then—

(a) in these Regulations, and

(b) in the CDDA 1986 as applied and modified by these Regulations,

references to the things in the first column of Table 1 are to be read in accordance with the corresponding modification in the second column.

**Table 1**

| *Reference* | *Modification* |
| --- | --- |
| References to companies | To be read as if they were to partnerships. |
| References to the registrar of companies | Omitted. |
| References to shares of a company | To be read as it they were—<br>(a) in relation to a partnership with capital, to rights to share in that capital, and<br><br>(b) in relation to a partnership without capital, to interests—<br><br>(i) conferring any right to share in the profits or liability to contribute to the losses of the partnership, or<br><br>(ii) giving rise to an obligation to contribute to the debts or expenses of the partnership in the event of special administration. |
| Other references appropriate to companies | To be read as if they were to the corresponding persons, officers, documents or organs (as the case may be) appropriate to a partnership. |

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 3*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
## para. 4

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**4.**

Table 2 sets out—

    (a)  in the first column, versions of provisions of the IA 1986 set out in the IPO 1994 ("IPO 1994 versions"),

    (b)  in the second column, the subject of each of those versions, and

    (c)  in the third column, modifications to those versions.

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 4*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 5

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**5.**

Each IPO 1994 version in the first column of Table 2 applies to an institution which is formed as a partnership with any corresponding modification in the third column.

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 5*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
## para. 6

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**6.**

Where there is an entry for an IPO 1994 version in Table 2, that version of the provision of the IA 1986 applies, as modified by Table 2, to an institution which is formed as a partnership, and the entry relating to that provision of the IA 1986 in the table in regulation 37 is to be disregarded.

**Table 2**

| Provision (IPO 1994 version) | Subject | Modifications |
|---|---|---|
| Sections and other provisions except Schedule B1 | | |
| Generally (for those sections or other provisions mentioned below except Schedule B1) | | To be read as if references to—<br>(a) references to the IA 1986 were to these Regulations,<br><br>(b) references to a provision of the IA 1986 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations,<br><br>(c) being wound up were to being in special administration;<br><br>(d) office-holder were to the administrator;<br><br>(e) an insolvency order were to a special administration order. |
| Schedule 1 (version in Schedule 2, paragraph 43) | Powers of administrator | To be read as if paragraph 19 were omitted. |
| Section 234 (version in Schedule 3, paragraph 9) | Getting in the partnership's property | To be read as if the reference in subsection (1) to article 7 of the IPO 1994 were to regulation 10. |
| Schedule 4 (version in Schedule 3, paragraph 10) | Powers of liquidator in a winding up | To be read as if—<br>(a) paragraphs 4 to 10, and paragraph 12, were omitted; |

| | | |
|---|---|---|
| | | (b) in paragraph 13, the reference to winding up the partnership's affairs and distributing its property were to pursuing the special administration objectives. |
| Section 211 (version in Schedule 4, paragraph 25) | False representations to creditors | To be read as if for subsection (1) there were substituted— "(1) This section applies where a special administration order is made in respect of an insolvent partnership." |
| Schedule B1 | | |
| Generally (for those paragraphs mentioned below) | | To be read as if— (a) references to a provision of the IA 1986 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations; (b) references to action included inaction; (c) references to the administrator were to the administrator appointed under regulation 7; (d) references to the court were to the court as defined in regulation 6; (e) references to the creditors' meeting were to have the meaning given by paragraph 50 of Schedule B1 as applied and modified by these Regulations; (f) references to entering administration were to entering special administration; |

| | | (g) references to a hire purchase agreement included a conditional sale agreement, a chattel leasing agreement and a retention of title agreement; |
|---|---|---|
| | | (h) references to an insolvency order were to a special administration order; |
| | | (i) references to an insolvency petition were to an application for a special administration order; |
| | | (j) references to insolvency proceedings were to special administration; |
| | | (k) references to market value were to the amount which would be realised on a sale of property in the open market by a willing vendor; |
| | | (l) references to the purpose of administration were to the pursuit of the special administration objectives; |
| | | (m) references to partnership were to an institution; |
| | | (n) references to the partnership being in administration were to the institution being in special administration; |
| | | (o) references to a responsible insolvency practitioner were to the administrator; |
| | | (p) references to a thing in writing included a thing in electronic form; |
| | | (q) references to being unable to pay debts were to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017). |
| Paragraph 42 (version in Schedule 2, paragraph 17) | Moratorium on insolvency proceedings | To be read as if sub-paragraph (5) (a) were omitted. |
| Paragraph 43 (version in Schedule 2, paragraph 18) | Moratorium on other legal processes | To be read as if sub-paragraph (6) were omitted. |

| | | |
|---|---|---|
| Paragraph 47 (version in Schedule 2, paragraph 19) | Statement of company's affairs | To be read as if in sub-paragraph (2), the statement were also required to include particulars of the relevant funds held by the institution. |
| Paragraph 49 (version in Schedule 2, paragraph 20) | Administrator's proposals | To be read as if — (a) sub-paragraph (2)(b) were omitted; (b) there were no amendment made by paragraph 6(2) of Schedule 2 to the Deregulation Act 2015 and Small Business, Enterprise and Employment Act 2015 (Consequential Amendments) (Savings) Regulations 2017; (c) in sub-paragraph (4), the administrator were also required to send a copy of the statement of proposals to every user or holder of whose claim the administrator is aware and who the administrator has a means of contacting, and to the FCA; (d) the administrator were also required to give notice that the statement of proposals is to be provided free of charge to a payment system operator who applies in writing to a specified address. The application of paragraph 49(1) to (3) is subject to regulation 38(6). |
| Paragraph 61 (version in Schedule 2, paragraph 22) | Directors | |
| Paragraph 65 (version in Schedule 2, paragraph 23) | Distribution to creditors | To be read as if sub-paragraph (3) were omitted. |
| Paragraph 69 (version in Schedule 2 paragraph 24) | Agency | |
| Paragraph 73 (version in Schedule 2 paragraph 25) | Protection for secured or preferential creditors | |
| Paragraph 74 (version in Schedule 2 paragraph 26) | Challenge to administrator's conduct | To be read as if — (a) there were no amendment made by paragraph 6(4) of Schedule 2 to the Deregulation Act 2015 and Small Business, Enterprise and Employment Act 2015 (Consequential Amendments) (Savings) Regulations 2017; |

| | | |
|---|---|---|
| | | (b) the FCA were also empowered to make an application to the court, on the grounds that— |
| | | (i) the administrator is acting or has acted so as unfairly to harm the interests of some or all of the members, creditors or users or holders; |
| | | (ii) the administrator is proposing to act in a way which would unfairly harm the interests of some or all of the members, creditors or users or holders; |
| | | (iii) the administrator has failed to carry out a reconciliation in accordance with regulation 13; |
| | | (c) a user or holder were also empowered to make an application to the court under sub-paragraph (1) or (2); |
| | | (d) any of the following persons were also empowered to make an application on the grounds that the administrator is not taking any action in response to a request from that person under regulation 35(3) and that the person is of the opinion that the action requested would not lead to a material reduction in the value of the property of the institution— |
| | | (i) the Bank of England; |
| | | (ii) the Treasury; |
| | | (iii) the FCA; |
| | | (iv) the Payment Systems Regulator; |
| | | (e) the following persons were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a PPTA in contravention of regulation 32 or 34— |
| | | (i) the Bank of England; |

© 2026 Thomson Reuters.                                                                5

|  |  | (ii) the FCA;<br><br>(f) any person, other than the institution, who is party to an arrangement of a kind referred to in regulation 31(1) were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a relevant transfer in contravention of that regulation;<br><br>(g) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 34—<br><br>(i) sub-paragraphs (3)(a), (d) and (e) and (4) were omitted;<br><br>(ii) the court were also empowered to make an order declaring that the transfer was made in contravention of the regulation concerned;<br><br>(h) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 32 or 33, the court were also empowered to make such order as it thinks fit for restoring the position to what it would have been if the transfer had not been made in contravention of the regulation concerned;<br><br>(i) where the FCA has given a direction under regulation 38 which has not been withdrawn, the court did not have power to make an order if it would impede or prevent compliance with the direction. |
| Paragraph 84 (version in Schedule 2 paragraph 28) | Termination: no more relevant funds for distribution | To be read as if—<br>(a) the administrator were only empowered to file a notice under sub-paragraph (1) if the institution no longer holds relevant funds; |

| | | |
|---|---|---|
| | | (b) in [sub-paragraph (4)] [1] , a copy of the notice were to be sent to every client of the institution of whom the administrator is aware and the FCA. |
| Paragraph 87 (version in Schedule 2 paragraph 29) | Resignation | To be read as if—<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice given in accordance with sub-paragraph (2)(a) must also be given to the applicant;<br><br>(b) sub-paragraphs (2)(b) and (c) were omitted. |
| Paragraph 89 (version in Schedule 2 paragraph 30) | Disqualification | To be read as if—<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice given in accordance with sub-paragraph (2)(a) were also to be given to the applicant;<br><br>(b) sub-paragraphs (2)(b) and (c) were omitted. |
| Paragraph 90 (version in Schedule 2 paragraph 31) | Replacement | To be read as if the reference to paragraphs 91 to 93 and 95 were to paragraph 91. |
| Paragraph 91 (version in Schedule 2 paragraph 32) | Replacement | To be read as if the FCA were added to the list of persons who may make an application to appoint an administrator but to whom the restrictions in sub-paragraph (2) apply. |
| Paragraph 103 (version in Schedule 2 paragraph 38) | Joint administrators | To be read as if—<br>(a) in sub-paragraph (2)(a), the reference to paragraph 12(1)(a) to (c) were to regulation 8(1);<br><br>(b) sub-paragraphs (3) and (4) were omitted. |
| Paragraph 105 (version in Schedule 2 paragraph 39) | Majority decision of directors | |
| Paragraph 106 (version in Schedule 2 paragraph 40) | Fines | To be read as if—<br>(a) sub-paragraph (2)(a), (b), (j) and (k) was omitted. |
| Paragraphs 112 to 116 (version in Schedule 2 paragraph 42) | Scotland | |

## Notes

1        Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.20(4) (January 4, 2024)

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 6*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 7

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**7.**

Article 16 of the IPO 1994 applies to an institution which is formed as a partnership—

(a)  reading article 16 as if the reference to being wound up under the IA 1986 were to entering special administration;

(b)  reading the reference to the provisions of the CDDA 1986 as if it were to—

(i)  sections 1, 1A, 8A to 10, 15C, 19(c) and 20 of that Act as applied and modified by regulation 46, and

(ii)  the versions of sections 5A, 6 to 8ZE, 12C, 13 to 15B and 17 of and Schedule 1 to that Act set out in Schedule 8 to the IPO 1994, reading those versions as if they were modified by regulation 46,

subject to the further general modifications of the provisions mentioned in paragraphs (i) and (ii) in paragraph 8.

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 7*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 8

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**8.**

The general modifications are—

(i)  references to a provision of the IA 1986 which is applied and modified by these Regulations are to be read as is they were to the provision as applied and modified by these Regulations;

(ii)  references to being wound up are to be read as if they were to the partnership being in special administration;

(iii)  references to office-holder are to be read as if they were to the administrator;

(iv)  references to an insolvency order are to be read as if they were to a special administration order.

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 8*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2 How special administration applies to English/Welsh partnerships
# para. 9

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**9.**

Article 18 of and Schedule 10 to the IPO 1994 apply to institutions which are formed as partnerships—

(a)  reading article 18 as if—

(i)  in paragraph (1) from "giving effect" to "this Order" were substituted with "giving effect to the provisions of the IA 1986 and the CDDA 1986 as applied and modified by these Regulations";

(ii)  in paragraph (2) the reference to the IPO 1994 were to these Regulations;

(b)  reading Schedule 10 as if the list of legislation included any special administration insolvency rules and the following legislation were omitted—

The Insolvency Proceedings (Monetary Limits) Order 1986

The Administration of Insolvent Estates of Deceased Persons Order 1986

The Insolvency (Amendment of Subordinate Legislation) Order 1986

The Companies (Disqualification Orders) Regulations 2001

The Co-operation of Insolvency Courts (Designation of Relevant Countries and Territories) Order 1986

The Insolvency Practitioners and Insolvency Services Accounts (Fees) Order 2003

The Insolvency Proceedings (Fees) Order 2004.

---

*Schedule 2 How special administration applies to English/Welsh partnerships > para. 9*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
# para. 1

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**1.**

This Schedule makes provision about how special administration applies to institutions which are formed as partnerships under the law of Northern Ireland.

 ]¹

## Notes

1        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 1*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
# para. 2

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**2.**

In this Schedule *"IPO (NI) 1995"* means the Insolvent Partnerships Order (Northern Ireland) 1995 [2] .
 ] [1]

---

**Notes**

1       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1
        (January 4, 2024)
2       S.R. 1995 No. 225, as amended by S.R. 2006/515.

---

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 2*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 2A How special administration applies to Northern Ireland partnerships
# para. 3

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**3.**

Where an institution is formed as a partnership, then—

    (a)  in these Regulations, and

    (b)  in the CDD(NI)O 2002 as applied and modified by these Regulations,

references to the things in the first column of Table 1 are to be read in accordance with the corresponding modification in the second column.

**Table 1**

| Reference | Modification |
| --- | --- |
| References to companies | To be read as if they were references to partnerships. |
| References to the registrar of companies | To be omitted. |
| References to shares of a company | To be read as if they were—<br>(a) in relation to a partnership with capital, to rights to share in that capital, and<br><br>(b) in relation to a partnership without capital, to interests—<br><br>(i) conferring any right to share in the profits or liability to contribute to the losses of the partnership, or<br><br>(ii) giving rise to an obligation to contribute to the debts or expenses of the partnership in the event of special administration. |
| Other references appropriate to companies | To be read as if they were to the corresponding persons, officers, documents or organs (as the case may be) appropriate to a partnership. |

][1]

## Notes

1    Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 3*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
## para. 4

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**4.**

Table 2 sets out—

    (a)  in the first column, versions of provisions of the I(NI)O 1989 set out in the IPO (NI) 1995 ("IPO (NI) 1995 version"),

    (b)  in the second column, the subject of each of those versions, and

    (c)  in the third column, modifications to those versions.

] [1]

## Notes

1      Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 4*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
# para. 5

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**5.**

Each IPO (NI) 1995 version in the first column of Table 2 applies to an institution which is formed as a partnership with any corresponding modification in the third column.

 ]$^1$

---

**Notes**

1       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

---

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 5*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 2A How special administration applies to Northern Ireland partnerships
## para. 6

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**6.**

Where there is an entry for an IPO (NI) 1995 version in Table 2, that version of the provision of the I(NI)O 1989 applies, as modified by Table 2, to an institution which is formed as a partnership, and the entry relating to that provision of the I(NI)O 1989 in the table in regulation 37A is to be disregarded.

**Table 2**

| Provision (IPO (NI) 1995 version) | Subject | Modifications |
|---|---|---|
| Provisions except Schedule B1 | | |
| Generally (for those provisions mentioned below except Schedule B1) | | To be read as if references to—<br>(a) references to the I(NI)O 1989 were to these Regulations,<br><br>(b) references to a provision of the I(NI)O 1989 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations,<br><br>(c) being wound up were to being in special administration;<br><br>(d) office-holder were to the administrator;<br><br>(e) an insolvency order were to a special administration order. |
| Schedule 1 (version in Schedule 2, paragraph 57) | Powers of administrator | To be read as if paragraph 20 were omitted. |
| Article 198 (version in Schedule 3, paragraph 9) | Getting in the partnership property | To be read as if the reference in paragraph (1) to Article 7 of the IPO (NI) 1995 were to regulation 10. |
| Schedule 2 (version in Schedule 3, paragraph 10) | Powers of liquidator in a winding-up | To be read as if— |

| | | |
|---|---|---|
| | | (a) paragraphs 4 to 11, and paragraph 13, were omitted;<br><br>(b) in paragraph 14, the reference to winding up the partnership's affairs and distributing its property were to pursuing the special administration objectives. |
| Article 175 (version in Schedule 4, paragraph 25) | False representations to creditors | To be read as if for paragraph (1) there were substituted—<br><br>(1) This Article applies where a special administration order is made in respect of an insolvent partnership.". |
| Schedule B1 | | |
| Generally (for those paragraphs mentioned below) | | To be read as if—<br>(a) references to a provision of the I(NI)O 1989 which is applied and modified by these Regulations were to the provision as applied and modified by these Regulations;<br><br>(b) references to action included inaction;<br><br>(c) references to the administrator were to the administrator appointed under regulation 7;<br><br>(d) references to the court were to the court as defined in regulation 6;<br><br>(e) references to the creditors' meeting were to have the meaning given by paragraph 51 of Schedule B1 as applied and modified by these Regulations;<br><br>(f) references to entering administration were to entering special administration; |

| | | (g) references to a hire purchase agreement included a conditional sale agreement, a chattel leasing agreement and a retention of title agreement; |
| --- | --- | --- |
| | | (h) references to an insolvency order were to a special administration order; |
| | | (i) references to an insolvency petition were to an application for a special administration order; |
| | | (j) references to insolvency proceedings were to special administration; |
| | | (k) references to market value were to the amount which would be realised on a sale of property in the open market by a willing vendor; |
| | | (l) references to the purpose of administration were to the pursuit of the special administration objectives; |
| | | (m) references to a partnership were to an institution; |
| | | (n) references to the partnership being in administration were to the institution being in special administration; |
| | | (o) references to a responsible insolvency practitioner were to the administrator; |
| | | (p) references to a thing in writing included a thing in electronic form; |
| | | (q) references to being unable to pay debts were to be read in accordance with section 93(4) of the BA 2009 (as applied and modified by the EMR 2011 and the PSR 2017). |
| Paragraph 43 (version in Schedule 2, paragraph 22) | Moratorium on insolvency proceedings | To be read as if sub-paragraph (5)(a) were omitted. |
| Paragraph 44 (version in Schedule 2, paragraph 23) | Moratorium on other legal processes | |

| | | |
|---|---|---|
| Paragraph 48 (version in Schedule, paragraph 26) | Statement of company's affairs | To be read as if in sub-paragraph (2), the statement were also required to include particulars of the relevant funds held by the institution. |
| Paragraph 50 (version in Schedule 2, paragraph 27) | Administrator's proposals | To be read as if—<br>(a) sub-paragraph (2)(b) were omitted;<br><br>(b) in sub-paragraph (4), the administrator were also required to send a copy of the statement of proposals to every user or holder of whose claim the administrator is aware and who the administrator has a means of contacting, and to the FCA;<br><br>(c) the administrator were also required to give notice that the statement of proposals is to be provided free of charge to a payment system operator who applies in writing to a specified address.<br><br>The application of paragraph 50(1) to (3) is subject to regulation 38(6)(b). |
| Paragraph 62 (version in Schedule 2, paragraph 30) | Directors | |
| Paragraph 66 (version in Schedule 2, paragraph 31) | Distribution to creditors | To be read as if sub-paragraph (3) were omitted. |
| Paragraph 70 (version in Schedule 2, paragraph 32) | Agency | |
| Paragraph 74 (version in Schedule 2, paragraph 35) | Protection for secured or preferential creditors | |
| Paragraph 75 (version in Schedule 2, paragraph 36) | Challenge to administrator's conduct | To be read as if—<br>(a) the FCA were also empowered to make an application to the court, on the grounds that—<br><br>(i) the administrator is acting or has acted so as unfairly to harm the interests of some or all of the members, creditors or users or holders;<br><br>(ii) the administrator is proposing to act in a way which would unfairly harm the interests of some or all of the members, creditors or users or holders; |

(iii) the administrator has failed to carry out a reconciliation in accordance with regulation 13;

(b) a user or holder were also empowered to make an application to the court under sub-paragraph (1) or (2);

(c) any of the following persons were also empowered to make an application on the grounds that the administrator is not taking any action in response to a request from that person under regulation 35(3) and that the person is of the opinion that the action requested would not lead to a material reduction in the value of the property of the institution—

(i) the Bank of England;

(ii) the Treasury;

(iii) the FCA;

(iv) the Payment Systems Regulator;

(d) the following persons were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a PPTA in contravention of regulation 32 or 34—

(i) the Bank of England;

(ii) the FCA;

(e) any person, other than the institution, who is party to an arrangement of a kind referred to in regulation 31(1).

were also empowered to make an application on the grounds that the administrator has made, or proposes to make, a relevant transfer in contravention of that regulation;

(f) where an application is made on the grounds that the administrator has made a relevant

| | | transfer in contravention of regulation 34— |
| --- | --- | --- |
| | | (i) sub-paragraphs (3)(a), (d) and (e) and (4) were omitted; |
| | | (ii) the court were also empowered to make an order declaring that the transfer was made in contravention of the regulation concerned; |
| | | (g) where an application is made on the grounds that the administrator has made a relevant transfer in contravention of regulation 32 or 33, the court were also empowered to make such order as it thinks fit for restoring the position to what it would have been if the transfer had not been made in contravention of the regulation concerned; |
| | | (h) where the FCA has given a direction under regulation 38, which has not been withdrawn, the court did not have power to make an order if it would impede or prevent compliance with the direction. |
| Paragraph 85 (version in Schedule 2, paragraph 40) | Termination: no more relevant funds for distribution | To be read as if—<br>(a) the administrator were only empowered to file a notice under sub-paragraph (1) if the institution no longer holds relevant funds;<br><br>(b) in sub-paragraph (4), a copy of the notice were to be sent to every client of the institution of whom the administrator is aware and the FCA. |
| Paragraph 88 (version in Schedule 2, paragraph 41) | Resignation | To be read as if—<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice given in accordance with sub-paragraph (2)(a) must also be given to the applicant;<br><br>(b) sub-paragraph (2)(b) were omitted. |

| Paragraph 90 (version in Schedule 2, paragraph 42) | Disqualification | To be read as if—<br>(a) where the administrator was appointed by the court on the application of the FCA or the Secretary of State, the notice given in accordance with sub-paragraph (2)(a) were also to be given to the applicant;<br><br>(b) sub-paragraph (2)(b) were omitted. |
|---|---|---|
| Paragraph 91 (version in Schedule 2, paragraph 43) | Replacement | To be read as if the reference to paragraphs 92, 94 and 96 were to paragraph 92. |
| Paragraph 92 (version in Schedule 2, paragraph 44) | Replacement | To be read as if the FCA were added to the list of persons who may make an application to appoint an administrator but to whom the restrictions in sub-paragraph (2) apply. |
| Paragraph 104 (version in Schedule 2, paragraph 54) | Joint administrators | To be read as if—<br>(a) in sub-paragraph (2)(a), the reference to paragraph 13(1)(a) to (c) were to regulation 8(1);<br><br>(b) sub-paragraph (3) were omitted. |
| Paragraph 106 (version in Schedule 2, paragraph 55) | Majority decision of directors | |
| Paragraph 107 (version in Schedule 2, paragraph 56) | Fines | To be read as if sub-paragraph (2) (a), (i) and (j) was omitted. |

]¹

---

## Notes

1        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

---

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 6*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
## para. 7

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**7.**

Article 16 of the IPO (NI) 1995 applies to an institution which is formed as a partnership—

(a)  reading Article 16 as if the reference to being wound up under the I(NI)O 1989 were to entering special administration;

(b)  reading the reference to the provisions of the CDD(NI)O 2002 as if it were a reference to—

(i)  Articles 3, 4, 12 to 14, 19C and 23 of that Order as applied and modified by regulation 46A, and

(ii)  the versions of Articles 9 to 11, 18 to 19 and 21 of and Schedule 1 to that Order set out in Schedule 8 to the IPO (NI) 1995, reading those versions as if they were modified by regulation 46A,

subject to the further general modifications of the provisions mentioned in sub-paragraphs (a) and (b) in paragraph 8.
 ]¹

---

### Notes

1        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

---

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 7*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
# para. 8

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**8.**

The general modifications are—

(a)  references to a provision of the I(NI)O 1989 which is applied and modified by these Regulations are to be read as if they were to the provision as applied and modified by these Regulations;

(b)  references to being wound up are to be read as if they were to the partnership being in special administration;

(c)  references to office-holder are to be read as if they were to the administrator;

(d)  references to an insolvency order are to be read as if they were to a special administration order.

] [1]

---

## Notes

1        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)

---

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 8*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 2A How special administration applies to Northern Ireland partnerships
# para. 9

 **Law In Force**

**Version 1 of 1**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**9.**

Article 18 of and Schedule 10 to the IPO (NI) 1995 apply to institutions which are formed as partnerships—

(a)  reading Article 18 as if—

(i)  in paragraph (1) from "giving effect" to "this Order" were substituted with "giving effect to the provisions of the I(NI)O 1989 and the CDD(NI)O 2002 as applied and modified by these Regulations";

(ii)  in paragraph (2) the reference to the IPO (NI) 1995 were to these Regulations;

(b)  reading Schedule 10 as if the list of legislation included any special administration insolvency rules and the following legislation were omitted—

The Insolvency (Monetary Limits) Order (Northern Ireland) 1991 [2]

The Administration of Insolvent Estates of Deceased Persons Order (Northern Ireland) 1991 [3]

The Companies (Disqualification Orders) Regulations (Northern Ireland) 2003 [4]

The Insolvency Practitioners and Insolvency Account (Fees) Order (Northern Ireland) 2006 [5]

The Insolvency (Fees) Order (Northern Ireland) 2006 [6]

The Insolvency (Deposits) Order (Northern Ireland) 2006 [7] .

] [1]

## Notes

1       Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 Sch.2 para.1 (January 4, 2024)
2       S.R. 1991 No. 386.

# **Notes**

3       S.R. 1991 No. 365 as amended by S.R. 2003 No. 103.
4       S.R. 2003 No. 347.
5       S.R. 2006 No. 53.
6       S.R. 2006 No. 54.
7       S.R. 2006 No. 55

*Schedule 2A How special administration applies to Northern Ireland partnerships > para. 9*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 3 Further provision about how other legislation applies to companies in special administration
# para. 1 Introduction

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

### 1. Introduction

This Schedule makes further provision about how certain other legislation applies to companies entering or being in special administration.

*Schedule 3 Further provision about how other legislation applies*
*to companies in special administration > para. 1 Introduction*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 3 Further provision about how other legislation applies to companies in special administration
# para. 2 General modifications

 **Law In Force**

**Version 3 of 3**

6 April 2025 - Present

**Subjects**
Banking and finance; Insolvency

**2. General modifications**

The following legislation applies with the modifications in paragraph 3.

Primary Legislation

Taxes Management Act 1970

[Land Registration Act (Northern Ireland) 1970] [1]

Prescription and Limitation (Scotland) Act 1973

[Judgments Enforcement (Northern Ireland) Order 1981 [3] ] [2]

Companies Act 1985

Finance Act 1986

Debtors (Scotland) Act 1987

Companies Act 1989

[Companies (No. 2) (Northern Ireland) Order 1990 [5] ] [4]

Taxation of Chargeable Gains Act 1992

Pension Schemes Act 1993

[Pension Schemes (Northern Ireland) Act 1993] [6]

Pensions Act 1995

[Pensions (Northern Ireland) Order 1995 [8] ] [7]

Proceeds of Crime (Scotland) Act 1995

Employment Rights Act 1996

[Employment Rights (Northern Ireland) Order 1996 [10] ] [9]

Terrorism Act 2000

Finance Act 2000

International Criminal Court Act 2001

International Criminal Court (Scotland) Act 2001

Proceeds of Crime Act 2002

Debt Arrangement and Attachment (Scotland) Act 2002

Finance Act 2003

Pensions Act 2004

[Pensions (Northern Ireland) Order 2005 [12] ] [11]

Companies Act 2006 (except section 1078 does not apply)

Bankruptcy and Diligence (Scotland) Act 2007

Finance Act 2008

Dormant Bank and Building Society Accounts Act 2008

Corporation Tax Act 2009

Corporation Tax Act 2010

Taxation (International and other Provisions) Act 2010

Secondary Legislation

Statutory Maternity Pay (General) Regulations 1986

[Statutory Maternity Pay (General) (Northern Ireland) Regulations 1987 [14] ] [13]

Insolvent Companies (Disqualification of Unfit Directors) Proceedings Rules 1987

Financial Markets and Insolvency Regulations 1991

[Financial Markets and Insolvency Regulations (Northern Ireland) 1991 [16]

Land Registration Rules (Northern Ireland) 1994 [17] ] [15]

Insolvency Regulations 1994

[Insolvency Regulations (Northern Ireland) 1996 [19] ] [18]

[...] [20]

Insolvent Companies (Reports on Conduct of Directors) Rules 1996

Financial Markets and Insolvency Regulations 1996

[Financial Markets and Insolvency Regulations (Northern Ireland) 1996 [22] ] [21]

Individual Savings Account Regulations 1998

Corporation Tax (Simplified Arrangements for Group Relief) Regulations 1999

Financial Markets and Insolvency (Settlement Finality) Regulations 1999

Statutory Paternity Pay and Statutory Adoption Pay (General) Regulations 2002

[Statutory Paternity Pay and Statutory Adoption Pay (General) Regulations (Northern Ireland) 2002 [24] ] [23]

Financial Collateral Arrangements (No 2) Regulations 2003

[Insolvent Companies (Reports on Conduct of Directors) Rules (Northern Ireland) 2003 [26]

Insolvent Companies (Disqualification of Unfit Directors) Proceedings Rules (Northern Ireland) 2003 [27] ] [25]

Insolvency Practitioners Regulations 2005

Pension Protection Fund (Entry Rules) Regulations 2005

[Pension Protection Fund (Entry Rules) Regulations (Northern Ireland) 2005 [29] ] [28]

Gender Recognition (Disclosure of Information) (England, Wales and Northern Ireland) (No 2) Order 2005

Gender Recognition (Disclosure of Information) (Scotland) Order 2005

Financial Assistance Scheme Regulations 2005

[Insolvency Practitioners Regulations (Northern Ireland) 2006 [31] ] [30]

Land Registration (Scotland) Rules 2006

Companies (Cross-Border Mergers) Regulations 2007

Regulated Covered Bonds Regulations 2008

Company, Limited Liability Partnership and Business (Names and Trading Disclosures) Regulations 2015

Land Registration (Network Access) Rules 2008

Limited Liability Partnerships (Accounts and Audit) (Application of Companies Act 2006) Regulations 2008

[...] [32]

Companies (Disclosure of Address) Regulations 2009

Additional Statutory Paternity Pay (General) Regulations 2010

[Additional Statutory Paternity Pay (General) Regulations (Northern Ireland) 2010 [34]

Registrar of Companies (Fees) Companies, Overseas Companies and Limited Liability Partnerships) Regulations 2012] [33]

Statutory Parental Bereavement Pay (General) Regulations 2020

[Statutory Parental Bereavement Pay (General) Regulations (Northern Ireland) 2023 [36] ] [35]

[Statutory Neonatal Care Pay (General) Regulations 2025] [37]

## Notes

1        Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(a) (January 4, 2024)
2        Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(b) (January 4, 2024)
3        S.I. 1981/226 (N.I. 6)
4        Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(c) (January 4, 2024)
5        S.I. 1990/1504 (N.I. 10).
6        Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(d) (January 4, 2024)
7        Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(e) (January 4, 2024)
8        S.I. 1995/3213 (N.I. 22).

**Notes**

9      Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(f) (January 4, 2024)

10     S.I. 1996/1919 (N.I. 16).

11     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(2)(g) (January 4, 2024)

12     S.I. 2005/255 (N.I. 1).

13     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(a) (January 4, 2024)

14     S.R. 1987 No. 30.

15     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(b) (January 4, 2024)

16     S.R. 1991 No. 443.

17     S.R. 1994 No. 424, amended by S.R. 2011 No. 141.

18     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(d) (January 4, 2024)

19     S.R. 1996, No 574.

20     Entry revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(c) (January 4, 2024)

21     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(e) (January 4, 2024)

22     S.R. 1996 No. 252.

23     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(f) (January 4, 2024)

24     S.R. 2002 No. 378.

25     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(g) (January 4, 2024)

26     S.R. 2003 No. 357.

27     S.R. 2003 No. 358.

28     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(h) (January 4, 2024)

29     S.R. 2005 No. 126.

30     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(i) (January 4, 2024)

31     S.R. 2006 No. 33.

32     Entry revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(j) (January 4, 2024)

33     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(k) (January 4, 2024)

34     S.R. 2010 No. 300.

35     Entry inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(3)(l) (January 4, 2024)

36     S.R. 2023 No. 57.

37     Entry inserted by Neonatal Care Leave and Pay (Consequential Amendments to Subordinate Legislation) Regulations 2025/201 reg.28(2) (April 6, 2025)

*Schedule 3 Further provision about how other legislation applies to*
*companies in special administration > para. 2 General modifications*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 3 Further provision about how other legislation applies to companies in special administration
## para. 3

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**3.**

References to—

(a)  a Schedule B1 administrator are to be read as if they were to an administrator appointed under regulation 7;

(b)  Schedule B1 administration or insolvent administration are to be read as if they were to special administration;

(c)  a Schedule B1 administration order are to be read as if they were to a special administration order;

(d)  insolvency legislation, the general law of insolvency, the enactments relating to insolvency and similar expressions are to be read as if they were to special administration and the provisions of the IA 1986[ or the I(NI)O 1989] [1] as applied and modified by these Regulations;

(e)  becoming insolvent and an insolvency event occurring are to be read as if they were to being put into special administration;

(f)  insolvency proceedings or an insolvency procedure are to be read as if they were to special administration;

(g)  winding up, being wound up, wound up by the court, going into liquidation and compulsory liquidation are to be read as if they were to being put into special administration;

(h) a winding-up order are to be read as including a special administration order (and, in this context, references to a liquidator are to be read as if they were to an administrator);

(i)  a person acting as an insolvency practitioner within the meaning of section 388 of the IA 1986[ or Article 3 of the I(NI)O 1989] [2] are to be read as if they were to a person acting as an administrator under these Regulations;

(j)  the provisions of the IA 1986[ and the I(NI)O 1989] [3] are to be read as if they were to those provisions as applied and modified by these Regulations; and

(k)  the provisions of—[

(ai)  the Insolvency Rules (Northern Ireland) 1991 [5] ;

] [4]

(i)  the Insolvency (England and Wales) Rules 2016,

© 2026 Thomson Reuters.

    (ii)  the Insolvency (Scotland) (Company Voluntary Arrangements and Administration) Rules 2018, and

    (iii)  the Insolvency (Scotland) (Receivership and Winding up) Rules 2018,

are to be read as if they were to the provisions of special administration insolvency rules;

(l)  insolvency or liquidation within the meaning of section 247 of the IA 1986[ or Article 6 of the I(NI)O 1989] [6] are to be read as if they were to special administration;

(m)  the purposes of the IA 1986[ or the I(NI)O 1989] [7] are to be read as if they were to the purposes of these Regulations.

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(4)(a) (January 4, 2024)
2        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(4)(b) (January 4, 2024)
3        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(4)(c) (January 4, 2024)
4        Added by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(4)(d) (January 4, 2024)
5        S.R. 1991 No 364.
6        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(4)(e) (January 4, 2024)
7        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(4)(f) (January 4, 2024)

*Schedule 3 Further provision about how other legislation applies to companies in special administration > para. 3*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 3 Further provision about how other legislation applies to companies in special administration
# para. 4 Pensions Act 2004 and the Pensions (Northern Ireland) Order 2005

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**4. Pensions Act 2004[ and the Pensions (Northern Ireland) Order 2005]** [1]

[

(1)  In the Pensions Act 2004, in section 121(3)(d), the reference to entering administration within the meaning of paragraph 1(2)(b) of Schedule B1 to the IA 1986 is to be read as if it were to entering special administration.

(2)  In the Pensions (Northern Ireland) Order 2005, in Article 105(3)(d), the reference to entering administration within the meaning of paragraph 2(2)(b) of Schedule B1 to the I(NI)O 1989 is to be read as if it were to entering special administration.

] [2]

## Notes

1       Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(5) (January 4, 2024)
2       Existing Sch.3 para.4 renumbered as Sch.3 para.4(1) and Sch.3 para.4(2) inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(6) (January 4, 2024)

*Schedule 3 Further provision about how other legislation applies to companies in special administration > para. 4 Pensions Act 2004 and the Pensions (Northern Ireland) Order 2005*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 3 Further provision about how other legislation applies to companies in special administration
# para. 5 CA 2006

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

**5. CA 2006**

In the CA 2006—

(a)  in section 461—

   (i)  subsection (4)(c) is to be read as if it included these Regulations in the list of enactments in that subsection;

   (ii)  subsection (4)(g) is to be read as if it included these Regulations in the list of enactments in that subsection;

(b)  in Part 35, references to the IA 1986[ and to the I(NI)O 1989][1] are to be read as if they included [that legislation][2] as applied and modified by these Regulations;

(c)  sections 1139 and 1140 are, where an application is made to the court for—

   (i)  a special administration order, [...][3]

[...][4] to be read as if they were subject to the provisions for service set out in special administration insolvency rules;

(d)  in Schedule 2, in Part 2, under heading A—

   (i)  paragraph 13 is to be read as if it included these Regulations in the list of enactments in that paragraph, and

   (ii)  paragraph 37 is to be read as if it included these Regulations in the list of enactments in that paragraph;

(e)  in Schedule 11A, in Part 2—

   (i)  paragraph 30 is to be read as if it included these Regulations in the list of enactments in that paragraph, and

   (ii)  paragraph 52 is to be read so as to include these Regulations in the list of enactments in that paragraph.

## Notes

1        Words inserted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(7)(a)(i) (January 4, 2024)

**Notes**

2        Words substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(7)(a)(ii) (January 4, 2024)
3        Word revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(7)(b)(i) (January 4, 2024)
4        Revoked by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(7)(b)(ii) (January 4, 2024)

*Schedule 3 Further provision about how other legislation applies*
*to companies in special administration > para. 5 CA 2006*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 3 Further provision about how other legislation applies to companies in special administration
# para. 6 Land Registration Rules

 **Law In Force**

**Version 2 of 2**

4 January 2024 - Present

**Subjects**
Banking and finance; Insolvency

[

**6.— Land Registration Rules**

The following provisions are to be read as if the reference to administration were to special administration—

   (a)  rule 166(1) of the Land Registration Rules (Northern Ireland) 1994, and

   (b)  rule 184(1) of the Land Registration Rules 2003.

] [1]

---

## Notes

1     Substituted by Payment and Electronic Money Institution Insolvency (Amendment) Regulations 2023/1399 reg.21(8) (January 4, 2024)

---

*Schedule 3 Further provision about how other legislation applies to*
*companies in special administration > para. 6 Land Registration Rules*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 Consequential amendments
# para. 1 The Companies Act 1985

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**1. The Companies Act 1985**

In the Companies Act 1985, in Schedule 15D, after paragraph 9(g) insert—

"(h)  the Payment and Electronic Money Institution Insolvency Regulations 2021..";

*Schedule 4 Consequential amendments > Part 1 Primary legislation > para. 1 The Companies Act 1985*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 Consequential amendments
# para. 2 The Finance Act 1986

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**2.— The Finance Act 1986**

(1)  The Finance Act 1986 [1] is amended as follows.

(2)  In section 80D, in subsection (9), omit the "or" at the end of paragraph (ha) and after that paragraph insert—

"(hb)  if a special administration order takes effect under the Payment and Electronic Money Institution Insolvency Regulations 2021, or".

(3)  In section 89AB, in subsection (9), omit the "or" at the end of paragraph (ha) and after that paragraph insert—

"(hb)  if a special administration order takes effect under the Payment and Electronic Money Institution Insolvency Regulations 2021, or".

## Notes

1    In section 80D(9), paragraph (ha) was inserted by S.I. 2011/245. In section 89AB(9), paragraph (ha) was inserted by S.I. 2011/245.

*Schedule 4 Consequential amendments > Part 1 Primary legislation > para. 2 The Finance Act 1986*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 Consequential amendments
# para. 3 The Third Parties (Rights against Insurers) Act 2010

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**3. The Third Parties (Rights against Insurers) Act 2010**

In the Third Parties (Rights against Insurers) Act 2010 [1] , in Schedule A1, in the List of Enactments, under the heading "Financial Services", at the appropriate place insert—

"Payment and Electronic Money Institution Insolvency Regulations 2021 (S.I. 2021/716)"

---

## Notes

1        Schedule A1 was inserted by S.I. 2016/570.

---

*Schedule 4 Consequential amendments > Part 1 Primary legislation*
*> para. 3 The Third Parties (Rights against Insurers) Act 2010*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# Schedule 4 Consequential amendments
# para. 4 The EMR 2011

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**4.— The EMR 2011**

(1)  The EMR 2011 are amended as follows.

(2)  In regulation 22, in paragraph (3)—

(a)  at the appropriate places insert —

> *""electronic money institution special administration"* has the same meaning as in the Payment and Electronic Money Institution Insolvency Regulations 2021 (see regulation 4(3));"

> *""investment bank special administration"* has the same meaning as in the Investment Bank Special Administration Regulations 2011 (see regulation 3(1) of those Regulations)."

(b)  in the definition of "insolvency event", omit the "or" at the end of paragraph (k) and after paragraph (l) insert—

> ";

> (m)  the entry of the institution into payment institution special administration; or

> (n)  the entry of the institution into investment bank special administration.".

(3)  In regulation 24—

(a)  in the heading, at the end insert "(except electronic money institution special administration)";

(b)  in paragraph (1) after "insolvency event" insert "(except electronic money institution special administration)".

*Schedule 4 Consequential amendments > Part 2 Secondary legislation > para. 4 The EMR 2011*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 Consequential amendments
# para. 5 The IBSAR 2011

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**5.— The IBSAR 2011**

(1)  The IBSAR 2011 are amended as follows.

(2)  In regulation 8—

(a)  after paragraph (1) insert—

"(1A)  An application for an order under regulation 8 of the Payment and Electronic Money Institution Insolvency Regulations 2021 in respect of an investment bank may not be made unless the conditions in paragraph (5) are satisfied.";

(b)  in paragraph (8), in the definition of "preliminary steps taken in respect of an insolvency procedure", after paragraph (a) insert—

"(aa)  an application for an order under regulation 8 of the Payment and Electronic Money Institution Insolvency Regulations 2021 has been made;".

(3)  In regulation 22(1)—

(a)  for "or" substitute a comma;

(b)  after "administration order" insert "or an order under regulation 8 of the Payment and Electronic Money Institution Insolvency Regulations 2021".

*Schedule 4 Consequential amendments > Part 2 Secondary legislation > para. 5 The IBSAR 2011*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 Consequential amendments
# para. 6 The PSR 2017

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

**6.— The PSR 2017**

(1)  Regulation 23 of the PSR 2017 is amended as follows.

(2)  In paragraph (14) after "insolvency event" insert "(except payment institution special administration)".

(3)  In paragraph (18)—

(a)  in the definition of "insolvency event" omit the "or" at the end of paragraph (i) and after paragraph (j) insert—

";

(k)  the entry of the institution into payment institution special administration; or;

(l)  the entry of the institution into investment bank special administration.";

(b)  at the appropriate places insert—

*""investment bank special administration"*  has the same meaning as in the Investment Bank Special Administration Regulations 2011 (see regulation 3(1) of those Regulations);"

*""payment institution special administration"*  has the same meaning as in the Payment and Electronic Money Institution Insolvency Regulations 2021 (see regulation 4(3));"

© 2026 Thomson Reuters.

*Schedule 4 Consequential amendments > Part 2 Secondary legislation > para. 6 The PSR 2017*

Contains public sector information licensed under the Open Government Licence v3.0.

# para. 1

 **Law In Force**

**Version 1 of 1**

8 July 2021 - Present

**Subjects**
Banking and finance; Insolvency

These Regulations establish a new insolvency procedure to be known as payment institution special administration or electronic money institution special administration (as the case may be) to operate as an alternative to the liquidation or administration of those institutions under the Insolvency Act 1986 (c. 45) (see regulations 7 to 47 and Schedules 1 to 4).

The main features of special administration are that—

(a)  an administrator is appointed, and the institution enters special administration, by court order (see regulations 7 to 10),

(b)  special administration objectives and procedures apply (see regulations 12 to 35),

(c)  specific provision is made about how those procedures apply to small institutions (see regulation 12(10)),

(d)  the administrator is to pursue the special administration objectives in accordance with the statement of proposals (see paragraph 49 of Schedule B1 of the Insolvency Act 1986 as applied and modified by regulation 37), and

(e)  in other respects the procedure is the same as for administration under Schedule B1 to the Insolvency Act 1986, subject to modifications and the inclusion of certain liquidation provisions of that Act (see regulation 37 and Schedules 1 and 2).

These Regulations also apply with modifications Part 24 of Financial Services and Markets Act 2000 (c. 8) (which makes provision about insolvency) to payment institutions and electronic money institutions except in respect of special administration (see regulation 48).

These Regulations also correct a defect relating to the United Kingdom's withdrawal from the European Union and bank recovery and resolution in the Bank Recovery and Resolution (Amendment) (EU Exit) Regulations 2020 (S.I. 2020/1350) (see regulation 49).

A de minimis impact assessment of the effect these Regulations will have on business and the voluntary sector is available from HM Treasury, 1 Horse Guards Road, London SW1A 2HQ or on www.gov.uk and is published alongside these Regulations on www.legislation.gov.uk.

*EXPLANATORY NOTE > para. 1*

Contains public sector information licensed under the Open Government Licence v3.0.

**Exhibit C**

# Insolvency Act 1986 c. 45
## s. 74 Liability as contributories of present and

 **Law In Force**

**Version 2 of 2**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Companies; Contributories; Liabilities; Shareholders; Winding-up

**74.— Liability as contributories of present and past members.**

(1)  When a company is wound up, every present and past member is liable to contribute to its assets to any amount sufficient for payment of its debts and liabilities, and the expenses of the winding up, and for the adjustment of the rights of the contributories among themselves.

(2)  This is subject as follows—

(a)  a past member is not liable to contribute if he has ceased to be a member for one year or more before the commencement of the winding up;

(b)  a past member is not liable to contribute in respect of any debt or liability of the company contracted after he ceased to be a member;

(c)  a past member is not liable to contribute, unless it appears to the court that the existing members are unable to satisfy the contributions required to be made by them [...] [1]  ;

(d)  in the case of a company limited by shares, no contribution is required from any member exceeding the amount (if any) unpaid on the shares in respect of which he is liable as a present or past member;

(e)  nothing in [the Companies Acts] [2]  or this Act invalidates any provision contained in a policy of insurance or other contract whereby the liability of individual members on the policy or contract is restricted, or whereby the funds of the company are alone made liable in respect of the policy or contract;

(f)  a sum due to any member of the company (in his character of a member) by way of dividends, profits or otherwise is not deemed to be a debt of the company, payable to that member in a case of competition between himself and any other creditor not a member of the company, but any such sum may be taken into account for the purpose of the final adjustment of the rights of the contributories among themselves.

(3)  In the case of a company limited by guarantee, no contribution is required from any member exceeding the amount undertaken to be contributed by him to the company's assets in the event of its being wound up; but if it is a company with a share capital, every member of it is liable (in addition to the amount so undertaken to be contributed to the assets), to contribute to the extent of any sums unpaid on shares held by him.

---

**Notes**

1      Words repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(3)(a) (October 1, 2009: repeal has effect subject to transitional provisions specified in SI 2009/1941 art.8)

2      Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(3)(b) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS >*
*Chapter I PRELIMINARY > Contributories > s. 74 Liability as contributories of present and*

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 76 Liability of past directors and shareholders.

 **Law In Force**

**Version 3 of 3**

12 May 2011 - Present

**Subjects**
Insolvency

**Keywords**
Directors; Liabilities; Purchase of own shares; Shareholders; Winding-up

**76.— Liability of past directors and shareholders.**

(1)  This section applies where a company is being wound up and—

(a)  it has under [Chapter 5 of Part 18 of the Companies Act 2006 (acquisition by limited company of its own shares: redemption or purchase by private company out of capital)] [1] made a payment out of capital in respect of the redemption or purchase of any of its own shares (the payment being referred to below as *"the relevant payment"* ), and

(b)  the aggregate amount of the company's assets and the amounts paid by way of contribution to its assets (apart from this section) is not sufficient for payment of its debts and liabilities, and the expenses of the winding up.

(2)  If the winding up commenced within one year of the date on which the relevant payment was made, then—

(a)  the person from whom the shares were redeemed or purchased, and

(b)  the directors who signed the [statement] [2] made in accordance with [section 714(1) to (3) of the Companies Act 2006] [3] for purposes of the redemption or purchase (except a director who shows that he had reasonable grounds for forming the opinion set out in the [statement] [4] ),

 are, so as to enable that insufficiency to be met, liable to contribute to the following extent to the company's assets.

(3)  A person from whom any of the shares were redeemed or purchased is liable to contribute an amount not exceeding so much of the relevant payment as was made by the company in respect of his shares; and the directors are jointly and severally liable with that person to contribute that amount.

(4)  A person who has contributed any amount to the assets in pursuance of this section may apply to the court for an order directing any other person jointly and severally liable in respect of that amount to pay him such amount as the court thinks just and equitable.

(5)  [Section 74 does not apply] [5] in relation to liability accruing by virtue of this section.

[...] [6]

**Insolvency Act 1986 c. 45**

---

**Notes**

1        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(5)(a) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
2        Words substituted by Companies Act 2006 (Consequential Amendments and Transitional Provisions) Order 2011/1265 art.6(3) (May 12, 2011)
3        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(5)(b) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
4        Word substituted by Companies Act 2006 (Consequential Amendments and Transitional Provisions) Order 2011/1265 art.6(3) (May 12, 2011)
5        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(5)(c) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
6        Repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(5)(d) (October 1, 2009: repeal has effect subject to transitional provisions specified in SI 2009/1941 art.8)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS >*
*Chapter I PRELIMINARY > Contributories > s. 76 Liability of past directors and shareholders.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 77 Limited company formerly unlimited.

 **Law In Force**

**Version 2 of 2**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Liabilities; Re-registration; Shareholders; Unlimited companies; Winding-up

**77.— Limited company formerly unlimited.**

(1)   This section applies in the case of a company being wound up which was at some former time registered as unlimited but has [re-registered as a limited company.] [1] [...] [1]

(2)   Notwithstanding section 74(2)(a) above, a past member of the company who was a member of it at the time of re-registration, if the winding up commences within the period of 3 years beginning with the day on which the company was re-registered, is liable to contribute to the assets of the company in respect of debts and liabilities contracted before that time.

(3)   If no persons who were members of the company at that time are existing members of it, a person who at that time was a present or past member is liable to contribute as above notwithstanding that the existing members have satisfied the contributions required to be made by them [...] [2] .  This applies subject to section 74(2)(a) above and to subsection (2) of this section, but notwithstanding section 74(2)(c).

(4)  Notwithstanding section 74(2)(d) and (3), there is no limit on the amount which a person who, at that time, was a past or present member of the company is liable to contribute as above.

## Notes

1          Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(6)(a) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)

2          Words repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(6)(b) (October 1, 2009: repeal has effect subject to transitional provisions specified in SI 2009/1941 art.8)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter I PRELIMINARY > Contributories > s. 77 Limited company formerly unlimited.*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 78 Unlimited company formerly limited.

 **Law In Force**

**Version 2 of 2**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Companies; Liabilities; Re-registration; Shareholders; Unlimited companies; Winding-up

**78.— Unlimited company formerly limited.**

(1)   This section applies in the case of a company being wound up which was at some former time registered as limited but has been re-registered as unlimited [...] [1] .

(2)  A person who, at the time when the application for the company to be re-registered was lodged, was a past member of the company and did not after that again become a member of it is not liable to contribute to the assets of the company more than he would have been liable to contribute had the company not been re-registered.

## Notes

[1]    Words repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(7) (October 1, 2009: repeal has effect subject to transitional provisions specified in SI 2009/1941 art.8)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter I PRELIMINARY > Contributories > s. 78 Unlimited company formerly limited.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 79 Meaning of "contributory".

 **Law In Force**

**Version 2 of 2**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Contributories; Statutory definition; Winding-up

**79.— Meaning of "contributory".**

(1)   In this Act [...] [1] the expression *"contributory"* means every person liable to contribute to the assets of a company in the event of its being wound up, and for the purposes of all proceedings for determining, and all proceedings prior to the final determination of, the persons who are to be deemed contributories, includes any person alleged to be a contributory.

(2)  The reference in subsection (1) to persons liable to contribute to the assets does not include a person so liable by virtue of a declaration by the court under section 213 (imputed responsibility for company's fraudulent trading) or section 214 (wrongful trading) in Chapter X of this Part.

(3)  A reference in a company's articles to a contributory does not (unless the context requires) include a person who is a contributory only by virtue of section 76.[...] [2]

## Notes

1       Words repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(8)(a) (October 1, 2009: repeal has effect subject to transitional provisions specified in SI 2009/1941 art.8)
2       Words repealed by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(8)(b) (October 1, 2009: repeal has effect subject to transitional provisions specified in SI 2009/1941 art.8)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter I PRELIMINARY > Contributories > s. 79 Meaning of "contributory".*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 80 Nature of contributory's liability.

 **Law In Force**

**Version 2 of 2**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Contributories; Debts; Liabilities; Winding-up

**80. Nature of contributory's liability.**

The liability of a contributory creates a debt (in England and Wales in the nature of [an ordinary contract debt] [1] ) accruing due from him at the time when his liability commenced, but payable at the times when calls are made for enforcing the liability.

---

**Notes**

[1]     Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(9) (October 1, 2009: substitution has effect subject to savings and transitional provisions specified in SI 2009/1941 arts 8 and 11)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS
> Chapter I PRELIMINARY > Contributories > s. 80 Nature of contributory's liability.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 81 Contributories in case of death of a member.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Contributories; Death; Liabilities; Personal representatives; Winding-up

**81.— Contributories in case of death of a member.**

(1)  If a contributory dies either before or after he has been placed on the list of contributories, his personal representatives, and the heirs and legatees of heritage of his heritable estate in Scotland, are liable in a due course of administration to contribute to the assets of the company in discharge of his liability and are contributories accordingly.

(2)  Where the personal representatives are placed on the list of contributories, the heirs or legatees of heritage need not be added, but they may be added as and when the court thinks fit.

(3)  If in England and Wales the personal representatives make default in paying any money ordered to be paid by them, proceedings may be taken for administering the estate of the deceased contributory and for compelling payment out of it of the money due.

1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 82 Effect of contributory's bankruptcy.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Bankruptcy; Contributories; Liabilities; Trustees in bankruptcy; Winding-up

**82.— Effect of contributory's bankruptcy.**

(1)  The following applies if a contributory becomes bankrupt, either before or after he has been placed on the list of contributories.

(2)  His trustee in bankruptcy represents him for all purposes of the winding up, and is a contributory accordingly.

(3)  The trustee may be called on to admit to proof against the bankrupt's estate, or otherwise allow to be paid out of the bankrupt's assets in due course of law, any money due from the bankrupt in respect of his liability to contribute to the company's assets.

(4)  There may be proved against the bankrupt's estate the estimated value of his liability to future calls as well as calls already made.

1 2

## Notes

1       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2       Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter I PRELIMINARY > Contributories > s. 82 Effect of contributory's bankruptcy.*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 83 Companies registered but not formed under

 **Law In Force**

**Version 2 of 2**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Companies; Contributories; Debts; Liabilities; Winding-up

**83.— [Companies registered but not formed under the Companies Act 2006]** [1]

(1)  The following applies in the event of a company being wound up which [is registered but not formed under the Companies Act 2006] [2] .

(2)  Every person is a contributory, in respect of the company's debts and liabilities contracted before registration, who is liable—

(a)  to pay, or contribute to the payment of, any debt or liability so contracted, or

(b)  to pay, or contribute to the payment of, any sum for the adjustment of the rights of the members among themselves in respect of any such debt or liability, or

(c)  to pay, or contribute to the amount of, the expenses of winding up the company, so far as relates to the debts or liabilities above-mentioned.

(3)  Every contributory is liable to contribute to the assets of the company, in the course of the winding up, all sums due from him in respect of any such liability.

(4)  In the event of the death, bankruptcy or insolvency of any contributory, provisions of this Act, with respect to the personal representatives, to the heirs and legatees of heritage of the heritable estate in Scotland of deceased contributories and to the trustees of bankrupt or insolvent contributories respectively, apply.

## Notes

1       Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(10)(a) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
2       Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(10)(b) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)

**Insolvency Act 1986 c. 45**

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS >*
*Chapter I PRELIMINARY > Contributories > s. 83 Companies registered but not formed under*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 167 Winding up by the court

 **Law In Force**

**Version 2 of 2**

26 May 2015 - Present

**Subjects**
Insolvency

**Keywords**
Compulsory winding-up; Liquidators' powers and duties

**167.— Winding up by the court**

[

(1)  Where a company is being wound up by the court, the liquidator may exercise any of the powers specified in Parts 1 to 3 of Schedule 4.

]<sup>1</sup>

(2)  Where the liquidator (not being the official receiver), in exercise of the powers conferred on him by this Act—

(a)  disposes of any property of the company to a person who is connected with the company (within the meaning of section 249 in Part VII), or

(b)  employs a solicitor to assist him in the carrying out of his functions,

he shall, if there is for the time being a liquidation committee, give notice to the committee of that exercise of his powers.

(3)  The exercise by the liquidator in a winding up by the court of the powers conferred by this section is subject to the control of the court, and any creditor or contributory may apply to the court with respect to any exercise or proposed exercise of any of those powers.

## Notes

1        Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.120(3) (May 26, 2015)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS >*
*Chapter VII LIQUIDATORS > Liquidator's powers and duties > s. 167 Winding up by the court*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 168 Supplementary powers (England and Wales).

 **Law In Force**

**Version 4 of 4**

6 April 2017 - Present

**Subjects**
Insolvency

**Keywords**
Compulsory winding-up; Contributories; Creditors' decisions; Discretion; Insolvent partnerships; Jurisdiction; Liquidators' powers and duties

**168.— Supplementary powers (England and Wales).**

(1)  This section applies in the case of a company which is being wound up by the court in England and Wales.

[

(2)  The liquidator may seek a decision on any matter from the company's creditors or contributories; and must seek a decision on a matter—

(a)  from the company's creditors, if requested to do so by one-tenth in value of the creditors;

(b)  from the company's contributories, if requested to do so by one-tenth in value of the contributories.

][1]

(3)  The liquidator may apply to the court (in the prescribed manner) for directions in relation to any particular matter arising in the winding up.

(4)  Subject to the provisions of this Act, the liquidator shall use his own discretion in the management of the assets and their distribution among the creditors.

(5)  If any person is aggrieved by an act or decision of the liquidator, that person may apply to the court; and the court may confirm, reverse or modify the act or decision complained of, and make such order in the case as it thinks just.

[

(5A)  Where at any time after a winding-up petition has been presented to the court against any person (including an insolvent partnership or other body which may be wound up under Part V of the Act as an unregistered company), whether by virtue of the provisions of the Insolvent Partnerships Order 1994 or not, the attention of the court is drawn to the fact that the person in question is a member of an insolvent partnership, the court may make an order as to the future conduct of the insolvency proceedings and any such order may apply any provisions of that Order with any necessary modifications.

(5B)  Any order or directions under subsection (5A) may be made or given on the application of the official receiver, any responsible insolvency practitioner, the trustee of the partnership or any other interested person and may include provisions as to the administration of the joint estate of the partnership, and in particular how it and the separate estate of any member are to be administered.

[

(5C)  Where the court makes an order for the winding up of an insolvent partnership under—

(a)  section 72(1)(a) of the Financial Services Act 1986;

(b)  section 92(1)(a) of the Banking Act 1987; or

(c)  section 367(3)(a) of the Financial Services and Markets Act 2000,

the court may make an order as to the future conduct of the winding up proceedings, and any such order may apply any provisions of the Insolvent Partnerships Order 1994 with any necessary modifications.

]³ ]²

---

## Notes

1        Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.41 (April 6, 2017: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2017 in relation to England and Wales as specified in SI 2016/1020 reg.4(e) subject to transitional and saving provisions specified in SI 2016/1020 reg.5 and SI 2017/540 reg.4; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
2        Added by Insolvent Partnerships Order 1994/2421 Pt VI art.14(1) (December 1, 1994)
3        S.168(5C) was repealed by SI 2001/3649 art.306 on December 1, 2001 but that repeal is treated as though it had not been made and s.168(5C) is instead substituted by Financial Services and Markets Act 2000 (Consequential Amendments) Order 2002/1555 Pt 2 art.15(2) (July 3, 2002)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VII LIQUIDATORS > Liquidator's powers and duties > s. 168 Supplementary powers (England and Wales).*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 176 Preferential charge on goods distrained, etc.

 **Law In Force**

**Version 2 of 2**

18 November 2015 - Present

**Subjects**
Insolvency

**Keywords**
Charges; Compulsory winding-up; Distress; Preferential debts; Winding-up

**176.—  Preferential charge on goods distrained [, etc]** [1] **.**

(1)  This section applies where a company is being wound up by the court in England and Wales, and is without prejudice to section 128 (avoidance of attachments, etc.).

[

(2)  Subsection (2A) applies where—

(a)  any person (whether or not a landlord or person entitled to rent) has distrained upon the goods or effects of the company, or

(b)  Her Majesty's Revenue and Customs has been paid any amount from an account of the company under Part 1 of Schedule 8 to the Finance (No. 2) Act 2015 (enforcement by deduction from accounts),

 in the period of 3 months ending with the date of the winding-up order.

(2A)  Where this subsection applies—

(a)  in a case within subsection (2)(a), the goods or effects, or the proceeds of their sale, and

(b)  in a case within subsection (2)(b), the amount in question,

 is charged for the benefit of the company with the preferential debts of the company to the extent that the company's property is for the time being insufficient for meeting those debts.

] [2]

(3)  Where by virtue of a charge under subsection [(2A)] [3] any person surrenders any goods or effects to a company or makes a payment to a company, that person ranks, in respect of the amount of the proceeds of sale of those goods or effects by the liquidator or (as the case may be) the amount of the payment, as a preferential creditor of the company, except as against so much of the company's property as is available for the payment of preferential creditors by virtue of the surrender or payment.

**Insolvency Act 1986 c. 45**

**Notes**

1        Word inserted by Finance (No. 2) Act 2015 c. 33 Sch.8(2) para.30(4) (November 18, 2015)
2        S.176(2) and (2A) substituted for s.176(2) by Finance (No. 2) Act 2015 c. 33 Sch.8(2) para.30(2) (November 18, 2015)
3        Word substituted by Finance (No. 2) Act 2015 c. 33 Sch.8(2) para.30(3) (November 18, 2015)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES*
*ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING*
*UP > Preferential debts > s. 176 Preferential charge on goods distrained, etc.*

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 176ZB Application of proceeds of office-holder claims

 **Law In Force**

**Version 2 of 2**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Assignment; Claims; Floating charges; Liquidators; Winding-up; Winding-up proceedings

[

**176ZB Application of proceeds of office-holder claims**

(1)  This section applies where—

(a)  there is a floating charge (whether created before or after the coming into force of this section) which relates to property of a company which—

(i)  is in administration, or

(ii)  has gone into liquidation; and

(b)  the administrator or the liquidator (referred to in this section as *"the office-holder"* ) has—

(i)  brought a claim under any provision mentioned in subsection (3), or

(ii)  made an assignment (or, in Scotland, assignation) in relation to a right of action under any such provision under section 246ZD.

(2)  The proceeds of the claim or assignment (or, in Scotland, assignation) are not to be treated as part of the company's net property, that is to say the amount of its property which would be available for satisfaction of claims of holders of debentures secured by, or holders of, any floating charge created by the company.

(3)  The provisions are—

(a)  section 213 or 246ZA (fraudulent trading);

(b)  section 214 or 246ZB (wrongful trading);

(c)  section 238 (transactions at an undervalue (England and Wales));

(d)  section 239 (preferences (England and Wales));

(e)  section 242 (gratuitous alienations (Scotland));

(f)  section 243 (unfair preferences (Scotland));

(g)  section 244 (extortionate credit transactions).

(4)  Subsection (2) does not apply to a company if or in so far as it is disapplied by—

(a)  a voluntary arrangement in respect of the company, or

(b)   a compromise or arrangement agreed under [Part 26 or 26A of the Companies Act 2006] [2] (arrangements and reconstructions).

] [1]

---

## Notes

1       Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.119 (October 1, 2015: insertion has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.17)
2       Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.9(2) para.6(2) (June 26, 2020)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Property*
*subject to floating charge > s. 176ZB Application of proceeds of office-holder claims*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 176A Share of assets for unsecured creditors

 **Law In Force**

**Version 3 of 3**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Corporate insolvency; Distribution; Floating charges; Interpretation; Judgments and orders; Prescribed part; Unsecured creditors; Winding-up

[

**176A Share of assets for unsecured creditors**

(1)  This section applies where a floating charge relates to property of a company—

    (a)  which has gone into liquidation,

    (b)  which is in administration,

    (c)  of which there is a provisional liquidator, or

    (d)  of which there is a receiver.

(2)  The liquidator, administrator or receiver—

    (a)  shall make a prescribed part of the company's net property available for the satisfaction of unsecured debts, and

    (b)  shall not distribute that part to the proprietor of a floating charge except in so far as it exceeds the amount required for the satisfaction of unsecured debts.

(3)  Subsection (2) shall not apply to a company if—

    (a)  the company's net property is less than the prescribed minimum, and

    (b)  the liquidator, administrator or receiver thinks that the cost of making a distribution to unsecured creditors would be disproportionate to the benefits.

(4)  Subsection (2) shall also not apply to a company if or in so far as it is disapplied by—

    (a)  a voluntary arrangement in respect of the company, or

    (b)  a compromise or arrangement agreed under [[Part 26 or 26A of the Companies Act 2006][3] (arrangements and reconstructions)][2] .

(5)  Subsection (2) shall also not apply to a company if—

    (a)  the liquidator, administrator or receiver applies to the court for an order under this subsection on the ground that the cost of making a distribution to unsecured creditors would be disproportionate to the benefits, and

(b)  the court orders that subsection (2) shall not apply.

(6)  In subsections (2) and (3) a company's net property is the amount of its property which would, but for this section, be available for satisfaction of claims of holders of debentures secured by, or holders of, any floating charge created by the company.

(7)  An order under subsection (2) prescribing part of a company's net property may, in particular, provide for its calculation—

(a)  as a percentage of the company's net property, or

(b)  as an aggregate of different percentages of different parts of the company's net property.

(8)  An order under this section—

(a)  must be made by statutory instrument, and

(b)  shall be subject to annulment pursuant to a resolution of either House of Parliament.

(9)  In this section—

*"floating charge"*  means a charge which is a floating charge on its creation and which is created after the first order under subsection (2)(a) comes into force, and

*"prescribed"*  means prescribed by order by the Secretary of State.

(10)  An order under this section may include transitional or incidental provision.

]<sup>1</sup>

# Notes

1        Added by Enterprise Act 2002 c. 40 Pt 10 s.252 (September 15, 2003)
2        Words substituted by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.103 (April 6, 2008: substitution has effect subject to savings specified in SI 2008/948 arts 11 and 12)
3        Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.9(2) para.6(3) (June 26, 2020)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES*
*ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP*
*> Property subject to floating charge > s. 176A Share of assets for unsecured creditors*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 178 Power to disclaim onerous property.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Disclaimer of onerous property; Liquidators' powers and duties; Winding-up

**178.— Power to disclaim onerous property.**

(1)  This and the next two sections apply to a company that is being wound up in England and Wales.

(2)  Subject as follows, the liquidator may, by the giving of the prescribed notice, disclaim any onerous property and may do so notwithstanding that he has taken possession of it, endeavoured to sell it, or otherwise exercised rights of ownership in relation to it.

(3)  The following is onerous property for the purposes of this section—

(a)  any unprofitable contract, and

(b)  any other property of the company which is unsaleable or not readily saleable or is such that it may give rise to a liability to pay money or perform any other onerous act.

(4)  A disclaimer under this section—

(a)  operates so as to determine, as from the date of the disclaimer, the rights, interests and liabilities of the company in or in respect of the property disclaimed; but

(b)  does not, except so far as is necessary for the purpose of releasing the company from any liability, affect the rights or liabilities of any other person.

(5)  A notice of disclaimer shall not be given under this section in respect of any property if—

(a)  a person interested in the property has applied in writing to the liquidator or one of his predecessors as liquidator requiring the liquidator or that predecessor to decide whether he will disclaim or not, and

(b)  the period of 28 days beginning with the day on which that application was made, or such longer period as the court may allow, has expired without a notice of disclaimer having been given under this section in respect of that property.

(6)  Any person sustaining loss or damage in consequence of the operation of a disclaimer under this section is deemed a creditor of the company to the extent of the loss or damage and accordingly may prove for the loss or damage in the winding up.

1 2 3

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

3    S. 178 excluded by Companies Act 1989 (c.40), ss. 154, 155, 164(1), 182(4), 213(2), Sch. 22 para. 7(1)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES
ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP
> Disclaimer (England and Wales only) > s. 178 Power to disclaim onerous property.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 179 Disclaimer of leaseholds.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Copies; Disclaimer of onerous property; Judgments and orders; Leaseholds; Service; Winding-up

**179.— Disclaimer of leaseholds.**

(1)  The disclaimer under section 178 of any property of a leasehold nature does not take effect unless a copy of the disclaimer has been served (so far as the liquidator is aware of their addresses) on every person claiming under the company as underlessee or mortgagee and either—

(a)  no application under section 181 below is made with respect to that property before the end of the period of 14 days beginning with the day on which the last notice served under this subsection was served; or

(b)  where such an application has been made, the court directs that the disclaimer shall take effect.

(2)  Where the court gives a direction under subsection (1)(b) it may also, instead of or in addition to any order it makes under section 181, make such orders with respect to fixtures, tenant's improvements and other matters arising out of the lease as it thinks fit.

1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

© 2026 Thomson Reuters.

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES
ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING
UP > Disclaimer (England and Wales only) > s. 179 Disclaimer of leaseholds.*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 180 Land subject to rentcharge.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Disclaimer of onerous property; Liabilities; Owners; Rentcharges; Winding-up

**180.— Land subject to rentcharge.**

(1)  The following applies where, in consequence of the disclaimer under section 178 of any land subject to a rentcharge, that land vests by operation of law in the Crown or any other person (referred to in the next subsection as "the proprietor").

(2)  The proprietor and the successors in title of the proprietor are not subject to any personal liability in respect of any sums becoming due under the rentcharge except sums becoming due after the proprietor, or some person claiming under or through the proprietor, has taken possession or control of the land or has entered into occupation of it.

1 2

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2      Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Disclaimer (England and Wales only) > s. 180 Land subject to rentcharge.*

---

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 181 Powers of court (general).

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Applications; Disclaimer of onerous property; Judgments and orders; Vesting; Winding-up

**181.— Powers of court (general).**

(1)  This section and the next apply where the liquidator has disclaimed property under section 178.

(2)  An application under this section may be made to the court by—

(a)  any person who claims an interest in the disclaimed property, or

(b)  any person who is under any liability in respect of the disclaimed property, not being a liability discharged by the disclaimer.

(3)  Subject as follows, the court may on the application make an order, on such terms as it thinks fit, for the vesting of the disclaimed property in, or for its delivery to—

(a)  a person entitled to it or a trustee for such a person, or

(b)  a person subject to such a liability as is mentioned in subsection (2)(b) or a trustee for such a person.

(4)  The court shall not make an order under subsection (3)(b) except where it appears to the court that it would be just to do so for the purpose of compensating the person subject to the liability in respect of the disclaimer.

(5)  The effect of any order under this section shall be taken into account in assessing for the purpose of section 178(6) the extent of any loss or damage sustained by any person in consequence of the disclaimer.

(6)  An order under this section vesting property in any person need not be completed by conveyance, assignment or transfer.

1 2

---

## Notes

1        Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I.

# **Notes**

2  1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4) Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES*
*ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING*
*UP > Disclaimer (England and Wales only) > s. 181 Powers of court (general).*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 182 Powers of court (leaseholds).

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Disclaimer of onerous property; Judgments and orders; Leaseholds; Liabilities; Vesting; Winding-up

**182.— Powers of court (leaseholds).**

(1)  The court shall not make an order under section 181 vesting property of a leasehold nature in any person claiming under the company as underlessee or mortgagee except on terms making that person—

(a)  subject to the same liabilities and obligations as the company was subject to under the lease at the commencement of the winding up, or

(b)  if the court thinks fit, subject to the same liabilities and obligations as that person would be subject to if the lease had been assigned to him at the commencement of the winding up.

(2)  For the purposes of an order under section 181 relating to only part of any property comprised in a lease, the requirements of subsection (1) apply as if the lease comprised only the property to which the order relates.

(3)  Where subsection (1) applies and no person claiming under the company as underlessee or mortgagee is willing to accept an order under section 181 on the terms required by virtue of that subsection, the court may, by order under that section, vest the company's estate or interest in the property in any person who is liable (whether personally or in a representative capacity, and whether alone or jointly with the company) to perform the lessee's covenants in the lease.

The court may vest that estate and interest in such a person freed and discharged from all estates, incumbrances and interests created by the company.

(4)  Where subsection (1) applies and a person claiming under the company as underlessee or mortgagee declines to accept an order under section 181, that person is excluded from all interest in the property.

1 2

---

## Notes

1        Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch.

---

**Notes**

8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4) Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Disclaimer (England and Wales only) > s. 182 Powers of court (leaseholds).*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 183 Effect of execution or attachment (England and Wales).

 **Law In Force**

**Version 3 of 3**

18 November 2015 - Present

**Subjects**
Insolvency

**Keywords**
Creditors; Execution; Garnishees; Interpretation; Winding-up

**183.— Effect of execution or attachment (England and Wales).**

(1)  Where a creditor has issued execution against the goods or land of a company or has attached any debt due to it, and the company is subsequently wound up, he is not entitled to retain the benefit of the execution or attachment against the liquidator unless he has completed the execution or attachment before the commencement of the winding up.

(2)  However—

(a)  if a creditor has had notice of a meeting having been called at which a resolution for voluntary winding up is to be proposed, the date on which he had notice is substituted, for the purpose of subsection (1), for the date of commencement of the winding up;

(b)  a person who purchases in good faith under a sale by the [enforcement officer or other officer charged with the execution of the writ] [1] any goods of a company on which execution has been levied in all cases acquires a good title to them against the liquidator; and

(c)  the rights conferred by subsection (1) on the liquidator may be set aside by the court in favour of the creditor to such extent and subject to such terms as the court thinks fit.

(3)  For purposes of this Act—

(a)  an execution against goods is completed by seizure and sale, or by the making of a charging order under section 1 of the Charging Orders Act 1979;

(b)  an attachment of a debt is completed by receipt of the debt; and

(c)  an execution against land is completed by seizure, by the appointment of a receiver, or by the making of a charging order under section 1 of the Act above-mentioned.

(4)  In this section, *"goods"* includes all chattels personal; and [*"enforcement officer"* means an individual who is authorised to act as an enforcement officer under the Courts Act 2003] [2] .

[

(4A)  For the purposes of this section, Her Majesty's Revenue and Customs is to be regarded as having attached a debt due to a company if it has taken action under Part 1 of Schedule 8 to the Finance (No. 2) Act 2015 (enforcement by deduction for accounts) as a result of which an amount standing to the credit of an account held by the company is—

(a)  subject to arrangements made under paragraph 6(3) of that Schedule, or

**Insolvency Act 1986 c. 45**

(b)  the subject of a deduction notice under paragraph 13 of that Schedule.

]³

(5)  This section does not apply in the case of a winding up in Scotland.

---

## Notes

1          Word substituted by Courts Act 2003 c. 39 Sch.8 para.295(2) (March 15, 2004)
2          Words substituted by Courts Act 2003 c. 39 Sch.8 para.295(3) (March 15, 2004)
3          Added by Finance (No. 2) Act 2015 c. 33 Sch.8(2) para.31 (November 18, 2015)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter
VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Execution, attachment
and the Scottish equivalents > s. 183 Effect of execution or attachment (England and Wales).*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 184 Duties of officers charged with execution of writs and other processes (England and Wales).

 **Law In Force**

**Version 2 of 2**

15 March 2004 - Present

**Subjects**
Insolvency

**Keywords**
Enforcement officers; Execution; Garnishees; Interpretation; Powers rights and duties; Winding-up

**184.—  Duties of [officers charged with execution of writs and other processes]** [1] **(England and Wales).**

(1)   The following applies where a company's goods are taken in execution and, before their sale or the completion of the execution (by the receipt or recovery of the full amount of the levy), notice is served on the [enforcement officer, or other officer, charged with execution of the writ or other process,] [2] that a provisional liquidator has been appointed or that a winding-up order has been made, or that a resolution for voluntary winding up has been passed.

(2)   The [enforcement officer or other officer] [3] shall, on being so required, deliver the goods and any money seized or received in part satisfaction of the execution to the liquidator; but the costs of execution are a first charge on the goods or money so delivered, and the liquidator may sell the goods, or a sufficient part of them, for the purpose of satisfying the charge.

(3)  If under an execution in respect of a judgment for a sum exceeding [£500] [4] a company's goods are sold or money is paid in order to avoid sale, the [enforcement officer or other officer] [3] shall deduct the costs of the execution from the proceeds of sale or the money paid and retain the balance for 14 days.

(4)   If within that time notice is served on the [enforcement officer or other officer] [3] of a petition for the winding up of the company having been presented, or of a meeting having been called at which there is to be proposed a resolution for voluntary winding up, and an order is made or a resolution passed (as the case may be), the [enforcement officer or other officer] [3] shall pay the balance to the liquidator, who is entitled to retain it as against the execution creditor.

(5)  The rights conferred by this section on the liquidator may be set aside by the court in favour of the creditor to such extent and subject to such terms as the court thinks fit.

(6)  In this section, *"goods"* includes all chattels personal; and [*"enforcement officer"* means an individual who is authorised to act as an enforcement officer under the Courts Act 2003.] [5]

(7)  The money sum for the time being specified in subsection (3) is subject to increase or reduction by order under section 416 in Part XV.

(8)  This section does not apply in the case of a winding up in Scotland.

**Insolvency Act 1986 c. 45**

---

**Notes**

1       Word substituted by Courts Act 2003 c. 39 Sch.8 para.296(5) (March 15, 2004)
2       Word substituted by Courts Act 2003 c. 39 Sch.8 para.296(2) (March 15, 2004)
3       Word substituted by Courts Act 2003 c. 39 Sch.8 para.296(3) (March 15, 2004)
4       Amount substituted by S.I. 1986/1996, art. 2(1), Sch. Pt. I, (by art. 2(2) of that S.I. the new amount is not to affect any case where the goods are sold or payment to avoid sale is made, before the coming into force of the increase)
5       Words substituted by Courts Act 2003 c. 39 Sch.8 para.296(4) (March 15, 2004)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Execution, attachment and the Scottish equivalents > s. 184 Duties of officers charged with execution of writs and other processes (England and Wales).*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 185 Effect of diligence (Scotland).

 **Law In Force With Amendments Pending**

**Version 3 of 4**

30 November 2016 - Present

**Subjects**
Insolvency

**Keywords**
Debtors; Estates; Scotland; Sequestration; Winding-up; Winding-up proceedings

**185.— Effect of diligence (Scotland).**

(1)  In the winding up of a company registered in Scotland, the following provisions of the [Bankruptcy (Scotland) Act 2016—][1] [

(a) subsections (3) to (10) of section 23A (effect of sequestration on land attachment) and section 24 (effect of sequestration on diligence generally); and

(b)  subsections (6), (7), (10) and (11) of section 109 (management and realisation of estate),

][1] apply, so far as consistent with this Act, in like manner as they apply in the sequestration of a debtor's estate, with the substitutions specified below and with any other necessary modifications.

(2)  The substitutions to be made in those sections of the Act of [2016][2] are as follows—

(a)  for references to the debtor, substitute references to the company;

(b)  for references to the sequestration, substitute references to the winding up;

(c)  for references to the date of sequestration, substitute references to the commencement of the winding up of the company; and

(d)  for references to the [...][3] trustee, substitute references to the liquidator.

(3)  In this section, *"the commencement of the winding up of the company"* means , where it is being wound up by the court, the day on which the winding-up order is made.

(4)  This section, so far as relating to any estate or effects of the company situated in Scotland, applies in the case of a company registered in England and Wales as in the case of one registered in Scotland.

## Notes

[1]      Word and s.185(1)(a) and (b) substituted for word and s.185(1)(a) and (b) by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(3)(a) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))

---

**Notes**

2       Word substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(3)(b) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))
3       Word repealed by Bankruptcy and Diligence etc. (Scotland) Act 2007 asp 3 (Scottish Act) Sch.6(1) para.1 (April 1, 2008: as SSI 2008/115)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES
ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP >
Execution, attachment and the Scottish equivalents > s. 185 Effect of diligence (Scotland).*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 186 Rescission of contracts by the court.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Contracts; Judgments and orders; Rescission; Winding-up; Winding-up proceedings

**186.— Rescission of contracts by the court.**

(1)  The court may, on the application of a person who is, as against the liquidator, entitled to the benefit or subject to the burden of a contract made with the company, make an order rescinding the contract on such terms as to payment by or to either party of damages for the non-performance of the contract, or otherwise as the court thinks just.

(2)  Any damages payable under the order to such a person may be proved by him as a debt in the winding up.

1 2 3

---

# Notes

| | |
|---|---|
| 1 | Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4) |
| 2 | Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15 |
| 3 | S. 186 excluded by Companies Act 1989 (c.40), ss. 154, 155, 164(1), 182(4), 213(2), Sch. 22 para. 7(1) |

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES*
*ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING*
*UP > Miscellaneous matters > s. 186 Rescission of contracts by the court.*

---

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

Insolvency Act 1986 c. 45

# s. 187 Power to make over assets to employees.

 **Law In Force**

**Version 3 of 3**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Employees; Liquidators' powers and duties; Payments; Winding-up; Winding-up proceedings

**187.— Power to make over assets to employees.**

(1)  On the winding up of a company (whether by the court or voluntarily), the liquidator may, subject to the following provisions of this section, make any payment which the company has, before the commencement of the winding up, decided to make under [section 247 of the Companies Act 2006] [1] (power to provide for employees or former employees on cessation or transfer of business).

[

(2)  The liquidator may, after the winding up has commenced, make any such provision as is mentioned in section 247(1) if—

(a)  the company's liabilities have been fully satisfied and provision has been made for the expenses of the winding up,

(b)  the exercise of the power has been sanctioned by a resolution of the company, and

(c)  any requirements of the company's [articles] [3] as to the exercise of the power conferred by section 247(1) are complied with.

] [2]

(3)  Any payment which may be made by a company under this section (that is, a payment after the commencement of its winding up) may be made out of the company's assets which are available to the members on the winding up.

(4)  On a winding up by the court, the exercise by the liquidator of his powers under this section is subject to the court's control, and any creditor or contributory may apply to the court with respect to any exercise or proposed exercise of the power.

(5)  Subsections (1) and (2) above have effect notwithstanding anything in any rule of law or in section 107 of this Act (property of company after satisfaction of liabilities to be distributed among members).

---

## Notes

1    Words substituted by Companies Act 2006 (Commencement No. 3, Consequential Amendments, Transitional Provisions and Savings) Order 2007/2194 Sch.4(3) para.42(2) (October 1, 2007)
2    Substituted by Companies Act 2006 (Commencement No. 3, Consequential Amendments, Transitional Provisions and Savings) Order 2007/2194 Sch.4(3) para.42(3) (October 1, 2007)

---

---

**Notes**

---

3        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order
         2009/1941 Sch.1 para.75(20) (October 1, 2009: substitution has effect subject to transitional provisions specified in
         SI 2009/1941 art.8)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES*
*ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING*
*UP > Miscellaneous matters > s. 187 Power to make over assets to employees.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 193 Unclaimed dividends (Scotland).

 **Law In Force**

**Version 3 of 3**

30 November 2016 - Present

**Subjects**
Insolvency

**Keywords**
Accountant of Court; Dividends; Liquidators' powers and duties; Scotland; Unclaimed moneys; Winding-up

**193.— Unclaimed dividends (Scotland).**

(1) The following applies where a company registered in Scotland has been wound up, and is about to be dissolved.

(2) The liquidator shall lodge in an appropriate bank or institution as defined in [section 228(1) of the Bankruptcy (Scotland) Act 2016][1] (not being a bank or institution in or of which the liquidator is acting partner, manager, agent or cashier) in the name of the Accountant of Court the whole unclaimed dividends and unapplied or undistributable balances, and the deposit receipts shall be transmitted to the Accountant of Court.

(3) The provisions of [section 150 of the Bankruptcy (Scotland) Act 2016][2] (so far as consistent with this Act and [the Companies Acts][3] ) apply with any necessary modifications to sums lodged in a bank or institution under this section as they apply to sums deposited under [section 148][4] of the Act first mentioned.

---

## Notes

1       Words substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(4)(a) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))
2       Words substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(4)(b)(i) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))
3       Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(21) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
4       Word substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(4)(b)(ii) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Miscellaneous matters > s. 193 Unclaimed dividends (Scotland).*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Insolvency Act 1986 c. 45
# s. 194 Resolutions passed at adjourned meetings.

 **Superseded**

**Version 1 of 3**

29 December 1986 - 5 April 2017

**Subjects**
Insolvency

**Keywords**
Adjournment; Contributories' meetings; Creditors' meetings; Resolutions; Winding-up

**194. Resolutions passed at adjourned meetings.**

Where a resolution is passed at an adjourned meeting of a company's creditors or contributories, the resolution is treated for all purposes as having been passed on the date on which it was in fact passed, and not as having been passed on any earlier date.
  1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Miscellaneous matters > s. 194 Resolutions passed at adjourned meetings.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 196 Judicial notice of court documents.

 **Law In Force**

**Version 3 of 3**

22 April 2014 - Present

**Subjects**
Insolvency

**Keywords**
Court documents; Court officers; Judicial notice; Winding-up; Winding-up proceedings

**196. Judicial notice of court documents.**

In all proceedings under this Part, all courts, judges and persons judicially acting, and all officers, judicial or ministerial, of any court, or employed in enforcing the process of any court shall take judicial notice—

(a)   of the signature of any officer of the High Court or of [the county court] [1] in England and Wales, or of the Court of Session or a sheriff court in Scotland, or of the High Court in Northern Ireland, and also

(b)   of the official seal or stamp of the several offices of the High Court in England and Wales or Northern Ireland, or of the Court of Session, appended to or impressed on any document made, issued or signed under the provisions of this Act or [the Companies Acts] [2] , or any official copy of such a document.

## Notes

1        Words substituted by Crime and Courts Act 2013 c. 22 Sch.9(3) para.52(1)(b) (April 22, 2014: substitution has effect as SI 2014/954 subject to savings and transitional provisions specified in 2013 c.22 s.15 and Sch.8 and transitional provision specified in SI 2014/954 arts 2(c) and 3)
2        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(23) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES
ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING
UP > Miscellaneous matters > s. 196 Judicial notice of court documents.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 197 Commission for receiving evidence.

 **Law In Force**

**Version 2 of 2**

22 April 2014 - Present

**Subjects**
Insolvency

**Keywords**
County Court; Examination; Jurisdiction; Northern Ireland courts; References; Sheriffs principal; Winding-up; Winding-up proceedings; Witnesses

**197.— Commission for receiving evidence.**

(1)  When a company is wound up in England and Wales or in Scotland, the court may refer the whole or any part of the examination of witnesses—

(a)   to [the] [1]  county court in England and Wales, or

(b)  to the sheriff principal for a specified sheriffdom in Scotland, or

(c)  to the High Court in Northern Ireland or a specified Northern Ireland County Court,

(*"specified"*  meaning specified in the order of the winding-up court).

(2)  Any person exercising jurisdiction as a judge of the court to which the reference is made (or, in Scotland, the sheriff principal to whom it is made) shall then, by virtue of this section, be a commissioner for the purpose of taking the evidence of those witnesses.

(3)  The judge or sheriff principal has in the matter referred the same power of summoning and examining witnesses, of requiring the production and delivery of documents, of punishing defaults by witnesses, and of allowing costs and expenses to witnesses, as the court which made the winding-up order. These powers are in addition to any which the judge or sheriff principal might lawfully exercise apart from this section.

(4)  The examination so taken shall be returned or reported to the court which made the order in such manner as that court requests.

(5)  This section extends to Northern Ireland.

## Notes

1        Words substituted by Crime and Courts Act 2013 c. 22 Sch.9(3) para.93(c) (April 22, 2014: substitution has effect as SI 2014/954 subject to savings and transitional provisions specified in 2013 c.22 s.15 and Sch.8 and transitional provision specified in SI 2014/954 arts 2(c) and 3)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES
ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING
UP > Miscellaneous matters > s. 197 Commission for receiving evidence.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 198 Court order for examination of persons in Scotland.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Contributories; Directions; Examination; Jurisdiction; Scotland; Sheriffs principal; Winding-up; Winding-up proceedings; Witnesses

**198.— Court order for examination of persons in Scotland.**

(1)  The court may direct the examination in Scotland of any person for the time being in Scotland (whether a contributory of the company or not), in regard to the trade, dealings, affairs or property of any company in course of being wound up, or of any person being a contributory of the company, so far as the company may be interested by reason of his being a contributory.

(2)  The order or commission to take the examination shall be directed to the sheriff principal of the sheriffdom in which the person to be examined is residing or happens to be for the time; and the sheriff principal shall summon the person to appear before him at a time and place to be specified in the summons for examination on oath as a witness or as a haver, and to produce any books or papers called for which are in his possession or power.

(3)  The sheriff principal may take the examination either orally or on written interrogatories, and shall report the same in writing in the usual form to the court, and shall transmit with the report the books and papers produced, if the originals are required and specified by the order or commission, or otherwise copies or extracts authenticated by the sheriff.

(4)  If a person so summoned fails to appear at the time and place specified, or refuses to be examined or to make the production required, the sheriff principal shall proceed against him as a witness or haver duly cited; and failing to appear or refusing to give evidence or make production may be proceeded against by the law of Scotland.

(5)  The sheriff principal is entitled to such fees, and the witness is entitled to such allowances, as sheriffs principal when acting as commissioners under appointment from the Court of Session and as witnesses and havers are entitled to in the like cases according to the law and practice of Scotland.

(6)  If any objection is stated to the sheriff principal by the witness, either on the ground of his incompetency as a witness, or as to the production required, or on any other ground, the sheriff principal may, if he thinks fit, report the objection to the court, and suspend the examination of the witness until it has been disposed of by the court.

1 2

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland)

# Notes

Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2 Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Miscellaneous matters > s. 198 Court order for examination of persons in Scotland.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 199 Costs of application for leave to proceed (Scottish companies).

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Costs; Permission to issue; Scotland; Winding-up; Winding-up petitions

**199. Costs of application for leave to proceed (Scottish companies).**

Where a petition or application for leave to proceed with an action or proceeding against a company which is being wound up in Scotland is unopposed and is granted by the court, the costs of the petition or application shall, unless the court otherwise directs, be added to the amount of the petitioner's or applicant's claim against the company.

 1  2

---

## Notes

1 Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2 Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter VIII PROVISIONS OF GENERAL APPLICATION IN WINDING UP > Miscellaneous matters > s. 199 Costs of application for leave to proceed (Scottish companies).*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 206 Fraud, etc. in anticipation of winding up.

 **Law In Force**

**Version 1 of 1**

Date not available - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Concealment of property; Corporate insolvency offences; Fraud; Winding-up

**206.— Fraud, etc. in anticipation of winding up.**

(1)  When a company is ordered to be wound up by the court, or passes a resolution for voluntary winding up, any person, being a past or present officer of the company, is deemed to have committed an offence if, within the 12 months immediately preceding the commencement of the winding up, he has—

(a)  concealed any part of the company's property to the value of [£500] [1] or more, or concealed any debt due to or from the company, or

(b)  fraudulently removed any part of the company's property to the value of [£500] [1] or more, or

(c)  concealed, destroyed, mutilated or falsified any book or paper affecting or relating to the company's property or affairs, or

(d)  made any false entry in any book or paper affecting or relating to the company's property or affairs, or

(e)  fraudulently parted with, altered or made any omission in any document affecting or relating to the company's property or affairs, or

(f)  pawned, pledged or disposed of any property of the company which has been obtained on credit and has not been paid for (unless the pawning, pledging or disposal was in the ordinary way of the company's business).

(2)  Such a person is deemed to have committed an offence if within the period above mentioned he has been privy to the doing by others of any of the things mentioned in paragraphs (c), (d) and (e) of subsection (1); and he commits an offence if, at any time after the commencement of the winding up, he does any of the things mentioned in paragraphs (a) to (f) of that subsection, or is privy to the doing by others of any of the things mentioned in paragraphs (c) to (e) of it.

(3)  For purposes of this section, *"officer"* includes a shadow director.

(4)  It is a defence—

(a)  for a person charged under paragraph (a) or (f) of subsection (1) (or under subsection (2) in respect of the things mentioned in either of those two paragraphs) to prove that he had no intent to defraud, and

(b)  for a person charged under paragraph (c) or (d) of subsection (1) (or under subsection (2) in respect of the things mentioned in either of those two paragraphs) to prove that he had no intent to conceal the state of affairs of the company or to defeat the law.

(5)  Where a person pawns, pledges or disposes of any property in circumstances which amount to an offence under subsection (1)(f), every person who takes in pawn or pledge, or otherwise receives, the property knowing it to be pawned, pledged or disposed of in such circumstances, is guilty of an offence.

(6)  A person guilty of an offence under this section is liable to imprisonment or a fine, or both.

(7)  The money sums specified in paragraphs (a) and (b) of subsection (1) are subject to increase or reduction by order under section 416 in Part XV.

2 3

## Notes

1    Amount substituted by S.I. 1986/1996, art. 2(1), Sch. Pt. I
2    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
3    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Offences of fraud, deception, etc. > s. 206 Fraud, etc. in anticipation of winding up.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 207 Transactions in fraud of creditors.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Corporate insolvency offences; Transactions defrauding creditors; Winding-up

**207.— Transactions in fraud of creditors.**

(1)  When a company is ordered to be wound up by the court or passes a resolution for voluntary winding up, a person is deemed to have committed an offence if he, being at the time an officer of the company—

(a)  has made or caused to be made any gift or transfer of, or charge on, or has caused or connived at the levying of any execution against, the company's property, or

(b)  has concealed or removed any part of the company's property since, or within 2 months before, the date of any unsatisfied judgment or order for the payment of money obtained against the company.

(2)  A person is not guilty of an offence under this section—

(a)  by reason of conduct constituting an offence under subsection (1)(a) which occurred more than 5 years before the commencement of the winding up, or

(b)  if he proves that, at the time of the conduct constituting the offence, he had no intent to defraud the company's creditors.

(3)  A person guilty of an offence under this section is liable to imprisonment or a fine, or both.

1 2

## Notes

1        Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

**Notes**

2        Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Offences of fraud, deception, etc. > s. 207 Transactions in fraud of creditors.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 208 Misconduct in course of winding up.

 **Law In Force**

**Version 3 of 3**

6 April 2019 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Compulsory winding-up; Corporate insolvency offences; Misconduct; Voluntary winding-up

**208.— Misconduct in course of winding up.**

(1)  When a company is being wound up, whether by the court or voluntarily, any person, being a past or present officer of the company, commits an offence if he—

(a)  does not to the best of his knowledge and belief fully and truly discover to the liquidator all the company's property, and how and to whom and for what consideration and when the company disposed of any part of that property (except such part as has been disposed of in the ordinary way of the company's business), or

(b)  does not deliver up to the liquidator (or as he directs) all such part of the company's property as is in his custody or under his control, and which he is required by law to deliver up, or

(c)  does not deliver up to the liquidator (or as he directs) all books and papers in his custody or under his control belonging to the company and which he is required by law to deliver up, or

(d)  knowing or believing that a false debt has been proved by any person in the winding up, fails to inform the liquidator as soon as practicable, or

(e)  after the commencement of the winding up, prevents the production of any book or paper affecting or relating to the company's property or affairs.

(2)  Such a person commits an offence if after the commencement of the winding up he attempts to account for any part of the company's property by fictitious losses or expenses; and he is deemed to have committed that offence if he has so attempted [in connection with any qualifying decision procedure or deemed consent procedure] [1] of the company's creditors within the 12 months immediately preceding the commencement of the winding up.

(3)  For purposes of this section, *"officer"* includes a shadow director.

(4)  It is a defence—

(a)  for a person charged under paragraph (a), (b) or (c) of subsection (1) to prove that he had no intent to defraud, and

(b)  for a person charged under paragraph (e) of that subsection to prove that he had no intent to conceal the state of affairs of the company or to defeat the law.

(5)  A person guilty of an offence under this section is liable to imprisonment or a fine, or both.

**Notes**

1      Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.52 (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Offences of fraud, deception, etc. > s. 208 Misconduct in course of winding up.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 209 Falsification of company's books.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Contributories; Corporate insolvency offences; Falsification of company records; Winding-up

**209.— Falsification of company's books.**

(1)  When a company is being wound up, an officer or contributory of the company commits an offence if he destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false or fraudulent entry in any register, book of account or document belonging to the company with intent to defraud or deceive any person.

(2)  A person guilty of an offence under this section is liable to imprisonment or a fine, or both.

1 2

---

# Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Offences of fraud, deception, etc. > s. 209 Falsification of company's books.*

---

© 2026 Thomson Reuters.                                                                                  1

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 210 Material omissions from statement relating to company's affairs.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Corporate insolvency offences; Omissions; Statements of affairs; Winding-up

**210.— Material omissions from statement relating to company's affairs.**

(1)  When a company is being wound up, whether by the court or voluntarily, any person, being a past or present officer of the company, commits an offence if he makes any material omission in any statement relating to the company's affairs.

(2)  When a company has been ordered to be wound up by the court, or has passed a resolution for voluntary winding up, any such person is deemed to have committed that offence if, prior to the winding up, he has made any material omission in any such statement.

(3)  For purposes of this section, *"officer"* includes a shadow director.

(4)  It is a defence for a person charged under this section to prove that he had no intent to defraud.

(5)  A person guilty of an offence under this section is liable to imprisonment or a fine, or both.

1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

---

**Notes**

2     Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS >
Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION OF
COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS > Offences
of fraud, deception, etc. > s. 210 Material omissions from statement relating to company's affairs.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 211 False representations to creditors.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Corporate insolvency offences; Creditors; Misrepresentation; Winding-up

**211.— False representations to creditors.**

(1)  When a company is being wound up, whether by the court or voluntarily, any person, being a past or present officer of the company—

(a)  commits an offence if he makes any false representation or commits any other fraud for the purpose of obtaining the consent of the company's creditors or any of them to an agreement with reference to the company's affairs or to the winding up, and

(b)  is deemed to have committed that offence if, prior to the winding up, he has made any false representation, or committed any other fraud, for that purpose.

(2)  For purposes of this section, *"officer"* includes a shadow director.

(3)  A person guilty of an offence under this section is liable to imprisonment or a fine, or both.

1 2

---

## Notes

1        Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
2        Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

**Insolvency Act 1986 c. 45**

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Offences of fraud, deception, etc. > s. 211 False representations to creditors.*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 212 Summary remedy against delinquent directors, liquidators, etc.

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Breach of fiduciary duty; Company officers; Jurisdiction; Liquidators; Misfeasance; Remedies; Winding-up

**212.— Summary remedy against delinquent directors, liquidators, etc.**

(1)  This section applies if in the course of the winding up of a company it appears that a person who—

(a)  is or has been an officer of the company,

(b)  has acted as liquidator [...] [1] or administrative receiver of the company, or

(c)  not being a person falling within paragraph (a) or (b), is or has been concerned, or has taken part, in the promotion, formation or management of the company,

has misapplied or retained, or become accountable for, any money or other property of the company, or been guilty of any misfeasance or breach of any fiduciary or other duty in relation to the company.

(2)  The reference in subsection (1) to any misfeasance or breach of any fiduciary or other duty in relation to the company includes, in the case of a person who has acted as liquidator [...] [2] of the company, any misfeasance or breach of any fiduciary or other duty in connection with the carrying out of his functions as liquidator [...] [2] of the company.

(3)  The court may, on the application of the official receiver or the liquidator, or of any creditor or contributory, examine into the conduct of the person falling within subsection (1) and compel him—

(a)  to repay, restore or account for the money or property or any part of it, with interest at such rate as the court thinks just, or

(b)  to contribute such sum to the company's assets by way of compensation in respect of the misfeasance or breach of fiduciary or other duty as the court thinks just.

(4)  The power to make an application under subsection (3) in relation to a person who has acted as liquidator [...] [2] of the company is not exercisable, except with the leave of the court, after [he] [3] has had his release.

(5)  The power of a contributory to make an application under subsection (3) is not exercisable except with the leave of the court, but is exercisable notwithstanding that he will not benefit from any order the court may make on the application.

## Notes

1    Word repealed by Enterprise Act 2002 c. 40 Sch.26 para. (September 15, 2003: repeal has effect as SI 2003/2093 subject to transitional provisions specified in SI 2003/2093 art.3)

2    Words repealed by Enterprise Act 2002 c. 40 Sch.26 para. (September 15, 2003: repeal has effect as SI 2003/2093 subject to transitional provisions specified in SI 2003/2093 art.3)

3    Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.18(c)(ii) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS > Penalisation of directors and officers > s. 212 Summary remedy against delinquent directors, liquidators, etc.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 213 Fraudulent trading.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Fraudulent trading; Winding-up

**213.— Fraudulent trading.**

(1)  If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors of any other person, or for any fraudulent purpose, the following has effect.

(2)  The court, on the application of the liquidator may declare that any persons who were knowingly parties to the carrying on of the business in the manner above-mentioned are to be liable to make such contributions (if any) to the company's assets as the court thinks proper.

1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES
ACTS > Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION;
PENALISATION OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND
PROSECUTIONS > Penalisation of directors and officers > s. 213 Fraudulent trading.*

---

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 214 Wrongful trading.

 **Law In Force**

**Version 2 of 2**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Directors; Jurisdiction; Winding-up; Wrongful trading

**214.— Wrongful trading.**

(1)  Subject to subsection (3) below, if in the course of the winding up of a company it appears that subsection (2) of this section applies in relation to a person who is or has been a director of the company, the court, on the application of the liquidator, may declare that that person is to be liable to make such contribution (if any) to the company's assets as the court thinks proper.

(2)  This subsection applies in relation to a person if—

(a)  the company has gone into insolvent liquidation,

(b)  at some time before the commencement of the winding up of the company, that person knew or ought to have concluded that there was no reasonable prospect that the company would avoid going into insolvent liquidation [ or entering insolvent administration] [1] , and

(c)  that person was a director of the company at that time; but the court shall not make a declaration under this section in any case where the time mentioned in paragraph (b) above was before 28th April 1986.

(3)  The court shall not make a declaration under this section with respect to any person if it is satisfied that after the condition specified in subsection (2)(b) was first satisfied in relation to him that person took every step with a view to minimising the potential loss to the company's creditors as ( [on the assumption that he had knowledge of the matter mentioned in subsection (2)(b)] [2] ) he ought to have taken.

(4)  For the purposes of subsections (2) and (3), the facts which a director of a company ought to know or ascertain, the conclusions which he ought to reach and the steps which he ought to take are those which would be known or ascertained, or reached or taken, by a reasonably diligent person having both—

(a) the general knowledge, skill and experience that may reasonably be expected of a person carrying out the same functions as are carried out by that director in relation to the company, and

(b)  the general knowledge, skill and experience that that director has.

(5)  The reference in subsection (4) to the functions carried out in relation to a company by a director of the company includes any functions which he does not carry out but which have been entrusted to him.

(6)  For the purposes of this section a company goes into insolvent liquidation if it goes into liquidation at a time when its assets are insufficient for the payment of its debts and other liabilities and the expenses of the winding up.

[

© 2026 Thomson Reuters.

(6A) For the purposes of this section a company enters insolvent administration if it enters administration at a time when its assets are insufficient for the payment of its debts and other liabilities and the expenses of the administration.

]³

(7) In this section *"director"* includes a shadow director.

(8) This section is without prejudice to section 213.

## Notes

1    Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.117(3)(a) (October 1, 2015: insertion has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.15)
2    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.117(3)(b) (October 1, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.15)
3    Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.117(3)(c) (October 1, 2015: insertion has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.15)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS > Penalisation of directors and officers > s. 214 Wrongful trading.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 215 Proceedings under ss. 213, 214.

 **Law In Force**

**Version 2 of 2**

5 December 2005 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Applications; Directions; Fraudulent trading; Interpretation; Liquidators' powers and duties; Proceedings; Wrongful trading

**215.— Proceedings under ss. 213, 214.**

(1)  On the hearing of an application under section 213 or 214, the liquidator may himself give evidence or call witnesses.

(2)  Where under either section the court makes a declaration, it may give such further directions as it thinks proper for giving effect to the declaration; and in particular, the court may—

(a)  provide for the liability of any person under the declaration to be a charge on any debt or obligation due from the company to him, or on any mortgage or charge or any interest in a mortgage or charge on assets of the company held by or vested in him, or any person on his behalf, or any person claiming as assignee from or through the person liable or any person acting on his behalf, and

(b)  from time to time make such further order as may be necessary for enforcing any charge imposed under this subsection.

(3)  For the purposes of subsection (2), *"assignee"* —

(a)  includes a person to whom or in whose favour, by the directions of the person made liable, the debt, obligation, mortgage or charge was created, issued or transferred or the interest created, but

(b)   does not include an assignee for valuable consideration (not including consideration by way of marriage [ or the formation of a civil partnership] [1]  ) given in good faith and without notice of any of the matters on the ground of which the declaration is made.

(4)  Where the court makes a declaration under either section in relation to a person who is a creditor of the company, it may direct that the whole or any part of any debt owed by the company to that person and any interest thereon shall rank in priority after all other debts owed by the company and after any interest on those debts.

(5)  Sections 213 and 214 have effect notwithstanding that the person concerned may be criminally liable in respect of matters on the ground of which the declaration under the section is to be made.

## Notes

1        Words inserted by Civil Partnership Act 2004 c. 33 Sch.27 para.112 (December 5, 2005)

© 2026 Thomson Reuters.

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Penalisation of directors and officers > s. 215 Proceedings under ss. 213, 214.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 216 Restriction on re-use of company names.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency; Sentencing

**Keywords**
Directors; Prohibited names; Winding-up

**216.— Restriction on re-use of company names.**

(1)  This section applies to a person where a company ("the liquidating company") has gone into insolvent liquidation on or after the appointed day and he was a director or shadow director of the company at any time in the period of 12 months ending with the day before it went into liquidation.

(2)  For the purposes of this section, a name is a prohibited name in relation to such a person if—

  (a)  it is a name by which the liquidating company was known at any time in that period of 12 months, or

  (b)  it is a name which is so similar to a name falling within paragraph (a) as to suggest an association with that company.

(3)  Except with leave of the court or in such circumstances as may be prescribed, a person to whom this section applies shall not at any time in the period of 5 years beginning with the day on which the liquidating company went into liquidation—

  (a)  be a director of any other company that is known by a prohibited name, or

  (b)  in any way, whether directly or indirectly, be concerned or take part in the promotion, formation or management of any such company, or

  (c)  in any way, whether directly or indirectly, be concerned or take part in the carrying on of a business carried on (otherwise than by a company) under a prohibited name.

(4)  If a person acts in contravention of this section, he is liable to imprisonment or a fine, or both.

(5)  In subsection (3) *"the court"* means any court having jurisdiction to wind up companies; and on an application for leave under that subsection, the Secretary of State or the official receiver may appear and call the attention of the court to any matters which seem to him to be relevant.

(6)  References in this section, in relation to any time, to a name by which a company is known are to the name of the company at that time or to any name under which the company carries on business at that time.

(7)  For the purposes of this section a company goes into insolvent liquidation if it goes into liquidation at a time when its assets are insufficient for the payment of its debts and other liabilities and the expenses of the winding up.

(8)  In this section *"company"* includes a company which may be wound up under Part V of this Act.

1  2

---

© 2026 Thomson Reuters.

**Notes**

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS*
*> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION*
*OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS*
*> Penalisation of directors and officers > s. 216 Restriction on re-use of company names.*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 217 Personal liability for debts, following contravention of s. 216.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Debts; Directors' liabilities; Managers; Prohibited names; Winding-up

**217.— Personal liability for debts, following contravention of s. 216.**

(1)  A person is personally responsible for all the relevant debts of a company if at any time—

(a)  in contravention of section 216, he is involved in the management of the company, or

(b)  as a person who is involved in the management of the company, he acts or is willing to act on instructions given (without the leave of the court) by a person whom he knows at that time to be in contravention in relation to the company of section 216.

(2)  Where a person is personally responsible under this section for the relevant debts of a company, he is jointly and severally liable in respect of those debts with the company and any other person who, whether under this section or otherwise, is so liable.

(3)  For the purposes of this section the relevant debts of a company are—

(a)  in relation to a person who is personally responsible under paragraph (a) of subsection (1), such debts and other liabilities of the company as are incurred at a time when that person was involved in the management of the company, and

(b)  in relation to a person who is personally responsible under paragraph (b) of that subsection, such debts and other liabilities of the company as are incurred at a time when that person was acting or was willing to act on instructions given as mentioned in that paragraph.

(4)  For the purposes of this section, a person is involved in the management of a company if he is a director of the company or if he is concerned, whether directly or indirectly, or takes part, in the management of the company.

(5)  For the purposes of this section a person who, as a person involved in the management of a company, has at any time acted on instructions given (without the leave of the court) by a person whom he knew at that time to be in contravention in relation to the company of section 216 is presumed, unless the contrary is shown, to have been willing at any time thereafter to act on any instructions given by that person.

(6)  In this section *"company"* includes a company which may be wound up under Part V.

1 2

---

# Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25, Criminal Justice Act 1988 (c.33), ss. 86(5), 123, Sch. 8 para. 16, Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 35(4), 47(4)(a) Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a)(5)(a), 90, 126(3), Sch. 15

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS > Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS > Penalisation of directors and officers > s. 217 Personal liability for debts, following contravention of s. 216.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 218 Prosecution of delinquent officers and

 **Law In Force**

**Version 3 of 3**

1 October 2009 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Company officers; Compulsory winding-up; Criminal liability; Investigations; Jurisdiction; Members; Ministers' powers and duties; Offences; Reports

**218.— Prosecution of delinquent officers and members of company.**

(1)   If it appears to the court in the course of a winding up by the court that any past or present officer, or any member, of the company has been guilty of any offence in relation to the company for which he is criminally liable, the court may (either on the application of a person interested in the winding up or of its own motion) direct the liquidator to refer the matter [...] [1] [

   (a)  in the case of a winding up in England and Wales, to the Secretary of State, and

   (b)  in the case of a winding up in Scotland, to the Lord Advocate.

  ] [1]

[...] [2]

(3)  If in the case of a winding up by the court in England and Wales it appears to the liquidator, not being the official receiver, that any past or present officer of the company, or any member of it, has been guilty of an offence in relation to the company for which he is criminally liable, the liquidator shall report the matter to the official receiver.

(4)   If it appears to the liquidator in the course of a voluntary winding up that any past or present officer of the company, or any member of it, has been guilty of an offence in relation to the company for which he is criminally liable, he shall [ forthwith report the matter—] [3] [

   (a)  in the case of a winding up in England and Wales, to the Secretary of State, and

   (b)  in the case of a winding up in Scotland, to the Lord Advocate,

  and shall furnish to the Secretary of State or (as the case may be) the Lord Advocate such information and give to him such access to and facilities for inspecting and taking copies of documents (being information or documents in the possession or under the control of the liquidator and relating to the matter in question) as [the Secretary of State or (as the case may be) the Lord Advocate] [4] requires. ] [3]

[

(5)  Where a report is made to the Secretary of State under subsection (4) he may, for the purpose of investigating the matter reported to him and such other matters relating to the affairs of the company as appear to him to require investigation, exercise any of the powers which are exercisable by inspectors appointed under section 431 or 432 of [the Companies Act 1985] [6] to investigate a company's affairs.

© 2026 Thomson Reuters.

]<sup>5</sup>

(6)  If it appears to the court in the course of a voluntary winding up that—

(a)  any past or present officer of the company, or any member of it, has been guilty as above-mentioned, and

(b)   no report with respect to the matter has been made by the liquidator [...] [7] under subsection (4),

the court may (on the application of any person interested in the winding up or of its own motion) direct the liquidator to make such a report. On a report being made accordingly, this section has effect as though the report had been made in pursuance of subsection (4).

---

## Notes

1        Words substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(2) (April 2, 2001)
2        Repealed subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 Sch.5 para.1 (April 2, 2001 as SI 2001/766)
3        Words substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(4)(a) (April 2, 2001)
4        Words substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(4)(b) (April 2, 2001)
5        Substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(5) (April 2, 2001)
6        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(24) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
7        Words repealed subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 Sch.5 para.1 (April 2, 2001 as SI 2001/766)

---

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS >
Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION OF
COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS >
Investigation and prosecution of malpractice > s. 218 Prosecution of delinquent officers and*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 219 Obligations arising under s. 218.

 **Law In Force**

**Version 3 of 3**

1 October 2009 - Present

**Subjects**
Criminal procedure; Insolvency

**Keywords**
Company officers; Criminal proceedings; Disclosure; Investigations; Liquidators' powers and duties; Members; Ministers' powers and duties; Reports; Winding-up

**219.— Obligations arising under s. 218.**

(1)   For the purpose of an investigation by the Secretary of State [in consequence of a report made to him under section 218(4)] [1] , any obligation imposed on a person by any provision of [the Companies Act 1985] [2] to produce documents or give information to, or otherwise to assist, inspectors appointed as mentioned in [section 218(5)] [1] is to be regarded as an obligation similarly to assist the Secretary of State in his investigation.

(2)  An answer given by a person to a question put to him in exercise of the powers conferred by section 218(5) may be used in evidence against him.

[

(2A)  However, in criminal proceedings in which that person is charged with an offence to which this subsection applies—

(a)  no evidence relating to the answer may be adduced, and

(b)  no question relating to it may be asked,

 by or on behalf of the prosecution, unless evidence relating to it is adduced, or a question relating to it is asked, in the proceedings by or on behalf of that person.

(2B)  Subsection (2A) applies to any offence other than—

(a)  an offence under section 2 or 5 of the Perjury Act 1911 (false statements made on oath otherwise than in judicial proceedings or made otherwise than on oath), or

(b)  an offence under section 44(1) or (2) of the Criminal Law (Consolidation) (Scotland) Act 1995 (false statements made on oath or otherwise than on oath).

] [3]

(3)   Where criminal proceedings are instituted by [the Director of Public Prosecutions, the Lord Advocate] [4] or the Secretary of State following any report or reference under section 218 , it is the duty of the liquidator and every officer and agent of the company past and present (other than the defendant or defender) to give to [the Director of Public Prosecutions, the Lord Advocate] [4] or the Secretary of State (as the case may be) all assistance in connection with the prosecution which he is reasonably able to give.  For this purpose *"agent"* includes any banker or solicitor of the company and any person employed by the company as auditor, whether that agent is or is not an officer of the company.

(4)   If a person fails or neglects to give assistance in the manner required by subsection (3), the court may, on the application of the [Director of Public Prosecutions, the Lord Advocate] [5] or the Secretary of State (as the case may be) direct the person to comply with that subsection; and if the application is made with respect to a liquidator, the court may (unless it appears that the failure or neglect to comply was due to the liquidator not having in his hands sufficient assets of the company to enable him to do so) direct that the costs shall be borne by the liquidator personally.

## Notes

1        Words substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(7)(a) (April 2, 2001)
2        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.75(24) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
3        Added by Insolvency Act 2000 c. 39 s.11 (April 2, 2001)
4        Words substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(7)(b) (April 2, 2001)
5        Words substituted subject to transitional provisions in SI 2001/766, art.3(4) by Insolvency Act 2000 c. 39 s.10(7)(c) (April 2, 2001)

*Part IV WINDING UP OF COMPANIES REGISTERED UNDER THE COMPANIES ACTS
> Chapter X MALPRACTICE BEFORE AND DURING LIQUIDATION; PENALISATION
OF COMPANIES AND COMPANY OFFICERS; INVESTIGATIONS AND PROSECUTIONS
> Investigation and prosecution of malpractice > s. 219 Obligations arising under s. 218.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 233 Supplies of gas, water, electricity, etc.

 **Law In Force**

**Version 9 of 9**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Electricity supply; Gas supply; Guarantees; Liquidators; Nominees; Payments; Supervisors; Water supply

**233.— Supplies of gas, water, electricity, etc.**

(1)  This section applies in the case of a company where—[

   (a)  the company enters administration, or

]<sup>1</sup>

   (b)  an administrative receiver is appointed, or

[...]<sup>2</sup>

   (c)   a voluntary arrangement [approved under Part I]<sup>3</sup> , has taken effect, or

   (d)  the company goes into liquidation, or

   (e)  a provisional liquidator is appointed;

and *"the office-holder"*  means the administrator, the administrative receiver, [...]<sup>4</sup> the supervisor of the voluntary arrangement, the liquidator or the provisional liquidator, as the case may be .

(2)  If a request is made by or with the concurrence of the office-holder for the giving, after the effective date, of any of the supplies mentioned in the next subsection, the supplier—

   (a)  may make it a condition of the giving of the supply that the office-holder personally guarantees the payment of any charges in respect of the supply, but

   (b)  shall not make it a condition of the giving of the supply, or do anything which has the effect of making it a condition of the giving of the supply, that any outstanding charges in respect of a supply given to the company before the effective date are paid.

(3)  The supplies referred to in subsection (2) are—[

   (a)  a supply of gas by a gas supplier within the meaning of Part I of the Gas Act 1986,

]<sup>5</sup> [

   (aa)  a supply of gas by a person within paragraph 1 of Schedule 2A to the Gas Act 1986<sup>7</sup>  (supply by landlords etc.),

] [6] [

(b)  a supply of electricity by an electricity supplier within the meaning of Part I of the Electricity Act 1989,

] [8] [

(ba)  a supply of electricity by a class of person within Class A (small suppliers) or Class B (resale) of Schedule 4 to the Electricity (Class Exemptions from the Requirement for a Licence) Order 2001 (S.I. 2001/3270),

] [9]

(c)  a supply of water by [a water undertaker] [10]  or, in Scotland, [Scottish Water] [11] ,

[

(ca)  a supply of water by a water supply licensee within the meaning of the Water Industry Act 1991 [13] ,

(cb)  a supply of water by a water services provider within the meaning of the Water Services etc. (Scotland) Act 2005,

(cc)  a supply of water by a person who has an interest in the premises to which the supply is given,

] [12] [

(d)   a supply of communications services by a provider of a public electronic communications service [,] [15]

] [14] [

(e)  a supply of communications services by a person who carries on a business which includes giving such supplies;

(f)  a supply of goods or services mentioned in subsection (3A) by a person who carries on a business which includes giving such supplies, where the supply is for the purpose of enabling or facilitating anything to be done by electronic means.

] [15]

[

(3A)  The goods and services referred to in subsection (3)(f) are—

(a)  point of sale terminals;

(b)  computer hardware and software;

(c)  information, advice and technical assistance in connection with the use of information technology;

(d)  data storage and processing;

(e)  website hosting.

] [16]

(4)  *"The effective date"*  for the purposes of this section is whichever is applicable of the following dates— [

(a)  the date on which the company entered administration,

] [17]

© 2026 Thomson Reuters.

(b) the date on which the administrative receiver was appointed (or, if he was appointed in succession to another administrative receiver, the date on which the first of his predecessors was appointed),

[...] [18]

(c) the date on which the voluntary arrangement [took effect] [19],

(d) the date on which the company went into liquidation,

(e) the date on which the provisional liquidator was appointed

.

(5) The following applies to expressions used in subsection (3)—[...] [20] [...] [21] [...] [22] [

(d) `communications services' do not include electronic communications services to the extent that they are used to broadcast or otherwise transmit programme services (within the meaning of the Communications Act 2003).

] [23]

## Notes

1    Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.22(a) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
2    Repealed by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.15(2)(a) (June 26, 2020)
3    Words substituted by Insolvency Act 2000 c. 39 Sch.1 para.8(2)(b) (January 1, 2003 subject to transitional provisions specified in SI 2002/2711 arts.3-5)
4    Words repealed by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.15(2)(b) (June 26, 2020)
5    Substituted by Gas Act 1995 c. 45 Sch.4 para.14(1) (March 1, 1996)
6    Added by Insolvency (Protection of Essential Supplies) Order 2015/989 art.2(2)(a) (October 1, 2015)
7    paragraph 1 of Schedule 2A was inserted by Schedule 1 to the Gas Act 1995 (c.45).
8    Substituted by Utilities Act 2000 c. 27 Sch.6(III) para.47(2)(a) (October 1, 2001 subject to transitional provisions as specified in SI 2001/3266 arts 3-20)
9    Added by Insolvency (Protection of Essential Supplies) Order 2015/989 art.2(2)(b) (October 1, 2015)
10    Words substituted by Water Act 1989 (c.15), s. 190, Sch. 25 para. 78(1)(withss. 58(7), 101(1), 141(6), 160(1)(2)(4),163, 189(4)&ndash;(10), 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58)
11    Words substituted by Water Industry (Scotland) Act 2002 (Consequential Modifications) Order 2004/1822 Sch.1(1) para.14(a) (July 14, 2004)
12    Added by Insolvency (Protection of Essential Supplies) Order 2015/989 art.2(2)(c) (October 1, 2015)
13    the meaning of water supply licensee is given by section 17A of the Water Industry Act 1991, which is to be inserted by section 1 of the Water Act 2014 (c.21) on a day yet to be appointed.
14    Substituted by Communications Act 2003 c. 21 Sch.17 para.82(2)(a) (July 25, 2003 subject to transitional provisions specified in SI 2003/1900 art.3(1); December 29, 2003 being the date on which the transitional provisions cease to have effect as specified in SI 2003/3142 art.3(2))
15    Added by Insolvency (Protection of Essential Supplies) Order 2015/989 art.2(2)(d) (October 1, 2015)
16    Added by Insolvency (Protection of Essential Supplies) Order 2015/989 art.2(3) (October 1, 2015)
17    Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.22(b) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
18    Repealed by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.15(3) (June 26, 2020)

---

**Notes**

19      Words substituted by Insolvency Act 2000 c. 39 Sch.1 para.8(3)(b) (January 1, 2003 subject to transitional provisions specified in SI 2002/2711 arts.3-5)
20      Repealed by Gas Act 1995 c. 45 Sch.6 para. (March 1, 1996 as SI 1996/218)
21      Repealed subject to transitional provisions as specified in SI 2001/3266 arts 3-20 by Utilities Act 2000 c. 27 Sch.8 para. (October 1, 2001: repeal has effect as SI 2001/3266 subject to transitional provisions as specified in SI 2001/3266 arts 3-20)
22      Repealed by Water Industry (Scotland) Act 2002 (Consequential Modifications) Order 2004/1822 Sch.1(1) para.14(b) (July 14, 2004)
23      Substituted by Communications Act 2003 c. 21 Sch.17 para.82(2)(b) (July 25, 2003 subject to transitional provisions specified in SI 2003/1900 art.3(1); December 29, 2003 being the date on which the transitional provisions cease to have effect as specified in SI 2003/3142 art.3(2))

---

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Management by administrators, liquidators, etc. > s. 233 Supplies of gas, water, electricity, etc.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 233A Further protection of essential supplies

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Company voluntary arrangements; Contract terms; Interpretation; Supply of goods; Supply of services; Termination

[

**233A.— Further protection of essential supplies**

(1)  An insolvency-related term of a contract for the supply of essential goods or services to a company ceases to have effect if—

(a)  the company enters administration, or

(b)  a voluntary arrangement approved under Part 1 takes effect in relation to the company.

(2)  An insolvency-related term of a contract does not cease to have effect by virtue of subsection (1) to the extent that—

(a)  it provides for the contract or the supply to terminate, or any other thing to take place, because the company becomes subject to an insolvency procedure other than administration or a voluntary arrangement;

(b)  it entitles a supplier to terminate the contract or the supply, or do any other thing, because the company becomes subject to an insolvency procedure other than administration or a voluntary arrangement; or

(c)  it entitles a supplier to terminate the contract or the supply because of an event that occurs, or may occur, after the company enters administration or the voluntary arrangement takes effect.

(3)  Where an insolvency-related term of a contract ceases to have effect under this section the supplier may—

(a)  terminate the contract, if the condition in subsection (4) is met;

(b)  terminate the supply, if the condition in subsection (5) is met.

(4)  The condition in this subsection is that—

(a)  the insolvency office-holder consents to the termination of the contract,

(b)  the court grants permission for the termination of the contract, or

(c)  any charges in respect of the supply that are incurred after the company entered administration or the voluntary arrangement took effect are not paid within the period of 28 days beginning with the day on which payment is due.

 The court may grant permission under paragraph (b) only if satisfied that the continuation of the contract would cause the supplier hardship.

(5)  The condition in this subsection is that—

(a)  the supplier gives written notice to the insolvency office-holder that the supply will be terminated unless the office-holder personally guarantees the payment of any charges in respect of the continuation of the supply after the company entered administration or the voluntary arrangement took effect, and

(b)  the insolvency office-holder does not give that guarantee within the period of 14 days beginning with the day the notice is received.

(6)  For the purposes of securing that the interests of suppliers are protected, where—

(a)  an insolvency-related term of a contract (the "original term") ceases to have effect by virtue of subsection (1), and

(b)  the company subsequently enters administration, or a voluntary arrangement subsequently has effect in relation to it,

the contract is treated for the purposes of subsections (1) to (5) as if, immediately before the subsequent administration is entered into or the subsequent voluntary arrangement takes effect, it included an insolvency-related term identical to the original term.

(7)  A contract for the supply of essential goods or services is a contract for a supply mentioned in section 233(3).

(8)  An insolvency-related term of a contract for the supply of essential goods or services to a company is a provision of the contract under which—

(a)  the contract or the supply would terminate, or any other thing would take place, because the company enters administration or the voluntary arrangement takes effect,

(b)  the supplier would be entitled to terminate the contract or the supply, or to do any other thing, because the company enters administration or the voluntary arrangement takes effect, or

(c)  the supplier would be entitled to terminate the contract or the supply because of an event that occurred before the company enters administration or the voluntary arrangement takes effect.

(9)  In this section *"insolvency office-holder"* means—

(a)  in a case where a company enters administration, the administrator;

(b)  in a case where a voluntary arrangement under Part 1 takes effect in relation to a company, the supervisor of the voluntary arrangement.

(10)  Subsection (1) does not have effect in relation to a contract entered into before 1st October 2015.

]<sup>1</sup>

---

## Notes

1      Added by Insolvency (Protection of Essential Supplies) Order 2015/989 art.4 (October 1, 2015)

---

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Management by administrators, liquidators, etc. > s. 233A Further protection of essential supplies*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 234 Getting in the company's property.

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrative receivership; Company records; Judgments and orders; Liquidation; Property; Provisional liquidation; Transfer

**234.— Getting in the company's property.**

(1)  This section applies in the case of a company where—[

(a)  the company enters administration, or

] [1]

(b)  an administrative receiver is appointed, or

(c)  the company goes into liquidation, or

(d)  a provisional liquidator is appointed;

and *"the office-holder"* means the administrator, the administrative receiver, the liquidator or the provisional liquidator, as the case may be.

(2)  Where any person has in his possession or control any property, books, papers or records to which the company appears to be entitled, the court may require that person forthwith (or within such period as the court may direct) to pay, deliver, convey, surrender or transfer the property, books, papers or records to the office-holder.

(3)  Where the office-holder—

(a)  seizes or disposes of any property which is not property of the company, and

(b)  at the time of seizure or disposal believes, and has reasonable grounds for believing, that he is entitled (whether in pursuance of an order of the court or otherwise) to seize or dispose of that property,

the next subsection has effect.

(4)  In that case the office-holder—

(a)  is not liable to any person in respect of any loss or damage resulting from the seizure or disposal except in so far as that loss or damage is caused by the office-holder's own negligence, and

(b)  has a lien on the property, or the proceeds of its sale, for such expenses as were incurred in connection with the seizure or disposal.

© 2026 Thomson Reuters.

## Notes

1    Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.23 (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Management by administrators, liquidators, etc. > s. 234 Getting in the company's property.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 235 Duty to co-operate with office-holder.

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrative receivership; Company officers; Duty to co-operate; Employees; Liquidation; Provisional liquidation; Winding-up

**235.— Duty to co-operate with office-holder.**

(1)  This section applies as does section 234; and it also applies, in the case of a company in respect of which a winding-up order has been made by the court in England and Wales, as if references to the office-holder included the official receiver, whether or not he is the liquidator.

(2)  Each of the persons mentioned in the next subsection shall—

(a)  give to the office-holder such information concerning the company and its promotion, formation, business, dealings, affairs or property as the office-holder may at any time after the effective date reasonably require, and

(b)  attend on the office-holder at such times as the latter may reasonably require.

(3)  The persons referred to above are—

(a)  those who are or have at any time been officers of the company,

(b)  those who have taken part in the formation of the company at any time within one year before the effective date,

(c)  those who are in the employment of the company, or have been in its employment (including employment under a contract for services) within that year, and are in the office-holder's opinion capable of giving information which he requires,

(d)  those who are, or have within that year been, officers of, or in the employment (including employment under a contract for services) of, another company which is, or within that year was, an officer of the company in question, and

(e)  in the case of a company being wound up by the court, any person who has acted as administrator, administrative receiver or liquidator of the company.

(4)  For the purposes of subsections (2) and (3), *"the effective date"*  is whichever is applicable of the following dates— [

(a)  the date on which the company entered administration,

] [1]

(b)   the date on which the administrative receiver was appointed or, if he was appointed in succession to another administrative receiver, the date on which the first of his predecessors was appointed,

(c)  the date on which the provisional liquidator was appointed, and

(d)  the date on which the company went into liquidation.

(5)  If a person without reasonable excuse fails to comply with any obligation imposed by this section, he is liable to a fine and, for continued contravention, to a daily default fine.

## Notes

1      Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.24 (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Management by administrators, liquidators, etc. > s. 235 Duty to co-operate with office-holder.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 236 Inquiry into company's dealings, etc.

 **Law In Force**

**Version 2 of 2**

6 April 2010 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrative receivership; Arrest warrants; Company officers; Jurisdiction; Liquidation; Private examinations; Provisional liquidation; Winding-up

**236.— Inquiry into company's dealings, etc.**

(1)  This section applies as does section 234; and it also applies in the case of a company in respect of which a winding-up order has been made by the court in England and Wales as if references to the office-holder included the official receiver, whether or not he is the liquidator.

(2)  The court may, on the application of the office-holder, summon to appear before it—

(a)  any officer of the company,

(b)  any person known or suspected to have in his possession any property of the company or supposed to be indebted to the company, or

(c)  any person whom the court thinks capable of giving information concerning the promotion, formation, business, dealings, affairs or property of the company.

(3)   The court may require any such person as is mentioned in subsection (2)(a) to (c) to submit [to the court] [1]  an account of his dealings with the company or to produce any books, papers or other records in his possession or under his control relating to the company or the matters mentioned in paragraph (c) of the subsection.

[

(3A)  An account submitted to the court under subsection (3) must be contained in—

(a)  a witness statement verified by a statement of truth (in England and Wales), and

(b)  an affidavit (in Scotland).

] [2]

(4)  The following applies in a case where—

(a)  a person without reasonable excuse fails to appear before the court when he is summoned to do so under this section, or

(b)  there are reasonable grounds for believing that a person has absconded, or is about to abscond, with a view to avoiding his appearance before the court under this section.

(5)  The court may, for the purpose of bringing that person and anything in his possession before the court, cause a warrant to be issued to a constable or prescribed officer of the court—

(a)  for the arrest of that person, and

(b)  for the seizure of any books, papers, records, money or goods in that person's possession.

(6)  The court may authorise a person arrested under such a warrant to be kept in custody, and anything seized under such a warrant to be held, in accordance with the rules, until that person is brought before the court under the warrant or until such other time as the court may order.

## Notes

1        Words substituted by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.5(6)(a) (April 6, 2010: substitution has effect subject to transitional provisions specified in SI 2010/18 art.12(4))
2        Added by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.5(6)(b) (April 6, 2010: insertion has effect subject to transitional provisions specified in SI 2010/18 art.12(4))

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Management by administrators, liquidators, etc. > s. 236 Inquiry into company's dealings, etc.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 237 Court's enforcement powers under s. 236.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrative receivership; Company officers; Debts; Jurisdiction; Liquidation; Private examinations; Property; Provisional liquidation; Winding-up

**237.— Court's enforcement powers under s. 236.**

(1) If it appears to the court, on consideration of any evidence obtained under section 236 or this section, that any person has in his possession any property of the company, the court may, on the application of the office-holder, order that person to deliver the whole or any part of the property to the office-holder at such time, in such manner and on such terms as the court thinks fit.

(2) If it appears to the court, on consideration of any evidence so obtained, that any person is indebted to the company, the court may, on the application of the office-holder, order that person to pay to the office-holder, at such time and in such manner as the court may direct, the whole or any part of the amount due, whether in full discharge of the debt or otherwise, as the court thinks fit.

(3) The court may, if it thinks fit, order that any person who if within the jurisdiction of the court would be liable to be summoned to appear before it under section 236 or this section shall be examined in any part of the United Kingdom where he may for the time being be, or in a place outside the United Kingdom.

(4) Any person who appears or is brought before the court under section 236 or this section may be examined on oath, either orally or (except in Scotland) by interrogatories, concerning the company or the matters mentioned in section 236(2)(c).

1 2

## Notes

1       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

## **Notes**

2        Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25 Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a) (5)(a), 90, 126(3), Sch. 15 Applied (with modifications) by S.I. 1989/1276, arts. 2, 3

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES*
*WHICH ARE INSOLVENT OR IN LIQUIDATION > Management by*
*administrators, liquidators, etc. > s. 237 Court's enforcement powers under s. 236.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 238 Transactions at an undervalue (England and Wales).

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Interpretation; Judgments and orders; Liquidation; Transactions at an undervalue

**238.— Transactions at an undervalue (England and Wales).**

(1)  This section applies in the case of a company where—[

(a)  the company enters administration, or

]<sup>1</sup>

(b)  the company goes into liquidation;

and *"the office-holder"* means the administrator or the liquidator, as the case may be.

(2)  Where the company has at a relevant time (defined in section 240) entered into a transaction with any person at an undervalue, the office-holder may apply to the court for an order under this section.

(3)  Subject as follows, the court shall, on such an application, make such order as it thinks fit for restoring the position to what it would have been if the company had not entered into that transaction.

(4)  For the purposes of this section and section 241, a company enters into a transaction with a person at an undervalue if—

(a)  the company makes a gift to that person or otherwise enters into a transaction with that person on terms that provide for the company to receive no consideration, or

(b)  the company enters into a transaction with that person for a consideration the value of which, in money or money's worth, is significantly less than the value, in money or money's worth, of the consideration provided by the company.

(5)  The court shall not make an order under this section in respect of a transaction at an undervalue if it is satisfied—

(a)  that the company which entered into the transaction did so in good faith and for the purpose of carrying on its business, and

(b)  that at the time it did so there were reasonable grounds for believing that the transaction would benefit the company.

**Notes**

1    Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.25 (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions (administration and liquidation) > s. 238 Transactions at an undervalue (England and Wales).*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 239 Preferences (England and Wales).

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Interpretation; Judgments and orders; Liquidation; Preferences

**239.— Preferences (England and Wales).**

(1)  This section applies as does section 238.

(2)  Where the company has at a relevant time (defined in the next section) given a preference to any person, the office-holder may apply to the court for an order under this section.

(3)  Subject as follows, the court shall, on such an application, make such order as it thinks fit for restoring the position to what it would have been if the company had not given that preference.

(4)  For the purposes of this section and section 241, a company gives a preference to a person if—

(a)  that person is one of the company's creditors or a surety or guarantor for any of the company's debts or other liabilities, and

(b)  the company does anything or suffers anything to be done which (in either case) has the effect of putting that person into a position which, in the event of the company going into insolvent liquidation, will be better than the position he would have been in if that thing had not been done.

(5)  The court shall not make an order under this section in respect of a preference given to any person unless the company which gave the preference was influenced in deciding to give it by a desire to produce in relation to that person the effect mentioned in subsection (4)(b).

(6)  A company which has given a preference to a person connected with the company (otherwise than by reason only of being its employee) at the time the preference was given is presumed, unless the contrary is shown, to have been influenced in deciding to give it by such a desire as is mentioned in subsection (5).

(7)  The fact that something has been done in pursuance of the order of a court does not, without more, prevent the doing or suffering of that thing from constituting the giving of a preference.

1 2 3

# Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
2    Modified by Company Directors Disqualification Act 1986 (c.46), ss. 21(2), 25 Extended with modifications by Building Societies Act 1986 (c.53), ss. 54(3)(a) (5)(a), 90, 126(3), Sch. 15 Applied (with modifications) by S.I. 1989/1276, arts. 2, 3
3    S. 239 excluded by Companies Act 1989 (c.40), ss. 154, 155, 165(1)(b), 213(2) S. 239 restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 8(1)(b)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions (administration and liquidation) > s. 239 Preferences (England and Wales).*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 240 "Relevant time" under ss. 238, 239.

 **Law In Force**

**Version 5 of 5**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Interpretation; Liquidation; Preferences; Time; Transactions at an undervalue

**240.— "Relevant time" under ss. 238, 239.**

(1)  Subject to the next subsection, the time at which a company enters into a transaction at an undervalue or gives a preference is a relevant time if the transaction is entered into, or the preference given—

(a)  in the case of a transaction at an undervalue or of a preference which is given to a person who is connected with the company (otherwise than by reason only of being its employee), at a time in the period of 2 years ending with the onset of insolvency (which expression is defined below),

(b)   in the case of a preference which is not such a transaction and is not so given, at a time in the period of 6 months ending with the onset of insolvency, [...] [1]

[

(c)  in either case, at a time between the making of an administration application in respect of the company and the making of an administration order on that application, and

(d)  in either case, at a time between the filing with the court of a copy of notice of intention to appoint an administrator under paragraph 14 or 22 of Schedule B1 and the making of an appointment under that paragraph.

] [2]

(2)  Where a company enters into a transaction at an undervalue or gives a preference at a time mentioned in subsection (1) (a) or (b), that time is not a relevant time for the purposes of section 238 or 239 unless the company—

(a)  is at that time unable to pay its debts within the meaning of section 123 in Chapter VI of Part IV, or

(b)  becomes unable to pay its debts within the meaning of that section in consequence of the transaction or preference;

but the requirements of this subsection are presumed to be satisfied, unless the contrary is shown, in relation to any transaction at an undervalue which is entered into by a company with a person who is connected with the company.

(3)  For the purposes of subsection (1), the onset of insolvency is—[

(a) in a case where section 238 or 239 applies by reason of an administrator of a company being appointed by administration order, the date on which the administration application is made,

(b)  in a case where section 238 or 239 applies by reason of an administrator of a company being appointed under paragraph 14 or 22 of Schedule B1 following filing with the court of a copy of a notice of intention to appoint under that paragraph, the date on which the copy of the notice is filed,

(c)  in a case where section 238 or 239 applies by reason of an administrator of a company being appointed otherwise than as mentioned in paragraph (a) or (b), the date on which the appointment takes effect,

(d)    in a case where section 238 or 239 applies by reason of a company going into liquidation [...]$^4$ at the time when the appointment of an administrator ceases to have effect, the date on which the company entered administration (or, if relevant, the date on which the application for the administration order was made or a copy of the notice of intention to appoint was filed), and

(e)  in a case where section 238 or 239 applies by reason of a company going into liquidation at any other time, the date of the commencement of the winding up.

]$^3$

---

## Notes

1       Word repealed by Enterprise Act 2002 c. 40 Sch.26 para. (September 15, 2003: repeal has effect as SI 2003/2093 subject to transitional provisions specified in SI 2003/2093 art.3)
2       S.240(1)(c)-(d) substituted for s.240(1)(c) subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.26(2) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
3       S.240(3)(a)-(e) substituted for s.240(3)(a),(aa) and (b) subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.26(4) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
4       Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.28 (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5)

---

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH*
*ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions*
*(administration and liquidation) > s. 240 "Relevant time" under ss. 238, 239.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

# s. 241 Orders under ss. 238, 239.

 **Law In Force**

**Version 3 of 3**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Judgments and orders; Liquidation; Notice; Preferences; Transactions at an undervalue

**241.— Orders under ss. 238, 239.**

(1)  Without prejudice to the generality of sections 238(3) and 239(3), an order under either of those sections with respect to a transaction or preference entered into or given by a company may (subject to the next subsection)—

(a)  require any property transferred as part of the transaction, or in connection with the giving of the preference, to be vested in the company,

(b)  require any property to be so vested if it represents in any person's hands the application either of the proceeds of sale of property so transferred or of money so transferred,

(c)  release or discharge (in whole or in part) any security given by the company,

(d)  require any person to pay, in respect of benefits received by him from the company, such sums to the office-holder as the court may direct,

(e)  provide for any surety or guarantor whose obligations to any person were released or discharged (in whole or in part) under the transaction, or by the giving of the preference, to be under such new or revived obligations to that person as the court thinks appropriate,

(f)  provide for security to be provided for the discharge of any obligation imposed by or arising under the order, for such an obligation to be charged on any property and for the security or charge to have the same priority as a security or charge released or discharged (in whole or in part) under the transaction or by the giving of the preference, and

(g)  provide for the extent to which any person whose property is vested by the order in the company, or on whom obligations are imposed by the order, is to be able to prove in the winding up of the company for debts or other liabilities which arose from, or were released or discharged (in whole or in part) under or by, the transaction or the giving of the preference.

(2)  An order under section 238 or 239 may affect the property of, or impose any obligation on, any person whether or not he is the person with whom the company in question entered into the transaction or (as the case may be) the person to whom the preference was given; but such an order—

(a)  shall not prejudice any interest in property which was acquired from a person other than the company and was acquired [in good faith and for value] [1] , or prejudice any interest deriving from such an interest, and

(b)  shall not require a person who received a benefit from the transaction or preference [in good faith and for value] [1] to pay a sum to the office-holder, except where that person was a party to the transaction or the payment is to be in respect of a preference given to that person at a time when he was a creditor of the company.

[

(2A)  Where a person has acquired an interest in property from a person other than the company in question, or has received a benefit from the transaction or preference, and at the time of that acquisition or receipt—

(a)  he had notice of the relevant surrounding circumstances and of the relevant proceedings, or

(b)  he was connected with, or was an associate of, either the company in question or the person with whom that company entered into the transaction or to whom that company gave the preference,

 then, unless the contrary is shown, it shall be presumed for the purposes of paragraph (a) or (as the case may be) paragraph (b) of subsection (2) that the interest was acquired or the benefit was received otherwise than in good faith.

] [2] [

(3)  For the purposes of subsection (2A)(a), the relevant surrounding circumstances are (as the case may require)—

(a)  the fact that the company in question entered into the transaction at an undervalue; or

(b)  the circumstances which amounted to the giving of the preference by the company in question;

 and subsections (3A) to (3C) have effect to determine whether, for those purposes, a person has notice of the relevant proceedings.

[

(3A)  Where section 238 or 239 applies by reason of a company's entering administration, a person has notice of the relevant proceedings if he has notice that—

(a)  an administration application has been made,

(b)  an administration order has been made,

(c)  a copy of a notice of intention to appoint an administrator under paragraph 14 or 22 of Schedule B1 has been filed, or

(d)  notice of the appointment of an administrator has been filed under paragraph 18 or 29 of that Schedule.

] [4] [

(3B)  Where section 238 or 239 applies by reason of a company's going into liquidation at the time when the appointment of an administrator of the company ceases to have effect, a person has notice of the relevant proceedings if he has notice that—

(a)  an administration application has been made,

(b)  an administration order has been made,

(c)  a copy of a notice of intention to appoint an administrator under paragraph 14 or 22 of Schedule B1 has been filed,

(d)  notice of the appointment of an administrator has been filed under paragraph 18 or 29 of that Schedule, or

(e)  the company has gone into liquidation.

] [5]

(3C)  In a case where section 238 or 239 applies by reason of the company in question going into liquidation at any other time, a person has notice of the relevant proceedings if he has notice—

(a)  where the company goes into liquidation on the making of a winding-up order, of the fact that the petition on which the winding-up order is made has been presented or of the fact that the company has gone into liquidation;

(b)  in any other case, of the fact that the company has gone into liquidation.

]³

(4)  The provisions of sections 238 to 241 apply without prejudice to the availability of any other remedy, even in relation to a transaction or preference which the company had no power to enter into or give.

## Notes

1        Words substituted by Insolvency (No. 2) Act 1994 c. 12 s.1(1) (July 26, 1994)
2        Added by Insolvency (No. 2) Act 1994 c. 12 s.1(2) (July 26, 1994)
3        S.241(3), (3A), (3B) and (3C) substituted for s.241(3) by Insolvency (No. 2) Act 1994 c. 12 s.1(3) (July 26, 1994)
4        Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.27(2) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
5        Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.27(3) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES*
*WHICH ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior*
*transactions (administration and liquidation) > s. 241 Orders under ss. 238, 239.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 242 Gratuitous alienations (Scotland).

 **Law In Force**

**Version 3 of 3**

30 November 2016 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Gratuitous alienations; Interpretation; Judgments and orders; Scotland; Winding-up

**242.— Gratuitous alienations (Scotland).**

(1)  Where this subsection applies and—

(a)  the winding up of a company has commenced, an alienation by the company is challengeable by—

(i)  any creditor who is a creditor by virtue of a debt incurred on or before the date of such commencement, or

(ii)  the liquidator;

(b)  [a company enters administration] [1] , an alienation by the company is challengeable by the administrator.

(2)  Subsection (1) applies where—

(a)  by the alienation, whether before or after 1st April 1986 (the coming into force of section 75 of the Bankruptcy (Scotland) Act 1985), any part of the company's property is transferred or any claim or right of the company is discharged or renounced, and

(b)  the alienation takes place on a relevant day.

(3)  For the purposes of subsection (2)(b), the day on which an alienation takes place is the day on which it becomes completely effectual; and in that subsection *"relevant day"* means, if the alienation has the effect of favouring—

(a)  a person who is an associate (within the meaning of the [Bankruptcy (Scotland) Act 2016] [2] ) of the company, a day not earlier than 5 years before the date on which—

(i)  the winding up of the company commences, or

(ii)  as the case may be, [the company enters administration] [3] ; or

(b)  any other person, a day not earlier than 2 years before that date.

(4)  On a challenge being brought under subsection (1), the court shall grant decree of reduction or for such restoration of property to the company's assets or other redress as may be appropriate; but the court shall not grant such a decree if the person seeking to uphold the alienation establishes—

(a)  that immediately, or at any other time, after the alienation the company's assets were greater than its liabilities, or

(b)  that the alienation was made for adequate consideration, or

(c)  that the alienation—

(i)  was a birthday, Christmas or other conventional gift, or

(ii)  was a gift made, for a charitable purpose, to a person who is not an associate of the company,

which, having regard to all the circumstances, it was reasonable for the company to make:

Provided that this subsection is without prejudice to any right or interest acquired in good faith and for value from or through the transferee in the alienation.

(5)  In subsection (4) above, *"charitable purpose"* means any charitable, benevolent or philanthropic purpose, whether or not it is charitable within the meaning of any rule of law.

(6)  For the purposes of the foregoing provisions of this section, an alienation in implementation of a prior obligation is deemed to be one for which there was no consideration or no adequate consideration to the extent that the prior obligation was undertaken for no consideration or no adequate consideration.

(7)  A liquidator and an administrator have the same right as a creditor has under any rule of law to challenge an alienation of a company made for no consideration or no adequate consideration.

(8)  This section applies to Scotland only.

## Notes

1        Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.28(2) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
2        Word substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(5) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))
3        Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.28(3) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH*
*ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions*
*(administration and liquidation) > s. 242 Gratuitous alienations (Scotland).*

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 243 Unfair preferences (Scotland).

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Judgments and orders; Preferences; Scotland; Winding-up

**243.— Unfair preferences (Scotland).**

(1)   Subject to subsection (2) below, subsection (4) below applies to a transaction entered into by a company, whether before or after 1st April 1986, which has the effect of creating a preference in favour of a creditor to the prejudice of the general body of creditors, being a preference created not earlier than 6 months before the commencement of the winding up of the company or [the company enters administration] [1] .

(2)   Subsection (4) below does not apply to any of the following transactions—

(a)  a transaction in the ordinary course of trade or business;

(b)  a payment in cash for a debt which when it was paid had become payable, unless the transaction was collusive with the purpose of prejudicing the general body of creditors;

(c)  a transaction whereby the parties to it undertake reciprocal obligations (whether the performance by the parties of their respective obligations occurs at the same time or at different times) unless the transaction was collusive as aforesaid;

(d)  the granting of a mandate by a company authorising an arrestee to pay over the arrested funds or part thereof to the arrester where—

(i)  there has been a decree for payment or a warrant for summary diligence, and

(ii)  the decree or warrant has been preceded by an arrestment on the dependence of the action or followed by an arrestment in execution.

(3)  For the purposes of subsection (1) above, the day on which a preference was created is the day on which the preference became completely effectual.

(4)  A transaction to which this subsection applies is challengeable by—

(a)  in the case of a winding up—

(i)  any creditor who is a creditor by virtue of a debt incurred on or before the date of commencement of the winding up, or

(ii)  the liquidator; and

(b)  [where the company has entered administration] [2] , the administrator.

(5)  On a challenge being brought under subsection (4) above, the court, if satisfied that the transaction challenged is a transaction to which this section applies, shall grant decree of reduction or for such restoration of property to the company's assets or other redress as may be appropriate:

Provided that this subsection is without prejudice to any right or interest acquired in good faith and for value from or through the creditor in whose favour the preference was created.

(6)  A liquidator and an administrator have the same right as a creditor has under any rule of law to challenge a preference created by a debtor.

(7)  This section applies to Scotland only.

## Notes

1        Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.29(2) (September 15, 2003: substitution has effct subject to transitional provisions specified in SI 2003/2093 art.3)
2        Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.29(3) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH*
*ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions*
*(administration and liquidation) > s. 243 Unfair preferences (Scotland).*

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 244 Extortionate credit transactions.

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Extortionate credit transactions; Judgments and orders; Liquidation

**244.— Extortionate credit transactions.**

(1)  This section applies as does section 238, and where the company is, or has been, a party to a transaction for, or involving, the provision of credit to the company.

(2)   The court may, on the application of the office-holder, make an order with respect to the transaction if the transaction is or was extortionate and was entered into in the period of 3 years ending with [the day on which the company entered administration or went into liquidation] [1] .

(3)  For the purposes of this section a transaction is extortionate if, having regard to the risk accepted by the person providing the credit—

   (a)  the terms of it are or were such as to require grossly exorbitant payments to be made (whether unconditionally or in certain contingencies) in respect of the provision of the credit, or

   (b)  it otherwise grossly contravened ordinary principles of fair dealing;

 and it shall be presumed, unless the contrary is proved, that a transaction with respect to which an application is made under this section is or, as the case may be, was extortionate.

(4)   An order under this section with respect to any transaction may contain such one or more of the following as the court thinks fit, that is to say—

   (a)  provision setting aside the whole or part of any obligation created by the transaction,

   (b)  provision otherwise varying the terms of the transaction or varying the terms on which any security for the purposes of the transaction is held,

   (c)  provision requiring any person who is or was a party to the transaction to pay to the office-holder any sums paid to that person, by virtue of the transaction, by the company,

   (d)  provision requiring any person to surrender to the office-holder any property held by him as security for the purposes of the transaction,

   (e)  provision directing accounts to be taken between any persons.

(5)   The powers conferred by this section are exercisable in relation to any transaction concurrently with any powers exercisable in relation to that transaction as a transaction at an undervalue or under section 242 (gratuitous alienations in Scotland).

## Notes

1    Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.30 (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions (administration and liquidation) > s. 244 Extortionate credit transactions.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 245 Avoidance of certain floating charges.

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Floating charges; Liquidation; Validity

**245.— Avoidance of certain floating charges.**

(1)  This section applies as does section 238, but applies to Scotland as well as to England and Wales.

(2)  Subject as follows, a floating charge on the company's undertaking or property created at a relevant time is invalid except to the extent of the aggregate of—

(a)  the value of so much of the consideration for the creation of the charge as consists of money paid, or goods or services supplied, to the company at the same time as, or after, the creation of the charge,

(b)  the value of so much of that consideration as consists of the discharge or reduction, at the same time as, or after, the creation of the charge, of any debt of the company, and

(c)  the amount of such interest (if any) as is payable on the amount falling within paragraph (a) or (b) in pursuance of any agreement under which the money was so paid, the goods or services were so supplied or the debt was so discharged or reduced.

(3)  Subject to the next subsection, the time at which a floating charge is created by a company is a relevant time for the purposes of this section if the charge is created—

(a)  in the case of a charge which is created in favour of a person who is connected with the company, at a time in the period of 2 years ending with the onset of insolvency,

(b)  in the case of a charge which is created in favour of any other person, at a time in the period of 12 months ending with the onset of insolvency, [...] [1]

[

(c)  in either case, at a time between the making of an administration application in respect of the company and the making of an administration order on that application, or

(d)  in either case, at a time between the filing with the court of a copy of notice of intention to appoint an administrator under paragraph 14 or 22 of Schedule B1 and the making of an appointment under that paragraph.

] [2]

(4)  Where a company creates a floating charge at a time mentioned in subsection (3)(b) and the person in favour of whom the charge is created is not connected with the company, that time is not a relevant time for the purposes of this section unless the company—

(a)  is at that time unable to pay its debts within the meaning of section 123 in Chapter VI of Part IV, or

(b)  becomes unable to pay its debts within the meaning of that section in consequence of the transaction under which the charge is created.

(5)  For the purposes of subsection (3), the onset of insolvency is—[

(a)  in a case where this section applies by reason of an administrator of a company being appointed by administration order, the date on which the administration application is made,

(b)  in a case where this section applies by reason of an administrator of a company being appointed under paragraph 14 or 22 of Schedule B1 following filing with the court of a copy of notice of intention to appoint under that paragraph, the date on which the copy of the notice is filed,

(c)  in a case where this section applies by reason of an administrator of a company being appointed otherwise than as mentioned in paragraph (a) or (b), the date on which the appointment takes effect, and

(d)  in a case where this section applies by reason of a company going into liquidation, the date of the commencement of the winding up.

]³

(6)  For the purposes of subsection (2)(a) the value of any goods or services supplied by way of consideration for a floating charge is the amount in money which at the time they were supplied could reasonably have been expected to be obtained for supplying the goods or services in the ordinary course of business and on the same terms (apart from the consideration) as those on which they were supplied to the company.

## Notes

1    Word repealed by Enterprise Act 2002 c. 40 Sch.26 para. (September 15, 2003: repeal has effect as SI 2003/2093 subject to transitional provisions specified in SI 2003/2093 art.3)
2    S.245(3)(c)-(d) substituted for s.245(3)(c) subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.31(3) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
3    S.245(5)(a)-(d) substituted for s.245(5)(a)-(b) subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.31(4) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH*
*ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions*
*(administration and liquidation) > s. 245 Avoidance of certain floating charges.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 246 Unenforceability of liens on books, etc.

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Adjustment of prior transactions; Administration; Business documents; Company records; Enforcement; Liens; Liquidation; Provisional liquidation

**246.— Unenforceability of liens on books, etc.**

(1)  This section applies in the case of a company where—[

(a)  the company enters administration, or

][1]

(b)  the company goes into liquidation, or

(c)  a provisional liquidator is appointed;

and *"the office-holder"* means the administrator, the liquidator or the provisional liquidator, as the case may be.

(2)  Subject as follows, a lien or other right to retain possession of any of the books, papers or other records of the company is unenforceable to the extent that its enforcement would deny possession of any books, papers or other records to the office-holder.

(3)  This does not apply to a lien on documents which give a title to property and are held as such.

## Notes

1    Substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.32 (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH
ARE INSOLVENT OR IN LIQUIDATION > Adjustment of prior transactions
(administration and liquidation) > s. 246 Unenforceability of liens on books, etc.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 246ZD Power to assign

 **Law In Force**

**Version 2 of 2**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Assignment; Causes of action; Liquidators' powers and duties

[

**246ZD Power to assign**

(1)  This section applies in the case of a company where—

(a)  the company enters administration, or

(b)  the company goes into liquidation;

and *"the office-holder"* means the administrator or the liquidator, as the case may be.

(2)   The office-holder may assign a right of action (including the proceeds of an action) arising under [ or by virtue of] [2] any of the following— [

(za)  section A43 (challenges to monitor remuneration in subsequent insolvency proceedings);

] [3]

(a)  section 213 or 246ZA (fraudulent trading);

(b)  section 214 or 246ZB (wrongful trading);

(c)  section 238 (transactions at an undervalue (England and Wales));

(d)  section 239 (preferences (England and Wales));

(e)  section 242 (gratuitous alienations (Scotland));

(f)  section 243 (unfair preferences (Scotland));

(g)  section 244 (extortionate credit transactions).

] [1]

**Notes**

1          Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.118 (October 1, 2015: insertion has
           effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.16)
2          Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.16(a) (June 26, 2020)
3          Added by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.16(b) (June 26, 2020)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT
OR IN LIQUIDATION > Power to assign certain causes of action > s. 246ZD Power to assign*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 246A Remote attendance at meetings

 **Law In Force**

**Version 5 of 5**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Corporate insolvency; Meetings; Remote attendance; Shareholders

[

**246A.— Remote attendance at meetings**

(1)   Subject to subsection (2), this section [applies to any meeting of the members of a company summoned by the office-holder under this Act or the rules, other than a meeting of the members of the company in a members' voluntary winding up.] [2] [...] [2]

(3)  Where the person summoning a meeting ("the convener") considers it appropriate, the meeting may be conducted and held in such a way that persons who are not present together at the same place may attend it.

(4)  Where a meeting is conducted and held in the manner referred to in subsection (3), a person attends the meeting if that person is able to exercise any rights which that person may have to speak and vote at the meeting.

(5)  For the purposes of this section—

(a)  a person is able to exercise the right to speak at a meeting when that person is in a position to communicate to all those attending the meeting, during the meeting, any information or opinions which that person has on the business of the meeting; and

(b)  a person is able to exercise the right to vote at a meeting when—

(i)  that person is able to vote, during the meeting, on resolutions put to the vote at the meeting, and

(ii)  that person's vote can be taken into account in determining whether or not such resolutions are passed at the same time as the votes of all the other persons attending the meeting.

(6)  The convener of a meeting which is to be conducted and held in the manner referred to in subsection (3) shall make whatever arrangements the convener considers appropriate to—

(a)  enable those attending the meeting to exercise their rights to speak or vote, and

(b)  ensure the identification of those attending the meeting and the security of any electronic means used to enable attendance.

(7)  Where in the reasonable opinion of the convener—

(a)  a meeting will be attended by persons who will not be present together at the same place, and

(b)  it is unnecessary or inexpedient to specify a place for the meeting,

any requirement under this Act or the rules to specify a place for the meeting may be satisfied by specifying the arrangements the convener proposes to enable persons to exercise their rights to speak or vote.

(8)   In making the arrangements referred to in subsection (6) and in forming the opinion referred to in subsection (7)(b), the convener must have regard to the legitimate interests of the [members] [3] and others attending the meeting in the efficient despatch of the business of the meeting.

(9)  If—

(a)  the notice of a meeting does not specify a place for the meeting,

(b)  the convener is requested in accordance with the rules to specify a place for the meeting, and

(c)   that request is [made by members representing not less than ten percent of the total voting rights of all the members having at the date of the request a right to vote at the meeting,] [4] [...] [4] it shall be the duty of the convener to specify a place for the meeting.

(10)  In this section, *"the office-holder"* , in relation to a company, means—[

(za)  the monitor in relation to a moratorium under Part A1,

] [5]

(a)  its liquidator, provisional liquidator, administrator, [receiver (appointed under section 51) ] [6] or administrative receiver, or

(b)  where a voluntary arrangement in relation to the company is proposed or has taken effect under Part 1, the nominee or the supervisor of the voluntary arrangement.

] [1]

---

# Notes

1        Added by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.3(1) (April 6, 2010: insertion has effect subject to transitional provisions specified in SI 2010/18 art.12(4))
2        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.54(2) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
3        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.54(3) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
4        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.54(4) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
5        Added by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.17 (June 26, 2020)

---

**Notes**

6       Words inserted by Public Services Reform (Corporate Insolvency and Bankruptcy) (Scotland) Order 2017/209 (Scottish SI) art.5(b) (April 6, 2019: SSI 2017/209 art.5 comes into force on October 1, 2017 for the limited purpose of enabling the making of rules under 1986 c.45 s.411 or any other subordinate legislation under 1986 c.45; April 6, 2019 being the day on which 2015 c.26 s.122 comes into force otherwise)

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT OR IN LIQUIDATION > Remote attendance at meetings > s. 246A Remote attendance at meetings*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 246B Use of websites

 **Law In Force**

**Version 3 of 3**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Corporate insolvency; Notices; Websites

[

**246B.— Use of websites**

(1)  Subject to subsection (2), where any provision of this Act or the rules requires the office-holder to give, deliver, furnish or send a notice or other document or information to any person, that requirement is satisfied by making the notice, document or information available on a website—

(a)  in accordance with the rules, and

(b)  in such circumstances as may be prescribed.

[...] [2]

(3)  In this section, *"the office-holder"*  means—[

(za)  the monitor in relation to a moratorium under Part A1,

] [3]

(a)    the liquidator, provisional liquidator, administrator, [ receiver (appointed under section 51),] [4]  or administrative receiver of a company, or

(b)  where a voluntary arrangement in relation to a company is proposed or has taken effect under Part 1, the nominee or the supervisor of the voluntary arrangement.

] [1]

---

## Notes

1	Added by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.3(1) (April 6, 2010: insertion has effect subject to transitional provisions specified in SI 2010/18 art.12(4))
2	Repealed by Public Services Reform (Insolvency) (Scotland) Order 2016/141 (Scottish SI) art.12(a) (April 6, 2019: SSI 2016/141 art.12 comes into force on April 1, 2016 as SSI 2016/141 arts 3 and 4 for the limited purpose of enabling the making of rules under 1986 c.45 s.411 or any other subordinate legislation under 1986 c.45; April 6, 2019 being the day on which 2015 c.26 s.122(2) comes into force otherwise)

---

---

**Notes**

3          Added by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.18 (June 26, 2020)
4          Words inserted by Public Services Reform (Insolvency) (Scotland) Order 2016/141 (Scottish SI) art.12(b) (April 6, 2019: SSI 2016/141 art.12 comes into force on April 1, 2016 as SSI 2016/141 arts 3 and 4 for the limited purpose of enabling the making of rules under 1986 c.45 s.411 or any other subordinate legislation under 1986 c.45; April 6, 2019 being the day on which 2015 c.26 s.122(2) comes into force otherwise)

---

*Part VI MISCELLANEOUS PROVISIONS APPLYING TO COMPANIES WHICH ARE INSOLVENT*
*OR IN LIQUIDATION > Giving of notices etc by office-holders > s. 246B Use of websites*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 386 Categories of preferential debts.

 **Law In Force**

**Version 14 of 14**

22 July 2020 - Present

**Subjects**
Insolvency

**Keywords**
Bankruptcy; Corporate insolvency; Interpretation; Preferential debts

**386.— Categories of preferential debts.**

(1)  A reference in this Act to the preferential debts of a company or an individual is to the debts listed in Schedule 6 to this Act [ (contributions to occupational pension schemes; remuneration, &c. of employees; levies on coal and steel production [; debts owed to the Financial Services Compensation Scheme] [2] [ ; deposits covered by Financial Services Compensation Scheme ] [3] [ ; other deposits ] [4] [; certain HMRC debts] [5] ) ] [1] ; and references to preferential creditors are to be read accordingly.

[

(1A)  A reference in this Act to the *"ordinary preferential debts"* of a company or an individual is to the preferential debts listed in any of paragraphs 8 to 15B of Schedule 6 to this Act.

(1B)  A reference in this Act to the "secondary preferential debts" of a company or an individual is to the preferential debts listed in [paragraph 15BA,15BB or 15D of Schedule 6] [7] to this Act.

] [6]

(2)  In [Schedule 6] [8] *"the debtor"* means the company or the individual concerned.

(3)  Schedule 6 is to be read with [Schedule 4 to the Pension Schemes Act 1993] [9] (occupational pension scheme contributions).

## Notes

1          Words substituted subject to transitional provisions specified in SI 2003/2093 art.4 by Enterprise Act 2002 c. 40 Pt 10 s.251(3) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.4)
2          Words inserted by Deposit Guarantee Scheme Regulations 2015/486 Pt 3 reg.14(2) (March 26, 2015)
3          Words inserted by Financial Services (Banking Reform) Act 2013 c. 33 Pt 2 s.13(2) (December 31, 2014 as SI 2014/3160)
4          Words inserted by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.8(2) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)
5          Words inserted by Finance Act 2020 c. 14 Pt 4 s.98(1)(a) (July 22, 2020: insertion does not apply in relation to any case where the relevant date is before December 1, 2020)

---

**Notes**

6        Added by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.8(3) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)
7        Words substituted by Finance Act 2020 c. 14 Pt 4 s.98(1)(b) (July 22, 2020: substitution does not apply in relation to any case where the relevant date is before December 1, 2020)
8        Words substituted by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.8(4) (January 1, 2015: substitution has effect subject to transitional provisions specified in SI 2014/3486 art.3)
9        Words substituted by Pension Schemes Act 1993 c. 48 Sch.8 para.18 (February 7, 1994)

---

*Part XII PART XII PREFERENTIAL AND NON-PREFERENTIAL DEBTS IN COMPANY AND INDIVIDUAL INSOLVENCY > s. 386 Categories of preferential debts.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 387 "The relevant date".

 **Law In Force**

**Version 10 of 10**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Dates; Preferential debts

**387.— "The relevant date".**

(1)  This section explains references in Schedule 6 to the relevant date (being the date which determines the existence and amount of a preferential debt).

(2)  For the purposes of section 4 in Part I ( [consideration of] [1] company voluntary arrangement), the relevant date in relation to a company which is not being wound up is— [

(a)  if the company is in administration, the date on which it entered administration, and

(b)  if the company is not in administration, the date on which the voluntary arrangement takes effect.

] [2]

[...] [3]

(3)  In relation to a company which is being wound up, the following applies—

(a)   if the winding up is by the court, and the winding-up order was made immediately upon the discharge of an administration order, the relevant date is [the date on which the company entered administration] [4] ;

[...] [5]

(b)  if the case does not fall within paragraph (a) [...] [6] and the company—

(i)  is being wound up by the court, and

(ii)  had not commenced to be wound up voluntarily before the date of the making of the winding-up order,

the relevant date is the date of the appointment (or first appointment) of a provisional liquidator or, if no such appointment has been made, the date of the winding-up order;

[

(ba)  if the case does not fall within paragraph (a) [...] [8] or (b) and the company is being wound up following administration pursuant to paragraph 83 of Schedule B1, the relevant date is the date on which the company entered administration;

] [7]

(c)   if the case does not fall within [ paragraph (a) [...] [10] , (b) or (ba) ] [9] , the relevant date is the date of the passing of the resolution for the winding up of the company.

[

(3A)  In relation to a company which is in administration (and to which no other provision of this section applies) the relevant date is the date on which the company enters administration.

] [11]

(4)  In relation to a company in receivership (where section 40 or, as the case may be, section 59 applies), the relevant date is—

(a)  in England and Wales, the date of the appointment of the receiver by debenture-holders, and

(b)  in Scotland, the date of the appointment of the receiver under section 53(6) or (as the case may be) 54(5).

[

(5)   For the purposes of section 258 in Part VIII (individual voluntary arrangements), the relevant date is, in relation to a debtor who is not an undischarged bankrupt

(a)  where an interim order has been made under section 252 with respect to his proposal, the date of that order, and

(b)  in any other case, the date on which the voluntary arrangement takes effect.

] [12]

(6)  In relation to a bankrupt, the following applies—

(a)   where at the time the bankruptcy order was made there was an interim receiver appointed under section 286 , the relevant date is the date on which the interim receiver was first appointed after [ the making of the bankruptcy application or (as the case may be)] [13]  the presentation of the bankruptcy petition;

(b)  otherwise, the relevant date is the date of the making of the bankruptcy order.

---

## Notes

1       Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.55 (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

2       Substituted by Enterprise Act 2002 c. 40 Sch.17 para.34(2) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

3       Repealed by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.20 (June 26, 2020)

4       Words substituted by Enterprise Act 2002 c. 40 Sch.17 para.34(3)(a) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

5       Repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.35(a) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5)

6       Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.35(b) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5)

## **Notes**

7       Added by Enterprise Act 2002 c. 40 Sch.17 para.34(3)(b) (September 15, 2003: insertion has effect subject to transitional provisions specified in SI 2003/2093 art.3)
8       Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.35(c) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5)
9       Words substituted by Enterprise Act 2002 c. 40 Sch.17 para.34(3)(c) (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)
10      Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.35(d) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5)
11      Added by Enterprise Act 2002 c. 40 Sch.17 para.34(4) (September 15, 2003: insertion has effect subject to transitional provisions specified in SI 2003/2093 art.3)
12      Words substituted by Insolvency Act 2000 c. 39 Sch.3 para.15 (January 1, 2003 subject to transitional provisions specified in SI 2002/2711 arts.3-5)
13      Words inserted by Enterprise and Regulatory Reform Act 2013 c. 24 Sch.19 para.56 (April 6, 2016 subject to savings specified in SI 2016/191 art.3)

*Part XII PART XII PREFERENTIAL AND NON-PREFERENTIAL DEBTS IN
COMPANY AND INDIVIDUAL INSOLVENCY > s. 387 "The relevant date".*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 389 Acting without qualification an offence.

 **Law In Force**

**Version 5 of 5**

30 November 2016 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Insolvency practitioners; Offences; Unqualified persons

**389.— Acting without qualification an offence.**

(1)  A person who acts as an insolvency practitioner in relation to a company or an individual at a time when he is not qualified to do so is liable to imprisonment or a fine, or to both.

[...] [1]

(2)   This section does not apply to the official receiver [ or the Accountant in Bankruptcy (within the meaning of the [Bankruptcy (Scotland) Act 2016] [3] )] [2] .

---

## Notes

1        Repealed by Deregulation Act 2015 c. 20 Sch.6(6) para.18 (October 1, 2015)
2        Words inserted by Bankruptcy (Scotland) Act 1993 c. 6 s.11(2) (April 1, 1993 subject to savings specified in SI 1993/438 arts.4-5)
3        Word substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(7) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Restrictions on unqualified persons acting as liquidator, trustee in bankruptcy, etc. > s. 389 Acting without qualification an offence.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 390 Persons not qualified to act as insolvency practitioners.

 **Law In Force**

**Version 14 of 14**

30 November 2016 - Present

**Subjects**
Insolvency

**Keywords**
Disqualification; Insolvency practitioners

**390.— Persons not qualified to act as insolvency practitioners.**

(1)  A person who is not an individual is not qualified to act as an insolvency practitioner.

[

(2)  A person is not qualified to act as an insolvency practitioner at any time unless at that time the person is appropriately authorised under section 390A.

][1]

(3)  A person is not qualified to act as an insolvency practitioner in relation to another person at any time unless—

(a)  there is in force at that time security or, in Scotland, caution for the proper performance of his functions, and

(b)  that security or caution meets the prescribed requirements with respect to his so acting in relation to that other person.

(4)  A person is not qualified to act as an insolvency practitioner at any time if at that time—

(a)   he has been [made][2] bankrupt [ under this Act or the Insolvency (Northern Ireland) Order 1989][3]  or sequestration of his estate has been awarded and (in either case) he has not been discharged,

[

(aa)   a moratorium period under a debt relief order [ under this Act or the Insolvency (Northern Ireland) Order 1989][5] applies in relation of him,

][4] [

(b)  he is subject to a disqualification order made or a disqualification undertaking accepted under the Company Directors Disqualification Act 1986 or the Company Directors Disqualification (Northern Ireland) Order 2002,

][6]

(c)  he is a patient within the meaning of [...][7] [section 329(1) of the Mental Health (Care and Treatment) (Scotland) Act 2003][8] [ or has had a guardian appointed to him under the Adults with Incapacity (Scotland) Act 2000 (asp 4) [, or][10] ][9] [...][11]

[

(d)  he lacks capacity (within the meaning of the Mental Capacity Act 2005) to act as an insolvency practitioner.

]<sup>10</sup>

[

(5)  A person is not qualified to act as an insolvency practitioner while there is in force in respect of that person—

(a)  a bankruptcy restrictions order under this Act, the Bankruptcy (Scotland) Act 1985[ or the Bankruptcy (Scotland) Act 2016] <sup>13</sup>  or the Insolvency (Northern Ireland) Order 1989, or

(b)  a debt relief restrictions order under this Act or that Order.

]<sup>12</sup>

## Notes

1       Substituted by Deregulation Act 2015 c. 20 s.17(2) (October 1, 2015)
2       Word substituted by Enterprise and Regulatory Reform Act 2013 c. 24 Sch.19 para.58 (April 6, 2016 subject to savings specified in SI 2016/191 art.3)
3       Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 9 s.115(a)(i) (October 1, 2015: insertion has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.13)
4       Added by Tribunals, Courts and Enforcement Act 2007 c. 15 Sch.20(1) para.6(2) (February 24, 2009 for the purpose of making rules, regulations and orders; April 6, 2009 otherwise)
5       Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 9 s.115(a)(ii) (October 1, 2015: insertion has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.13)
6       Substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.78(4) (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
7       Words repealed by Mental Capacity Act 2005 c. 9 Sch.7 para. (October 1, 2007)
8       Words substituted by Mental Health (Care and Treatment) (Scotland) Act 2003 (Consequential Provisions) Order 2005/2078 Sch.1 para.3(3) (October 5, 2005)
9       Words inserted by Adults with Incapacity (Scotland) Act 2000 asp 4 (Scottish Act) Sch.5 para.18 (April 1, 2002)
10      Added by Mental Capacity Act 2005 c. 9 Sch.6 para.31(3)(c) (October 1, 2007)
11      Added by Enterprise Act 2002 c. 40 Sch.21 para.4 (April 1, 2004)
12      Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 9 s.115(b) (October 1, 2015: substitution has effect as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.13)
13      Words inserted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(8) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3))

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > The requisite qualification, and the means of obtaining it > s. 390 Persons not qualified to act as insolvency practitioners.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 390A Authorisation

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Authorisation; Insolvency practitioners; Interpretation

[

**390A Authorisation**

(1)  In this Part—

*"partial authorisation"*  means authorisation to act as an insolvency practitioner—

(a)  only in relation to companies, or

(b)  only in relation to individuals;

*"full authorisation"*  means authorisation to act as an insolvency practitioner in relation to companies, individuals and insolvent partnerships;

*"partially authorised"*  and *"fully authorised"*  are to be construed accordingly.

(2)  A person is fully authorised under this section to act as an insolvency practitioner—

(a)  by virtue of being a member of a professional body recognised under section 391(1) and being permitted to act as an insolvency practitioner for all purposes by or under the rules of that body, or

(b)  by holding an authorisation granted by the Department of Enterprise, Trade and Investment in Northern Ireland under Article 352 of the Insolvency (Northern Ireland) Order 1989.

(3)  A person is partially authorised under this section to act as an insolvency practitioner—

(a)  by virtue of being a member of a professional body recognised under section 391(1) and being permitted to act as an insolvency practitioner in relation only to companies or only to individuals by or under the rules of that body, or

(b)  by virtue of being a member of a professional body recognised under section 391(2) and being permitted to act as an insolvency practitioner by or under the rules of that body.

][1]

**Notes**

1        Added by Deregulation Act 2015 c. 20 s.17(3) (October 1, 2015)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*The requisite qualification, and the means of obtaining it > s. 390A Authorisation*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 390B Partial authorisation: acting in relation to partnerships

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Authorisation; Insolvency practitioners; Interpretation; Partnerships

[

**390B Partial authorisation: acting in relation to partnerships**

(1)  A person who is partially authorised to act as an insolvency practitioner in relation to companies may nonetheless not accept an appointment to act in relation to a company if at the time of the appointment the person is aware that the company—

   (a)  is or was a member of a partnership, and

   (b)  has outstanding liabilities in relation to the partnership.

(2)  A person who is partially authorised to act as an insolvency practitioner in relation to individuals may nonetheless not accept an appointment to act in relation to an individual if at the time of the appointment the person is aware that the individual—

   (a)  is or was a member of a partnership other than a Scottish partnership, and

   (b)  has outstanding liabilities in relation to the partnership.

(3)  Subject to subsection (9), a person who is partially authorised to act as an insolvency practitioner in relation to companies may nonetheless not continue to act in relation to a company if the person becomes aware that the company—

   (a)  is or was a member of a partnership, and

   (b)  has outstanding liabilities in relation to the partnership,

 unless the person is granted permission to continue to act by the court.

(4)  Subject to subsection (9), a person who is partially authorised to act as an insolvency practitioner in relation to individuals may nonetheless not continue to act in relation to an individual if the person becomes aware that the individual—

   (a)  is or was a member of a partnership other than a Scottish partnership, and

   (b)  has outstanding liabilities in relation to the partnership,

 unless the person is granted permission to continue to act by the court.

(5)  The court may grant a person permission to continue to act for the purposes of subsection (3) or (4) if it is satisfied that the person is competent to do so.

(6)  A person who is partially authorised and becomes aware as mentioned in subsection (3) or (4) may alternatively apply to the court for an order (a "replacement order") appointing in his or her place a person who is fully authorised to act as an insolvency practitioner in relation to the company or (as the case may be) the individual.

(7)  A person may apply to the court for permission to continue to act or for a replacement order under—

(a)  where acting in relation to a company, this section or, if it applies, section 168(5B) (member of insolvent partnership: England and Wales);

(b)  where acting in relation to an individual, this section or, if it applies, section 303(2C) (member of insolvent partnership: England and Wales).

(8)  A person who acts as an insolvency practitioner in contravention of any of subsections (1) to (4) is guilty of an offence under section 389 (acting without qualification).

(9)  A person does not contravene subsection (3) or (4) by continuing to act as an insolvency practitioner during the permitted period if, within the period of 7 business days beginning with the day after the day on which the person becomes aware as mentioned in the subsection, the person—

(a)  applies to the court for permission to continue to act, or

(b)  applies to the court for a replacement order.

(10)  For the purposes of subsection (9)—

*"business day"*  means any day other than a Saturday, a Sunday, Christmas Day, Good Friday or a day which is a bank holiday in any part of Great Britain;

*"permitted period"*  means the period beginning with the day on which the person became aware as mentioned in subsection (3) or (4) and ending on the earlier of—

(a)  the expiry of the period of 6 weeks beginning with the day on which the person applies to the court as mentioned in subsection (9)(a) or (b), and

(b)  the day on which the court disposes of the application (by granting or refusing it);

*"replacement order"* has the meaning given by subsection (6).

] [1]

---

# Notes

---

1       Added by Deregulation Act 2015 c. 20 s.17(3) (October 1, 2015)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > The requisite qualification, and the means of obtaining it > s. 390B Partial authorisation: acting in relation to partnerships*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# s. 391 Recognised professional bodies

 **Law In Force**

**Version 2 of 2**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Ministers' powers and duties; Professional bodies; Recognition

[

**391 Recognised professional bodies**

(1)  The Secretary of State may by order, if satisfied that a body meets the requirements of subsection (4), declare the body to be a recognised professional body which is capable of providing its insolvency specialist members with full authorisation or partial authorisation.

(2)  The Secretary of State may by order, if satisfied that a body meets the requirements of subsection (4), declare the body to be a recognised professional body which is capable of providing its insolvency specialist members with partial authorisation only of the kind specified in the order (as to which, see section 390A(1)).

(3)  Section 391A makes provision about the making by a body of an application to the Secretary of State for an order under this section.

(4)  The requirements are that—

(a)  the body regulates (or is going to regulate) the practice of a profession,

(b)  the body has rules which it is going to maintain and enforce for securing that its insolvency specialist members—

(i)  are fit and proper persons to act as insolvency practitioners, and

(ii)  meet acceptable requirements as to education and practical training and experience, and

(c)  the body's rules and practices for or in connection with authorising persons to act as insolvency practitioners, and its rules and practices for or in connection with regulating persons acting as such, are designed to ensure that the regulatory objectives are met (as to which, see section 391C).

(5)  An order of the Secretary of State under this section has effect from such date as is specified in the order.

(6)  An order under this section may be revoked by an order under section 391L or 391N (and see section 415A(1)(b)).

(7)  In this Part—

(a)  references to members of a recognised professional body are to persons who, whether members of that body or not, are subject to its rules in the practice of the profession in question;

(b)  references to insolvency specialist members of a professional body are to members who are permitted by or under the rules of the body to act as insolvency practitioners.

(8)  A reference in this Part to a recognised professional body is to a body recognised under this section (and see sections 391L(6) and 391N(5)).

]<sup>1</sup>

# Notes

1    S391-391A substituted for s.391 by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.137(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > The requisite qualification, and the means of obtaining it > s. 391 Recognised professional bodies*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391A Application for recognition as recognised professional body

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Applications; Insolvency practitioners; Ministers' powers and duties; Professional bodies; Recognition

[

**391A Application for recognition as recognised professional body**

(1)  An application for an order under section 391(1) or (2) must—

(a)  be made to the Secretary of State in such form and manner as the Secretary of State may require,

(b)  be accompanied by such information as the Secretary of State may require, and

(c)  be supplemented by such additional information as the Secretary of State may require at any time between receiving the application and determining it.

(2)  The requirements which may be imposed under subsection (1) may differ as between different applications.

(3)  The Secretary of State may require information provided under this section to be in such form, and verified in such manner, as the Secretary of State may specify.

(4)  An application for an order under section 391(1) or (2) must be accompanied by—

(a)  a copy of the applicant's rules,

(b)  a copy of the applicant's policies and practices, and

(c)  a copy of any guidance issued by the applicant in writing.

(5)  The reference in subsection (4)(c) to guidance issued by the applicant is a reference to guidance or recommendations which are—

(a)  issued or made by it which will apply to its insolvency specialist members or to persons seeking to become such members,

(b)  relevant for the purposes of this Part, and

(c)  intended to have continuing effect,

including guidance or recommendations relating to the admission or expulsion of members.

(6)  The Secretary of State may refuse an application for an order under section 391(1) or (2) if the Secretary of State considers that recognition of the body concerned is unnecessary having regard to the existence of one or more other bodies which have been or are likely to be recognised under section 391.

(7)  Subsection (8) applies where the Secretary of State refuses an application for an order under section 391(1) or (2); and it applies regardless of whether the application is refused on the ground mentioned in subsection (6), because the Secretary of State is not satisfied as mentioned in section 391(1) or (2) or because a fee has not been paid (see section 415A(1)(b)).

(8)  The Secretary of State must give the applicant a written notice of the Secretary of State's decision; and the notice must set out the reasons for refusing the application.

]<sup>1</sup>

## Notes

1    S391-391A substituted for s.391 by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.137(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > The requisite qualification, and the means of obtaining it > s. 391A Application for recognition as recognised professional body*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391B Application of regulatory objectives

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Powers rights and duties; Professional bodies

[

**391B Application of regulatory objectives**

(1)  In discharging regulatory functions, a recognised professional body must, so far as is reasonably practicable, act in a way—

(a)  which is compatible with the regulatory objectives, and

(b)  which the body considers most appropriate for the purpose of meeting those objectives.

(2)  In discharging functions under this Part, the Secretary of State must have regard to the regulatory objectives.

]<sup>1</sup>

---

## Notes

1       Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.138(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION*
*> Regulatory objectives > s. 391B Application of regulatory objectives*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391C Meaning of "regulatory functions" and "regulatory objectives"

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Interpretation; Powers rights and duties; Professional bodies

[

**391C Meaning of "regulatory functions" and "regulatory objectives"**

(1)  This section has effect for the purposes of this Part.

(2)  *"Regulatory functions"* , in relation to a recognised professional body, means any functions the body has—

    (a)  under or in relation to its arrangements for or in connection with—

        (i)  authorising persons to act as insolvency practitioners, or

        (ii)  regulating persons acting as insolvency practitioners, or

    (b)  in connection with the making or alteration of those arrangements.

(3)  *"Regulatory objectives"* means the objectives of—

    (a)  having a system of regulating persons acting as insolvency practitioners that—

        (i)  secures fair treatment for persons affected by their acts and omissions,

        (ii)  reflects the regulatory principles, and

        (iii)  ensures consistent outcomes,

    (b)  encouraging an independent and competitive insolvency-practitioner profession whose members—

        (i)  provide high quality services at a cost to the recipient which is fair and reasonable,

        (ii)  act transparently and with integrity, and

        (iii)  consider the interests of all creditors in any particular case,

    (c)  promoting the maximisation of the value of returns to creditors and promptness in making those returns, and

    (d)  protecting and promoting the public interest.

(4)  In subsection (3)(a), *"regulatory principles"* means—

(a)  the principles that regulatory activities should be transparent, accountable, proportionate, consistent and targeted only at cases in which action is needed, and

(b)  any other principle appearing to the body concerned (in the case of the duty under section 391B(1)), or to the Secretary of State (in the case of the duty under section 391B(2)), to lead to best regulatory practice.

]<sup>1</sup>

---

## Notes

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.138(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Regulatory objectives > s. 391C Meaning of "regulatory functions" and "regulatory objectives"*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391D Directions

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Directions; Insolvency practitioners; Ministers' powers and duties; Professional bodies

[

**391D Directions**

(1)  This section applies if the Secretary of State is satisfied that an act or omission of a recognised professional body (or a series of such acts or omissions) in discharging one or more of its regulatory functions has had, or is likely to have, an adverse impact on the achievement of one or more of the regulatory objectives.

(2)  The Secretary of State may, if in all the circumstances of the case satisfied that it is appropriate to do so, direct the body to take such steps as the Secretary of State considers will counter the adverse impact, mitigate its effect or prevent its occurrence or recurrence.

(3)  A direction under this section may require a recognised professional body—

  (a)  to take only such steps as it has power to take under its regulatory arrangements;

  (b)  to take steps with a view to the modification of any part of its regulatory arrangements.

(4)  A direction under this section may require a recognised professional body—

  (a)  to take steps with a view to the institution of, or otherwise in respect of, specific regulatory proceedings;

  (b)  to take steps in respect of all, or a specified class of, such proceedings.

(5)  For the purposes of this section, a direction to take steps includes a direction which requires a recognised professional body to refrain from taking a particular course of action.

(6)  In this section *"regulatory arrangements"* , in relation to a recognised professional body, means the arrangements that the body has for or in connection with—

  (a)  authorising persons to act as insolvency practitioners, or

  (b)  regulating persons acting as insolvency practitioners.

][1]

## Notes

1    Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION*
*> Oversight of recognised professional bodies > s. 391D Directions*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391E Directions: procedure

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Directions; Insolvency practitioners; Ministers' powers and duties; Notices; Professional bodies

[

**391E Directions: procedure**

(1)  Before giving a recognised professional body a direction under section 391D, the Secretary of State must give the body a notice accompanied by a draft of the proposed direction.

(2)  The notice under subsection (1) must—

(a)  state that the Secretary of State proposes to give the body a direction in the form of the accompanying draft,

(b)  specify why the Secretary of State has reached the conclusions mentioned in section 391D(1) and (2), and

(c)  specify a period within which the body may make written representations with respect to the proposal.

(3)  The period specified under subsection (2)(c)—

(a)  must begin with the date on which the notice is given to the body, and

(b)  must not be less than 28 days.

(4)  On the expiry of that period, the Secretary of State must decide whether to give the body the proposed direction.

(5)  The Secretary of State must give notice of that decision to the body.

(6)  Where the Secretary of State decides to give the proposed direction, the notice under subsection (5) must—

(a)  contain the direction,

(b)  state the time at which the direction is to take effect, and

(c)  specify the Secretary of State's reasons for the decision to give the direction.

(7)  Where the Secretary of State decides to give the proposed direction, the Secretary of State must publish the notice under subsection (5); but this subsection does not apply to a direction to take any step with a view to the institution of, or otherwise in respect of, regulatory proceedings against an individual.

(8)  The Secretary of State may revoke a direction under section 391D; and, where doing so, the Secretary of State—

(a)  must give the body to which the direction was given notice of the revocation, and

(b)  must publish the notice and, if the notice under subsection (5) was published under subsection (7), must do so (if possible) in the same manner as that in which that notice was published.

] [1]

# **Notes**

1    Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Oversight of recognised professional bodies > s. 391E Directions: procedure*

Contains public sector information licensed under the Open Government Licence v3.0.

Case 1-26-42754-ess    Doc 5    Filed 06/04/26    Entered 06/04/26 15:47:37

**Insolvency Act 1986 c. 45**

# s. 391F Financial penalty

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Fines; Insolvency practitioners; Ministers' powers and duties; Non-compliance; Professional bodies

[

**391F Financial penalty**

(1)  This section applies if the Secretary of State is satisfied—

  (a)  that a recognised professional body has failed to comply with a requirement to which this section applies, and

  (b)  that, in all the circumstances of the case, it is appropriate to impose a financial penalty on the body.

(2)  This section applies to a requirement imposed on the recognised professional body—

  (a)  by a direction given under section 391D, or

  (b)  by a provision of this Act or of subordinate legislation under this Act.

(3)  The Secretary of State may impose a financial penalty, in respect of the failure, of such amount as the Secretary of State considers appropriate.

(4)  In deciding what amount is appropriate, the Secretary of State—

  (a)  must have regard to the nature of the requirement which has not been complied with, and

  (b)  must not take into account the Secretary of State's costs in discharging functions under this Part.

(5)  A financial penalty under this section is payable to the Secretary of State; and sums received by the Secretary of State in respect of a financial penalty under this section (including by way of interest) are to be paid into the Consolidated Fund.

(6)  In sections 391G to 391I, *"penalty"* means a financial penalty under this section.

][1]

---

## Notes

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

---

© 2026 Thomson Reuters.

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION*
*> Oversight of recognised professional bodies > s. 391F Financial penalty*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 391G Financial penalty: procedure

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Fines; Insolvency practitioners; Ministers' powers and duties; Notices; Professional bodies

[

**391G Financial penalty: procedure**

  (1)  Before imposing a penalty on a recognised professional body, the Secretary of State must give notice to the body—

    (a)  stating that the Secretary of State proposes to impose a penalty and the amount of the proposed penalty,

    (b)  specifying the requirement in question,

    (c)  stating why the Secretary of State is satisfied as mentioned in section 391F(1), and

    (d)  specifying a period within which the body may make written representations with respect to the proposal.

  (2)  The period specified under subsection (1)(d)—

    (a)  must begin with the date on which the notice is given to the body, and

    (b)  must not be less than 28 days.

  (3)  On the expiry of that period, the Secretary of State must decide—

    (a)  whether to impose a penalty, and

    (b)  whether the penalty should be the amount stated in the notice or a reduced amount.

  (4)  The Secretary of State must give notice of the decision to the body.

  (5)  Where the Secretary of State decides to impose a penalty, the notice under subsection (4) must—

    (a)  state that the Secretary of State has imposed a penalty on the body and its amount,

    (b)  specify the requirement in question and state—

      (i)  why it appears to the Secretary of State that the requirement has not been complied with, or

      (ii)  where, by that time, the requirement has been complied with, why it appeared to the Secretary of State when giving the notice under subsection (1) that the requirement had not been complied with, and

    (c)  specify a time by which the penalty is required to be paid.

(6)  The time specified under subsection (5)(c) must be at least three months after the date on which the notice under subsection (4) is given to the body.

(7)  Where the Secretary of State decides to impose a penalty, the Secretary of State must publish the notice under subsection (4).

(8)  The Secretary of State may rescind or reduce a penalty imposed on a recognised professional body; and, where doing so, the Secretary of State—

(a)  must give the body notice that the penalty has been rescinded or reduced to the amount stated in the notice, and

(b)  must publish the notice; and it must (if possible) be published in the same manner as that in which the notice under subsection (4) was published.

]<sup>1</sup>

---

## Notes

1    Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Oversight of recognised professional bodies > s. 391G Financial penalty: procedure*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391H Appeal against financial penalty

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Appeals; Fines; Insolvency practitioners; Jurisdiction; Professional bodies

[

**391H Appeal against financial penalty**

(1)  A recognised professional body on which a penalty is imposed may appeal to the court on one or more of the appeal grounds.

(2)  The appeal grounds are—

(a)  that the imposition of the penalty was not within the Secretary of State's power under section 391F;

(b)  that the requirement in respect of which the penalty was imposed had been complied with before the notice under section 391G(1) was given;

(c)  that the requirements of section 391G have not been complied with in relation to the imposition of the penalty and the interests of the body have been substantially prejudiced as a result;

(d)  that the amount of the penalty is unreasonable;

(e)  that it was unreasonable of the Secretary of State to require the penalty imposed to be paid by the time specified in the notice under section 391G(5)(c).

(3)  An appeal under this section must be made within the period of three months beginning with the day on which the notice under section 391G(4) in respect of the penalty is given to the body.

(4)  On an appeal under this section the court may—

(a)  quash the penalty,

(b)  substitute a penalty of such lesser amount as the court considers appropriate, or

(c)  in the case of the appeal ground in subsection (2)(e), substitute for the time imposed by the Secretary of State a different time.

(5)  Where the court substitutes a penalty of a lesser amount, it may require the payment of interest on the substituted penalty from such time, and at such rate, as it considers just and equitable.

(6)  Where the court substitutes a later time for the time specified in the notice under section 391G(5)(c), it may require the payment of interest on the penalty from the substituted time at such rate as it considers just and equitable.

(7) Where the court dismisses the appeal, it may require the payment of interest on the penalty from the time specified in the notice under section 391G(5)(c) at such rate as it considers just and equitable.

(8) In this section, *"the court"* means the High Court or, in Scotland, the Court of Session.

]<sup>1</sup>

## Notes

1      Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Oversight of recognised professional bodies > s. 391H Appeal against financial penalty*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391I Recovery of financial penalties

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Fines; Insolvency practitioners; Interest; Ministers' powers and duties; Professional bodies

[

**391I Recovery of financial penalties**

(1)  If the whole or part of a penalty is not paid by the time by which it is required to be paid, the unpaid balance from time to time carries interest at the rate for the time being specified in section 17 of the Judgments Act 1838 (but this is subject to any requirement imposed by the court under section 391H(5), (6) or (7)).

(2)  If an appeal is made under section 391H in relation to a penalty, the penalty is not required to be paid until the appeal has been determined or withdrawn.

(3)  Subsection (4) applies where the whole or part of a penalty has not been paid by the time it is required to be paid and—

(a)  no appeal relating to the penalty has been made under section 391H during the period within which an appeal may be made under that section, or

(b)  an appeal has been made under that section and determined or withdrawn.

(4)  The Secretary of State may recover from the recognised professional body in question, as a debt due to the Secretary of State, any of the penalty and any interest which has not been paid.

]<sup>1</sup>

## Notes

1       Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Oversight of recognised professional bodies > s. 391I Recovery of financial penalties*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 391J Reprimand

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Ministers' powers and duties; Professional bodies; Reprimands; Statements

[

**391J Reprimand**

(1)  This section applies if the Secretary of State is satisfied that an act or omission of a recognised professional body (or a series of such acts or omissions) in discharging one or more of its regulatory functions has had, or is likely to have, an adverse impact on the achievement of one or more of the regulatory objectives.

(2)  The Secretary of State may, if in all the circumstances of the case satisfied that it is appropriate to do so, publish a statement reprimanding the body for the act or omission (or series of acts or omissions).

]<sup>1</sup>

---

## Notes

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION*
*> Oversight of recognised professional bodies > s. 391J Reprimand*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# s. 391K Reprimand: procedure

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Ministers' powers and duties; Notices; Professional bodies; Reprimands; Statements

[

**391K Reprimand: procedure**

(1)  If the Secretary of State proposes to publish a statement under section 391J in respect of a recognised professional body, it must give the body a notice—

(a)   stating that the Secretary of State proposes to publish such a statement and setting out the terms of the proposed statement,

(b)  specifying the acts or omissions to which the proposed statement relates, and

(c)  specifying a period within which the body may make written representations with respect to the proposal.

(2)  The period specified under subsection (1)(c)—

(a)  must begin with the date on which the notice is given to the body, and

(b)  must not be less than 28 days.

(3)  On the expiry of that period, the Secretary of State must decide whether to publish the statement.

(4)  The Secretary of State may vary the proposed statement; but before doing so, the Secretary of State must give the body notice—

(a)  setting out the proposed variation and the reasons for it, and

(b)  specifying a period within which the body may make written representations with respect to the proposed variation.

(5)  The period specified under subsection (4)(b)—

(a)  must begin with the date on which the notice is given to the body, and

(b)  must not be less than 28 days.

(6)  On the expiry of that period, the Secretary of State must decide whether to publish the statement as varied.

][1]

# Notes

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.139(1) (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Oversight of recognised professional bodies > s. 391K Reprimand: procedure*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391L Revocation of recognition at instigation of Secretary of State

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Ministers' powers and duties; Professional bodies; Recognition; Revocation

[

**391L Revocation of recognition at instigation of Secretary of State**

(1)  An order under section 391(1) or (2) in relation to a recognised professional body may be revoked by the Secretary of State by order if the Secretary of State is satisfied that—

(a)  an act or omission of the body (or a series of such acts or omissions) in discharging one or more of its regulatory functions has had, or is likely to have, an adverse impact on the achievement of one or more of the regulatory objectives, and

(b)  it is appropriate in all the circumstances of the case to revoke the body's recognition under section 391.

(2)  If the condition set out in subsection (3) is met, an order under section 391(1) in relation to a recognised professional body may be revoked by the Secretary of State by an order which also declares the body concerned to be a recognised professional body which is capable of providing its insolvency specialist members with partial authorisation only of the kind specified in the order (see section 390A(1)).

(3)  The condition is that the Secretary of State is satisfied—

(a)  as mentioned in subsection (1)(a), and

(b)  that it is appropriate in all the circumstances of the case for the body to be declared to be a recognised professional body which is capable of providing its insolvency specialist members with partial authorisation only of the kind specified in the order.

(4)  In this Part—

(a)  an order under subsection (1) is referred to as a *"revocation order"* ;

(b)  an order under subsection (2) is referred to as a *"partial revocation order"* .

(5)  A revocation order or partial revocation order—

(a)  has effect from such date as is specified in the order, and

(b)  may make provision for members of the body in question to continue to be treated as fully or partially authorised (as the case may be) to act as insolvency practitioners for a specified period after the order takes effect.

(6)  A partial revocation order has effect as if it were an order made under section 391(2).

© 2026 Thomson Reuters.

]<sup>1</sup>

---

# Notes

1    Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.140(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Revocation*
*etc of recognition > s. 391L Revocation of recognition at instigation of Secretary of State*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391M Orders under section 391L: procedure

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Ministers' powers and duties; Notices; Professional bodies; Recognition; Revocation

[

**391M Orders under section 391L: procedure**

(1)  Before making a revocation order or partial revocation order in relation to a recognised professional body, the Secretary of State must give notice to the body—

(a)  stating that the Secretary of State proposes to make the order and the terms of the proposed order,

(b)  specifying the Secretary of State's reasons for proposing to make the order, and

(c)  specifying a period within which the body, members of the body or other persons likely to be affected by the proposal may make written representations with respect to it.

(2)  Where the Secretary of State gives a notice under subsection (1), the Secretary of State must publish the notice on the same day.

(3)  The period specified under subsection (1)(c)—

(a)  must begin with the date on which the notice is given to the body, and

(b)  must not be less than 28 days.

(4)  On the expiry of that period, the Secretary of State must decide whether to make the revocation order or (as the case may be) partial revocation order in relation to the body.

(5)  The Secretary of State must give notice of the decision to the body.

(6)  Where the Secretary of State decides to make the order, the notice under subsection (5) must specify—

(a)  when the order is to take effect, and

(b)  the Secretary of State's reasons for making the order.

(7)  A notice under subsection (5) must be published; and it must (if possible) be published in the same manner as that in which the notice under subsection (1) was published.

][1]

---

## Notes

1    Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.140(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Revocation etc of recognition > s. 391M Orders under section 391L: procedure*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391N Revocation of recognition at request of body

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Ministers' powers and duties; Professional bodies; Recognition; Revocation

[

**391N Revocation of recognition at request of body**

(1)  An order under section 391(1) or (2) in relation to a recognised professional body may be revoked by the Secretary of State by order if—

(a)  the body has requested that an order be made under this subsection, and

(b) the Secretary of State is satisfied that it is appropriate in all the circumstances of the case to revoke the body's recognition under section 391.

(2)  An order under section 391(1) in relation to a recognised professional body may be revoked by the Secretary of State by an order which also declares the body concerned to be a recognised professional body which is capable of providing its insolvency specialist members with partial authorisation only of the kind specified in the order (see section 390A(1)) if—

(a)  the body has requested that an order be made under this subsection, and

(b) the Secretary of State is satisfied that it is appropriate in all the circumstances of the case for the body to be declared to be a recognised professional body which is capable of providing its insolvency specialist members with partial authorisation only of the kind specified in the order.

(3)  Where the Secretary of State decides to make an order under this section the Secretary of State must publish a notice specifying—

(a)  when the order is to take effect, and

(b)  the Secretary of State's reasons for making the order.

(4)  An order under this section—

(a)  has effect from such date as is specified in the order, and

(b)  may make provision for members of the body in question to continue to be treated as fully or partially authorised (as the case may be) to act as insolvency practitioners for a specified period after the order takes effect.

(5)  An order under subsection (2) has effect as if it were an order made under section 391(2).

][1]

**Notes**

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.140(1) (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION >*
*Revocation etc of recognition > s. 391N Revocation of recognition at request of body*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391O Direct sanctions orders

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Direct sanctions orders; Insolvency practitioners; Public interest

[

**391O Direct sanctions orders**

(1)  For the purposes of this Part a *"direct sanctions order"* is an order made by the court against a person who is acting as an insolvency practitioner which—

(a)  declares that the person is no longer authorised (whether fully or partially) to act as an insolvency practitioner;

(b) declares that the person is no longer fully authorised to act as an insolvency practitioner but remains partially authorised to act as such either in relation to companies or individuals, as specified in the order;

(c)  declares that the person's authorisation to act as an insolvency practitioner is suspended for the period specified in the order or until such time as the requirements so specified are complied with;

(d)  requires the person to comply with such other requirements as may be specified in the order while acting as an insolvency practitioner;

(e)  requires the person to make such contribution as may be specified in the order to one or more creditors of a company, individual or insolvent partnership in relation to which the person is acting or has acted as an insolvency practitioner.

(2)  Where the court makes a direct sanctions order, the relevant recognised professional body must take all necessary steps to give effect to the order.

(3)  A direct sanctions order must not be made against a person whose authorisation to act as an insolvency practitioner was granted by the Department of Enterprise, Trade and Investment in Northern Ireland (see section 390A(2)(b)).

(4)  A direct sanctions order must not specify a contribution as mentioned in subsection (1)(e) which is more than the remuneration that the person has received or will receive in respect of acting as an insolvency practitioner in the case.

(5)  In this section and section 391P—

*"the court"* means the High Court or, in Scotland, the Court of Session;

*"relevant recognised professional body"* , in relation to a person who is acting as an insolvency practitioner, means the recognised professional body by virtue of which the person is authorised so to act.

][1]

---

## Notes

1       Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.141 (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17 as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.18)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Court sanction of insolvency practitioners in public interest cases > s. 391O Direct sanctions orders*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391P Application for, and power to make, direct sanctions order

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Applications; Direct sanctions orders; Insolvency practitioners; Jurisdiction; Ministers' powers and duties; Public interest

[

**391P Application for, and power to make, direct sanctions order**

(1)  The Secretary of State may apply to the court for a direct sanctions order to be made against a person if it appears to the Secretary of State that it would be in the public interest for the order to be made.

(2)  The Secretary of State must send a copy of the application to the relevant recognised professional body.

(3)  The court may make a direct sanctions order against a person where, on an application under this section, the court is satisfied that condition 1 and at least one of conditions 2, 3, 4 and 5 are met in relation to the person.

(4)  The conditions are set out in section 391Q.

(5)  In deciding whether to make a direct sanctions order against a person the court must have regard to the extent to which—

(a)  the relevant recognised professional body has taken action against the person in respect of the failure mentioned in condition 1, and

(b)  that action is sufficient to address the failure.

]<sup>1</sup>

---

## Notes

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.141 (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17 as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.18)

---

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Court sanction of insolvency practitioners in public interest cases > s. 391P Application for, and power to make, direct sanctions order*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391Q Direct sanctions order: conditions

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Conditions; Direct sanctions orders; Insolvency practitioners

[

**391Q Direct sanctions order: conditions**

(1)  Condition 1 is that the person, in acting as an insolvency practitioner or in connection with any appointment as such, has failed to comply with—

(a)  a requirement imposed by the rules of the relevant recognised professional body;

(b)  any standards, or code of ethics, for the insolvency-practitioner profession adopted from time to time by the relevant recognised professional body.

(2)  Condition 2 is that the person—

(a)  is not a fit and proper person to act as an insolvency practitioner;

(b)  is a fit and proper person to act as an insolvency practitioner only in relation to companies, but the person's authorisation is not so limited; or

(c)  is a fit and proper person to act as an insolvency practitioner only in relation to individuals, but the person's authorisation is not so limited.

(3)  Condition 3 is that it is appropriate for the person's authorisation to act as an insolvency practitioner to be suspended for a period or until one or more requirements are complied with.

(4)  Condition 4 is that it is appropriate to impose other restrictions on the person acting as an insolvency practitioner.

(5)  Condition 5 is that loss has been suffered as a result of the failure mentioned in condition 1 by one or more creditors of a company, individual or insolvent partnership in relation to which the person is acting or has acted as an insolvency practitioner.

(6)  In this section *"relevant recognised professional body"* has the same meaning as in section 391O.

][1]

**Notes**

1       Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.141 (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17 as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.18)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Court sanction*
*of insolvency practitioners in public interest cases > s. 391Q Direct sanctions order: conditions*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391R Direct sanctions direction instead of order

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Direct sanctions directions; Insolvency practitioners; Penalties; Professional bodies

[

**391R Direct sanctions direction instead of order**

(1)  The Secretary of State may give a direction (a "direct sanctions direction") in relation to a person acting as an insolvency practitioner to the relevant recognised professional body (instead of applying, or continuing with an application, for a direct sanctions order against the person) if the Secretary of State is satisfied that—

(a)  condition 1 and at least one of conditions 2, 3, 4 and 5 are met in relation to the person (see section 391Q), and

(b)  it is in the public interest for the direction to be given.

(2)  But the Secretary of State may not give a direct sanctions direction in relation to a person without that person's consent.

(3)  A direct sanctions direction may require the relevant recognised professional body to take all necessary steps to secure that—

(a)  the person is no longer authorised (whether fully or partially) to act as an insolvency practitioner;

(b)  the person is no longer fully authorised to act as an insolvency practitioner but remains partially authorised to act as such either in relation to companies or individuals, as specified in the direction;

(c)  the person's authorisation to act as an insolvency practitioner is suspended for the period specified in the direction or until such time as the requirements so specified are complied with;

(d)  the person must comply with such other requirements as may be specified in the direction while acting as an insolvency practitioner;

(e)  the person makes such contribution as may be specified in the direction to one or more creditors of a company, individual or insolvent partnership in relation to which the person is acting or has acted as an insolvency practitioner.

(4)  A direct sanctions direction must not be given in relation to a person whose authorisation to act as an insolvency practitioner was granted by the Department of Enterprise, Trade and Investment in Northern Ireland (see section 390A(2)(b)).

(5)  A direct sanctions direction must not specify a contribution as mentioned in subsection (3)(e) which is more than the remuneration that the person has received or will receive in respect of acting as an insolvency practitioner in the case.

(6)  In this section *"relevant recognised professional body"* has the same meaning as in section 391O.

][1]

## **Notes**

1      Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.141 (October 1, 2015 immediiately after the coming into force of 2015 c.20 s.17 as SI 2015/1689 subject to transitional provisions specified in SI 2015/1689 Sch.1 para.18)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > Court sanction of insolvency practitioners in public interest cases > s. 391R Direct sanctions direction instead of order*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391S Power for Secretary of State to obtain information

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Information; Insolvency practitioners; Ministers' powers and duties; Professional bodies

[

**391S Power for Secretary of State to obtain information**

(1)  A person mentioned in subsection (2) must give the Secretary of State such information as the Secretary of State may by notice in writing require for the exercise of the Secretary of State's functions under this Part.

(2)  Those persons are—

   (a)  a recognised professional body;

   (b)  any individual who is or has been authorised under section 390A to act as an insolvency practitioner;

   (c)  any person who is connected to such an individual.

(3)  A person is connected to an individual who is or has been authorised to act as an insolvency practitioner if, at any time during the authorisation—

   (a)  the person was an employee of the individual;

   (b)  the person acted on behalf of the individual in any other way;

   (c)  the person employed the individual;

   (d)  the person was a fellow employee of the individual's employer;

   (e)  in a case where the individual was employed by a firm, partnership or company, the person was a member of the firm or partnership or (as the case may be) a director of the company.

(4)  In imposing a requirement under subsection (1) the Secretary of State may specify—

   (a)  the time period within which the information in question is to be given, and

   (b)  the manner in which it is to be verified.

][1]

**Notes**

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.142 (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION*
*> General > s. 391S Power for Secretary of State to obtain information*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 391T Compliance orders

 **Law In Force**

**Version 1 of 1**

1 October 2015 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency practitioners; Judgments and orders; Ministers' powers and duties; Non-compliance

[

**391T Compliance orders**

(1)  If at any time it appears to the Secretary of State that—

(a)  a recognised professional body has failed to comply with a requirement imposed on it by or by virtue of this Part, or

(b)  any other person has failed to comply with a requirement imposed on the person by virtue of section 391S,

 the Secretary of State may make an application to the court.

(2)  If, on an application under this section, the court decides that the body or other person has failed to comply with the requirement in question, it may order the body or person to take such steps as the court considers will secure that the requirement is complied with.

(3)  In this section, *"the court"* means the High Court or, in Scotland, the Court of Session.

] ¹

## Notes

1        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.143 (October 1, 2015 immediately after the coming into force of 2015 c.20 s.17)

*Part XIII INSOLVENCY PRACTITIONERS AND THEIR QUALIFICATION > General > s. 391T Compliance orders*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 411 Company insolvency rules.

 **Law In Force**

**Version 10 of 10**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Banks; Corporate insolvency; Interpretation; Rules

**411.— Company insolvency rules.**

(1)  Rules may be made—

(a)   in relation to England and Wales, by the Lord Chancellor with the concurrence of the Secretary of State [ and, in the case of rules that affect court procedure, with the concurrence of the Lord Chief Justice] [1] , or

(b)  in relation to Scotland, by the Secretary of State,

for the purpose of giving effect to [Parts A1 to VII] [2] of this Act [ or the [EU Regulation] [4] ] [3] .

[

(1A)  Rules may also be made for the purpose of giving effect to Part 2 of the Banking Act 2009 (bank insolvency orders); and rules for that purpose shall be made—

(a)  in relation to England and Wales, by the Lord Chancellor with the concurrence of—

(i)  the Treasury, and

(ii)  in the case of rules that affect court procedure, the Lord Chief Justice, or

(b)  in relation to Scotland, by the Treasury.

] [5] [

(1B)  Rules may also be made for the purpose of giving effect to Part 3 of the Banking Act 2009 (bank administration); and rules for that purpose shall be made—

(a)  in relation to England and Wales, by the Lord Chancellor with the concurrence of—

(i)  the Treasury, and

(ii)  in the case of rules that affect court procedure, the Lord Chief Justice, or

(b)  in relation to Scotland, by the Treasury.

] [6]

(2)   Without prejudice to the generality of subsection (1), [ (1A) ] [7] [or (1B) ] [8]  or to any provision of those Parts by virtue of which rules under this section may be made with respect to any matter, rules under this section may contain—

(a)  any such provision as is specified in Schedule 8 to this Act or corresponds to provision contained immediately before the coming into force of section 106 of the Insolvency Act 1985 in rules made, or having effect as if made, under section 663(1) or (2) of [the Companies Act 1985] [9]  (old winding-up rules), and

(b)   such incidental, supplemental and transitional provisions as may appear to the Lord Chancellor or, as the case may be, the Secretary of State [or the Treasury ] [10]  necessary or expedient.

[

(2A)  For the purposes of subsection (2), a reference in Schedule 8 to this Act to doing anything under or for the purposes of a provision of this Act includes a reference to doing anything under or for the purposes of the [EU Regulation] [4]  (in so far as the provision of this Act relates to a matter to which the [EU Regulation] [4]  applies).

(2B)   Rules under this section for the purpose of giving effect to the [EU Regulation] [4]  may not create [a new relevant offence] [12] .

] [11] [

(2C)  For the purposes of subsection (2), a reference in Schedule 8 to this Act to doing anything under or for the purposes of a provision of this Act includes a reference to doing anything under or for the purposes of Part 2 of the Banking Act 2009.

] [13] [

(2D)  For the purposes of subsection (2), a reference in Schedule 8 to this Act to doing anything under or for the purposes of a provision of this Act includes a reference to doing anything under or for the purposes of Part 3 of the Banking Act 2009.

] [14]

(3)   In Schedule 8 to this Act *"liquidator"*  includes a provisional liquidator[ or bank liquidator] [15] [ or administrator] [16] ; and references above in this section to [Parts AI to VII] [17]  of this Act [or [Part 2 or 3 of the Banking Act 2009] [19] ] [18]  are to be read as including [the Companies Acts] [20]  so far as relating to, and to matters connected with or arising out of, the insolvency or winding up of companies.

[

(3A)  In this section references to Part 2 or 3 of the Banking Act 2009 include references to those Parts as applied to building societies (see section 90C of the Building Societies Act 1986).

] [21]

(4)  Rules under this section shall be made by statutory instrument subject to annulment in pursuance of a resolution of either House of Parliament.

(5)   Regulations made by the Secretary of State [or the Treasury ] [22]  under a power conferred by rules under this section shall be made by statutory instrument and, after being made, shall be laid before each House of Parliament.

(6)  Nothing in this section prejudices any power to make rules of court.

[

(7)  The Lord Chief Justice may nominate a judicial office holder (as defined in section 109(4) of the Constitutional Reform Act 2005) to exercise his functions under this section.

]²³

## Notes

1        Words inserted by Constitutional Reform Act 2005 c. 4 Sch.4(1) para.188(2) (April 3, 2006)
2        Words substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.22(2) (June 26, 2020)
3        Words inserted by Insolvency Act 1986 (Amendment) Regulations 2002/1037 reg.3(1) (May 3, 2002)
4        Words substituted by Insolvency Amendment (EU 2015/848) Regulations 2017/702 Sch.1(1) para.24 (June 26, 2017: substitution has effect subject to temporal application and saving specified in SI 2017/702 regs 3 and 4)
5        Added by Banking Act 2009 c. 1 Pt 2 s.125(2) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
6        Added by Banking Act 2009 c. 1 Pt 3 s.160(2) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
7        Word inserted by Banking Act 2009 c. 1 Pt 2 s.125(3)(a) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
8        Words inserted by Banking Act 2009 c. 1 Pt 3 s.160(3) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
9        Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.79 (October 1, 2009)
10       Words inserted by Banking Act 2009 c. 1 Pt 2 s.125(3)(b) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
11       Added by Insolvency Act 1986 (Amendment) Regulations 2002/1037 reg.3(2) (May 3, 2002)
12       Words substituted by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.37 (December 31, 2020: substitution has effect subject to savings specified in SI 2019/146 regs 4 and 5)
13       Added by Banking Act 2009 c. 1 Pt 2 s.125(4) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
14       Added by Banking Act 2009 c. 1 Pt 3 s.160(4) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
15       Words inserted by Banking Act 2009 c. 1 Pt 2 s.125(5)(a) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
16       Words inserted by Banking Act 2009 c. 1 Pt 3 s.160(5)(a) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
17       Words substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.22(3) (June 26, 2020)
18       Words inserted by Banking Act 2009 c. 1 Pt 2 s.125(5)(b) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
19       Words inserted by Banking Act 2009 c. 1 Pt 3 s.160(5)(b) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
20       Words substituted by Companies Act 2006 (Commencement No. 3, Consequential Amendments, Transitional Provisions and Savings) Order 2007/2194 Sch.4(3) para.44 (October 1, 2007)
21       Added by Building Societies (Insolvency and Special Administration) Order 2009/805 art.13 (March 29, 2009)
22       Words inserted by Banking Act 2009 c. 1 Pt 2 s.125(6) (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise)
23       Added by Constitutional Reform Act 2005 c. 4 Sch.4(1) para.188(3) (April 3, 2006)

*Part XV SUBORDINATE LEGISLATION > General insolvency rules > s. 411 Company insolvency rules.*

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# s. 414 Fees orders (company insolvency proceedings).

 **Law In Force**

**Version 6 of 6**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Corporate insolvency; Fees; Insolvency proceedings; Orders

**414.— Fees orders (company insolvency proceedings).**

(1)  There shall be paid in respect of—

(a)  proceedings under any of [Parts A1 to VII] $^1$  of this Act, and

(b)  the performance by the official receiver or the Secretary of State of functions under those Parts,

such fees as the competent authority may with the sanction of the Treasury by order direct.

(2)  That authority is—

(a)  in relation to England and Wales, the Lord Chancellor, and

(b)  in relation to Scotland, the Secretary of State.

(3)  The Treasury may by order direct by whom and in what manner the fees are to be collected and accounted for.

(4)  The Lord Chancellor may, with the sanction of the Treasury, by order provide for sums to be deposited, by such persons, in such manner and in such circumstances as may be specified in the order, by way of security for fees payable by virtue of this section.

(5)  An order under this section may contain such incidental, supplemental and transitional provisions as may appear to the Lord Chancellor, the Secretary of State or (as the case may be) the Treasury necessary or expedient.

(6)  An order under this section shall be made by statutory instrument and, after being made, shall be laid before each House of Parliament.

(7)  Fees payable by virtue of this section shall be paid into the Consolidated Fund.

(8)  References in subsection (1) to [Parts A1] $^2$  to VII of this Act are to be read as including [the Companies Acts] $^3$  so far as relating to, and to matters connected with or arising out of, the insolvency or winding up of companies.

[

(8A)  This section applies in relation to Part 2 of the Banking Act 2009 (bank insolvency) as in relation to Parts I to VII of this Act.

] $^4$ [

(8B)  This section applies in relation to Part 3 of the Banking Act 2009 (bank administration) as in relation to Parts I to VII of this Act.

] $^5$ [

(8C)  In subsections (8A) and (8B) the reference to Parts 2 and 3 of the Banking Act 2009 include references to those Parts as applied to building societies (see section 90C of the Building Societies Act 1986).

] $^6$ [...] $^7$

## Notes

| | |
|---|---|
| 1 | Words substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.23(2) (June 26, 2020) |
| 2 | Words substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.23(3) (June 26, 2020) |
| 3 | Words substituted by Companies Act 2006 (Commencement No. 3, Consequential Amendments, Transitional Provisions and Savings) Order 2007/2194 Sch.4(3) para.44 (October 1, 2007) |
| 4 | Added by Banking Act 2009 c. 1 Pt 2 s.126 (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise) |
| 5 | Added by Banking Act 2009 c. 1 Pt 3 s.161 (February 17, 2009 for the purpose of enabling subordinate legislation or codes of practice to be made; February 21, 2009 otherwise) |
| 6 | Added by Building Societies (Insolvency and Special Administration) Order 2009/805 art.14 (March 29, 2009) |
| 7 | Substituted by Courts Reform (Scotland) Act 2014 (Consequential Provisions) Order 2015/150 (Scottish SI) Sch.1(1) para.4 (April 1, 2015) |

*Part XV SUBORDINATE LEGISLATION > Fees orders > s. 414 Fees orders (company insolvency proceedings).*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 423 Transactions defrauding creditors.

 **Law In Force**

**Version 2 of 2**

5 December 2005 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency; Judgments and orders; Transactions at an undervalue; Transactions defrauding creditors

**423.— Transactions defrauding creditors.**

(1)  This section relates to transactions entered into at an undervalue; and a person enters into such a transaction with another person if—

(a)  he makes a gift to the other person or he otherwise enters into a transaction with the other on terms that provide for him to receive no consideration;

(b)   he enters into a transaction with the other in consideration of marriage [ or the formation of a civil partnership] [1] ; or

(c)   he enters into a transaction with the other for a consideration the value of which, in money or money's worth, is significantly less than the value, in money or money's worth, of the consideration provided by himself.

(2)   Where a person has entered into such a transaction, the court may, if satisfied under the next subsection, make such order as it thinks fit for—

(a)  restoring the position to what it would have been if the transaction had not been entered into, and

(b)  protecting the interests of persons who are victims of the transaction.

(3)  In the case of a person entering into such a transaction, an order shall only be made if the court is satisfied that it was entered into by him for the purpose—

(a)  of putting assets beyond the reach of a person who is making, or may at some time make, a claim against him, or

(b)  of otherwise prejudicing the interests of such a person in relation to the claim which he is making or may make.

(4)  In this section *"the court"* means the High Court or—

(a)  if the person entering into the transaction is an individual, any other court which would have jurisdiction in relation to a bankruptcy petition relating to him;

(b)  if that person is a body capable of being wound up under Part IV or V of this Act, any other court having jurisdiction to wind it up

.

(5)   In relation to a transaction at an undervalue, references here and below to a victim of the transaction are to a person who is, or is capable of being, prejudiced by it; and in the following two sections the person entering into the transaction is referred to as *"the debtor"* .

---

**Notes**

1        Words inserted by Civil Partnership Act 2004 c. 33 Sch.27 para.121 (December 5, 2005)

*Part XVI PROVISIONS AGAINST DEBT AVOIDANCE (ENGLAND*
*AND WALES ONLY) > s. 423 Transactions defrauding creditors.*

Contains public sector information licensed under the Open Government Licence v3.0.

2

# s. 424 Those who may apply for an order under s. 423.

 **Law In Force**

**Version 3 of 3**

6 April 2016 - Present

**Subjects**
Insolvency

**Keywords**
Applications; Insolvency; Judgments and orders; Transactions at an undervalue; Transactions defrauding creditors

**424.— Those who may apply for an order under s. 423.**

(1)  An application for an order under section 423 shall not be made in relation to a transaction except—

(a)   in a case where the debtor has been [made] [1] bankrupt or is a body corporate which is being wound up or [is in administration] [2] , by the official receiver, by the trustee of the bankrupt's estate or the liquidator or administrator of the body corporate or (with the leave of the court) by a victim of the transaction;

(b)  in a case where a victim of the transaction is bound by a voluntary arrangement approved under Part I or Part VIII of this Act, by the supervisor of the voluntary arrangement or by any person who (whether or not so bound) is such a victim; or

(c)  in any other case, by a victim of the transaction.

(2)  An application made under any of the paragraphs of subsection (1) is to be treated as made on behalf of every victim of the transaction.

## Notes

[1]      Word substituted by Enterprise and Regulatory Reform Act 2013 c. 24 Sch.19 para.61 (April 6, 2016 subject to savings specified in SI 2016/191 art.3)

[2]      Words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.36 (September 15, 2003: substitution has effect subject to transitional provisions specified in SI 2003/2093 art.3)

*Part XVI PROVISIONS AGAINST DEBT AVOIDANCE (ENGLAND AND WALES ONLY) > s. 424 Those who may apply for an order under s. 423.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 425 Provision which may be made by order under s. 423.

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency; Judgments and orders; Proceeds of sale; Sale of property; Security; Transactions at an undervalue; Transactions defrauding creditors

**425.— Provision which may be made by order under s. 423.**

(1)  Without prejudice to the generality of section 423, an order made under that section with respect to a transaction may (subject as follows)—

(a)  require any property transferred as part of the transaction to be vested in any person, either absolutely or for the benefit of all the persons on whose behalf the application for the order is treated as made;

(b)  require any property to be so vested if it represents, in any person's hands, the application either of the proceeds of sale of property so transferred or of money so transferred;

(c)  release or discharge (in whole or in part) any security given by the debtor;

(d)  require any person to pay to any other person in respect of benefits received from the debtor such sums as the court may direct;

(e)  provide for any surety or guarantor whose obligations to any person were released or discharged (in whole or in part) under the transaction to be under such new or revived obligations as the court thinks appropriate;

(f)  provide for security to be provided for the discharge of any obligation imposed by or arising under the order, for such an obligation to be charged on any property and for such security or charge to have the same priority as a security or charge released or discharged (in whole or in part) under the transaction.

(2)  An order under section 423 may affect the property of, or impose any obligation on, any person whether or not he is the person with whom the debtor entered into the transaction; but such an order—

(a)  shall not prejudice any interest in property which was acquired from a person other than the debtor and was acquired in good faith, for value and without notice of the relevant circumstances, or prejudice any interest deriving from such an interest, and

(b)  shall not require a person who received a benefit from the transaction in good faith, for value and without notice of the relevant circumstances to pay any sum unless he was a party to the transaction.

(3)  For the purposes of this section the relevant circumstances in relation to a transaction are the circumstances by virtue of which an order under section 423 may be made in respect of the transaction.

(4)  In this section *"security"* means any mortgage, charge, lien or other security.

1 2

## Notes

1     Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2     S. 425 applied with modifications by S.I. 1986/1999, art. 3, Sch. 1 Pt. II

*Part XVI PROVISIONS AGAINST DEBT AVOIDANCE (ENGLAND AND WALES ONLY) > s. 425 Provision which may be made by order under s. 423.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 426 Co-operation between courts exercising jurisdiction in relation to insolvency.

 **Law In Force**

**Version 6 of 6**

30 November 2016 - Present

**Subjects**
Insolvency

**Keywords**
Co-operation; Courts; Insolvency; Interpretation; Jurisdiction

**426.— Co-operation between courts exercising jurisdiction in relation to insolvency.**

(1)  An order made by a court in any part of the United Kingdom in the exercise of jurisdiction in relation to insolvency law shall be enforced in any other part of the United Kingdom as if it were made by a court exercising the corresponding jurisdiction in that other part.

(2)  However, without prejudice to the following provisions of this section, nothing in subsection (1) requires a court in any part of the United Kingdom to enforce, in relation to property situated in that part, any order made by a court in any other part of the United Kingdom.

(3)  The Secretary of State, with the concurrence in relation to property situated in England and Wales of the Lord Chancellor, may by order make provision for securing that a trustee or assignee under the insolvency law of any part of the United Kingdom has, with such modifications as may be specified in the order, the same rights in relation to any property situated in another part of the United Kingdom as he would have in the corresponding circumstances if he were a trustee or assignee under the insolvency law of that other part.

(4)  The courts having jurisdiction in relation to insolvency law in any part of the United Kingdom shall assist the courts having the corresponding jurisdiction in any other part of the United Kingdom or any relevant country or territory.

(5)  For the purposes of subsection (4) a request made to a court in any part of the United Kingdom by a court in any other part of the United Kingdom or in a relevant country or territory is authority for the court to which the request is made to apply, in relation to any matters specified in the request, the insolvency law which is applicable by either court in relation to comparable matters falling within its jurisdiction. In exercising its discretion under this subsection, a court shall have regard in particular to the rules of private international law.

(6)  Where a person who is a trustee or assignee under the insolvency law of any part of the United Kingdom claims property situated in any other part of the United Kingdom (whether by virtue of an order under subsection (3) or otherwise), the submission of that claim to the court exercising jurisdiction in relation to insolvency law in that other part shall be treated in the same manner as a request made by a court for the purpose of subsection (4).

(7)  Section 38 of the Criminal Law Act 1977 (execution of warrant of arrest throughout the United Kingdom) applies to a warrant which, in exercise of any jurisdiction in relation to insolvency law, is issued in any part of the United Kingdom for the arrest of a person as it applies to a warrant issued in that part of the United Kingdom for the arrest of a person charged with an offence.

(8)  Without prejudice to any power to make rules of court, any power to make provision by subordinate legislation for the purpose of giving effect in relation to companies or individuals to the insolvency law of any part of the United Kingdom

includes power to make provision for the purpose of giving effect in that part to any provision made by or under the preceding provisions of this section.

(9)  An order under subsection (3) shall be made by statutory instrument subject to annulment in pursuance of a resolution of either House of Parliament.

(10)  In this section *"insolvency law"* means—

(a)   in relation to England and Wales, provision [ extending to England and Wales and] [1] made by or under this Act or [sections 1A,  6 to 10, 12 to 15, 19(c) and 20 (with Schedule 1) of the Company Directors Disqualification Act 1986] [2] [and sections 1 to 17 of that Act as they apply for the purposes of those provisions of that Act] [3] ;

(b)   in relation to Scotland, provision extending to Scotland and made by or under this Act, sections [ 1A,] [4] 6 to 10, [12 to 15] [5] , 19(c) and 20 (with Schedule 1) of the Company Directors Disqualification Act 1986 [ and sections 1 to 17 of that Act as they apply for the purposes of those provisions of that Act] [6] , Part XVIII of the Companies Act or the [Bankruptcy (Scotland) Act 2016] [7] ;

(c)   in relation to Northern Ireland, provision made by or under [the Insolvency (Northern Ireland) Order 1989] [8] [or the Company Directors Disqualification (Northern Ireland) Order 2002] [9] ;

(d)   in relation to any relevant country or territory, so much of the law of that country or territory as corresponds to provisions falling within any of the foregoing paragraphs;

 and references in this subsection to any enactment include, in relation to any time before the coming into force of that enactment the corresponding enactment in force at that time.

(11)  In this section *"relevant country or territory"* means—

(a)  any of the Channel Islands or the Isle of Man, or

(b)  any country or territory designated for the purposes of this section by the Secretary of State by order made by statutory instrument.

[

(12)  In the application of this section to Northern Ireland—

(a)  for any reference to the Secretary of State there is substituted a reference to the Department of Economic Development in Northern Ireland;

(b)  in subsection (3) for the words "another part of the United Kingdom" and the words "that other part" there is substituted the words "Northern Ireland";

(c)  for subsection (9) there is substituted the following subsection—

> "(9)  An order made under subsection (3) by the Department of Economic Development in Northern Ireland shall be a statutory rule for the purposes of the Statutory Rules (Northern Ireland) Order 1979 and shall be subject to negative resolution within the meaning of section 41(6) of the Interpretation Act (Northern Ireland) 1954."

] [10] [

(13)  Section 129 of the Banking Act 2009 provides for provisions of that Act about bank insolvency to be "insolvency law" for the purposes of this section.

] [11] [

(14)  Section 165 of the Banking Act 2009 provides for provisions of that Act about bank administration to be "insolvency law" for the purposes of this section.

] [12]

# Notes

| | |
|---|---|
| 1 | Words inserted by Insolvency Act 2000 c. 39 Sch.4(II) para.16(3)(a)(i) (April 2, 2001) |
| 2 | Words substituted by Insolvency Act 2000 c. 39 Sch.4(II) para.16(3)(a)(iii) (April 2, 2001) |
| 3 | Words substituted by Insolvency Act 2000 c. 39 Sch.4(II) para.16(3)(a)(iv) (April 2, 2001) |
| 4 | Words inserted by Insolvency Act 2000 c. 39 Sch.4(II) para.16(3)(b)(i) (April 2, 2001) |
| 5 | Words substituted by Insolvency Act 2000 c. 39 Sch.4(II) para.16(3)(b)(ii) (April 2, 2001) |
| 6 | Words inserted by Insolvency Act 2000 c. 39 Sch.4(II) para.16(3)(b)(iii) (April 2, 2001) |
| 7 | Word substituted by Bankruptcy (Scotland) Act 2016 (Consequential Provisions and Modifications) Order 2016/1034 Sch.1(1) para.4(9) (November 30, 2016 subject to savings specified in SI 2016/1034 art.7(3)) |
| 8 | Words substituted by Insolvency (Northern Ireland) Order 1989/2405 Sch.9(II)(1) para.41(a) (October 1, 1991: as SR 1991/411) |
| 9 | Words substituted by Company Directors Disqualification (Northern Ireland) Order 2002/3150 Sch.3 para.2 (September 5, 2003) |
| 10 | Added by Insolvency (Northern Ireland) Order 1989/2405 Sch.9(II)(1) para.41(b) (October 1, 1991 except for purposes specified in SR 1991/411 art.4(a); not yet in force otherwise) |
| 11 | Added by Banking Act 2009 c. 1 Pt 2 s.129(2) (February 21, 2009) |
| 12 | Added by Banking Act 2009 c. 1 Pt 3 s.165(2) (February 21, 2009) |

*Part XVII MISCELLANEOUS AND GENERAL > s. 426 Co-operation*
*between courts exercising jurisdiction in relation to insolvency.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 430 Provision introducing Schedule of punishments.

 **Law In Force**

**Version 4 of 4**

28 April 2022 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Bankruptcy offences; Corporate insolvency offences; Sentencing

**430.— Provision introducing Schedule of punishments.**

(1)  Schedule 10 to this Act has effect with respect to the way in which offences under this Act are punishable on conviction.

(2)  In relation to an offence under a provision of this Act specified in the first column of the Schedule (the general nature of the offence being described in the second column), the third column shows whether the offence is punishable on conviction on indictment, or on summary conviction, or either in the one way or the other.

(3)  The fourth column of the Schedule shows, in relation to an offence, the maximum punishment by way of fine or imprisonment under this Act which may be imposed on a person convicted of the offence in the way specified in relation to it in the third column (that is to say, on indictment or summarily) a reference to a period of years or months being to a term of imprisonment of that duration.

(4)  The fifth column shows (in relation to an offence for which there is an entry in that column) that a person convicted of the offence after continued contravention is liable to a daily default fine; that is to say, he is liable on a second or subsequent conviction of the offence to the fine specified in that column for each day on which the contravention is continued (instead of the penalty specified for the offence in the fourth column of the Schedule).

[

(4A)  In relation to an offence committed before [2 May 2022] [2] , a reference in Schedule 10 to 12 months on summary conviction in England and Wales is to be read as a reference to 6 months.

] [1]

(5)  For the purpose of any enactment in this Act whereby an officer of a company who is in default is liable to a fine or penalty, the expression *"officer who is in default"*  means any officer of the company who knowingly and wilfully authorises or permits the default, refusal or contravention mentioned in the enactment.

## Notes

1        Added by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.26 (June 26, 2020)
2        Words substituted by Criminal Justice Act 2003 (Commencement No. 33) and Sentencing Act 2020 (Commencement No. 2) Regulations 2022/500 Sch.1(1) para.1 (April 28, 2022)

**Insolvency Act 1986 c. 45**

---

*Part XVII MISCELLANEOUS AND GENERAL > s. 430 Provision introducing Schedule of punishments.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 431 Summary proceedings.

 **Law In Force**

**Version 3 of 3**

26 June 2020 - Present

**Subjects**
Criminal procedure; Insolvency

**Keywords**
Bankruptcy offences; Corporate insolvency offences; Summary procedure

**431.— Summary proceedings.**

(1)  Summary proceedings for any offence under any of [Parts A1 to VII] [1] of this Act may (without prejudice to any jurisdiction exercisable apart from this subsection) be taken against a body corporate at any place at which the body has a place of business, and against any other person at any place at which he is for the time being.

(2)  Notwithstanding anything in section 127(1) of the Magistrates' Courts Act 1980, an information relating to such an offence which is triable by a magistrates' court in England and Wales may be so tried if it is laid at any time within 3 years after the commission of the offence and within 12 months after the date on which evidence sufficient in the opinion of the Director of Public Prosecutions or the Secretary of State (as the case may be) to justify the proceedings comes to his knowledge.

(3)  Summary proceedings in Scotland for such an offence shall not be commenced after the expiration of 3 years from the commission of the offence. Subject to this (and notwithstanding anything in [section 136 of the Criminal Procedure (Scotland) Act 1995] [2]), such proceedings may (in Scotland) be commenced at any time within 12 months after the date on which evidence sufficient in the Lord Advocate's opinion to justify the proceedings came to his knowledge or, where such evidence was reported to him by the Secretary of State, within 12 months after the date on which it came to the knowledge of the latter; and subsection (3) of that section applies for the purpose of this subsection as it applies for the purpose of that section.

(4)  For purposes of this section, a certificate of the Director of Public Prosecutions, the Lord Advocate or the Secretary of State (as the case may be) as to the date on which such evidence as is referred to above came to his knowledge is conclusive evidence.

## Notes

1        Words substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.27 (June 26, 2020)
2        Words substituted by Criminal Procedure (Consequential Provisions) (Scotland) Act 1995 c. 40 Sch.4 para.61 (April 1, 1996 subject to transitional provisions, transitory modifications and savings specified in 1995 c.40 Sch.3)

*Part XVII MISCELLANEOUS AND GENERAL > s. 431 Summary proceedings.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 432 Offences by bodies corporate.

 **Law In Force**

**Version 3 of 3**

26 June 2020 - Present

**Subjects**
Criminal procedure; Insolvency

**Keywords**
Company officers; Corporate insolvency offences; Criminal proceedings; Shareholders

**432.— Offences by bodies corporate.**

(1)  This section applies to offences under this Act other than those excepted by subsection (4).

(2)  Where a body corporate is guilty of an offence to which this section applies and the offence is proved to have been committed with the consent or connivance of, or to be attributable to any neglect on the part of, any director, manager, secretary or other similar officer of the body corporate or any person who was purporting to act in any such capacity he, as well as the body corporate, is guilty of the offence and liable to be proceeded against and punished accordingly.

(3)  Where the affairs of a body corporate are managed by its members, subsection (2) applies in relation to the acts and defaults of a member in connection with his functions of management as if he were a director of the body corporate.

(4)  The offences excepted from this section are those under [sections A19(5), A25(3), A26(4), A27(1), A28(5), A29(6), A30(2), A31(10), A32(4),30, 39, 51, 53, 54, 62, 64, 66, 85, 89, 164, 188, 201, 206, 207, 208, 209, 210 and 211] [1] [.] [2]

## Notes

1        Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.28(a) (June 26, 2020)
2        Words repealed by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.28(b) (June 26, 2020)

*Part XVII MISCELLANEOUS AND GENERAL > s. 432 Offences by bodies corporate.*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 433 Admissibility in evidence of statements of affairs, etc.

 **Law In Force**

**Version 7 of 7**

6 April 2019 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Admissibility; Offences; Proceedings; Statements; Statements of affairs

[

**433. Admissibility in evidence of statements of affairs, etc.**

(1)  In any proceedings (whether or not under this Act)—

(a)  a statement of affairs prepared for the purposes of any provision of this Act which is derived from the Insolvency Act 1985 , [...]²

[

(aa)  a statement made in pursuance of a requirement imposed by or under Part 2 of the Banking Act 2009 (bank insolvency), [...]³

]² [

(ab)  a statement made in pursuance of a requirement imposed by or under Part 3 of that Act (bank administration), and

]³

(b)  any other statement made in pursuance of a requirement imposed by or under any such provision or by or under rules made under this Act,

may be used in evidence against any person making or concurring in making the statement.

(2)  However, in criminal proceedings in which any such person is charged with an offence to which this subsection applies—

(a)  no evidence relating to the statement may be adduced, and

(b)  no question relating to it may be asked,

by or on behalf of the prosecution, unless evidence relating to it is adduced, or a question relating to it is asked, in the proceedings by or on behalf of that person.

(3)  Subsection (2) applies to any offence other than—

(a)  an offence under [section 22(6), 47(6), 48(8), 66(6), 67(8), 95(8), 99(3), 131(7), 192(2), 208(1)(a) or (d) or (2), 210, 235(5), 353(1), 354(1)(b) or (3) or 356(1) or (2)(a) or (b) or paragraph 4(3)(a) of Schedule 7]⁴ ;

(b)  an offence which is—

(i)  created by rules made under this Act, and

(ii)  designated for the purposes of this subsection by such rules or by regulations made by the Secretary of State;

(c)  an offence which is—

(i)  created by regulations made under any such rules, and

(ii)  designated for the purposes of this subsection by such regulations;

(d)  an offence under section 1, 2 or 5 of the Perjury Act 1911 (false statements made on oath or made otherwise than on oath); or

(e)  an offence under section 44(1) or (2) of the Criminal Law (Consolidation) (Scotland) Act 1995 (false statements made on oath or otherwise than on oath).

(4)  Regulations under subsection (3)(b)(ii) shall be made by statutory instrument and, after being made, shall be laid before each House of Parliament.

]<sup>1</sup>

---

## Notes

1        Existing text renumbered as s.433(1) and new s.433(2) to (4) inserted by Youth Justice and Criminal Evidence Act 1999 c. 23 Sch.3 para.7 (January 1, 2001: as SSI 2000/445)
2        Added by Banking Act 2009 c. 1 Pt 2 s.128 (February 21, 2009)
3        Added by Banking Act 2009 c. 1 Pt 3 s.162 (February 21, 2009)
4        Word substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.56(b) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Part XVII MISCELLANEOUS AND GENERAL > s. 433 Admissibility in evidence of statements of affairs, etc.*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 434B Representation of corporations in decision procedures and at meetings

 **Law In Force**

**Version 4 of 4**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Companies; Creditors' decisions; Creditors' meetings; Directors; Professional representation

[

**434B.—** **Representation of corporations [ in decision procedures and]** <sup>2</sup> **at meetings**

(1) If a corporation is a creditor or debenture-holder, it may by resolution of its directors or other governing body authorise a person or persons to act as its representative or representatives—[

(a) in a qualifying decision procedure, held in pursuance of this Act or of rules made under it, by which a decision is sought from the creditors of a company, or

]<sup>3</sup>

(b) at any meeting of a company held in pursuance of the provisions contained in a debenture or trust deed.

(2) Where the corporation authorises only one person, that person is entitled to exercise the same powers on behalf of the corporation as the corporation could exercise if it were an individual creditor or debenture-holder.

(3) Where the corporation authorises more than one person, any one of them is entitled to exercise the same powers on behalf of the corporation as the corporation could exercise if it were an individual creditor or debenture-holder.

(4) Where the corporation authorises more than one person and more than one of them purport to exercise a power under subsection (3)—

(a) if they purport to exercise the power in the same way, the power is treated as exercised in that way;

(b) if they do not purport to exercise the power in the same way, the power is treated as not exercised.

]<sup>1</sup>

## Notes

1    Added by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.105 (April 6, 2008: insertion has effect subject to savings specified in SI 2008/948 arts 11 and 12)

© 2026 Thomson Reuters.

**Notes**

2       Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.57(3) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

3       Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.57(2) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

*Part XVIIA SUPPLEMENTARY PROVISIONS > s. 434B*
*Representation of corporations in decision procedures and at meetings*

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 434C Legal professional privilege

 **Law In Force**

**Version 1 of 1**

6 April 2008 - Present

**Subjects**
Insolvency

**Keywords**
Bankruptcy offences; Corporate insolvency offences; Legal professional privilege

[

**434C. Legal professional privilege**

In proceedings against a person for an offence under this Act nothing in this Act is to be taken to require any person to disclose any information that he is entitled to refuse to disclose on grounds of legal professional privilege (in Scotland, confidentiality of communications).

]<sup>1</sup>

---

## Notes

1      Added by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.105 (April 6, 2008: insertion has effect subject to savings specified in SI 2008/948 arts 11 and 12)

---

*Part XVIIA SUPPLEMENTARY PROVISIONS > s. 434C Legal professional privilege*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# s. 434D Enforcement of company's filing obligations

 **Law In Force**

**Version 1 of 1**

1 October 2009 - Present

**Subjects**
Insolvency

**Keywords**
Corporate insolvency; Filing; Non-compliance; Notification

[

**434D.— Enforcement of company's filing obligations**

(1)  This section applies where a company has made default in complying with any obligation under this Act—

   (a)  to deliver a document to the registrar, or

   (b)  to give notice to the registrar of any matter.

(2)  The registrar, or any member or creditor of the company, may give notice to the company requiring it to comply with the obligation.

(3)  If the company fails to make good the default within 14 days after service of the notice, the registrar, or any member or creditor of the company, may apply to the court for an order directing the company, and any specified officer of it, to make good the default within a specified time.

(4)  The court's order may provide that all costs (in Scotland, expenses) of or incidental to the application are to be borne by the company or by any officers of it responsible for the default.

(5)  This section does not affect the operation of any enactment imposing penalties on a company or its officers in respect of any such default.

] [1]

## Notes

1        Added by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.81 (October 1, 2009: insertion has effect subject to transitional provisions specified in SI 2009/1941 art.8)

*Part XVIIA SUPPLEMENTARY PROVISIONS > s. 434D Enforcement of company's filing obligations*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 1

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Possession; Powers rights and duties; Property

**1.**

Power to take possession of, collect and get in the property of the company and, for that purpose, to take such proceedings as may seem to him expedient.

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 1*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 2

 **Law In Force**

**Version 2 of 2**

28 November 2004 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Auctions; Disposition of property; Powers rights and duties; Sale of property

**2.**

Power to sell or otherwise dispose of the property of the company by public auction or private contract or, in Scotland, to sell, [...] [1] hire out or otherwise dispose of the property of the company by public roup or private bargain.

---

## Notes

1    Word repealed by Abolition of Feudal Tenure etc. (Scotland) Act 2000 asp 5 (Scottish Act) Sch.13(1) para.1 (November 28, 2004: as SSI 2003/456)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 2*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 3

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Loans; Powers rights and duties; Security

**3.**

Power to raise or borrow money and grant security therefor over the property of the company.
1

**Notes**

1        Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 3*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 4

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Accountants; Administrative receivers; Administrators; Appointments; Powers rights and duties; Solicitors

**4.**

Power to appoint a solicitor or accountant or other professionally qualified person to assist him in the performance of his functions.

1

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 4*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 5

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Commencement of proceedings; Powers rights and duties

**5.**

Power to bring or defend any action or other legal proceedings in the name and on behalf of the company.
 1

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 5*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 6

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Arbitration; Powers rights and duties

**6.**

Power to refer to arbitration any question affecting the company.
1

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 6*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 7

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Insurance; Powers rights and duties

**7.**

Power to effect and maintain insurances in respect of the business and property of the company.
1

---

## Notes

1       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 7*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

© 2026 Thomson Reuters.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 8

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Companies; Powers rights and duties; Seals

**8.**

Power to use the company's seal.

---

## Notes

Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 8*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 9

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Companies; Deeds; Documents; Powers rights and duties; Receipts

**9.**

Power to do all acts and to execute in the name and on behalf of the company any deed, receipt or other document.
  1

## Notes

1       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 9*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 10

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Bills of exchange; Powers rights and duties; Promissory notes

**10.**

Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company.
  1

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 10*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 11

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Agents; Appointments; Dismissal; Employees; Powers rights and duties

**11.**

Power to appoint any agent to do any business which he is unable to do himself or which can more conveniently be done by an agent and power to employ and dismiss employees.

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 11*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 12

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Powers rights and duties; Property; Realisation

**12.**

Power to do all such things (including the carrying out of works) as may be necessary for the realisation of the property of the company.

---

## Notes

[1]    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 12*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 13

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Payments; Powers rights and duties

**13.**

Power to make any payment which is necessary or incidental to the performance of his functions.
 1

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 13*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 14

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Management; Powers rights and duties

**14.**

Power to carry on the business of the company.
   1

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 14*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 15

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Powers rights and duties; Subsidiary companies

**15.**

Power to establish subsidiaries of the company.

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 15*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 16

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Powers rights and duties; Subsidiary companies; Transfer of assets

**16.**

Power to transfer to subsidiaries of the company the whole or any part of the business and property of the company.

1

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 16*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 17

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Companies; Leases; Powers rights and duties; Tenancies

**17.**

Power to grant or accept a surrender of a lease or tenancy of any of the property of the company, and to take a lease or tenancy of any property required or convenient for the business of the company.

## Notes

Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 17*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 18

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Agreements; Companies; Compromise; Powers rights and duties

**18.**

Power to make any arrangement or compromise on behalf of the company.
  1

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 18*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 19

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Capital; Companies; Powers rights and duties

**19.**

Power to call up any uncalled capital of the company.
 1

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 19*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
# para. 20

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Bankruptcy; Dividends; Liquidation; Powers rights and duties; Trust deeds; Writs of sequestration

**20.**

Power to rank and claim in the bankruptcy, insolvency, sequestration or liquidation of any person indebted to the company and to receive dividends, and to accede to trust deeds for the creditors of any such person.
  1

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 20*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 21

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Powers rights and duties; Winding-up petitions

**21.**

Power to present or defend a petition for the winding up of the company.

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 21*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 22

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Addresses; Administrative receivers; Administrators; Powers rights and duties; Registered offices; Variation

**22.**

Power to change the situation of the company's registered office.

---

**Notes**

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 22*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER
## para. 23

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Administrative receivers; Administrators; Powers rights and duties

**23.**

Power to do all other things incidental to the exercise of the foregoing powers.
  1

---

## Notes

1       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 1 POWERS OF ADMINISTRATOR OR ADMINISTRATIVE RECEIVER > para. 23*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 1

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Classes of creditors; Liquidators' powers and duties; Payments

**1.**

Power to pay any class of creditors in full.

1 2

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2      Extended byS.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part I > para. 1*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 2

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Compromise; Creditors; Liquidators' powers and duties

**2.**

Power to make any compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company, or whereby the company may be rendered liable.

  1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
2    Extended byS.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part I > para. 2*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

**Insolvency Act 1986 c. 45**

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 3

 **Law In Force**

**Version 3 of 3**

26 May 2015 - Present

**Subjects**
Insolvency

**Keywords**
Calls; Compromise; Debts; Discharge; Liabilities; Liquidators' powers and duties; Security

**3.**

[Power] [1] to compromise, on such terms as may be agreed—

(a)  all calls and liabilities to calls, all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company, and

(b)  all questions in any way relating to or affecting the assets or the winding up of the company,

and take any security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

---

## Notes

1    Words repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.120(6)(a) (May 26, 2015)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part I > para. 3*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 3A

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Commencement of proceedings; Liquidators' powers and duties

[

**3A.**

Power to bring legal proceedings under section 213, 214, 238, 239, 242, 243 or 423.
 ]<sup>1</sup>

---

## Notes

1       Added subject to transitional provisions specified in SI 2003/2093 art.5 by Enterprise Act 2002 c. 40 Pt 10 s.253 (September 15, 2003: addition has effect subject to transitional provisions specified in SI 2003/2093 art.5)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part I > para. 3A*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 4

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Liquidators' powers and duties; Proceedings

**4.**

Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.
  1 2

## Notes

1     Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2     Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part II > para. 4*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 5

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Commercial activities; Companies; Liquidators' powers and duties; Winding-up

**5.**

Power to carry on the business of the company so far as may be necessary for its beneficial winding up.
 1  2

## Notes

1       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2       Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part II > para. 5*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 6

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Auctions; Liquidators' powers and duties; Sale of property

**6.**

Power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

1 2

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 6*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 7

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Deeds; Documents; Liquidators' powers and duties; Receipts; Seals

**7.**

Power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company's seal.

1  2

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2      Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 7*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 8

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Bankruptcy; Contributories; Debts; Insolvency; Liquidators' powers and duties; Writs of sequestration

**8.**

Power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.
 1 2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 8*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 9

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Acceptance; Bills of exchange; Indorsement; Liquidators' powers and duties; Promissory notes

**9.**

Power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with respect to the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.
[1] [2]

## Notes

| | |
|---|---|
| 1 | Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4) |
| 2 | Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7) |

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 9*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 10

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Assets; Companies; Liquidators' powers and duties; Security

**10.**

Power to raise on the security of the assets of the company any money requisite.
  1 2

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2      Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 10*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

© 2026 Thomson Reuters.    

**Insolvency Act 1986 c. 45**

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 11

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Contributories; Deceased persons; Grants of administration; Liquidators' powers and duties; Payments

**11.**

Power to take out in his official name letters of administration to any deceased contributory, and to do in his official name any other act necessary for obtaining payment of any money due from a contributory or his estate which cannot conveniently be done in the name of the company.

In all such cases the money due is deemed, for the purpose of enabling the liquidator to take out the letters of administration or recover the money, to be due to the liquidator himself.

1 2

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

2    Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 11*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 12

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Agents; Appointments; Liquidators' powers and duties

**12.**

Power to appoint an agent to do any business which the liquidator is unable to do himself.
 1 2

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
2      Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 12*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP para. 13

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Assets; Companies; Distribution; Liquidators' powers and duties; Winding-up

**13.**

Power to do all such other things as may be necessary for winding up the company's affairs and distributing its assets.
 1  2

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)
2    Extended by S.I. 1990/1338, art. 2, Sch. 1 para. 2(7)

---

*Schedule 4 POWERS OF LIQUIDATOR IN A WINDING UP > Part III > para. 13*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 8

 **Law In Force**

**Version 2 of 2**

7 February 1994 - Present

**Subjects**
Insolvency

**Keywords**
Insolvency; Pension contributions; Preferential debts

**8.**

Any sum which is owed by the debtor and is a sum to which [Schedule 4 to the Pension Schemes Act 1993] [1] applies (contributions to occupational pension schemes and state scheme premiums).

---

## Notes

[1]      Words substituted by Pension Schemes Act 1993 c. 48 Sch.8 para.18 (February 7, 1994)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Category*
*4: Contributions to occupational pension schemes, etc. > para. 8*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 9

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Employees; Insolvency; Preferential debts; Remuneration

**9.**

So much of any amount which—

    (a)  is owed by the debtor to a person who is or has been an employee of the debtor, and

    (b)  is payable by way of remuneration in respect of the whole or any part of the period of 4 months next before the relevant date,

as does not exceed so much as may be prescribed by order made by the Secretary of State.
1

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS*
*> Category 5: Remuneration, etc., of employees > para. 9*

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 10

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Employees; Holiday pay; Insolvency; Preferential debts; Termination of employment

**10.**

An amount owed by way of accrued holiday remuneration, in respect of any period of employment before the relevant date, to a person whose employment by the debtor has been terminated, whether before, on or after that date.

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS*
*> Category 5: Remuneration, etc., of employees > para. 10*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 11

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Debts; Employees; Insolvency; Payments; Preferential debts; Remuneration

**11.**

So much of any sum owed in respect of money advanced for the purpose as has been applied for the payment of a debt which, if it had not been paid, would have been a debt falling within paragraph 9 or 10.

---

## Notes

1    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS*
*> Category 5: Remuneration, etc., of employees > para. 11*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 12

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Employees; Insolvency; Preferential debts; Remuneration; Reserve forces

**12.**

So much of any amount which—

(a)  is ordered (whether before or after the relevant date) to be paid by the debtor under the Reserve Forces (Safeguard of Employment) Act 1985, and

(b)  is so ordered in respect of a default made by the debtor before that date in the discharge of his obligations under that Act,

as does not exceed such amount as may be prescribed by order made by the Secretary of State. [1]

## Notes

[1]    Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS*
*> Category 5: Remuneration, etc., of employees > para. 12*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 13

 **Law In Force With Amendments Pending**

**Version 4 of 5**

22 August 1996 - Present

**Subjects**
Insolvency

**Keywords**
Employees; Insolvency; Interpretation; Payments; Preferential debts; Remuneration

**13.—**

(1)  For the purposes of paragraphs 9 to 12, a sum is payable by the debtor to a person by way of remuneration in respect of any period if—

(a)  it is paid as wages or salary (whether payable for time or for piece work or earned wholly or partly by way of commission) in respect of services rendered to the debtor in that period, or

(b)  it is an amount falling within the following sub-paragraph and is payable by the debtor in respect of that period.

[

(2)  An amount falls within this sub-paragraph if it is—

(a)  a guarantee payment under Part III of the Employment Rights Act 1996 (employee without work to do);

(b)  any payment for time off under section 53 (time off to look for work or arrange training) or section 56 (time off for ante-natal care) of that Act or under section 169 of the Trade Union and Labour Relations (Consolidation) Act 1992 (time off for carrying out trade union duties etc.);

(c)  remuneration on suspension on medical grounds, or on maternity grounds, under Part VII of the Employment Rights Act 1996; or

(d)  remuneration under a protective award under section 189 of the Trade Union and Labour Relations (Consolidation) Act 1992 (redundancy dismissal with compensation).

]<sup>1</sup>

---

## Notes

1        Substituted by Employment Rights Act 1996 c. 18 Sch.1 para.29 (August 22, 1996)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Interpretation for Category 5 > para. 13*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 14

 **Law In Force**

**Version 3 of 3**

6 April 2016 - Present

**Subjects**
Insolvency

**Keywords**
Holiday pay; Insolvency; Interpretation; Preferential debts; Termination of employment

**14.—**

(1)    This paragraph relates to a case in which a person's employment has been terminated by or in consequence of his employer going into liquidation or being [made] [1] bankrupt or (his employer being a company not in liquidation) by or in consequence of—

(a)  a receiver being appointed as mentioned in section 40 of this Act (debenture-holders secured by floating charge), or

(b)  the appointment of a receiver under section 53(6) or 54(5) of this Act (Scottish company with property subject to floating charge), or

(c)  the taking of possession by debenture-holders (so secured), as mentioned in [section 754 of the Companies Act 2006] [2] .

(2)  For the purposes of paragraphs 9 to 12, holiday remuneration is deemed to have accrued to that person in respect of any period of employment if, by virtue of his contract of employment or of any enactment that remuneration would have accrued in respect of that period if his employment had continued until he became entitled to be allowed the holiday.

(3)  The reference in sub-paragraph (2) to any enactment includes an order or direction made under an enactment.

## Notes

1        Word substituted by Enterprise and Regulatory Reform Act 2013 c. 24 Sch.19 para.64 (April 6, 2016 subject to savings specified in SI 2016/191 art.3)

2        Words substituted by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.104 (April 6, 2008: substitution has effect subject to savings specified in SI 2008/948 arts 11 and 12)

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Interpretation for Category 5 > para. 14*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15

 **Law In Force**

**Version 2 of 2**

26 May 2015 - Present

**Subjects**
Insolvency

**Keywords**
Holiday pay; Insolvency; Interpretation; Preferential debts; Remuneration; Sick pay

**15.**

Without prejudice to paragraphs 13 and 14—

(a)   any remuneration payable by the debtor to a person in respect of a period of holiday or of absence from work through sickness or other good cause is deemed to be wages or (as the case may be) salary in respect of services rendered to the debtor in that period [.] [1]

[...] [1]

## Notes

[1]       Repealed by Deregulation Act 2015 c. 20 Sch.6(7) para.28 (May 26, 2015)

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Interpretation for Category 5 > para. 15*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15A Category 6: Levies on coal and steel production

 **Law In Force**

**Version 1 of 1**

Date not available - Present

**Subjects**
Insolvency

**Keywords**
Coal; Delay; European Coal and Steel Community; Insolvency; Levies; Preferential debts; Steel; Surcharges

[

**15A. Category 6: Levies on coal and steel production**

Any sums due at the relevant date from the debtor in respect of—

(a)  the levies on the production of coal and steel referred to in Articles 49 and 50 of the E.C.S.C. Treaty, or

(b)  any surcharge for delay provided for in Article 50(3) of that Treaty and Article 6 of Decision 3/52 of the High Authority of the Coal and Steel Community.

][1] [2]

---

## Notes

1       Sch. 6 Para. 15A inserted by S.I. 1987/2093, reg. 2(1)(3)

2       Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Interpretation for Category 5 > para. 15A Category 6: Levies on coal and steel production*

---

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15AA Category 6A: Debts owed to the Financial Services Compensation Scheme

 **Law In Force**

**Version 1 of 1**

26 March 2015 - Present

**Subjects**
Insolvency

**Keywords**
Financial Services Compensation Scheme; Insolvency; Preferential debts

[

**15AA. Category 6A: Debts owed to the Financial Services Compensation Scheme**

Any debt owed by the debtor to the scheme manager of the Financial Services Compensation Scheme under section 215(2A) of the Financial Services and Markets Act 2000 [2] .

]  [1]

---

## Notes

1        Added by Deposit Guarantee Scheme Regulations 2015/486 Pt 3 reg.14(3)(a) (March 26, 2015)
2        Section 215(2A) is inserted by regulation 14 of these Regulations.

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Interpretation for Category 5 > para. 15AA Category 6A: Debts owed to the Financial Services Compensation Scheme*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15B

 **Law In Force**

**Version 1 of 1**

31 December 2014 - Present

**Subjects**
Insolvency

**Keywords**
Deposits; Financial Services Compensation Scheme; Insolvency; Preferential debts

[

**15B**

So much of any amount owed at the relevant date by the debtor in respect of an eligible deposit as does not exceed the compensation that would be payable in respect of the deposit under the Financial Services Compensation Scheme to the person or persons to whom the amount is owed.

]¹

---

## Notes

1      Added by Financial Services (Banking Reform) Act 2013 c. 33 Pt 2 s.13(1) (December 31, 2014 as SI 2014/3160)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Category 7:*
*Deposits covered by Financial Services Compensation Scheme > para. 15B*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15BA

 **Law In Force**

**Version 1 of 1**

1 January 2015 - Present

**Subjects**
Insolvency

**Keywords**
Deposits; Financial Services Compensation Scheme; Preferential debts

[

**15BA.**

So much of any amount owed at the relevant date by the debtor to one or more eligible persons in respect of an eligible deposit as exceeds any compensation that would be payable in respect of the deposit under the Financial Services Compensation Scheme to that person or those persons.

 ]¹

---

## Notes

1        Added by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.11(2) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Category 8: Other deposits > para. 15BA*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15BB

 **Law In Force**

**Version 2 of 2**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Credit institutions; Deposits; European Economic Area; Insolvency; Preferential debts

[

**15BB.—**

An amount owed at the relevant date by the debtor to one or more eligible persons in respect of a deposit that—

(a)   was made through a [non-UK][2] branch of a credit institution authorised by the competent authority of [the United Kingdom][3] , and

(b)   would have been an eligible deposit if it had been made through [a UK][4] branch of that credit institution.

][1]

## Notes

1        Added by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.11(2) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)
2        Words substituted by Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018/1394 Sch.2 para.2(a)(i) (December 31, 2020: shall come into force on exit day as specified in 2018 c.16 s.20(1))
3        Words substituted by Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018/1394 Sch.2 para.2(a)(ii) (December 31, 2020: shall come into force on exit day as specified in 2018 c.16 s.20(1))
4        Words substituted by Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018/1394 Sch.2 para.2(b) (December 31, 2020: shall come into force on exit day as specified in 2018 c.16 s.20(1))

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Category 8: Other deposits > para. 15BB*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15C

 **Law In Force**

**Version 6 of 6**

1 January 2024 - Present

**Subjects**
Insolvency

**Keywords**
Capital adequacy; Credit institutions; Deposits; European Economic Area; Financial Services Compensation Scheme; Insolvency; Interpretation; Preferential debts

[

**15C**

[

(A1)  In paragraph 15AA *"the scheme manager"* has the meaning given in section 212(1) of the Financial Services and Markets Act 2000.

]<sup>2</sup>

(1)  In [paragraphs 15B to 15BB] <sup>3</sup> *"eligible deposit"* means a deposit in respect of which the person, or any of the persons, to whom it is owed would be eligible for compensation under the Financial Services Compensation Scheme.

(2)   For [the purposes of those paragraphs and this paragraph] <sup>4</sup> a *"deposit"* means rights of the kind described in—

(a)  paragraph 22 of Schedule 2 to the Financial Services and Markets Act 2000 (deposits), or

(b)  section 1(2)(b) of the Dormant Bank and Building Society Accounts Act 2008 (balances transferred under that Act to authorised reclaim fund).

[

(3)  In paragraphs 15BA and 15BB, *"eligible person"* means—

(a)  an individual, or

[

(b)  any micro, small and medium-sized enterprise, as defined with regard to the annual turnover criterion referred to in Article 2(1) of the Annex to Commission recommendation 2003/361/EC.

]<sup>6</sup>

(4)  In paragraph 15BB—

(a)  "credit institution" has the meaning given in Article 4.1(1) of the capital requirements regulation;

[

(b) *"non-UK branch"* means a branch, as defined in Article 4.1(17) of the capital requirements regulation, which is established outside the United Kingdom;

(c) *"UK branch"* means a branch, as so defined, which is established in the United Kingdom,

] [7] and for this purpose *"the capital requirements regulation"* means Regulation (EU) No 575/2013 of the European Parliament and of the Council of 26th June 2013 on prudential requirements for credit institutions and investment firms and amending Regulation (EU) No 648/2012 [8] [ , as it [ forms part of [assimilated] [11] law ] [10] ] [9] .

] [5] ] [1]

## Notes

1      Added by Financial Services (Banking Reform) Act 2013 c. 33 Pt 2 s.13(1) (December 31, 2014 as SI 2014/3160)

2      Added by Deposit Guarantee Scheme Regulations 2015/486 Pt 3 reg.14(3)(c) (March 26, 2015)

3      Words substituted by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.11(4)(a) (January 1, 2015: substitution has effect subject to transitional provisions specified in SI 2014/3486 art.3)

4      Words substituted by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.11(4)(b) (January 1, 2015: substitution has effect subject to transitional provisions specified in SI 2014/3486 art.3)

5      Added by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.11(4)(c) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)

6      Substituted by Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018/1394 Sch.2 para.3(a) (December 31, 2020: shall come into force on IP completion day not exit day as specified in 2020 c.1 s.39(1) and Sch.5 para.1)

7      Substituted by Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018/1394 Sch.2 para.3(b)(i) (December 31, 2020: shall come into force on IP completion day not exit day as specified in 2020 c.1 s.39(1) and Sch.5 para.1)

8      OJ no L176, 27.6.2013, p.1. For corrigenda see OJ no L208, 2.8.2013 p.68 and OJ no L321, 30.11.2013 p. 6.

9      Words inserted by Bank Recovery and Resolution and Miscellaneous Provisions (Amendment) (EU Exit) Regulations 2018/1394 Sch.2 para.3(b)(ii) (December 21, 2018)

10      Words substituted by Securities Financing Transactions, Securitisation and Miscellaneous Amendments (EU Exit) Regulations 2020/1385 Pt 4 reg.37 (December 31, 2020: shall come into force immediately before IP completion day)

11      Words substituted by Retained EU Law (Revocation and Reform) Act 2023 (Consequential Amendment) Regulations 2023/1424 Sch.1 para.22 (January 1, 2024)

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS*
*> Interpretation for categories 6A, 7 and 8. > para. 15C*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 15D Category 9: Certain HMRC debts

 **Law In Force**

**Version 1 of 1**

22 July 2020 - Present

**Subjects**
Insolvency

**Keywords**
HMRC Commissioners; Insolvency; Interpretation; Preferential debts

[

**15D Category 9: Certain HMRC debts**

(1)  Any amount owed at the relevant date by the debtor to the Commissioners in respect of—

(a)  value added tax, or

(b)  a relevant deduction.

(2)  In sub-paragraph (1), the reference to *"any amount"* is subject to any regulations under section 99(1) of the Finance Act 2020.

(3)  For the purposes of sub-paragraph (1)(b) a deduction is "relevant" if—

(a)  the debtor is required, by virtue of an enactment, to make the deduction from a payment made to another person and to pay an amount to the Commissioners on account of the deduction,

(b)  the payment to the Commissioners is credited against any liabilities of the other person, and

(c)  the deduction is of a kind specified in regulations under section 99(3) of the Finance Act 2020.

(4)  In this paragraph *"the Commissioners"*  means the Commissioners for Her Majesty's Revenue and Customs.

]<sup>[1]</sup>

---

## Notes

---

[1]     Added by Finance Act 2020 c. 14 Pt 4 s.98(2) (July 22, 2020: insertion does not apply in relation to any case where the relevant date is before December 1, 2020)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Interpretation*
*for categories 6A, 7 and 8. > para. 15D Category 9: Certain HMRC debts*

---

© 2026 Thomson Reuters.                                                                                                   1

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

**Insolvency Act 1986 c. 45**

---

# Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS para. 16

 **Law In Force**

**Version 1 of 1**

29 December 1986 - Present

**Subjects**
Insolvency

**Keywords**
Employees; Preferential debts; Remuneration; Statutory orders; Transitional provisions

**16.**

An order under paragraph 9 or 12—

    (a)  may contain such transitional provisions as may appear to the Secretary of State necessary or expedient;

    (b)  shall be made by statutory instrument subject to annulment in pursuance of a resolution of either House of Parliament.

1

---

## Notes

1      Act extended by Banking Act 1987 (c.22), s. 92(2) and (England and Wales) by Water Act 1989 (c.15), s.23, Sch. 6 Pt. II para. 11(1)(2)(3) (with ss. 58(7), 101(1), 141(6), 160(1)(2)(4), 163, 189(4)-(10), 190, 193(1), Sch. 26 paras. 3(1)(2), 17, 40(4), 57(6), 58) Act restricted by Companies Act 1989 (c.40), ss. 182(4), 213(2), Sch. 22 para. 4(2), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), s. 15(3)(7) Act excluded by Criminal Justice (Scotland) Act 1987 (c.41), ss. 30(6), 34(3)(4), 35(3), 36(3), 47(4)(a), Criminal Justice Act 1988 (c.33), ss. 84(3), 86(3), 123, Sch. 8 para. 16, Companies Act 1989 (c.40), ss. 154, 155, 159(2), 180(2), 213(2) (as to s. 180(2), subject to savings in S.I. 1991/878, art. 3(7)), Social Security Act 1989 (c.24), s. 22, Sch. 4 Pt. II para. 8(1), (England, Wales and Scotland) by Drug Trafficking Offences Act 1986 (c.32), ss. 15(5)(a)(7), 17(3) and (England and Wales) by Dartford-Thurrock Crossing Act 1988 (c.20), ss. 15(4), 19 Act amended by Companies Act 1989 (c.40), ss. 154, 155, 158(1), 174(1), 190(6), 213(2) (as to s. 174(1), subject to savings in S.I. 1991/878, art. 3(4)), Social Security Pensions Act 1975 (c.60), s. 59D(3) (as inserted by Social Security Act 1990 (c.27), s. 12(1), Sch. 3) Financial Services Act 1986 (c.60), s. 72(4)

---

*Schedule 6 THE CATEGORIES OF PREFERENTIAL DEBTS > Orders > para. 16*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

© 2026 Thomson Reuters.          

# Schedule 10 PUNISHMENT OF OFFENCES UNDER THIS ACT
## para. 1

 **Law In Force With Amendments Pending**

**Version 17 of 17**

7 February 2023 - Present

**Subjects**
Insolvency; Sentencing

**Keywords**
Insolvency; Offences; Sentencing

[
[...] [2]
] [1] [...] [3]

| Section of Act creating offence | General nature of offence | Mode of prosecution | Punishment | Daily default fine (where applicable) |
|---|---|---|---|---|
| [[A8(4) | Directors failing to notify monitor of beginning of moratorium. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [6] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A8(5) | Monitor failing to notify creditors etc of beginning of moratorium. | Summary. | Level 3 on the standard scale. | |
| A17(6) | Directors failing to notify monitor of change in end of moratorium. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [7] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A17(7) | Monitor failing to notify creditors etc of change in end of moratorium. | Summary. | Level 3 on the standard scale. | |
| A19(5) | Company or officer failing to state in correspondence etc that moratorium in force. | Summary. | Level 3 on the standard scale. | |
| A24(4) | Directors failing to notify monitor of insolvency proceedings etc. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [8] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A25(3)(a) | Company obtaining credit without disclosing existence of moratorium. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine. On conviction in Scotland: the statutory maximum. | |
| A25(3)(b) | Obtaining credit for company without disclosing existence of moratorium. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [9] or a fine or both. On conviction in Scotland: | |

| | | | 12 months or the statutory maximum or both. | |
|---|---|---|---|---|
| A26(4)(a) | Company granting security without monitor's consent. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine. On conviction in Scotland: the statutory maximum. | |
| A26(4)(b) | Authorising or permitting company to do so. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [10] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A27(1)(a) | Company entering into market contract, etc. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine. On conviction in Scotland: the statutory maximum. | |
| A27(1)(b) | Authorising or permitting company to do so. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [11] or a fine or both.<br><br>On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A28(5)(a) | Company making unauthorised payments. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine.<br><br>On conviction in Scotland: the statutory maximum. | |
| A28(5)(b) | Authorising or permitting company to do so. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [12] or a fine or both.<br><br>On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A29(6)(a) | Company making unauthorised disposal of property. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine. On conviction in Scotland: the statutory maximum. | |
| A29(6)(b) | Authorising or permitting such a disposal. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [13] or a fine or both.<br><br>On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A30(2)(a) | Unauthorised disposal of hire-purchase property. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine.<br><br>On conviction in Scotland: the statutory maximum. | |
| A30(2)(b) | Authorising or permitting such a disposal. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [14] or a fine or both.<br><br>On conviction in Scotland: 12 months or the statutory maximum or both. | |

| | | | | |
|---|---|---|---|---|
| A31(8) | Directors failing to send to registrar copy of court order permitting disposal of charged property. | Summary. | Level 3 on the standard scale. | |
| A31(10)(a) | Company failing to comply with requirements relating to disposal of charged property. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine. On conviction in Scotland: the statutory maximum. | |
| A31(10)(b) | Authorising or permitting such a failure. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [15] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A32(4)(a) | Company failing to comply with requirements relating to disposal of hire-purchase property. | 1. On indictment. 2. Summary. | A fine. On conviction in England and Wales: a fine. On conviction in Scotland: the statutory maximum. | |
| A32(4)(b) | Authorising or permitting such a failure. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [16] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A32(6) | Directors failing to send to registrar copy of court order permitting disposal of hire-purchase property. | Summary. | Level 3 on the standard scale. | |
| A39(9) | Monitor failing to notify creditors etc of change in monitor. | Summary. | Level 3 on the standard scale. | |
| A46(1) | Fraud or privity to fraud during or in anticipation of moratorium. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [17] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A46(4) | Knowingly taking in pawn or pledge, or otherwise receiving, company property. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [18] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A47(1) | False representation or fraud for purpose of obtaining or extending moratorium. | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [19] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. | |
| A49(5) | Directors failing to notify regulator of qualifying decision procedure in relation to regulated company | 1. On indictment. 2. Summary. | 2 years or a fine or both. [On conviction in England and Wales: the general limit in a magistrates' court] [20] or a fine or both. On conviction in Scotland: 12 months or the statutory maximum or both. ] [5] | |

| Section | Description | Mode of prosecution | Punishment | Daily default fine |
|---|---|---|---|---|
| 6A(1). | False representation or fraud for purpose of obtaining members' or creditors' approval of proposed voluntary arrangement. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | ][4] |
| [...][21] | | | | |
| 30 | Body corporate acting as receiver. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | |
| 31 | [ Bankrupt ][22] [or person in respect of whom a debt relief order is made ][23] acting as receiver or manager. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 38(5) | Receiver failing to deliver accounts to registrar. | Summary. | One-fifth of the statutory maximum. | One-fifth of the statutory maximum. |
| 39(2) | Company and others failing to state in correspondence that receiver appointed. | Summary. | One-fifth of the statutory maximum. | |
| 43(6) | Administrative receiver failing to file [copy][24] of order permitting disposal of charged property. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 45(5) | Administrative receiver failing to file notice of vacation of office. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 46(4) | Administrative receiver failing to give notice of his appointment. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 47(6) | Failure to comply with provisions relating to statement of affairs, where administrative receiver appointed. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | One-tenth of the statutory maximum. |
| 48(8) | Administrative receiver failing to comply with requirements as to his report. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 51(4) | Body corporate or Scottish firm acting as receiver. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | |
| 51(5) | Undischarged bankrupt acting as receiver (Scotland). | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 53(2) | Failing to deliver to registrar copy of instrument of appointment of receiver. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 54(3) | Failing to deliver to registrar the court's interlocutor appointing receiver. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 61(7) | Receiver failing to send to registrar certified copy of court order authorising disposal of charged property. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 62(5) | Failing to give notice to registrar of cessation or removal of receiver. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 64(2) | Company and others failing to state on correspondence etc. that receiver appointed. | Summary. | One-fifth of the statutory maximum. | |
| 65(4) | Receiver failing to send or publish notice of his appointment. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 66(6) | Failing to comply with provisions concerning statement of affairs, where receiver appointed. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | One-tenth of the statutory maximum. |
| 67(8) | Receiver failing to comply with requirements as to his report. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 85(2) | Company failing to give notice in Gazette of resolution for voluntary winding up. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 89(4) | Director making statutory declaration of company's solvency without reasonable grounds for his opinion. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 89(6) | Declaration under section 89 not delivered to registrar within prescribed time. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| [92A(2) | Liquidator failing to send progress report to members [...][26] | Summary | Level 3 on the standard scale | ][25] |
| [...][27] | | | | |
| [94(4) | Liquidator failing to send to company members a copy of account of winding up | Summary | Level 3 on the standard scale | |
| 94(5) | Liquidator failing to send to registrar a copy of account of winding up | Summary | Level 3 on the standard scale | One tenth of level 3 on the standard scale.][28] |
| 95(8) | Liquidator failing to comply with [s. 95(1) to (4A)][29], where company insolvent. | Summary. | The statutory maximum. | |
| [...][30] | | | | |
| 99(3) | Directors failing to [send statement in prescribed form to creditors][31]. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | |

| | | | | |
|---|---|---|---|---|
| [104A(2) | Liquidator failing to send progress report to members and creditors [...] [33] | Summary | Level 3 on the standard scale | ] [32] |
| [...] [34] | | | | |
| [106(5) | Liquidator failing to send to company members and creditors a copy of account of winding up | Summary | Level 3 on the standard scale | |
| 106(6) | Liquidator failing to send to registrar a copy of account of winding up | Summary | Level 3 on the standard scale | One tenth of level 3 on the standard scale.] [2] |
| 109(2) | Liquidator failing to publish notice of his appointment. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 114(4) | Directors exercising powers in breach of s. 114, where no liquidator. | Summary. | The statutory maximum. | |
| 131(7) | Failing to comply with requirements as to statement of affairs, where liquidator appointed. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | One-tenth of the statutory maximum. |
| 164 | Giving, offering etc. corrupt inducement affecting appointment of liquidator. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | |
| 166(7) | Liquidator failing to comply with requirements of s. 166 in creditors' voluntary winding up. | Summary. | The statutory maximum. | |
| 188(2) | Default in compliance with s. 188 as to notification that company being wound up. | Summary. | One-fifth of the statutory maximum. | |
| 192(2) | Liquidator failing to notify registrar as to progress of winding up. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 201(4) | Failing to deliver to registrar [copy] [24] of court order deferring dissolution. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 203(6) | Failing to deliver to registrar copy of directions or result of appeal under s. 203. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 204(7) | Liquidator failing to deliver to registrar copy of court order for early dissolution. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 204(8) | Failing to deliver to registrar copy of court order deferring early dissolution. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 205(7) | Failing to deliver to registrar copy of Secretary of State's directions or court order deferring dissolution. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| 206(1) | Fraud etc. in anticipation of winding up. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 206(2) | Privity to fraud in anticipation of winding up; fraud, or privity to fraud, after commencement of winding up. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 206(5) | Knowingly taking in pawn or pledge, or otherwise receiving, company property. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 207 | Officer of company entering into transaction in fraud of company's creditors. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 208 | Officer of company misconducting himself in course of winding up. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 209 | Officer or contributory destroying, falsifying, etc. company's books. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 210 | Officer of company making material omission from statement relating to company's affairs. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 211 | False representation or fraud for purpose of obtaining creditors' consent to an agreement in connection with winding up. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 216(4) | Contravening restrictions on re-use of name of company in insolvent liquidation. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 235(5) | Failing to co-operate with office-holder. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | One-tenth of the statutory maximum. |
| [251O(1) | False representations or omissions in making an application for a debt relief order. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251O(2)(a) | Failing to comply with duty in connection with an application for a debt relief order. | 1. On indictment | 2 years or a fine, or both. 12 months or the statutory maximum, or both. | |

© 2026 Thomson Reuters.

| | | | | |
|---|---|---|---|---|
| | | 2. Summary | | |
| 251O(2)(b) | False representations or omissions in connection with duty in relation to an application for a debt relief order. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251O(4)(a) | Failing to comply with duty in connection with a debt relief order. | 1. On indictment | 2 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251O(4)(b) | False representations or omissions in connection with a duty in relation to a debt relief order. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251P(1) | Failing to deliver books, records and papers to official receiver, concealing or destroying them or making false entries in them by person in respect of whom a debt relief order is made. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251P(2) | Person in respect of whom debt relief order is made doing anything falling within paragraphs (c) to (e) of section 251P(1) during the period of 12 months ending with the application date or doing anything falling within paragraphs (b) to (e) of section 251P(1) after that date but before the effective date. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251Q(1) | Fraudulent disposal of property by person in respect of whom a debt relief order is made. | 1. On indictment | 2 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251R(1) | Disposal of property that is not paid for by person in respect of whom a debt relief order is made. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251R(2) | Obtaining property in respect of which money is owed by a person in respect of whom a debt relief order is made. | 1. On indictment | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | |
| 251S(1) | Person in respect of whom a debt relief order is made obtaining credit or engaging in business without disclosing his status or name. | 1. On indictment | 2 years or a fine, or both. 12 months or the statutory maximum, or both. | |
| | | 2. Summary | | ][35] |
| [262A(1) | False representation or fraud for purpose of obtaining creditors' approval of proposed voluntary arrangement. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | ][36] |
| [263O | False representations or omissions in connection with a bankruptcy application. | 1. On indictment 2. Summary | 7 years or a fine, or both. 12 months or the statutory maximum, or both. | ][37] |
| 353(1) | Bankrupt failing to disclose property or disposals to official receiver or trustee. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 354(1) | Bankrupt failing to deliver property to, or concealing property from, official receiver or trustee. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 354(2) | Bankrupt removing property which he is required to deliver to official receiver or trustee. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 354(3) | Bankrupt failing to account for loss of substantial part of property. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 355(1) | Bankrupt failing to deliver books, papers and records to official receiver or trustee. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 355(2) | Bankrupt concealing, destroying etc. books, papers or records, or making false entries in them. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 355(3) | Bankrupt disposing of, or altering, books, papers or records relating to his estate or affairs. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 356(1) | Bankrupt making material omission in statement relating to his affairs. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |

| | | | | |
|---|---|---|---|---|
| 356(2) | Bankrupt making false statement, or failing to inform trustee, where false debt proved. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 357 | Bankrupt fraudulently disposing of property. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 358 | Bankrupt absconding with property he is required to deliver to official receiver or trustee. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 359(1) | Bankrupt disposing of property obtained on credit and not paid for. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 359(2) | Obtaining property in respect of which money is owed by a bankrupt. | 1. On indictment. 2. Summary. | 7 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 360(1) | Bankrupt obtaining credit or engaging in business without disclosing his status or name in which he was made bankrupt. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 360(3) | Person made bankrupt in Scotland or Northern Ireland obtaining credit, etc. in England and Wales. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| [...] [38] | | | | |
| 389 | Acting as insolvency practitioner when not qualified. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| 429(5) | Contravening s. 429 in respect of disabilities imposed by county court on revocation of administration order. | 1. On indictment. 2. Summary. | 2 years or a fine, or both. 6 months or the statutory maximum, or both. | |
| [Sch. B1, para. 18(7). | Making false statement in statutory declaration where administrator appointed by holder of floating charge. | 1. On indictment. 2. Summary. | 2 years, or a fine or both. 6 months, or the statutory maximum or both. | |
| Sch. B1, para. 20. | Holder of floating charge failing to notify administrator or others of commencement of appointment. | 1. On indictment. 2. Summary. | 2 years, or a fine or both. 6 months, or the statutory maximum or both. | One-tenth of the statutory maximum. |
| Sch. B1, para. 27(4). | Making false statement in statutory declaration where appointment of administrator proposed by company or directors. | 1. On indictment. 2. Summary. | 2 years, or a fine or both. 6 months, or the statutory maximum or both. | |
| Sch. B1, para. 29(7). | Making false statement in statutory declaration where administrator appointed by company or directors. | 1. On indictment. 2. Summary. | 2 years, or a fine or both. 6 months, or the statutory maximum or both. | |
| Sch. B1, para. 32. | Company or directors failing to notify administrator or others of commencement of appointment. | 1. On indictment. 2. Summary. | 2 years, or a fine or both. 6 months, or the statutory maximum or both. | One-tenth of the statutory maximum. |
| Sch. B1, para. 45(2). | Administrator, company or officer failing to state in business document that administrator appointed. | Summary. | One-fifth of the statutory maximum. | |
| Sch. B1, para. 46(9). | Administrator failing to give notice of his appointment. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 48(4). | Failing to comply with provisions about statement of affairs where administrator appointed. | 1. On indictment. 2. Summary. | A fine. The statutory maximum. | One-tenth of the statutory maximum. |
| Sch. B1, para. 49(7). | Administrator failing to send out statement of his proposals. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 51(5). | Administrator failing to [seek creditors' decision] [41] . | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 53(3). | Administrator failing to report decision taken [by creditors] [42] . | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 54(7). | Administrator failing to report [creditors' decision on] [43] revised proposal. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 56(2). | Administrator failing to [seek creditors' decision] [44] . | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 71(6). | Administrator failing to file court order enabling disposal of charged property. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 72(5). | Administrator failing to file court order enabling disposal of hire-purchase property. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 77(3). | Administrator failing to notify Registrar of Companies of automatic end of administration. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 78(6). | Administrator failing to give notice of extension by consent of term of office. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 80(6). | Administrator failing to give notice of termination of administration where objective achieved. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |

© 2026 Thomson Reuters.

| Sch. B1, para. 84(9). | Administrator failing to comply with provisions where company moves to dissolution. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
|---|---|---|---|---|
| Sch. B1, para. 86(3). | Administrator failing to notify Registrar of Companies where court terminates administration. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum. |
| Sch. B1, para. 89(3). | Administrator failing to give notice on ceasing to be qualified. | Summary. | One-fifth of the statutory maximum. | One-fiftieth of the statutory maximum.] [40] |
| [...] [45] | | | | |

# Notes

1       Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.11(2) (April 6, 2017: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2017 in relation to England and Wales as specified in SI 2016/1020 reg.4(e) subject to transitional and saving provisions specified in SI 2016/1020 reg.5 and SI 2017/540 reg.4)

2       Entries substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.53(6) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

3       Repealed by Statute Law (Repeals) Act 1993 c. 50 Sch.1(XIV) para.1 (November 5, 1993)

4       Entry inserted by Insolvency Act 2000 c. 39 Sch.2(I) para.12 (January 1, 2003 subject to transitional provisions specified in SI 2002/2711 arts.3-5)

5       Entries inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.33(3) (June 26, 2020)

6       Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(a) (February 7, 2023 at 12.00)

7       Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(b) (February 7, 2023 at 12.00)

8       Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(c) (February 7, 2023 at 12.00)

9       Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(d) (February 7, 2023 at 12.00)

10      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(e) (February 7, 2023 at 12.00)

11      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(f) (February 7, 2023 at 12.00)

12      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(g) (February 7, 2023 at 12.00)

13      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(h) (February 7, 2023 at 12.00)

14      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(i) (February 7, 2023 at 12.00)

15      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(j) (February 7, 2023 at 12.00)

16      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(k) (February 7, 2023 at 12.00)

17      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(l) (February 7, 2023 at 12.00)

18      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(m) (February 7, 2023 at 12.00)

19      Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(n) (February 7, 2023 at 12.00)

© 2026 Thomson Reuters.

**Notes**

20 Words substituted by Judicial Review and Courts Act 2022 (Magistrates' Court Sentencing Powers) Regulations 2023/149 Pt ii reg.6(2)(o) (February 7, 2023 at 12.00)

21 Entries repealed by Enterprise Act 2002 c. 40 Sch.26 para. (September 15, 2003: repeal has effect as SI 2003/2093 subject to transitional provisions specified in SI 2003/2093 art.3)

22 Entries repealed by Enterprise Act 2002 c. 40 Sch.26 para. (April 1, 2004 as SI 2003/2093)

23 Words inserted by Tribunals, Courts and Enforcement Act 2007 c. 15 Sch.20(1) para.15(2) (February 24, 2009: 24 February, 2009 for the purpose of making rules, regulations and orders; 6 April, 2009 otherwise)

24 Words substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.80 (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)

25 Entry inserted by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.6(5)(a) (April 6, 2010: insertion has effect subject to transitional provisions specified in SI 2010/18 art.12(4))

26 Words repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.136(4)(a) (May 26, 2015)

27 Entry repealed by Public Services Reform (Insolvency) (Scotland) Order 2016/141 (Scottish SI) art.5(3) (April 6, 2019: SSI 2016/141 art.5 comes into force on April 1, 2016 as SSI 2016/141 arts 3 and 4 for the limited purpose of enabling the making of rules under 1986 c.45 s.411 or any other subordinate legislation under 1986 c.45; April 6, 2019 being the day on which 2015 c.26 s.122(2) comes into force subject to savings specified in SSI 2016/141 art.15 otherwise)

28 Entries substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.53(2) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

29 Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.53(3) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

30 Entry repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.53(4) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

31 Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.53(5) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

32 Entry inserted by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.6(5)(b) (April 6, 2010: insertion has effect subject to transitional provisions specified in SI 2010/18 art.12(4))

33 Words repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.136(4)(b) (May 26, 2015)

34 Entry repealed by Public Services Reform (Insolvency) (Scotland) Order 2016/141 (Scottish SI) art.6(3) (April 6, 2019: SSI 2016/141 art.6 comes into force on April 1, 2016 as SSI 2016/141 arts 3 and 4 for the limited purpose of enabling the making of rules under 1986 c.45 s.411 or any other subordinate legislation under 1986 c.45; April 6, 2019 being the day on which 2015 c.26 s.122(2) comes into force subject to savings specified in SSI 2016/141 art.15 otherwise)

35 Entries inserted by Tribunals, Courts and Enforcement Act 2007 c. 15 Sch.20(1) para.15(3) (February 24, 2009: 24 February, 2009 for the purpose of making rules, regulations and orders; 6 April, 2009 otherwise)

36 Entry inserted by Insolvency Act 2000 c. 39 Sch.3 para.16 (January 1, 2003 subject to transitional provisions specified in SI 2002/2711 arts.3-5)

37 Entry inserted by Enterprise and Regulatory Reform Act 2013 c. 24 Sch.19 para.66(1) (April 6, 2016: insertion has effect subject to transitional provisions specified in 2013 c.24 s.71(3) and Sch.19 para.66(2))

38 Entries repealed by Enterprise Act 2002 c. 40 Sch.26 para. (April 1, 2004 as SI 2003/2093)

39 Entries repealed by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.33(2) (June 26, 2020)

---

## **Notes**

40    Entries inserted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch.17 para.39(2) (September 15, 2003: insertion has effect subject to transitional provisions specified in SI 2003/2093 art.3)

41    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.11(2) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

42    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.11(3) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

43    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.11(4) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

44    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.11(5) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

45    Entry repealed by Deregulation Act 2015 c. 20 Sch.6(6) para.22(5)(b) (October 1, 2015: repeal has effect as SI 2015/1732 subject to transitional provisions and savings specified in SI 2015/1732 art.7)

---

*Schedule 10 PUNISHMENT OF OFFENCES UNDER THIS ACT > para. 1*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Insolvency Act 1986 c. 45
# Schedule B1 ADMINISTRATION
# para. 40

 **Law In Force**

**Version 3 of 3**

1 April 2013 - Present

**Subjects**
Insolvency

**Keywords**
Administration orders; Administrators' powers and duties; Floating charge holders; Winding-up petitions

[

**40**

(1)  A petition for the winding up of a company—

(a)  shall be dismissed on the making of an administration order in respect of the company, and

(b)  shall be suspended while the company is in administration following an appointment under paragraph 14.

(2)  Sub-paragraph (1)(b) does not apply to a petition presented under—

(a)  section 124A (public interest), [...] [2]

[

(aa)  section 124B (SEs), or

] [2]

(b)  section 367 of the Financial Services and Markets Act 2000 (c. 8) (petition by [Financial Conduct Authority or Prudential Regulation Authority] [3] ).

(3)  Where an administrator becomes aware that a petition was presented under a provision referred to in sub-paragraph (2) before his appointment, he shall apply to the court for directions under paragraph 63.

] [1]

---

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2       Added by European Public Limited-Liability Company Regulations 2004/2326 Pt 5 reg.73(4)(c) (October 8, 2004)

---

---

**Notes**

3          Words substituted by Financial Services Act 2012 c. 21 Sch.18(2) para.55(2) (April 1, 2013)

---

*Schedule B1 ADMINISTRATION > EFFECT OF ADMINISTRATION*
*> Dismissal of pending winding-up petition > para. 40*

---

Contains public sector information licensed under the Open Government Licence v3.0.

Insolvency Act 1986 c. 45

# Schedule B1 ADMINISTRATION para. 42

 **Law In Force**

**Version 3 of 3**

1 April 2013 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Resolutions; Winding-up orders

[

**42**

   (1)  This paragraph applies to a company in administration.

   (2)  No resolution may be passed for the winding up of the company.

   (3)  No order may be made for the winding up of the company.

   (4)  Sub-paragraph (3) does not apply to an order made on a petition presented under—

     (a)  section 124A (public interest), [...] [2]

[

     (aa)  section 124B (SEs), or

] [2]

     (b)  section 367 of the Financial Services and Markets Act 2000 (c. 8) (petition by [Financial Conduct Authority or Prudential Regulation Authority] [3] ).

   (5)  If a petition presented under a provision referred to in sub-paragraph (4) comes to the attention of the administrator, he shall apply to the court for directions under paragraph 63.

] [1]

## Notes

1     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2     Added by European Public Limited-Liability Company Regulations 2004/2326 Pt 5 reg.73(4)(c) (October 8, 2004)

# **Notes**

3        Words substituted by Financial Services Act 2012 c. 21 Sch.18(2) para.55(3) (April 1, 2013)

*Schedule B1 ADMINISTRATION > EFFECT OF ADMINISTRATION*
*> Moratorium on insolvency proceedings > para. 42*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 43

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Enforcement; Forfeiture; Permission; Proceedings; Repossession; Security

[

**43**

(1)  This paragraph applies to a company in administration.

(2)  No step may be taken to enforce security over the company's property except—

(a)  with the consent of the administrator, or

(b)  with the permission of the court.

(3)  No step may be taken to repossess goods in the company's possession under a hire-purchase agreement except—

(a)  with the consent of the administrator, or

(b)  with the permission of the court.

(4)  A landlord may not exercise a right of forfeiture by peaceable re-entry in relation to premises let to the company except—

(a)  with the consent of the administrator, or

(b)  with the permission of the court.

(5)  In Scotland, a landlord may not exercise a right of irritancy in relation to premises let to the company except—

(a)  with the consent of the administrator, or

(b)  with the permission of the court.

(6)  No legal process (including legal proceedings, execution, distress and diligence) may be instituted or continued against the company or property of the company except—

(a)  with the consent of the administrator, or

(b)  with the permission of the court.

[

(6A)  An administrative receiver of the company may not be appointed.

]<sup>2</sup>

(7)  Where the court gives permission for a transaction under this paragraph it may impose a condition on or a requirement in connection with the transaction.

(8)  In this paragraph *"landlord"* includes a person to whom rent is payable.

]<sup>1</sup>

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2    Words substituted by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: commenced by an amendment)

*Schedule B1 ADMINISTRATION > EFFECT OF*
*ADMINISTRATION > Moratorium on other legal process > para. 43*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 44 Interim moratorium

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Applications; Enforcement; Forfeiture; Proceedings; Repossession; Resolutions; Security; Winding-up orders

[

**44**

(1)  This paragraph applies where an administration application in respect of a company has been made and—

(a)  the application has not yet been granted or dismissed, or

(b)  the application has been granted but the administration order has not yet taken effect.

(2)  This paragraph also applies from the time when a copy of notice of intention to appoint an administrator under paragraph 14 is filed with the court until—

(a)  the appointment of the administrator takes effect, or

(b)  the period of five business days beginning with the date of filing expires without an administrator having been appointed.

(3)  Sub-paragraph (2) has effect in relation to a notice of intention to appoint only if it is in the prescribed form.

(4)  This paragraph also applies from the time when a copy of notice of intention to appoint an administrator is filed with the court under paragraph 27(1) until—

(a)  the appointment of the administrator takes effect, or

(b)  the period specified in paragraph 28(2) expires without an administrator having been appointed.

(5)  The provisions of paragraphs 42 and 43 shall apply (ignoring any reference to the consent of the administrator).

(6)  If there is an administrative receiver of the company when the administration application is made, the provisions of paragraphs 42 and 43 shall not begin to apply by virtue of this paragraph until the person by or on behalf of whom the receiver was appointed consents to the making of the administration order.

(7)  This paragraph does not prevent or require the permission of the court for—

(a)  the presentation of a petition for the winding up of the company under a provision mentioned in paragraph 42(4),

(b)  the appointment of an administrator under paragraph 14,

(c)  the appointment of an administrative receiver of the company, or

(d)  the carrying out by an administrative receiver (whenever appointed) of his functions.

] [1]

---

## Notes

[1]     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > EFFECT OF ADMINISTRATION*
*> Interim moratorium > para. 44 Interim moratorium*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 45

 **Law In Force**

**Version 2 of 2**

1 October 2008 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrators; Business documents; Offences; Statements; Websites

[

**45.**—

(1) While a company is in administration, every business document issued by or on behalf of the company or the administrator, and all the company's websites, must state—

(a) the name of the administrator, and

(b) that the affairs, business and property of the company are being managed by the administrator.

(2) Any of the following persons commits an offence if without reasonable excuse the person authorises or permits a contravention of sub-paragraph (1)—

(a) the administrator,

(b) an officer of the company, and

(c) the company.

(3) In sub-paragraph (1) *"business document"* means—

(a) an invoice,

(b) an order for goods or services,

(c) a business letter, and

(d) an order form,

whether in hard copy, electronic or any other form.

][1]

---

## Notes

1        Substituted by Companies (Trading Disclosures) (Insolvency) Regulations 2008/1897 reg.4(1) (October 1, 2008)

---

*Schedule B1 ADMINISTRATION > EFFECT OF ADMINISTRATION > Publicity > para. 45*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 46

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Appointments; Notices; Publication

[

**46**

    (1)  This paragraph applies where a person becomes the administrator of a company.

    (2)  As soon as is reasonably practicable the administrator shall—

      (a)  send a notice of his appointment to the company, and

      (b)  publish a notice of his appointment in the prescribed manner.

    (3)  As soon as is reasonably practicable the administrator shall—

      (a)  obtain a list of the company's creditors, and

      (b)  send a notice of his appointment to each creditor of whose claim and address he is aware.

    (4)  The administrator shall send a notice of his appointment to the registrar of companies before the end of the period of 7 days beginning with the date specified in sub-paragraph (6).

    (5)  The administrator shall send a notice of his appointment to such persons as may be prescribed before the end of the prescribed period beginning with the date specified in sub-paragraph (6).

    (6)  The date for the purpose of sub-paragraphs (4) and (5) is—

      (a)  in the case of an administrator appointed by administration order, the date of the order,

      (b)  in the case of an administrator appointed under paragraph 14, the date on which he receives notice under paragraph 20, and

      (c)  in the case of an administrator appointed under paragraph 22, the date on which he receives notice under paragraph 32.

    (7)  The court may direct that sub-paragraph (3)(b) or (5)—

      (a)  shall not apply, or

      (b)  shall apply with the substitution of a different period.

    (8)  A notice under this paragraph must—

    (a)  contain the prescribed information, and

    (b)  be in the prescribed form.

  (9)  An administrator commits an offence if he fails without reasonable excuse to comply with a requirement of this paragraph.

]$^{1}$

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION*
*> Announcement of administrator's appointment > para. 46*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 47

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Interpretation; Statements of affairs

[

**47**

(1)  As soon as is reasonably practicable after appointment the administrator of a company shall by notice in the prescribed form require one or more relevant persons to provide the administrator with a statement of the affairs of the company.

(2)  The statement must—

(a)  be verified by a statement of truth in accordance with Civil Procedure Rules,

(b)  be in the prescribed form,

(c)  give particulars of the company's property, debts and liabilities,

(d)  give the names and addresses of the company's creditors,

(e)  specify the security held by each creditor,

(f)  give the date on which each security was granted, and

(g)  contain such other information as may be prescribed.

(3)  In sub-paragraph (1) *"relevant person"* means—

(a)  a person who is or has been an officer of the company,

(b)  a person who took part in the formation of the company during the period of one year ending with the date on which the company enters administration,

(c)  a person employed by the company during that period, and

(d)  a person who is or has been during that period an officer or employee of a company which is or has been during that year an officer of the company.

(4)  For the purpose of sub-paragraph (3) a reference to employment is a reference to employment through a contract of employment or a contract for services.

(5)  In Scotland, a statement of affairs under sub-paragraph (1) must be a statutory declaration made in accordance with the Statutory Declarations Act 1835 (c. 62) (and sub-paragraph (2)(a) shall not apply).

**Insolvency Act 1986 c. 45**

---

] [1]

---

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Statement of company's affairs > para. 47*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule B1 ADMINISTRATION para. 48

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Statements of affairs; Time limits

[

**48**

(1)  A person required to submit a statement of affairs must do so before the end of the period of 11 days beginning with the day on which he receives notice of the requirement.

(2)  The administrator may—

(a)  revoke a requirement under paragraph 47(1), or

(b)  extend the period specified in sub-paragraph (1) (whether before or after expiry).

(3)  If the administrator refuses a request to act under sub-paragraph (2)—

(a)  the person whose request is refused may apply to the court, and

(b)  the court may take action of a kind specified in sub-paragraph (2).

(4)  A person commits an offence if he fails without reasonable excuse to comply with a requirement under paragraph 47(1).

] [1]

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Statement of company's affairs > para. 48*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 49

 **Law In Force**

**Version 5 of 5**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrators' powers and duties; Insolvency practitioners' proposals; Statements

[

**49**

(1)  The administrator of a company shall make a statement setting out proposals for achieving the purpose of administration.

(2)  A statement under sub-paragraph (1) must, in particular—

(a)  deal with such matters as may be prescribed, and

(b)  where applicable, explain why the administrator thinks that the objective mentioned in paragraph 3(1)(a) or (b) cannot be achieved.

(3)  Proposals under this paragraph may include—

(a)  a proposal for a voluntary arrangement under Part I of this Act (although this paragraph is without prejudice to section 4(3));

(b)  a proposal for a compromise or arrangement to be sanctioned under [[Part 26 or 26A of the Companies Act 2006] [3] (arrangements and reconstructions)] [2] .

(4)  The administrator shall send a copy of the statement of his proposals—

(a)  to the registrar of companies,

(b)   to every creditor of the company [, other than an opted-out creditor,] [4] of whose claim and address he is aware, and

(c)  to every member of the company of whose address he is aware.

(5)  The administrator shall comply with sub-paragraph (4)—

(a)  as soon as is reasonably practicable after the company enters administration, and

(b)   in any event, before the end of the period of eight weeks beginning with the day on which the company enters administration.

(6)  The administrator shall be taken to comply with sub-paragraph (4)(c) if he publishes in the prescribed manner a notice undertaking to provide a copy of the statement of proposals free of charge to any member of the company who applies in writing to a specified address.

(7) An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (5).

(8) A period specified in this paragraph may be varied in accordance with paragraph 107.

]<sup>1</sup>

---

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2    Words substituted by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.100(a) (April 6, 2008: substitution has effect subject to savings specified in SI 2008/948 arts 11 and 12)
3    Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.9(2) para.7(2) (June 26, 2020)
4    Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(2) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Administrator's proposals > para. 49*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Insolvency Act 1986 c. 45
# Schedule B1 ADMINISTRATION
# para. 50

 **Superseded**

**Version 1 of 3**

15 September 2003 - 5 April 2017

**Subjects**
Insolvency

**Keywords**
Administration; Creditors' meetings; Statutory definition

[

**50**

  (1)  In this Schedule *"creditors' meeting"* means a meeting of creditors of a company summoned by the administrator—

    (a)  in the prescribed manner, and

    (b)  giving the prescribed period of notice to every creditor of the company of whose claim and address he is aware.

  (2)  A period prescribed under sub-paragraph (1)(b) may be varied in accordance with paragraph 107.

  (3)  A creditors' meeting shall be conducted in accordance with the rules.

]<sup>1</sup>

---

## Notes

1     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Creditors' meeting > para. 50*

Contains public sector information licensed under the Open Government Licence v3.0.

Insolvency Act 1986 c. 45

# Schedule B1 ADMINISTRATION
# para. 51

 **Law In Force**

**Version 3 of 3**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Creditors; Proposals

[

**51**

[

(1)  The administrator must seek a decision from the company's creditors as to whether they approve the proposals set out in the statement made under paragraph 49(1).

(2)  The initial decision date for that decision must be within the period of 10 weeks beginning with the day on which the company enters administration.

(3)  The "initial decision date" for that decision—

(a)  if the decision is initially sought using the deemed consent procedure, is the date on which a decision will be made if the creditors by that procedure approve the proposals, and

(b)  if the decision is initially sought using a qualifying decision procedure, is the date on or before which a decision will be made if it is made by that qualifying decision procedure (assuming that date does not change after the procedure is instigated).

]²

(4)  A period specified in this paragraph may be varied in accordance with paragraph 107.

(5)  An administrator commits an offence if he fails without reasonable excuse to comply with a requirement of this paragraph.

]¹

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2        Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(5) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose

---

---

**Notes**

of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION*
*> Consideration of administrator's proposals by creditors > para. 51*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule B1 ADMINISTRATION para. 53

 **Law In Force**

**Version 4 of 4**

6 April 2019 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Administrators' powers and duties; Approvals; Creditors; Offences; Proposals

## England and Wales

[

**53**

(1)  The company's creditors may approve the administrator's proposals—

(a)  without modification, or

(b)  with modification to which the administrator consents.

(2)  [The] [6] administrator shall as soon as is reasonably practicable report any decision taken [ by the company's creditors] [7] to—

(a)  the court,

(b)  the registrar of companies, and

(c)  such other persons as may be prescribed.

(3)  An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (2).

] [5]

## Scotland

[

**53**

(1)  [The company's creditors may approve the administrator's proposals—] [2] [

(a)  without modification, or

(b)  with modification to which the administrator consents.

]$^2$

(2)  [The]$^3$ administrator shall as soon as is reasonably practicable report any decision taken [ by the company's creditors]$^4$ to—

(a)  the court,

(b)  the registrar of companies, and

(c)  such other persons as may be prescribed.

(3)  An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (2).

]$^1$

<hr>

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2    Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(9) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

3    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(10)(a) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

4    Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(10)(b) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

5    Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(9) (April 6, 2017: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2017 in relation to England and Wales as specified in SI 2016/1020 reg.4(e) subject to transitional and saving provisions specified in SI 2016/1020 reg.5 and SI 2017/540 reg.4)

6    Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(10)(a) (April 6, 2017: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2017 in relation to England and Wales as specified in SI 2016/1020 reg.4(e) subject to transitional and saving provisions specified in SI 2016/1020 reg.5 and SI 2017/540 reg.4)

7    Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(10)(b) (April 6, 2017: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2017 in relation to England and Wales as specified in SI 2016/1020 reg.4(e) subject to transitional and saving provisions specified in SI 2016/1020 reg.5 and SI 2017/540 reg.4)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Creditors' decision > para. 53*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 54

 **Law In Force**

**Version 4 of 4**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Creditors; Insolvency practitioners' proposals; Offences; Reports; Variation

[

**54**

(1)  This paragraph applies where—

(a)   an administrator's proposals have been approved (with or without modification) [by the company's creditors] [2] ,

(b)  the administrator proposes a revision to the proposals, and

(c)  the administrator thinks that the proposed revision is substantial.

(2)  The administrator shall—[...] [3]

(b)   send a statement in the prescribed form of the proposed revision [...] [4] to each creditor [ who is not an opted-out creditor] [5] ,

(c)  send a copy of the statement, within the prescribed period, to each member of the company of whose address he is aware, and

[

(d)  seek a decision from the company's creditors as to whether they approve the proposed revision.

] [6]

(3)  The administrator shall be taken to have complied with sub-paragraph (2)(c) if he publishes a notice undertaking to provide a copy of the statement free of charge to any member of the company who applies in writing to a specified address.

(4)  A notice under sub-paragraph (3) must be published—

(a)  in the prescribed manner, and

(b)  within the prescribed period.

[

(5)  The company's creditors may approve the proposed revision—

(a)  without modification, or

(b)  with modification to which the administrator consents.

] [7]

(6)  [The] [8] administrator shall as soon as is reasonably practicable report any decision taken [ by the company's creditors] [9] to—

(a)  the court,

(b)  the registrar of companies, and

(c)  such other persons as may be prescribed.

(7)  An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (6).

] [1]

## Notes

| | |
|---|---|
| 1 | Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3) |
| 2 | Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(11) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 3 | Repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(12) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 4 | Words repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(13)(a) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 5 | Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(13)(b) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 6 | Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(14) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 7 | Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(15) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument |

© 2026 Thomson Reuters.

---

**Notes**

or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

8       Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(16)(a) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

9       Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(16)(b) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION*
*> Revision of administrator's proposals > para. 54*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 55

 **Law In Force**

**Version 3 of 3**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Approvals; Creditors; Jurisdiction; Proposals; Reports

[

**55**

[

   (1)  This paragraph applies where an administrator—

     (a)  reports to the court under paragraph 53 that a company's creditors have failed to approve the administrator's proposals, or

     (b)  reports to the court under paragraph 54 that a company's creditors have failed to approve a revision of the administrator's proposals.

]<sup>2</sup>

   (2)  The court may—

     (a)  provide that the appointment of an administrator shall cease to have effect from a specified time;

     (b)  adjourn the hearing conditionally or unconditionally;

     (c)  make an interim order;

     (d)  make an order on a petition for winding up suspended by virtue of paragraph 40(1)(b);

     (e)  make any other order (including an order making consequential provision) that the court thinks appropriate.

]<sup>1</sup>

---

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

© 2026 Thomson Reuters.        

## **Notes**

2      Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(17) (April 6, 2019: 2015
       c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose
       of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument
       or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to
       savings specified in SI 2019/816 reg.5)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION*
*> Failure to obtain approval of administrator's proposals > para. 55*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 56

 **Law In Force**

**Version 4 of 4**

6 April 2019 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Administrators' powers and duties; Creditors; Non-compliance; Offences

[

**56**

(1)   The administrator of a company shall [seek a decision from the company's creditors on a matter] [2]  if—

(a)  it is requested in the prescribed manner by creditors of the company whose debts amount to at least 10% of the total debts of the company, or

(b)   he is directed by the court to [do so] [3]  .

(2)   An administrator commits an offence if he fails without reasonable excuse to [seek a decision from the company's creditors on a matter] [4]  as required by this paragraph.

] [1]

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(19)(a) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

3        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(19)(b) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

4        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(20) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory

## Notes

instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Further creditors' decisions > para. 56*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 57

 **Law In Force**

**Version 3 of 3**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Attendance; Creditors' committees; Creditors' powers and duties

[

**57**

(1)  [The company's creditors may, in accordance with the rules,] [2] establish a creditors' committee.

(2)  A creditors' committee shall carry out functions conferred on it by or under this Act.

(3)  A creditors' committee may require the administrator—

(a)  to attend on the committee at any reasonable time of which he is given at least seven days' notice, and

(b)  to provide the committee with information about the exercise of his functions.

] [1]

---

## Notes

[1]      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

[2]      Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(21) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION > Creditors' committee > para. 57*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Insolvency Act 1986 c. 45
# Schedule B1 ADMINISTRATION
# para. 58

 **Superseded**

**Version 1 of 3**

15 September 2003 - 5 April 2017

**Subjects**
Insolvency

**Keywords**
Administrators; Communications; Creditors; Creditors' meetings

[

**58**

(1)  Anything which is required or permitted by or under this Schedule to be done at a creditors' meeting may be done by correspondence between the administrator and creditors—

(a)  in accordance with the rules, and

(b)  subject to any prescribed condition.

(2)  A reference in this Schedule to anything done at a creditors' meeting includes a reference to anything done in the course of correspondence in reliance on sub-paragraph (1).

(3)  A requirement to hold a creditors' meeting is satisfied by conducting correspondence in accordance with this paragraph.

] [1]

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > PROCESS OF ADMINISTRATION*
*> Correspondence instead of creditors' meeting > para. 58*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 59

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Company management

[

**59**

(1)  The administrator of a company may do anything necessary or expedient for the management of the affairs, business and property of the company.

(2)  A provision of this Schedule which expressly permits the administrator to do a specified thing is without prejudice to the generality of sub-paragraph (1).

(3)  A person who deals with the administrator of a company in good faith and for value need not inquire whether the administrator is acting within his powers.

]<sup>1</sup>

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General powers > para. 59*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 60

 **Law In Force**

**Version 2 of 2**

26 May 2015 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Disposition of property

[

**60**

[

(1)  The administrator of a company has the powers specified in Schedule 1 to this Act.

(2)  But the power to sell, hire out or otherwise dispose of property is subject to any regulations that may be made under paragraph 60A.

]² ]¹

---

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2      Existing Sch.B1 para.60 renumbered as Sch.B1 para.60(1) and Sch.B1 para.60(2) inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.129 (May 26, 2015)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General powers > para. 60*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 61

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Appointments; Directors; Removal

[

**61**

The administrator of a company—

  (a)  may remove a director of the company, and

  (b)  may appoint a director of the company (whether or not to fill a vacancy).

] [1]

---

## Notes

[1]       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General powers > para. 61*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 62

 **Law In Force**

**Version 3 of 3**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Creditors; Meetings; Members

[

**62**

The administrator of a company [may—] [2]
[

   (a)  call a meeting of members of the company;

   (b)  seek a decision on any matter from the company's creditors.

][2] ][1]

---

## Notes

1     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2     Word and Sch.B1 para.62(a) and (b) substituted for words by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(23) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General powers > para. 62*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.    

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 63

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Applications; Directions

[

**63**

The administrator of a company may apply to the court for directions in connection with his functions.
 ]¹

---

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General powers > para. 63*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 64

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Company management; Company officers; Consent; Interpretation

[

**64**

(1)  A company in administration or an officer of a company in administration may not exercise a management power without the consent of the administrator.

(2)  For the purpose of sub-paragraph (1)—

(a)  *"management power"* means a power which could be exercised so as to interfere with the exercise of the administrator's powers,

(b)  it is immaterial whether the power is conferred by an enactment or an instrument, and

(c)  consent may be general or specific.

]<sup>1</sup>

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General powers > para. 64*

---

Contains public sector information licensed under the Open Government Licence v3.0.

Insolvency Act 1986 c. 45

# Schedule B1 ADMINISTRATION
# para. 65

 **Law In Force**

**Version 4 of 4**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Companies; Creditors; Distribution; Winding-up

[

**65**

[

(1)  If the assets of a company are sufficient to meet any debts or other liabilities payable under paragraph 64A in full, the administrator of the company may make a distribution to any other creditor of the company.

]$^2$

(2)  [Sections 175 and 176AZA]$^3$  shall apply in relation to a distribution under this paragraph as [they apply]$^4$  in relation to a winding up.

(3)   A payment may not be made by way of distribution under this paragraph to a creditor of the company who is neither secured nor preferential [unless—]$^5$ [

(a)  the distribution is made by virtue of section 176A(2)(a), or

(b)  the court gives permission.

]$^5$

]$^1$

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2        Substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.31(4) (June 26, 2020)
3        Words substituted by Banks and Building Societies (Priorities on Insolvency) Order 2018/1244 Pt 2 art.13(2)(a) (December 19, 2018)
4        Words substituted by Banks and Building Societies (Priorities on Insolvency) Order 2018/1244 Pt 2 art.13(2)(b) (December 19, 2018)

---

## Notes

5        Existing text renumbered as Sch.B1 para.65(3)(b) and Sch.B1 para.65(3)(a) and word substituted for word by Small
         Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.128(2) (May 26, 2015)

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > Distribution > para. 65*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 66

 **Law In Force**

**Version 2 of 2**

26 June 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Payments

[

**66**

[If the debts and other liabilities payable under paragraph 64A have been met, the administrator of a company] $^{2}$ may make a payment otherwise than in accordance with paragraph 65 or paragraph 13 of Schedule 1 if he thinks it likely to assist achievement of the purpose of administration.

 ] $^{1}$

---

**Notes**

[1]     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

[2]     Words substituted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.3 para.31(5) (June 26, 2020)

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > Distribution > para. 66*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 67

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Property

[

**67**

The administrator of a company shall on his appointment take custody or control of all the property to which he thinks the company is entitled.

 ]¹

---

**Notes**

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General duties > para. 67*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 68

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Directions; Insolvency practitioners' proposals

[

**68**

(1)  Subject to sub-paragraph (2), the administrator of a company shall manage its affairs, business and property in accordance with—

   (a)  any proposals approved under paragraph 53,

   (b)  any revision of those proposals which is made by him and which he does not consider substantial, and

   (c)  any revision of those proposals approved under paragraph 54.

(2)  If the court gives directions to the administrator of a company in connection with any aspect of his management of the company's affairs, business or property, the administrator shall comply with the directions.

(3)  The court may give directions under sub-paragraph (2) only if—

   (a)  no proposals have been approved under paragraph 53,

   (b)  the directions are consistent with any proposals or revision approved under paragraph 53 or 54,

   (c)  the court thinks the directions are required in order to reflect a change in circumstances since the approval of proposals or a revision under paragraph 53 or 54, or

   (d)  the court thinks the directions are desirable because of a misunderstanding about proposals or a revision approved under paragraph 53 or 54.

]<sup>1</sup>

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > General duties > para. 68*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 69

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Agents

[

**69**

In exercising his functions under this Schedule the administrator of a company acts as its agent.
 ]<sup>1</sup>

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF*
*ADMINISTRATOR > Administrator as agent of company > para. 69*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.                                                    1

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 70

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Charged property; Disposition of property; Floating charges

[

**70**

(1)  The administrator of a company may dispose of or take action relating to property which is subject to a floating charge as if it were not subject to the charge.

(2)  Where property is disposed of in reliance on sub-paragraph (1) the holder of the floating charge shall have the same priority in respect of acquired property as he had in respect of the property disposed of.

(3)  In sub-paragraph (2) *"acquired property"* means property of the company which directly or indirectly represents the property disposed of.

]<sup>1</sup>

---

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF*
*ADMINISTRATOR > Charged property: floating charge > para. 70*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 71

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Charged property; Disposition of property; Judgments and orders

[

**71**

(1)  The court may by order enable the administrator of a company to dispose of property which is subject to a security (other than a floating charge) as if it were not subject to the security.

(2)  An order under sub-paragraph (1) may be made only—

(a)  on the application of the administrator, and

(b)  where the court thinks that disposal of the property would be likely to promote the purpose of administration in respect of the company.

(3)  An order under this paragraph is subject to the condition that there be applied towards discharging the sums secured by the security—

(a)  the net proceeds of disposal of the property, and

(b)  any additional money required to be added to the net proceeds so as to produce the amount determined by the court as the net amount which would be realised on a sale of the property at market value.

(4)  If an order under this paragraph relates to more than one security, application of money under sub-paragraph (3) shall be in the order of the priorities of the securities.

(5)  An administrator who makes a successful application for an order under this paragraph shall send a copy of the order to the registrar of companies before the end of the period of 14 days starting with the date of the order.

(6)  An administrator commits an offence if he fails to comply with sub-paragraph (5) without reasonable excuse.

][1]

**Notes**

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > Charged property: non-floating charge > para. 71*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 72

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Disposition of property; Hire purchase; Judgments and orders

[

**72**

(1)  The court may by order enable the administrator of a company to dispose of goods which are in the possession of the company under a hire-purchase agreement as if all the rights of the owner under the agreement were vested in the company.

(2)  An order under sub-paragraph (1) may be made only—

(a)  on the application of the administrator, and

(b)  where the court thinks that disposal of the goods would be likely to promote the purpose of administration in respect of the company.

(3)  An order under this paragraph is subject to the condition that there be applied towards discharging the sums payable under the hire-purchase agreement—

(a)  the net proceeds of disposal of the goods, and

(b)  any additional money required to be added to the net proceeds so as to produce the amount determined by the court as the net amount which would be realised on a sale of the goods at market value.

(4)  An administrator who makes a successful application for an order under this paragraph shall send a copy of the order to the registrar of companies before the end of the period of 14 days starting with the date of the order.

(5)  An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (4).

][1]

---

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

© 2026 Thomson Reuters.

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > Hire-purchase property > para. 72*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 73

 **Law In Force**

**Version 7 of 7**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Insolvency practitioners' proposals; Preferential creditors; Preferential debts; Secured creditors

[

**73**

(1)  An administrator's statement of proposals under paragraph 49 may not include any action which—

(a)  affects the right of a secured creditor of the company to enforce his security,

(b)   would result in a preferential debt of the company being paid otherwise than in priority to its non-preferential debts, [...] [2]

[

(bb)  would result in an ordinary preferential debt of the company being paid otherwise than in priority to any secondary preferential debts that it may have,

] [3]

(c)   would result in one preferential creditor of the company being paid a smaller proportion of [an ordinary preferential debt] [4] than another [ , [...] [6] ] [5]

[

(d)   would result in one preferential creditor of the company being paid a smaller proportion of a secondary preferential debt than another [, or] [7]

] [5] [

(e)  if the company is a relevant financial institution (see section 387A), would result in any non-preferential debt being paid otherwise than in accordance with the rules in section 176AZA(2) or (3).

] [7]

(2)  Sub-paragraph (1) does not apply to—

(a)  action to which the relevant creditor consents,

(b)  a proposal for a voluntary arrangement under Part I of this Act (although this sub-paragraph is without prejudice to section 4(3) ), [...] [8]

(c)  a proposal for a compromise or arrangement to be sanctioned under [[Part 26 or 26A of the Companies Act 2006] [10] (arrangements and reconstructions)] [9] [.] [11]

[...] [12]

(3)  The reference to a statement of proposals in sub-paragraph (1) includes a reference to a statement as revised or modified.

] [1]

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2        Word repealed by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.10(2) (January 1, 2015: repeal has effect subject to transitional provisions specified in SI 2014/3486 art.3)
3        Added by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.10(3) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)
4        Words substituted by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.10(4) (January 1, 2015: substitution has effect subject to transitional provisions specified in SI 2014/3486 art.3)
5        Added by Banks and Building Societies (Depositor Preference and Priorities) Order 2014/3486 Pt 2 art.10(5) (January 1, 2015: insertion has effect subject to transitional provisions specified in SI 2014/3486 art.3)
6        Word repealed by Banks and Building Societies (Priorities on Insolvency) Order 2018/1244 Pt 2 art.13(3)(b) (December 19, 2018)
7        Added by Banks and Building Societies (Priorities on Insolvency) Order 2018/1244 Pt 2 art.13(3)(c) (December 19, 2018)
8        Word repealed by Companies (Cross-Border Mergers) Regulations 2007/2974 Pt 5 reg.65(2) (December 15, 2007)
9        Words substituted by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.100(a) (April 6, 2008: substitution has effect subject to savings specified in SI 2008/948 arts 11 and 12)
10        Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.9(2) para.7(3) (June 26, 2020)
11        Repealed by Companies, Limited Liability Partnerships and Partnerships (Amendment etc.) (EU Exit) Regulations 2019/348 Sch.3 para.1 (December 31, 2020: shall come into force on IP completion day not exit day as specified in 2020 c.1 s.39(1) and Sch.5 para.1(1))
12        Repealed by Companies, Limited Liability Partnerships and Partnerships (Amendment etc.) (EU Exit) Regulations 2019/348 Sch.3 para.1 (December 31, 2020: shall come into force on IP completion day not exit day as specified in 2020 c.1 s.39(1) and Sch.5 para.1(1))

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > Protection for priority creditor > para. 73*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 74

 **Law In Force**

**Version 7 of 7**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Applications; Creditors; Jurisdiction; Shareholders

[

**74**

(1)  A creditor or member of a company in administration may apply to the court claiming that—

(a)  the administrator is acting or has acted so as unfairly to harm the interests of the applicant (whether alone or in common with some or all other members or creditors), or

(b)  the administrator proposes to act in a way which would unfairly harm the interests of the applicant (whether alone or in common with some or all other members or creditors).

(2)  A creditor or member of a company in administration may apply to the court claiming that the administrator is not performing his functions as quickly or as efficiently as is reasonably practicable.

(3)  The court may—

(a)  grant relief;

(b)  dismiss the application;

(c)  adjourn the hearing conditionally or unconditionally;

(d)  make an interim order;

(e)  make any other order it thinks appropriate.

(4)  In particular, an order under this paragraph may—

(a)  regulate the administrator's exercise of his functions;

(b)  require the administrator to do or not do a specified thing;

[

(c)  require a decision of the company's creditors to be sought on a matter;

]<sup>2</sup>

(d)  provide for the appointment of an administrator to cease to have effect;

(e)  make consequential provision.

(5)  An order may be made on a claim under sub-paragraph (1) whether or not the action complained of—

(a)  is within the administrator's powers under this Schedule;

(b)  was taken in reliance on an order under paragraph 71 or 72.

(6)  An order may not be made under this paragraph if it would impede or prevent the implementation of—

(a)  a voluntary arrangement approved under Part I,

(b)  a compromise or arrangement sanctioned under [[Part 26 or 26A of the Companies Act 2006] [4]  (arrangements and reconstructions)] [3]  , [ or] [5] [...] [6]

[...] [7]

(c)  proposals or a revision approved under paragraph 53 or 54 more than 28 days before the day on which the application for the order under this paragraph is made.

] [1]

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2       Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(24) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
3       Words substituted by Companies Act 2006 (Consequential Amendments etc) Order 2008/948 Sch.1(2) para.100(b) (April 6, 2008: substitution has effect subject to savings specified in SI 2008/948 arts 11 and 12)
4       Words inserted by Corporate Insolvency and Governance Act 2020 c. 12 Sch.9(2) para.7(4) (June 26, 2020)
5       Repealed by Companies, Limited Liability Partnerships and Partnerships (Amendment etc.) (EU Exit) Regulations 2019/348 Sch.3 para.1 (December 31, 2020: shall come into force on IP completion day not exit day as specified in 2020 c.1 s.39(1) and Sch.5 para.1(1))
6       Word repealed by Companies (Cross-Border Mergers) Regulations 2007/2974 Pt 5 reg.65(4) (December 15, 2007)
7       Repealed by Companies, Limited Liability Partnerships and Partnerships (Amendment etc.) (EU Exit) Regulations 2019/348 Sch.3 para.1 (December 31, 2020: shall come into force on IP completion day not exit day as specified in 2020 c.1 s.39(1) and Sch.5 para.1(1))

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR*
*> Challenge to administrator's conduct of company > para. 74*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 75

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Applications; Examination; Jurisdiction; Misfeasance

[

**75**

(1)  The court may examine the conduct of a person who—

    (a)  is or purports to be the administrator of a company, or

    (b)  has been or has purported to be the administrator of a company.

(2)  An examination under this paragraph may be held only on the application of—

    (a)  the official receiver,

    (b)  the administrator of the company,

    (c)  the liquidator of the company,

    (d)  a creditor of the company, or

    (e)  a contributory of the company.

(3)  An application under sub-paragraph (2) must allege that the administrator—

    (a)  has misapplied or retained money or other property of the company,

    (b)  has become accountable for money or other property of the company,

    (c)  has breached a fiduciary or other duty in relation to the company, or

    (d)  has been guilty of misfeasance.

(4)  On an examination under this paragraph into a person's conduct the court may order him—

    (a)  to repay, restore or account for money or property;

    (b)  to pay interest;

    (c)  to contribute a sum to the company's property by way of compensation for breach of duty or misfeasance.

(5)  In sub-paragraph (3) *"administrator"* includes a person who purports or has purported to be a company's administrator.

(6)  An application under sub-paragraph (2) may be made in respect of an administrator who has been discharged under paragraph 98 only with the permission of the court.

] [1]

---

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > FUNCTIONS OF ADMINISTRATOR > Misfeasance > para. 75*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 79

 **Law In Force**

**Version 3 of 3**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Administrators' powers and duties; Notices; Termination

[

**79**

(1)  On the application of the administrator of a company the court may provide for the appointment of an administrator of the company to cease to have effect from a specified time.

(2)  The administrator of a company shall make an application under this paragraph if—

    (a)  he thinks the purpose of administration cannot be achieved in relation to the company,

    (b)  he thinks the company should not have entered administration, or

    (c)  [the company's creditors decide that he must] [2] make an application under this paragraph.

(3)  The administrator of a company shall make an application under this paragraph if—

    (a)  the administration is pursuant to an administration order, and

    (b)  the administrator thinks that the purpose of administration has been sufficiently achieved in relation to the company.

(4)  On an application under this paragraph the court may—

    (a)  adjourn the hearing conditionally or unconditionally;

    (b)  dismiss the application;

    (c)  make an interim order;

    (d)  make any order it thinks appropriate (whether in addition to, in consequence of or instead of the order applied for).

] [1]

---

**Notes**

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2        Words substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(29) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > ENDING ADMINISTRATION >*
*Court ending administration on application of administrator > para. 79*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 81

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Applications; Creditors; Judgments and orders; Termination

[

**81**

(1)  On the application of a creditor of a company the court may provide for the appointment of an administrator of the company to cease to have effect at a specified time.

(2)  An application under this paragraph must allege an improper motive—

(a)  in the case of an administrator appointed by administration order, on the part of the applicant for the order, or

(b)  in any other case, on the part of the person who appointed the administrator.

(3)  On an application under this paragraph the court may—

(a)  adjourn the hearing conditionally or unconditionally;

(b)  dismiss the application;

(c)  make an interim order;

(d)  make any order it thinks appropriate (whether in addition to, in consequence of or instead of the order applied for).

][1]

---

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > ENDING ADMINISTRATION >*
*Court ending administration on application of creditor > para. 81*

---

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 84

 **Law In Force**

**Version 5 of 5**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Creditors; Dissolution; Notices; Offences; Registration; Termination

[

**84**

(1)  If the administrator of a company thinks that the company has no property which might permit a distribution to its creditors, he shall send a notice to that effect to the registrar of companies.

[...] [2]

(2)  The court may on the application of the administrator of a company disapply sub-paragraph (1) in respect of the company.

(3)  On receipt of a notice under sub-paragraph (1) [...] [3] the registrar shall register it [...] [3] .

(4)  On the registration of a notice in respect of a company under sub-paragraph (1) the appointment of an administrator of the company shall cease to have effect.

(5)  If an administrator sends a notice under sub-paragraph (1) he shall as soon as is reasonably practicable—

   (a)  file a copy of the notice with the court, and

   (b)  send a copy of the notice to each creditor [, other than an opted-out creditor,] [4] of whose claim and address he is aware.

(6)  At the end of the period of three months beginning with the date of registration of a notice in respect of a company under sub-paragraph (1) the company is deemed to be dissolved [...] [5] .

[...] [6]

(7)  On an application in respect of a company by the administrator or another interested person the court may—

   (a)  extend the period specified in sub-paragraph (6) [...] [7] ,

   (b)  suspend that period, or

   (c)  disapply sub-paragraph (6) [...] [7] .

(8)  Where an order is made under sub-paragraph (7) in respect of a company the administrator shall as soon as is reasonably practicable notify the registrar of companies.

(9)  An administrator commits an offence if he fails without reasonable excuse to comply with sub-paragraph (5).

]¹

---

## Notes

| | |
|---|---|
| 1 | Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3) |
| 2 | Repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(a)(i) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5) |
| 3 | Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(a)(ii) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5) |
| 4 | Words inserted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(33) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 5 | Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(a)(iii) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5) |
| 6 | Repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(a)(iv) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5) |
| 7 | Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(a)(v) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5) |

---

*Schedule B1 ADMINISTRATION > ENDING ADMINISTRATION*
*> Moving from administration to dissolution > para. 84*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 85

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration orders; Administrators; Appointments; Discharge; Termination

[

**85**

(1)  This paragraph applies where—

(a)  the court makes an order under this Schedule providing for the appointment of an administrator of a company to cease to have effect, and

(b)  the administrator was appointed by administration order.

(2)  The court shall discharge the administration order.

][1]

---

# Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > ENDING ADMINISTRATION >*
*Discharge of administration order where administration ends > para. 85*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 86

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Appointments; Copies; Judgments and orders; Offences; Registrar of Companies; Termination

[

**86**

(1)   This paragraph applies where the court makes an order under this Schedule providing for the appointment of an administrator to cease to have effect.

(2)   The administrator shall send a copy of the order to the registrar of companies within the period of 14 days beginning with the date of the order.

(3)   An administrator who fails without reasonable excuse to comply with sub-paragraph (2) commits an offence.

]<sup>1</sup>

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > ENDING ADMINISTRATION >*
*Notice to Companies Registrar where administration ends > para. 86*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 87

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Resignation

[

**87**

  (1)  An administrator may resign only in prescribed circumstances.

  (2)  Where an administrator may resign he may do so only—

    (a)  in the case of an administrator appointed by administration order, by notice in writing to the court,

    (b)  in the case of an administrator appointed under paragraph 14 , by notice in writing to the [holder of the floating charge by virtue of which the appointment was made] [2] ,

    (c)  in the case of an administrator appointed under paragraph 22(1), by notice in writing to the company, or

    (d)  in the case of an administrator appointed under paragraph 22(2), by notice in writing to the directors of the company.

] [1]

## Notes

1     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2     Words substituted by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: commenced by an amendment)

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR > Resignation of administrator > para. 87*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 88

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Judgments and orders; Removal

[

**88**

The court may by order remove an administrator from office.
 ]<sup>1</sup>

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR*
*> Removal of administrator from office > para. 88*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 89

 **Law In Force**

**Version 2 of 2**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Insolvency practitioners; Notification; Offences; Qualifications; Vacation of office

[

**89**

(1)  The administrator of a company shall vacate office if he ceases to be qualified to act as an insolvency practitioner in relation to the company.

(2)  Where an administrator vacates office by virtue of sub-paragraph (1) he shall give notice in writing—

(a)  in the case of an administrator appointed by administration order, to the court,

(b)  in the case of an administrator appointed under paragraph 14 , to the [holder of the floating charge by virtue of which the appointment was made] [2] ,

(c)  in the case of an administrator appointed under paragraph 22(1), to the company, or

(d)  in the case of an administrator appointed under paragraph 22(2), to the directors of the company.

(3)  An administrator who fails without reasonable excuse to comply with sub-paragraph (2) commits an offence.

] [1]

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2       Words substituted by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: commenced by an amendment)

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR*
*> Administrator ceasing to be qualified > para. 89*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 90

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Death; Removal; Replacement administrators; Resignation; Vacation of office

[

**90**

Paragraphs 91 to 95 apply where an administrator—

    (a)  dies,

    (b)  resigns,

    (c)  is removed from office under paragraph 88, or

    (d)  vacates office under paragraph 89.

]<sup>1</sup>

---

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR*
*> Supplying vacancy in office of administrator > para. 90*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 91

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration orders; Applications; Creditors' committees; Replacement administrators

[

**91**

(1)  Where the administrator was appointed by administration order, the court may replace the administrator on an application under this sub-paragraph made by—

(a)  a creditors' committee of the company,

(b)  the company,

(c)  the directors of the company,

(d)  one or more creditors of the company, or

(e)  where more than one person was appointed to act jointly or concurrently as the administrator, any of those persons who remains in office.

(2)  But an application may be made in reliance on sub-paragraph (1)(b) to (d) only where—

(a)  there is no creditors' committee of the company,

(b)  the court is satisfied that the creditors' committee or a remaining administrator is not taking reasonable steps to make a replacement, or

(c)  the court is satisfied that for another reason it is right for the application to be made.

]<sup>1</sup>

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR*
*> Supplying vacancy in office of administrator > para. 91*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 98

 **Law In Force**

**Version 5 of 5**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Creditors; Death; Discharge; Liabilities; Removal; Resignation

[

**98**

(1)  Where a person ceases to be the administrator of a company (whether because he vacates office by reason of resignation, death or otherwise, because he is removed from office or because his appointment ceases to have effect) he is discharged from liability in respect of any action of his as administrator.

(2)  The discharge provided by sub-paragraph (1) takes effect—

   (a)  in the case of an administrator who dies, on the filing with the court of notice of his death,

   (b)  in the case of an administrator appointed under paragraph 14 or 22[ who has not made a statement under paragraph 52(1)(b)] [2] , at a time appointed by resolution of the creditors' committee or, if there is no committee, by [decision] [3]  of the creditors, [...] [4]

[

   (ba)  in the case of an administrator appointed under paragraph 14 or 22 who has made a statement under paragraph 52(1)(b), at a time decided by the relevant creditors, or

] [4]

   (c)  in any case, at a time specified by the court.

(3)  [For the purposes of sub-paragraph (2)(ba), the "relevant creditors" of a company are—] [5]

   (a)  each secured creditor of the company, or

   (b)  if the administrator has made a distribution to preferential creditors or thinks that a distribution may be made to preferential creditors—

      (i)  each secured creditor of the company, and

[

      (ii)  the preferential creditors of the company.

]<sup>6</sup>

[

(3A)  In a case where the administrator is removed from office, a decision of the creditors for the purposes of sub-paragraph (2)(b), or of the preferential creditors for the purposes of sub-paragraph (2)(ba), must be made by a qualifying decision procedure.

]<sup>7</sup>

(4)  Discharge—

(a)  applies to liability accrued before the discharge takes effect, and

(b)  does not prevent the exercise of the court's powers under paragraph 75.

]<sup>1</sup>

---

**Notes**

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2      Words inserted by Deregulation Act 2015 c. 20 Sch.6(2) para.7(2) (October 1, 2015)
3      Word substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(36) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
4      Added by Deregulation Act 2015 c. 20 Sch.6(2) para.7(3) (October 1, 2015)
5      Words substituted by Deregulation Act 2015 c. 20 Sch.6(2) para.7(4)(a) (October 1, 2015)
6      Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(37) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
7      Added by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(38) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)

---

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR*
*> Vacation of office: discharge from liability > para. 98*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 99

 **Law In Force**

**Version 2 of 2**

26 May 2015 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Charges; Death; Expenses; Liabilities; Removal; Remuneration; Resignation

[

**99**

(1)  This paragraph applies where a person ceases to be the administrator of a company (whether because he vacates office by reason of resignation, death or otherwise, because he is removed from office or because his appointment ceases to have effect).

(2)  In this paragraph—

*"the former administrator"*  means the person referred to in sub-paragraph (1), and

*"cessation"*  means the time when he ceases to be the company's administrator.

(3)  The former administrator's remuneration and expenses shall be—

(a)  charged on and payable out of property of which he had custody or control immediately before cessation, and

(b)  payable in priority to any security to which paragraph 70 applies.

(4)  A sum payable in respect of a debt or liability arising out of a contract entered into by the former administrator or a predecessor before cessation shall be—

(a)  charged on and payable out of property of which the former administrator had custody or control immediately before cessation, and

(b)  payable in priority to any charge arising under sub-paragraph (3).

(5)  Sub-paragraph (4) shall apply to a liability arising under a contract of employment which was adopted by the former administrator or a predecessor before cessation; and for that purpose—

(a)  action taken within the period of 14 days after an administrator's appointment shall not be taken to amount or contribute to the adoption of a contract,

(b)  no account shall be taken of a liability which arises, or in so far as it arises, by reference to anything which is done or which occurs before the adoption of the contract of employment, and

(c)  no account shall be taken of a liability to make a payment other than wages or salary.

(6)  In sub-paragraph (5)(c) *"wages or salary"* includes—

© 2026 Thomson Reuters.

(a)  a sum payable in respect of a period of holiday (for which purpose the sum shall be treated as relating to the period by reference to which the entitlement to holiday accrued),

(b)  a sum payable in respect of a period of absence through illness or other good cause,

(c)  a sum payable in lieu of holiday,[ and] [2]

[...] [2]

(e)  a contribution to an occupational pension scheme.

] [1]

---

# Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

2    Repealed by Deregulation Act 2015 c. 20 Sch.6(7) para.27 (May 26, 2015)

---

*Schedule B1 ADMINISTRATION > REPLACING ADMINISTRATOR*
*> Vacation of office: charges and liabilities > para. 99*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 100

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Appointments; Joint administrators

[

**100**

  (1)  In this Schedule—

    (a)  a reference to the appointment of an administrator of a company includes a reference to the appointment of a number of persons to act jointly or concurrently as the administrator of a company, and

    (b)  a reference to the appointment of a person as administrator of a company includes a reference to the appointment of a person as one of a number of persons to act jointly or concurrently as the administrator of a company.

  (2)  The appointment of a number of persons to act as administrator of a company must specify—

    (a)  which functions (if any) are to be exercised by the persons appointed acting jointly, and

    (b)  which functions (if any) are to be exercised by any or all of the persons appointed.

]<sup>1</sup>

---

## Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Joint and concurrent administrators > para. 100*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 101

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Appointments; Joint administrators; Joint liability; Offences

[

**101**

(1)  This paragraph applies where two or more persons are appointed to act jointly as the administrator of a company.

(2)  A reference to the administrator of the company is a reference to those persons acting jointly.

(3)  But a reference to the administrator of a company in paragraphs 87 to 99 of this Schedule is a reference to any or all of the persons appointed to act jointly.

(4)  Where an offence of omission is committed by the administrator, each of the persons appointed to act jointly—

   (a)  commits the offence, and

   (b)  may be proceeded against and punished individually.

(5)  The reference in paragraph 45(1)(a) to the name of the administrator is a reference to the name of each of the persons appointed to act jointly.

(6)  Where persons are appointed to act jointly in respect of only some of the functions of the administrator of a company, this paragraph applies only in relation to those functions.

] [1]

---

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Joint and concurrent administrators > para. 101*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule B1 ADMINISTRATION
# para. 102

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Appointments; Interpretation

[

**102**

(1)  This paragraph applies where two or more persons are appointed to act concurrently as the administrator of a company.

(2)  A reference to the administrator of a company in this Schedule is a reference to any of the persons appointed (or any combination of them).

]¹

---

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Joint and concurrent administrators > para. 102*

---

Contains public sector information licensed under the Open Government Licence v3.0.

© 2026 Thomson Reuters.

# Schedule B1 ADMINISTRATION para. 103

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Appointments; Joint administrators

[

**103**

(1)  Where a company is in administration, a person may be appointed to act as administrator jointly or concurrently with the person or persons acting as the administrator of the company.

(2)  Where a company entered administration by administration order, an appointment under sub-paragraph (1) must be made by the court on the application of—

    (a)  a person or group listed in paragraph 12(1)(a) to (e), or

    (b)  the person or persons acting as the administrator of the company.

(3)  Where a company entered administration by virtue of an appointment under paragraph 14, an appointment under sub-paragraph (1) must be made by—

    (a)  the holder of the floating charge by virtue of which the appointment was made, or

    (b)  the court on the application of the person or persons acting as the administrator of the company.

(4)  Where a company entered administration by virtue of an appointment under paragraph 22(1), an appointment under sub-paragraph (1) above must be made either by the court on the application of the person or persons acting as the administrator of the company or—

    (a)  by the company, and

    (b)  with the consent of each person who is the holder of a qualifying floating charge in respect of the company's property or, where consent is withheld, with the permission of the court.

(5)  Where a company entered administration by virtue of an appointment under paragraph 22(2), an appointment under sub-paragraph (1) must be made either by the court on the application of the person or persons acting as the administrator of the company or—

    (a)  by the directors of the company, and

    (b)  with the consent of each person who is the holder of a qualifying floating charge in respect of the company's property or, where consent is withheld, with the permission of the court.

© 2026 Thomson Reuters.

(6)  An appointment under sub-paragraph (1) may be made only with the consent of the person or persons acting as the administrator of the company.

] [1]

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > GENERAL > Joint and concurrent administrators > para. 103*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 104

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Appointments; Validity

[

**104**

An act of the administrator of a company is valid in spite of a defect in his appointment or qualification.
]<sup>1</sup>

---

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Presumption of validity > para. 104*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 105

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Directors' powers and duties; Interpretation

[

**105**

A reference in this Schedule to something done by the directors of a company includes a reference to the same thing done by a majority of the directors of a company.
 ]<sup>1</sup>

---

**Notes**

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Majority decision of directors > para. 105*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 106

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Criminal law; Insolvency

**Keywords**
Administration; Fines; Offences

[

**106**

(1)  A person who is guilty of an offence under this Schedule is liable to a fine (in accordance with section 430 and Schedule 10).

(2)  A person who is guilty of an offence under any of the following paragraphs of this Schedule is liable to a daily default fine (in accordance with section 430 and Schedule 10)—

　(a)  paragraph 20,

　(b)  paragraph 32,

　(c)  paragraph 46,

　(d)  paragraph 48,

　(e)  paragraph 49,

　(f)  paragraph 51,

　(g)  paragraph 53,

　(h)  paragraph 54,

　(i)  paragraph 56,

　(j)  paragraph 71,

　(k)  paragraph 72,

　(l)  paragraph 77,

　(m)  paragraph 78,

　(n)  paragraph 80,

　(o)  paragraph 84,

(p)  paragraph 86, and

(q)  paragraph 89.

] [1]

# Notes

1    Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > GENERAL > Penalties > para. 106*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 107

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Extensions of time; Time limits

[

**107**

(1)  Where a provision of this Schedule provides that a period may be varied in accordance with this paragraph, the period may be varied in respect of a company—

 (a)  by the court, and

 (b)  on the application of the administrator.

(2)  A time period may be extended in respect of a company under this paragraph—

 (a)  more than once, and

 (b)  after expiry.

] [1]

---

## Notes

[1]      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Extension of time limit > para. 107*

---

Contains public sector information licensed under the Open Government Licence v3.0.

---

# Schedule B1 ADMINISTRATION para. 108

 **Law In Force**

**Version 4 of 4**

6 April 2019 - Present

**Subjects**
Insolvency

**Keywords**
Administrators; Consent; Extensions of time; Statutory definition

[

**108**

(1)  A period specified in [paragraph 49(5) or 51(2)] [2] may be varied in respect of a company by the administrator with consent.

(2)  In sub-paragraph (1) *"consent"* means consent of—

   (a)  each secured creditor of the company, and

[

   (b)  if the company has unsecured debts, the unsecured creditors of the company.

] [3]

(3)  But where the administrator has made a statement under paragraph 52(1)(b) *"consent"* means—

   (a)  consent of each secured creditor of the company, or

   (b)  if the administrator thinks that a distribution may be made to preferential creditors, consent of—

      (i)  each secured creditor of the company, and

   [

      (ii)  the preferential creditors of the company.

   ] [4]

[

(3A)  Whether the company's unsecured creditors or preferential creditors consent is to be determined by the administrator seeking a decision from those creditors as to whether they consent.

] [5] [...] [6]

(5)  The power to extend under sub-paragraph (1)—

    (a)  may be exercised in respect of a period only once,

    (b)  may not be used to extend a period by more than 28 days,

    (c)  may not be used to extend a period which has been extended by the court, and

    (d)  may not be used to extend a period after expiry.

]<sup>1</sup>

---

# Notes

| | |
|---|---|
| 1 | Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3) |
| 2 | Word repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(39) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 3 | Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(40) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 4 | Substituted by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(41) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 5 | Added by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(42) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |
| 6 | Repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(43) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5) |

---

*Schedule B1 ADMINISTRATION > GENERAL > Extension of time limit > para. 108*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 109

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Extensions of time; Interpretation; Time limits

[

**109**

Where a period is extended under paragraph 107 or 108, a reference to the period shall be taken as a reference to the period as extended.

 ]¹

---

## Notes

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Extension of time limit > para. 109*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 111

 **Law In Force**

**Version 8 of 8**

31 December 2020 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Interpretation

[

**111**

(1)  In this Schedule—

*"administrative receiver"* has the meaning given by section 251,

*"administrator"* has the meaning given by paragraph 1 and, where the context requires, includes a reference to a former administrator,

[...] [2] [...] [3]

*"enters administration"* has the meaning given by paragraph 1,

*"floating charge"*  means a charge which is a floating charge on its creation,

*"in administration"* has the meaning given by paragraph 1,

*"hire-purchase agreement"* includes a conditional sale agreement, a chattel leasing agreement and a retention of title agreement,

*"holder of a qualifying floating charge"*  in respect of a company's property has the meaning given by paragraph 14,

*"market value"*  means the amount which would be realised on a sale of property in the open market by a willing vendor,

*"the purpose of administration"*  means an objective specified in paragraph 3, and

*"unable to pay its debts"* has the meaning given by section 123.

[

(1A)  In this Schedule, *"company"*  means–[

(a)  a company registered under the Companies Act 2006 in England and Wales or Scotland,

] [5]

(b)  a company incorporated in an EEA State [...] [6] , or

(c)   a company not incorporated in an EEA State but having its centre of main interests in a member State [(other than Denmark) or in the United Kingdom] [7] .

(1B)   In sub-paragraph (1A), in relation to a company, "centre of main interests" has the same meaning as in [Article 3 of the EU Regulation] [8] .

] [4] [...] [9]

(3)  In this Schedule a reference to action includes a reference to inaction.

] [1]

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2        Definition repealed by Insolvency Act 1986 (Amendment) Regulations 2005/879 reg.2(4)(a) (April 13, 2005)
3        Definitions repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Sch.9(1) para.10(44) (April 6, 2019: 2015 c.26 s.126 and Sch.9 came into force on May 26, 2015 as specified in SI 2015/1329 reg.3(d) for the limited purpose of enabling the exercise of any power to make provision by regulations, rules or order made by statutory instrument or to prepare and issue guidance; April 6, 2019 in relation to Scotland as specified in SI 2019/816 reg.4(c) subject to savings specified in SI 2019/816 reg.5)
4        Added by Insolvency Act 1986 (Amendment) Regulations 2005/879 reg.2(4)(b) (April 13, 2005)
5        Substituted by Companies Act 2006 (Consequential Amendments, Transitional Provisions and Savings) Order 2009/1941 Sch.1 para.72 (October 1, 2009: substitution has effect subject to transitional provisions specified in SI 2009/1941 art.8)
6        Words repealed by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(b)(i) (December 31, 2020: repeal has effect subject to savings specified in SI 2019/146 regs 4 and 5)
7        Words substituted by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(2) para.44(b)(ii) (December 31, 2020: substitution has effect subject to savings specified in SI 2019/146 regs 4 and 5)
8        Words substituted by Insolvency Amendment (EU 2015/848) Regulations 2017/702 Sch.1(1) para.31 (June 26, 2017: substitution has effect subject to temporal application and saving specified in SI 2017/702 regs 3 and 4)
9        Repealed by Legislative Reform (Insolvency) (Miscellaneous Provisions) Order 2010/18 art.4(2) (April 6, 2010: repeal has effect subject to transitional provisions specified in SI 2010/18 art.12(4))

*Schedule B1 ADMINISTRATION > GENERAL > Interpretation > para. 111*

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION para. 112

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administration; Interpretation; Scotland

[

**112**

In the application of this Schedule to Scotland—

(a)  a reference to filing with the court is a reference to lodging in court, and

(b)  a reference to a charge is a reference to a right in security.

] [1]

---

## Notes

[1]      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Scotland > para. 112*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 113

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Conveyances; Disposition of property; Scotland

[

**113**

Where property in Scotland is disposed of under paragraph 70 or 71, the administrator shall grant to the disponee an appropriate document of transfer or conveyance of the property, and—

   (a)  that document, or

   (b)  recording, intimation or registration of that document (where recording, intimation or registration of the document is a legal requirement for completion of title to the property),

has the effect of disencumbering the property of or, as the case may be, freeing the property from, the security.
]<sup>1</sup>

---

## Notes

1      Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Scotland > para. 113*

---

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**

# Schedule B1 ADMINISTRATION
# para. 114

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Disposition of property; Hire purchase; Scotland

[

**114**

In Scotland, where goods in the possession of a company under a hire-purchase agreement are disposed of under paragraph 72, the disposal has the effect of extinguishing as against the disponee all rights of the owner of the goods under the agreement.
 ]<sup>1</sup>

---

**Notes**

1       Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

---

*Schedule B1 ADMINISTRATION > GENERAL > Scotland > para. 114*

---

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION
# para. 115

 **Law In Force**

**Version 2 of 2**

26 May 2015 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Debts; Floating charges; Payments; Scotland

[

**115**

(1)  In Scotland, the administrator of a company may make, in or towards the satisfaction of the debt secured by the floating charge, a payment to the holder of a floating charge which has attached to the property subject to the charge.

[

(1A)  In Scotland, sub-paragraph (1B) applies in connection with the giving by the court of permission as provided for in paragraph 65(3)(b).

(1B)  On the giving by the court of such permission, any floating charge granted by the company shall, unless it has already so attached, attach to the property which is subject to the charge.

] [2]

(2)  In Scotland, where the administrator thinks that the company has insufficient property to enable a distribution to be made to unsecured creditors other than by virtue of section 176A(2)(a), he may file a notice to that effect with the registrar of companies.

(3)  On delivery of the notice to the registrar of companies, any floating charge granted by the company shall, unless it has already so attached, attach to the property which is subject to the charge [...] [3] .

[

(4)  Attachment of a floating charge under sub-paragraph (1B) or (3) has effect as if the charge is a fixed security over the property to which it has attached.

] [4] ] [1]

© 2026 Thomson Reuters.

## Notes

1        Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)
2        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.130(2) (May 26, 2015)
3        Words repealed by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.130(3) (May 26, 2015)
4        Added by Small Business, Enterprise and Employment Act 2015 c. 26 Pt 10 s.130(4) (May 26, 2015)

*Schedule B1 ADMINISTRATION > GENERAL > Scotland > para. 115*

Contains public sector information licensed under the Open Government Licence v3.0.

# Schedule B1 ADMINISTRATION para. 116

 **Law In Force**

**Version 1 of 1**

15 September 2003 - Present

**Subjects**
Insolvency

**Keywords**
Administrators' powers and duties; Payments; Priorities; Scotland

[

**116**

In Scotland, the administrator in making any payment in accordance with paragraph 115 shall make such payment subject to the rights of any of the following categories of persons (which rights shall, except to the extent provided in any instrument, have the following order of priority)—

(a) the holder of any fixed security which is over property subject to the floating charge and which ranks prior to, or pari passu with, the floating charge,

(b) creditors in respect of all liabilities and expenses incurred by or on behalf of the administrator,

(c) the administrator in respect of his liabilities, expenses and remuneration and any indemnity to which he is entitled out of the property of the company,

(d) the preferential creditors entitled to payment in accordance with paragraph 65,

(e) the holder of the floating charge in accordance with the priority of that charge in relation to any other floating charge which has attached, and

(f) the holder of a fixed security, other than one referred to in paragraph (a), which is over property subject to the floating charge.

] [1]

## Notes

[1]     Added by Enterprise Act 2002 c. 40 Sch.16 para.1 (September 15, 2003: insertion comes into force on September 15, 2003 subject to transitional provisions specified in SI 2003/2093 art.3)

*Schedule B1 ADMINISTRATION > GENERAL > Scotland > para. 116*

© 2026 Thomson Reuters.

**Insolvency Act 1986 c. 45**

Contains public sector information licensed under the Open Government Licence v3.0.

**Insolvency Act 1986 c. 45**