**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

Euro Exchange Securities UK Limited,

                Debtor in a Foreign Proceeding.

Chapter 15

Case No. 26-42754 (ESS)

### [PROPOSED] ORDER GRANTING PROVISIONAL RELIEF

Upon consideration of the emergency motion (the "Motion")[1] of the Joint Managers for the Debtor requesting entry of an order (this "Order") granting provisional relief continuing the relief granted in the Emergency Order [ECF No. 3] pending Chapter 15 recognition of the UK Proceeding; and this Court having found that it has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), titled *In the Matter of the Referral of Matters to the Bankruptcy Judges*, 69 B.R. 186, App. 3 (E.D.N.Y. August 28, 1986) (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of this proceeding being proper before this Court pursuant to 28 U.S.C. § 1410; and adequate and sufficient notice having been given by the Joint Managers under the circumstances; and it appearing that no further notice need be provided; and upon the record of the hearing held by the Court ***on June 5, 2026, at which the Joint Managers, Counsel to the Joint Managers, and the Office of the United States Trustee appeared and were heard, on*** the Motion's request for entry of the Provisional Relief

---

1.  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Order; and it appearing that the relief sought in the Motion and granted herein is necessary and beneficial to the Debtor; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND CONCLUDES THAT:**

1.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      The UK Proceeding is pending in the UK Court and the Joint Managers have been authorized by the UK Court to act as foreign representative (as such term is defined in Section 101(24) of the Bankruptcy Code) in the Chapter 15 Case.

3.      On June 4, 2026, the Joint Managers duly commenced this Chapter 15 Case under Chapter 15 of the Bankruptcy Code on behalf of the Debtor.

4.      The Joint Managers are not required to commence an adversary proceeding to seek the relief requested in the Motion.

5.      Based on the pleadings filed to date, the Court concludes that the Joint Managers have demonstrated a likelihood of success on the merits of the Petition.

6.      The relief sought by the Joint Managers in the Motion is authorized under Section 1519 of the Bankruptcy Code as urgently needed to protect the Debtor's assets and the interests of customers, creditors and other parties-in-interest pending determination of the Petition for recognition, and the Joint Managers have demonstrated that irreparable harm to the Debtor may occur in the absence of the relief sought in the Motion.

7. For purposes of this Order and the relief granted herein, the balance of harms favors granting of the requested relief.

8. For purposes of this Order and the relief granted herein, the relief granted serves the public interest.

9. The relief sought by the Motion and granted herein will not cause undue hardship to any party-in-interest and, to the extent that any hardship may result to such parties, it is outweighed by the benefits of the requested relief to the Joint Managers, the Debtor, its customers, creditors, and other parties-in-interest.

10. The relief granted hereby is necessary and appropriate in the interests of the public will and international comity and it is consistent with the public policy of the United States.

11. The interest of customers, creditors, and other interested entities, including the Debtor, are sufficiently protected with respect to the relief granted hereby for purposes of Section 1522(a) of the Bankruptcy Code.

12. No security is required for the relief granted herein under Rule 7065 of the Bankruptcy Rules or otherwise.

13. Appropriate notice of the filing of the Motion and the Hearing on the Motion was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

*NOW, THEREFORE,* **IT IS HEREBY ORDERED THAT:**

14. Pursuant to Section 1519(a)(2) of the Bankruptcy Code, the Joint Managers shall be entrusted with the administration and realization of the Debtor's affairs and assets located in the United States and are established as the exclusive authority to administer the Debtor's assets and affairs in the United States during the period beginning with the entry of this Order and

3

continuing until such time as this Court enters an order with respect to the Petition (the "Provisional Period").

15.    Pursuant to Sections 1519(a)(1) and (3) and Sections 1521(a)(3) and (7) of the Bankruptcy Code, during the Provisional Period, any person or entity, including, without limitation, any customer, creditor, or its affiliates, except with the written consent of the Joint Managers or leave of this Court, *is* ~~are~~ hereby stayed and suspended from (a) taking any actions to execute against or affect the Debtor's assets in the territorial jurisdiction of the United States (including, without limitation, Puerto Rico), whether judicial or extrajudicial, statutory or non-statutory; and (b) transferring, encumbering or otherwise disposing of any assets of the Debtor in the territorial jurisdiction of the United States (including, without limitation, Puerto Rico); *provided* that, pursuant to Section 1519(d) of the Bankruptcy Code, nothing in this Order shall stay, enjoin, or otherwise limit (i) any action or proceeding by a governmental unit (as defined in Section 101(27) of the Bankruptcy Code) to enforce its police or regulatory power, or (ii) any other action or proceeding exempt from the automatic stay under Section 362(b) of the Bankruptcy Code.  The governmental unit exception set forth in Section 362(b)(4) of the Bankruptcy Code applies in full to this Order.

16.    During the Provisional Period, it is hereby ordered that the UK Order will be enforced to the extent that the Debtor's former management and its employees are prohibited from and shall not transfer, encumber or otherwise dispose of any assets of the Debtor within the territorial jurisdiction of the United States (including, without limitation, Puerto Rico) without further order of this Court, including, without limitation, accounts maintained in the name of the Debtor at Community Federal Savings Bank.

17.     The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7065 are inapplicable to the relief sought and granted in this Order, and are waived.

18.     This Order is without prejudice to the rights of the Joint Managers to seek additional relief under applicable provisions of the Bankruptcy Code, including, without limitation, Section 1519 of the Bankruptcy Code.  This Order is without prejudice to the right of any party-in-interest to seek relief from this Order in this Court upon due and sufficient notice to the Joint Managers and to the Debtor.

19.     The Joint Managers, the Debtor and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, the Local Rules or the orders of this Court.

20.     The Joint Managers are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

22.     This Court ___may___ ~~shall~~ retain jurisdiction with respect to the implementation, enforcement, amendment and modification of this Order.

Dated: Brooklyn, New York
    June 5, 2026

_Elizabeth S. Stong_
_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

5